UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ECOLAB, INC., *et al.*,

    Plaintiffs,

v.

ANTHONY RIDLEY, *et al.*,

    Defendants.

Case No. 1:22-cv-050-TRM-SKL

# ORDER

Before the Court is Defendant ChemTreat, Inc.'s motion to compel, filed with a supporting brief and other documents [Doc. 76 & Doc. 77]. Plaintiffs, Ecolab, Inc. and Nalco Company, LLC, filed a response in opposition [Doc. 83], and ChemTreat filed a reply [Doc. 89]. The Court conducted a telephonic hearing on the motion on January 11, 2023. Prior to the hearing, the parties emailed the Court a Joint Submission Regarding the Parties' Meet and Confer on ChemTreat, Inc.'s Motion to Compel ("Joint Submission"). The Joint Submission reflects the parties were able to reach agreements regarding the items of discovery to be provided, i.e., the "deliverables" that were the subject of ChemTreat's motion to compel. During the hearing, the Court addressed the remaining disputed timing issues for providing the deliverables.

As addressed in more detail during the hearing, and subject to the parties' agreements reflected in the Joint Submission—which are incorporated herein as being **ORDERED** by the Court—the Court **GRANTS** the motion [Doc. 76] to the extent consistent with the Joint Submission and also **ORDERS** the following deadlines for each deliverable identified in the Joint Submission:[1]

---

[1] The Joint Submission is attached to this Order as Exhibit A, and incorporated herein. The Court-ordered deadlines for the deliverables are grouped in this Order using the same section numbering used in the Joint Submission.

### Section I - [Joint Submission, p. 3]:

| Deliverable | Deadline |
|---|---|
| Forensic images of (1) Ridley's OneDrive and (2) USB drives sent to Plaintiffs by Ridley | **January 13, 2023** |
| Identification of categories of trade secrets and 10 exemplar documents per category | **January 18, 2023** |
| Responses to Interrogatory Nos. 1 and 2 for all exemplars (and Exhibit 5 if applicable) | **January 20, 2023, at 12:00 p.m. Eastern** |
| Full categorization of all alleged trade secrets | **January 23, 2023** |
| Production of documents responsive to RFP No. 46 for all recipients of alleged trade secrets falling in a customer-facing category | **January 23, 2023** |

### Section II - [Joint Submission, p. 6]:

| Deliverable | Deadline |
|---|---|
| Letter from Plaintiffs' counsel with supplemental information detailed above | **January 18, 2023** |
| Sworn interrogatory responses with supplemental information detailed above | **January 27, 2023** |

**Section III - [Joint Submission, p. 9]:**

| Deliverable | Deadline |
|---|---|
| Letter from Plaintiffs' counsel with supplemental information detailed above | **January 18, 2023** |
| Production of documents responsive to RFP Nos. 83 and 84 | **January 20, 2023, at 12:00 p.m. Eastern** |
| Amended responses to RFA Nos. 119, 120, and 121 | **January 27, 2023** |

**Section IV - [Joint Submission, p. 10]:**

| Deliverable | Deadline |
|---|---|
| Amended responses to RFA Nos. 1- 11, 27-40, and 77-80, as appropriate | **January 23, 2023** |
| Amended response to RFA No. 108 | **January 23, 2023** |
| Documents responsive to RFP Nos. 15-17 | **January 23, 2023** |
| Documents responsive to RFP No. 65 | **January 23, 2023** |

SO ORDERED.

ENTER:

s/ Susan K. Lee
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

PARTIES' JOINT SUBMISSION REGARDING THE PARTIES' MEET AND CONFER ON

CHEMTREAT, INC.'S MOTION TO COMPEL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

ECOLAB Inc., and NALCO COMPANY, LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water,

    Plaintiffs,

v.

ANTHONY RIDLEY, and CHEMTREAT, INC.,

    Defendants.

