UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ECOLAB, INC., *et al.*,            )
                                   )
        Plaintiffs,                )
                                   )
v.                                 )   Case No. 1:22-cv-050-TRM-SKL
                                   )
ANTHONY RIDLEY, *et al.*,          )
                                   )
        Defendants.                )

**ORDER**

Before the Court are two motions for leave to file proposed sealed documents under seal [Doc. 115 & Doc. 125], filed by Defendant ChemTreat, Inc. ("ChemTreat").[1] In Docket No. 115, ChemTreat seeks to file under seal unredacted versions of three documents offered in support of ChemTreat's response in opposition [Doc. 114] to Plaintiffs' motion to alter or amend the Court's January 11 Order. In Docket No. 125, ChemTreat seeks to file under seal unredacted versions of the same three documents, plus a fourth document, offered in support of its motion to compel compliance with the Court's January 11 Order and for sanctions [Doc. 122]. The three documents offered in support of both filings are letters between counsel [Doc. 116/Doc. 127 (Jan. 19 letter from ChemTreat to Plaintiffs[2]); Doc. 117/Doc. 126 (Jan. 18 letter from Plaintiffs to ChemTreat[3]);

---

[1] The plaintiffs in this case are Ecolab, Inc. ("Ecolab") and Nalco Company, LLC ("Nalco," and collectively, "Plaintiffs"). The defendants are ChemTreat and Anthony Ridley ("Ridley," and sometimes collectively, "Defendants").

[2] The publicly available, redacted versions of the January 19 letter are filed in the record at Doc. 114-1 and Doc. 123-2.

[3] The publicly available, redacted versions of the January 18 letter are filed in the record at Doc. 114-3 and Doc. 123-1.

Doc. 118/Doc. 128 (Jan. 20 letter from Plaintiffs to ChemTreat[4])], and the fourth document, offered in support of ChemTreat's motion to compel compliance only, is a copy of Plaintiffs' amended responses to certain of ChemTreat's first set of interrogatories [Doc. 129[5]].

In the motions, ChemTreat indicates it seeks to have the unredacted versions of the documents sealed only because the redacted portions have been designated "Attorney Eyes Only" or otherwise confidential by Plaintiffs pursuant to the parties' Agreed Protective Order [Doc. 92]. Under the Agreed Protective Order, it is Plaintiffs' burden to show the proposed sealed documents meet the high standard for filing court records under seal [*id.*].

Plaintiffs filed a consolidated response to both motions to seal, thereby addressing all four proposed sealed documents, on February 3, 2023 [Doc. 132]. Plaintiffs take the position the redacted portions of the documents should remain under seal in the record. On February 6, 2023, ChemTreat filed a consolidated reply arguing Plaintiffs have not met the high standard for filing court records under seal [Doc. 134]. The motions are now ripe.

## I. STANDARDS

The Court has previously addressed, in written orders and during a recent hearing, the high barrier that must be met by a party seeking to file information in the Court's record under seal. *See, e.g.*, Doc. 6, Doc. 67, & Doc. 133; *see also Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.,* 825 F.3d 299 (6th Cir. 2016). To briefly reiterate, "there is a strong presumption in favor of openness" regarding court records in the United States, and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp.*, 825 F.3d at 305 (citations omitted).

---

[4] The publicly available, redacted versions of the January 20 letter are filed in the record at Doc. 114-4 and Doc. 123-3.

[5] The publicly available, redacted version of Plaintiffs' amended responses is filed in the record at Doc. No. 123-5.

Regardless of the parties' positions, the Court has an independent obligation to determine whether sealing is appropriate. *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Grp.*, 825 F.3d at 305. Accordingly, before a court record can be sealed, the moving party must show "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 647 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305).

The "heavy" burden of overcoming the presumption of openness as to court records is borne by the party seeking to seal the records, and the movant must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305-06 (quoting *Baxter Int'l v. Abbott Labs*, 297 F.3d 544, 545 (7th Cir. 2002)).

Certain content-based exceptions outweigh the right to public access, including a defendant's right to a fair trial, national security, privacy rights of participants and third parties, and trade secrets. Nevertheless, as this Court explained in *In re Southeastern Milk Antitrust Litigation*, 666 F. Supp. 2d 908, 915 (E.D. Tenn. 2009): "neither harm to reputation of the producing party nor conclusory allegations of injury are sufficient to overcome the presumption in favor of public access." (citations omitted); *see also Tecnomatic S.p.A. v. ATOP S.p.A.*, No. 18-12869, 2023 WL 584021, at *2 (E.D. Mich. Jan. 27, 2023) ("Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." (citation omitted)). The Court's Memorandum and Order Regarding Sealing Confidential Information expressly states: "**At the**

3

**very least, a party's assertion that information it seeks to seal constitutes legitimate trade secrets must be supported by an affidavit**." [Doc. 6 at Page ID # 80 (emphasis added)].

II. ANALYSIS

No affidavit was filed by Plaintiffs; and thus, it does not appear that Plaintiffs contend the redacted information in the proposed sealed documents constitutes trade secret information or they failed to meet the Court-ordered required minimum standard for filing alleged trade secret information under seal. *Id*. Plaintiffs mainly contend the proposed redactions "identified Plaintiffs' customers as well as sensitive reports and documents critical to the operation of their business, all of which is extremely valuable to Plaintiffs' competitors." [Doc. 132 at Page ID # 1715]. They further contend "[n]one of this information is publicly available, and Plaintiffs initiated this lawsuit because of the valuable, confidential, and trade secret nature of such information." [*Id.*]. They conclude:

> The limited redacted portions of each of the exhibits at issue here contain compilations of customer names and file information that, in the aggrega[te], are entitled to trade secret protection. Furthermore, the redacted file names and paths reveal the types of files and documents that Plaintiffs possess for their clients as well as those that they utilize to service their clients and otherwise run a highly successful business, including (but not limited to) business plans, training documents, and employee compensation records. Importantly, the privacy rights of these third-party clients outweigh the right to public access.
>
> While potential harm of exposing the sensitive and confidential information at issue outweighs the public's interest in access, as stated above, it is also important to note that the seals themselves are no broader than necessary.

[*Id.* at Page ID # 1716].

The Court agrees Plaintiffs have proposed narrowly tailored redactions. However, they do not reconcile their disclosure of their customers' names at other points in this litigation with their

4

current contention that they "have maintained the secrecy" of the information they now propose be filed under seal, or their contention that sealing is now necessary to "protect[] the privacy rights of third parties" [Doc. 132 at Page ID # 1717]. The Court agrees with ChemTreat's argument that "Plaintiffs' response to ChemTreat's Motions To Seal makes no effort to explain how or why these already-disclosed file names and customers differ from the file names and customers they now seek to maintain under seal." [Doc. 134 at Page ID # 1722].

Moreover, Plaintiffs do not adequately explain or provide factual support for their argument that the file names and file paths themselves constitute "sensitive reports and documents critical to the operation of their business," which would be "extremely valuable to Plaintiffs' competitors." [Doc. 132 at Page ID # 1715]. Perhaps the analysis would be different if Plaintiffs were asking to seal the **actual documents** identified in the filings at issue here, but they are not.

### III. CONCLUSION

For the reasons stated herein, ChemTreat's motions for leave to file the unredacted proposed sealed documents under seal [Doc. 115 & Doc. 125] are **DENIED**.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

5