UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ECOLAB, INC., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-050-TRM-SKL |
| | ) |
| ANTHONY RIDLEY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is "Plaintiffs'[1] Motion to Extend Deadlines for Disclosure of Expert Testimony and Rebuttal Testimony for Thirty Days" [Doc. 142]. Plaintiffs docketed the motion, which was filed on February 13, 2023 at 11:45 p.m., as an "expedited" motion. As Defendants did not join the motion, and given that a response to the motion is not due until February 20, 2023, with a reply, if any, not due until seven days later, the Court will assume Defendants object to the requested relief and to delay resolution of the motion until it is ripe. *See* E.D. Tenn. L.R. 7.2.

The Court may extend the deadline for expert disclosures if "good cause" exists. Fed. R. Civ. P. 16(b)(4) (permitting modification of scheduling orders "for good cause and with the judge's consent"). The United States Court of Appeals for the Sixth Circuit has explained that "'[t]he primary measure of Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements,' though courts may also consider prejudice to

---

[1] The plaintiffs in this case are Ecolab, Inc. ("Ecolab") and Nalco Company, LLC ("Nalco," and collectively, "Plaintiffs"). The defendants are ChemTreat and Anthony Ridley ("Ridley," and collectively, "Defendants").

the nonmoving party." *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)) (affirming the district court's denial of a motion to amend the expert-disclosure deadline).

Under the Amended Scheduling Order, expert disclosures on any issue for which the party has the burden of proof are due February 17, 2023, and rebuttal expert disclosures are due March 16, 2023 [Doc. 99 at Page ID # 1321]. Plaintiffs request these deadlines be extended to March 20 and April 14, respectively. Plaintiffs contend there is good cause to justify these extensions because on February 10, 2023, the Court entered an Order granting in part and denying in part Plaintiffs' motion to compel discovery from ChemTreat [*see* Doc. 137]. According to Plaintiffs, the discovery ChemTreat is required to produce pursuant to the February 10 Order is essential for Plaintiffs' ability "to prepare proper and compliant expert reports." [Doc. 142 at Page ID # 1934; *see also id.* at Page ID # 1936 ("[P]ursuant to the deadlines established by the Court for ChemTreat's compliance with the Court's Order granting portions of Plaintiffs' Motion to Compel . . . , Plaintiffs will not have in their possession the requisite documents and information due from ChemTreat necessary to complete their expert reports.")]. Plaintiffs further contend the requested extensions "will not affect either the discovery cutoff or the trial date" and would cause "little to no prejudice . . . for all parties." [*Id.* at Page ID # 1934 & 1937].

Plaintiffs do not identify any particular experts, or even types of experts, whose reports or testimony relate to the specific discovery addressed in the February 10 Order. Nor do they specify any particular items of discovery that are "necessary" for completion of the expert reports. Instead, they list all of the requests for production for which they received some partial relief in the February 10 Order.

Plaintiffs specifically requested the February 17 and March 16 expert disclosure deadlines in their Consent Motion to Amend the Scheduling Order [Doc. 94 at Page ID # 1102-03]. Importantly, when Plaintiffs filed the Consent Motion on December 16, 2022, they contemplated filing a motion to compel the discovery addressed in the February 10 Order. [*See id.* at Page ID # 1101 ("Some disputes will need to be resolved by the Court. Defendant ChemTreat has filed a motion to compel . . . and **Plaintiffs anticipate filing their own motion to compel soon**." (emphasis added))]. They even stated that they "have been engaged, and will continue to engage, in good faith efforts . . . **to ensure that the amended deadlines can be met**." [*Id.* at Page ID # 1102]. Plaintiffs did indeed file the referenced motion to compel only four days later, on December 20, 2022 [Doc. 95]. The parties then agreed to extend ChemTreat's deadline to respond to the motion to compel, and continued to file additional notices and briefs on the motion through January 27, 2023 [*see* Doc. 98, Doc. 119, & Doc. 120]. During the February 3, 2023 hearing, the Court informed the parties how it anticipated ruling and then issued its February 10 Order a week later.

Under these circumstances, the Court finds Plaintiffs have not shown they acted with diligence to meet the current expert disclosure deadlines. *See Gatza v. DCC Litig. Facility, Inc.*, 717 F. App'x 519, 521 (6th Cir. 2017) (holding relevant factors for good cause to amend scheduling order include "when the moving party learned of the issue that is the subject of discovery; . . . the length of the discovery period; [and] whether the moving party was dilatory," among other factors (citations omitted)). In addition, even if the Court accepts Plaintiffs' assertion that extending the deadlines for expert disclosures by 30 days will not require a corresponding extension of the discovery period, Plaintiffs do not address the potential impact on the deadlines for filing final witness lists, *Daubert* motions, and dispositive motions, currently set for March 30 and May 25, 2023 [Doc. 99 at Page ID # 1322].

And while Plaintiffs assert no party would be prejudiced by extending the expert disclosure deadlines, there is no indication Plaintiffs conferred with or otherwise attempted to reach an agreement with Defendants on this issue. In ChemTreat's ESI Report, which was filed just a few minutes after Plaintiffs filed the instant motion, ChemTreat appears to indicate it is prepared to make expert disclosures on February 17 in accordance with the Amended Scheduling Order [Doc. 143 at Page ID # 1943 n.1].

Moreover, the timing of the instant motion disregards the Court's directives regarding seeking extensions. Such motions "must be made well in advance of the deadline the moving party seeks to extend. The moving party must demonstrate why the requested extension is necessary and will bear the burden of specifically defining the bases for and extent of its request. The fact and length of an extension is in the Court's discretion." Judicial Preferences of Chief District Judge Travis R. McDonough, Section 5. MOTIONS AND BRIEFS; (F) Motions for Extensions of Time https://www.tned.uscourts.gov/content/travis-r-mcdonough-chief-united-states-district-judge .

For these reasons, Plaintiffs' motion [Doc. 142] is **DENIED**. Nothing in this Order should be interpreted as prohibiting the parties from conferring cooperatively and submitting a joint request for further consideration if they can establish good cause. However, the Court (again) strongly discourages further motions seeking extensions of Court-ordered, jointly requested deadlines that are set to expire before the motion even becomes ripe.

In its discretion, however, the Court will **GRANT** a limited extension of the expert testimony deadlines set in the Amended Scheduling Order [Doc. 99] as follows:

> (a) Expert Testimony: Disclosure of any expert testimony any party seeks to use to meet its burden of proof shall be made on or before **February 24, 2023**, in accordance with Rules 26(a)(2)(B) and 26(a)(2)(C) of the Federal Rules of Civil Procedure. Disclosure of rebuttal expert testimony shall be made by the parties on or before **March 20, 2023**.

Rebuttal expert testimony challenges the opinions or methods of a previously disclosed expert and is no broader in scope.

All other deadlines and obligations of the Amended Scheduling Order are unchanged.

SO ORDERED.

ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE