United States District Court
Eastern District of Tennessee
At Chattanooga

| | |
|---|---|
| Ecolab, Inc. and Nalco Company, LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water<br><br>Plaintiffs<br><br>v.<br><br>Anthony Ridley and ChemTreat<br><br>Defendants | No. 1:22-CV-00050<br><br>TRM-SKL |

## Anthony Ridley's Motion to Compel

Anthony Ridley moves the Court to compel Ecolab, Inc. and Nalco Company, LLC to answer or supplement their responses to interrogatories and to produce documents or supplement their production in response to requests for production pursuant to Rule 37. As Ridley demonstrates in his accompanying brief, a great many of Nalco/Ecolab's discovery responses are woefully inadequate. Ridley requests this Court to compel Nalco/Ecolab to 1) answer the interrogatories under oath as required by Rule 33(b)(3), 2) answer or supplement, as applicable, the responses to interrogatories 4, 5, 6, 7, 8, 11, and 17 as the parties agreed and as would otherwise be required by the Rules, 3) supplement interrogatories 1 and 2 by identifying any unwritten communications or destroyed written communications relating to Ridley's alleged refusal to assist the employee, and 4) produce documents or supplement the production to requests for

1

production 28, 45, 46, 55, and 56 that relate to the details of the investigation underpinning the DLP report and that relate to the majority of the allegations in the Second Amended Complaint.

As required by Rule 37(a)(1), Ridley worked, in good faith, with Nalco/Ecolab for Plaintiffs to remedy their deficient answers to Ridley's First Set of Interrogatories.[1] First on January 27, 2023 counsel conducted a lengthy telephonic meet and confer regarding Ridley's interrogatories and came to several agreements regarding Plaintiffs' amended answers. Ridley followed up that meet and confer call with a letter dated February 1, 2023 memorializing the parties' agreements as to Ridley's interrogatories and Plaintiffs' amended answers.[2] But plaintiffs have refused to remedy their deficiencies, even after agreeing to do so in limited instances.

Ridley has also worked, in good faith, to resolve Nalco/Ecolab's deficient responses to Ridley's First Requests for Production of Documents.[3] On February 16, 2023 counsel again conducted a telephonic meet and confer and reviewed Plaintiffs' attorney client privilege and work product objections to request for production numbers 28, 45, 46, 55, and 56. During the meet and confer call, Plaintiffs indicated they would not produce any email communications or any

---

[1] Ridley's First Set of Interrogatories to Plaintiffs are filed herewith as **Exhibit 1**, and Plaintiffs' Answers are filed as **Exhibit 2**.

[2] February 1, 2023 Letter to Plaintiffs is filed herewith as **Exhibit 3.**

[3] Ridley's First Requests for Production of Documents are filed herewith as **Exhibit 4** and Plaintiffs' Responses are filed as **Exhibit 5**.

other documents between Plaintiffs' counsel or Ecolab representatives and individuals at Tyger Forensics or Insight regarding Plaintiffs' or Plaintiffs' counsels' investigation or analysis of the DLP Report, Ridley's activities, or the devices referenced in those requests. Ridley confirmed Plaintiffs' position via email later that same day.[4] Of note, Plaintiffs refused to produce the requested documents even after the Court entered its Order on February 10, 2023 holding that ChemTreat had waived the attorney-client privilege and work product doctrine related to certain portions of its own internal investigation.

Ridley further requests this Court to award him all expenses, including reasonable attorney's fees, related to this motion and his attempts to have Nalco/Ecolab fulfill its discovery obligations pursuant to Rule 37.

Respectfully Submitted:

**Patrick, Beard, Schulman & Jacoway, P.C.**

By: /s/ *Lance W. Pope*
    Lance W. Pope, BPR No. 025054
    Jeremy M. Cothern, BPR No. 027166
    537 Market Street, Suite 300
    Chattanooga, TN 37402
    (423) 756-7117 – phone
    (423) 267-5032 – fax
    lpope@pbsjlaw.com
    jcothern@pbsjlaw.com

---

[4] February 16, 2023 Email to Plaintiffs' Counsel is attached as **Exhibit 6**.

3

Case 1:22-cv-00050-TRM-SKL   Document 159   Filed 02/27/23   Page 3 of 4   PageID #: 2452

**Certificate of Service**

    I certify that on February 27, 2023, this document has been served upon all the parties via the Court's ECF system.

By: <u>/s/ <i>Lance W. Pope</i></u>