Case No. 1:22-cv-00050-TRM-SKL

Hon. Travis McDonough

Magistrate Judge Susan K. Lee

## JOINT SUBMISSION REGARDING THE PARTIES' MEET AND CONFER ON CHEMTREAT, INC.'S MOTION TO COMPEL

On December 19, 2022; December 22, 2022; December 26, 2022; and January 9, 2023 attorneys for Ecolab Inc. and Nalco Company, LLC (collectively, "Plaintiffs") and Defendant ChemTreat, Inc. ("ChemTreat") met and conferred regarding Plaintiffs' responses to ChemTreat's discovery requests identified in ChemTreat's motion to compel, Doc. 76, pursuant to the Court's December 14, 2022 Order. Doc. 93. The first conference of counsel on December 19, 2022, took place via telephonic conference and lasted approximately one hour. The following attorneys were present during the parties' first conference of counsel: David Walton, Gregory Grisham, Ed Winsman, Juli Ann Lund, Troy Homesley, and Lance Pope. The second conference of counsel on December 22, 2022, took place via telephonic conference and lasted approximately one hour and fifteen minutes. The following attorneys were present during the parties' second conference of counsel: David Walton, Ed Winsman, Juli Ann Lund, and Troy Homesley. The third conference of counsel on December 26, 2022, took place via telephonic conference and lasted approximately 30 minutes. The following attorneys were present during the parties' third conference of counsel: David Walton, Juli Ann Lund, and Troy Homesley. The fourth conference of counsel on January

1

9, 2023, took place via telephonic conference and lasted approximately 30 minutes. The following attorneys were present during the parties' fourth conference of counsel: David Walton, Greg Grisham, Juli Ann Lund, and Troy Homesley

Over the course of the first two conferences of counsel, the parties reached agreements in principle with respect to a framework to hopefully resolve the discovery disputes presented in ChemTreat's motion to compel. Doc. 76. During each of the three conferences of counsel, the parties discussed the timing for Plaintiffs to provide the additional agreed-to information per that framework, but have been unable to reach agreement. During the fourth conference, the parties discussed the timing for Plaintiffs to provide the additional agreed-to information per that framework and agreed that Plaintiffs would provide to ChemTreat's counsel and its consultant forensic images of the three USB drives, previously turned over by Defendant Anthony Ridley, on January 9, 2023. Further, during the fourth conference, Plaintiffs agreed to provide to ChemTreat's counsel a file listing from the OneDrive used by Ridley at Ecolab by January 13, 2023.

Consistent with the Court's directive to provide the Court with a joint submission regarding "any remaining item(s)/issue(s) in dispute" (Doc. 93 at 5), the parties provide the following joint submission regarding the agreements reached by the parties and the unresolved issue regarding the timing of the deliverables Plaintiffs have agreed to provide.[1] Also included in this joint submission is an open dispute regarding the timing for Plaintiffs to provide supplemental responses and documents that they agreed to provide during the original meet-and-confer discussions leading up to the filing of ChemTreat's motion to compel, but which Plaintiffs have not yet provided.

---

[1] Consistent with the Court's Order, which authorizes the parties to provide "the requested information in some similar joint form" (Doc. 93 at 4), the parties have grouped discovery requests according to the agreed-upon resolution, rather than separately by request per the chart included in the Court's Order.

2

I. **Framework for Resolution of Issues Raised in Section I of ChemTreat's Motion (Trade Secrets)**

To resolve the disputes regarding the issues raised in Section I of ChemTreat's motion (generally dealing with Plaintiffs' identification of their alleged trade secrets and substantiation of the basis for that claim), the parties have agreed on an iterative process through which Plaintiffs will provide some initial information and ChemTreat and Plaintiffs will thereafter work cooperatively regarding any further information necessary to clarify the identity of and basis for Plaintiffs' alleged trade secrets. The parties' framework agreement with regard to the various discovery requests related to Plaintiffs' alleged trade secrets is outlined below (Sections I.A to I.C), along with the parties' respective positions on the remaining unresolved question regarding the timing of Plaintiffs' provision of the agreed information (Section I.D).

A. **Identification of Plaintiffs' Alleged Trade Secrets (Interrogatory No. 1; Request for Production Nos. 4 and No. 55)**

Plaintiffs produced the Data Loss Prevention ("DLP") report referenced in their discovery responses on December 19, 2022. During the December 22, 2022 conference, Plaintiffs agreed that not all documents listed on the DLP report are at issue in their DTSA and TUTSA claims. For those documents that they maintain are protected under the DTSA or TUTSA, Plaintiffs have agreed to assign each document to a category[2] and to identify ten exemplar documents per category for which they will provide the information requested by Interrogatory No. 1.

With regard to the exemplar documents, and consistent with Rule 33(d), the parties agree that information available through Plaintiffs' document production (including from the metadata), such as the author of the document or the location of the document on Plaintiffs' systems, need

---

[2] ChemTreat proposed that Plaintiffs could use the categories enumerated in Paragraph 48 of the Second Amended Complaint but has made it clear that it defers to Plaintiffs with regard to how to categorize the documents included in their statutory trade secrets claims.

not be included in the response to Interrogatory No. 1. Instead, Plaintiffs' response will focus on the substantive basis for the trade secret claim by addressing the requirements for trade secret status under the statutes, including efforts to maintain the secrecy of the information and the economic value of the information.[3] To the extent that Plaintiffs contend that the DTSA and TUTSA assess trade secret status differently, Plaintiffs will specify for which statute(s) they assert the exemplar constitutes a trade secret and provide the substantive basis for the assertion(s).

Upon receiving Plaintiffs' categorization of the documents and their supplemental interrogatory responses as to the exemplar documents, ChemTreat will review the forensic images of the OneDrive used by Ridley while employed by Plaintiffs and the USB drives sent by Ridley to Plaintiffs after the end of that employment (to be produced by Plaintiffs pursuant to their response to RFP No. 4) to locate and review the identified exemplars. Based on its review, ChemTreat will determine whether there are categories of documents for which it does not require further document-specific information regarding the basis for Plaintiffs' allegation of trade secret status and so notify Plaintiffs. To the extent that ChemTreat requires further information as to particular documents or categories of documents, ChemTreat will notify Plaintiffs so that the parties can confer regarding further supplementation.

B. **Information Related to the Disclosure of Plaintiffs' Alleged Trade Secrets (Interrogatory No. 2; Request for Production Nos. 46 and 47)**

Plaintiffs have represented that they are currently unaware of any disclosure of their alleged trade secrets to a third party other than a customer or potential customer; they have agreed to

---

[3] Consistent with Rule 33(d), the parties agree that Plaintiffs may produce documents regarding the economic value of the alleged trade secrets in response to RFP No. 55 and refer to those documents in responding to Interrogatory No. 1. Alternatively, the parties agree that Plaintiffs may elect to provide that information in their narrative response to Interrogatory No. 1. This agreement resolves the dispute as to RFP No. 55.

4

amend their discovery responses to the extent they come to learn of any such disclosure. With regard to the disclosure of Plaintiffs' alleged trade secrets to any customer or potential customer, the parties have agreed that, as part of Plaintiffs' categorization of their alleged trade secrets, Plaintiffs will identify which categories of documents would typically be disclosed to customers or potential customers (such as bid responses) and which would not (such as profit margin analyses). Plaintiffs will provide the information sought in Interrogatory No. 2 for each of the exemplars tied to a category in the first group (i.e., categories involving documents that would typically be disclosed to customers or potential customers).[4]

To resolve the dispute regarding RFP No. 46, the parties have agreed to narrow the underlying documents at issue to those that (1) are alleged to be trade secrets falling into a category that is customer-facing rather than purely internal; and (2) if applicable, documents that are alleged to be trade secrets that, although not falling into a category that is customer-facing, are known by Plaintiffs to have been provided to a customer, potential customer, or other third party. For such at-issue documents, Plaintiffs will produce the contracts or other documents reflecting the recipient(s)'s agreement to maintain the secrecy of the information disclosed.

ChemTreat will review the foregoing information and documents from Plaintiffs and, if there remain open issues as to any documents or recipients, ChemTreat will notify Plaintiffs so that the parties can confer regarding further supplementation.

### C. Information Regarding Exhibit 5 to ChemTreat's Motion (Request for Production No. 11)

RFP No. 11 seeks the information sought in Interrogatory Nos. 1 and 2 and RFP Nos. 46

---

[4] Consistent with Rule 33(d), the parties agree that Plaintiffs may produce documents responsive to RFP No. 47 in lieu of providing a narrative response to Interrogatory No. 2, or they may instead choose to provide the information sought in Interrogatory No. 2 and RFP No. 47 through a narrative response to Interrogatory No. 2. This agreement resolves the dispute as to RFP No. 47.

and 47 for the document attached as Exhibit 5 to ChemTreat's motion to dismiss (filed in the public docket at Doc. 68-1). The parties have agreed that Plaintiffs will notify ChemTreat whether they contend the document was protected by the DTSA and/or TUTSA at the time that Ridley left Plaintiffs' employ, and, if so, Plaintiffs will provide responses to Interrogatory Nos. 1 and 2 and documents responsive to RFP No. 46.[5]

    D.    **Remaining Item(s)/Issue(s) in Dispute: Timing**

Plaintiffs and ChemTreat have not been able to reach agreement regarding the timing of the deliverables included in the framework agreement discussed above. The status of the parties' discussions is as follows:

| Deliverable | ChemTreat's Requested Date | Plaintiffs' Proposed Date |
|---|---|---|
| Forensic images of (1) Ridley's OneDrive and (2) USB drives sent to Plaintiffs by Ridley | December 29, 2022 | January 9, 2023 |
| Identification of categories of trade secrets and 10 exemplar documents per category | December 29, 2022 | January 20, 2023 |
| Responses to Interrogatory Nos. 1 and 2 for all exemplars (and Exhibit 5 if applicable) | January 5, 2023 | January 25, 2023 |
| Full categorization of all alleged trade secrets | January 5, 2023 | January 31, 2023 |
| Production of documents responsive to RFP No. 46 for all recipients of alleged trade secrets falling in a customer-facing category | January 5, 2023 | January 31, 2023 |

**II.    Framework for Resolution of Issues Raised in Section II of ChemTreat's Motion (Spoliation)**

With regard to the issues raised in Section II of ChemTreat's motion, which deal with the circumstances surrounding the loss or destruction of the information on the laptop and mobile drive returned by Ridley after his resignation—including whether Plaintiffs were on notice of their duty to preserve that information at the time it was lost or destroyed—the parties have agreed to a

6

framework for resolution of the current disputes, with Plaintiffs providing supplemental information (as detailed below) first informally, through a letter from Plaintiffs' counsel, and then formally, through a sworn interrogatory response.

      **A.**      **Plaintiffs' Investigation of Ridley's Alleged Conduct (Interrogatory No. 3)**

During the conference of counsel on December 19, 2022, Plaintiffs' counsel provided a general outline of the origin of Plaintiffs' investigation of Ridley's alleged conduct, following confirmation by ChemTreat's counsel that ChemTreat sought only non-privileged information—i.e., the facts of what led to the investigation and what was done in the course of that investigation, not any attorney-client communications or advice related to the investigation or its results. Plaintiffs agreed to pin down the relevant details regarding the origin of the investigation (such as the names and dates for the alleged solicitation of a Nalco/Ecolab employee by ChemTreat that spurred a broader investigation that included Ridley) and the creation of the DLP report (such as the date the report was requested and the names of the individuals involved in generating it) and then to provide that factual information in a letter from counsel, followed by a sworn interrogatory response.

      **B.**      **Information About the Devices Underlying Plaintiffs' Misappropriation Claim (Interrogatory Nos. 4 and 5; Request for Production Nos. 25 and 26)**

Interrogatory Nos. 4 and 5 seek information about the devices returned by Ridley to Plaintiffs, which Plaintiffs contend Ridley used to misappropriate their trade secret information. RFP Nos. 25 and 26 seek documents regarding the Nalco/Ecolab laptop(s) that Plaintiffs contend Ridley used to misappropriate their trade secret information. To resolve the parties' dispute as to this discovery, Plaintiffs agreed to provide supplemental information as to the laptop and mobile drive returned by Ridley to Plaintiffs after the end of his employment.

For the laptops, Plaintiffs clarified that only one Nalco/Ecolab laptop is at issue (i.e., they

do not contend that Ridley misappropriated the documents at issue in this case using any Nalco/Ecolab laptop returned during the course of his employment, only the Nalco/Ecolab laptop returned after the end of his employment). As to that laptop, Plaintiffs agreed to the compromise proposed by ChemTreat during the parties' previous meet-and-confer efforts, as outlined in ChemTreat's motion, and will provide a supplemental interrogatory response addressing: "(1) the date on which Plaintiffs directed their IT personnel or vendor to wipe the contents of the laptop; (2) any efforts Plaintiffs took to preserve or image the information on the laptop before it was wiped; (3) the date on which Plaintiffs redeployed the laptop; (4) any efforts Plaintiffs made to recall the laptop from the employee to whom it was redeployed; (5) any efforts Plaintiffs made to recover the information wiped from the laptop (including the date(s) and result(s) of any such effort(s)); and (6) the current location of the laptop."[6] Doc. 77 at 21.

For the mobile drive returned by Ridley, Plaintiffs have agreed to produce the letter from their vendor confirming receipt of the mobile drive, and to supplement their interrogatory responses to provide the last known location of the device. If the last known location is null because the device has been destroyed (as Plaintiffs have indicated may be the case), Plaintiffs will so state, and explain the circumstances of that destruction (i.e., when, why, and how the drive was destroyed).

C. **Remaining Item(s)/Issue(s) in Dispute: Timing**

Plaintiffs and ChemTreat have not been able to reach agreement regarding the timing of Plaintiffs' provision of the agreed-to information. The status of the parties' discussions is as follows:

---

[6] The parties agree that providing this factual information does not waive any applicable privilege.

| Deliverable | ChemTreat's Requested Date | Plaintiffs' Proposed Date |
|---|---|---|
| Letter from Plaintiffs' counsel with supplemental information detailed above | December 30, 2022 | January 20, 2023 |
| Sworn interrogatory responses with supplemental information detailed above | January 16, 2023 | February 3, 2023 |

### III. Framework for Resolution of Issues Raised in Section III of ChemTreat's Motion (Causation of Damages)

#### A. Information Regarding Plaintiffs' Alleged Loss of Business (Request for Admission Nos. 119, 120, 121; Request for Production Nos. 83 and 84)

During the December 19, 2022 conference of counsel, ChemTreat offered to limit the scope of RFA Nos. 119, 120, and 121 and RFP Nos. 83 and 84 to only those customers for which Plaintiffs allege they have suffered a reduction or loss of business as a result of the conduct alleged in this litigation (i.e., only those customers tied to Plaintiffs' damages claim). Plaintiffs accepted this proposal and agreed to identify the customers at issue in their damages claim, and then to amend their responses to RFA Nos. 119, 120, and 121, and to produce documents responsive to RFP Nos. 83 and 84, based on those identified customers.

#### B. Remaining Item(s)/Issue(s) in Dispute: Timing

Plaintiffs and ChemTreat have not been able to reach agreement regarding the timing of Plaintiffs' provision of the agreed-to information. The status of the parties' discussions is as follows:

| Deliverable | ChemTreat's Requested Date | Plaintiffs' Proposed Date |
|---|---|---|
| Letter from Plaintiffs' counsel with supplemental information detailed above | December 30, 2022 | January 20, 2023 |
| Production of documents responsive to RFP Nos. 83 and 84 | January 5, 2023 | January 25, 2023 |
| Amended responses to RFA Nos. 119, 120, and 121 | January 16, 2023 | February 3, 2023 |

## IV. Agreements Reached During the Original Conference of Counsel for which the Agreed Information Has Not Been Provided

During the original meet-and-confer process leading up to ChemTreat's filing of its motion to compel, Plaintiffs agreed to revisit their discovery responses and provide certain supplemental information and documents to resolve various pending disputes raised by ChemTreat on October 18, 2022 (Doc. 77-4). *See* Doc. 77-5. Plaintiffs have not yet provided the agreed-to information and documents or agreed to a date certain to do so, such that, as with the agreements discussed above, there is an unresolved issue related to the timing.

### A. Previous Agreements of the Parties

As noted in ChemTreat's motion to compel, in an October 30, 2022 letter (Doc. 77-5), Plaintiffs agreed to supplement certain discovery responses and produce certain documents. Doc. 76 at 2-3.

***First***, as to a series of requests for admission for which ChemTreat contended Plaintiffs' responses were internally inconsistent—for example, asserting both that Plaintiffs did not know the location of certain devices returned by Ridley and denying that Plaintiffs lacked chain of custody information for such devices (*see* Doc. 77-4 at 7)—Plaintiffs asserted they were "reviewing and confirming the accuracy of their Responses." Doc. 77-5 at 2-3 (RFA Nos. 1-11, 27-40, 77-80).

***Second***, as to RFA No. 108, relating to the question of whether Ridley managed Tyler Bates while at Nalco/Ecolab, Plaintiffs agreed they "will amend their response to RFA No. 108." Doc. 77-5 at 3.

***Third***, as to RFP Nos. 15-17, Plaintiffs agreed to produce all correspondence with Ridley demanding that he return any devices in his possession. Doc. 77-5 at 4.

***Fourth***, as to RFP No. 65, Plaintiffs agreed to produce the LinkedIn messages referenced in Paragraph 109 of the Second Amended Complaint. Doc. 77-5 at 5.

**B.     Remaining Item(s)/Issue(s) in Dispute: Timing**

Plaintiffs have not supplemented their discovery responses or produced the agreed-to documents, and the parties have not been able to reach agreement regarding the timing for Plaintiffs to do so. The status of the parties' discussions is as follows:

| Deliverable | ChemTreat's Requested Date | Plaintiffs' Proposed Date |
|---|---|---|
| Amended responses to RFA Nos. 1-11, 27-40, and 77-80, as appropriate | Originally: November 4, 2022<br>Current: January 6, 2023 | January 31, 2023 |
| Amended response to RFA No. 108 | Originally: November 4, 2022<br>Current: January 6, 2023 | January 31, 2023 |
| Documents responsive to RFP Nos. 15-17 | Originally: November 4, 2022<br>Current: January 6, 2023 | January 31, 2023 |
| Documents responsive to RFP No. 65 | Originally: November 4, 2022<br>Current: January 6, 2023 | January 31, 2023 |

DATED: January 10, 2023

/s/ *Troy C. Homesley*
Vidya Atre Mirmira (admitted *pro hac vice*)
Juli Ann Lund (admitted *pro hac vice*)
Troy C. Homesley (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Ave. SW
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
E-mail: vmirmira@wc.com
E-mail: jlund@wc.com
E-mail: thomesley@wc.com

W. Scott Sims
Michael R. O'Neill
SIMS FUNK PLC
3322 West End Ave. #200
Nashville, TN 37203
Telephone: (615) 425-7432

11

Facsimile: (615) 649-8565
E-mail: ssims@simfunk.com
E-mail: moneill@simsfunk.com

*Attorneys for Defendant ChemTreat, Inc.*

 /s/ J. Gregory Grisham (by permission)
J. Gregory Grisham, BPR No. 013810
FISHER & PHILLIPS LLP
1715 Aaron Brenner Drive, Suite 312
Memphis, Tennessee 38120
ggrisham@fisherphillips.com

David J. Walton (*pro hac vice*)
Edward G. Winsman (*pro hac vice*)
FISHER & PHILLIPS LLP
Two Logan Square, 12th
Floor 100 N. 18th Street
Philadelphia, PA 19103
dwalton@fisherphillips.com
ewinsman@fisherphillips.com

*Attorneys for Plaintiffs*