UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| ECOLAB INC., and NALCO COMPANY, LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water, <br><br> Plaintiffs, <br><br> v. <br><br> ANTHONY RIDLEY and CHEMTREAT, INC., <br><br> Defendants. | No. 1:22-cv-00050-TRM-SKL <br><br> Hon. Travis McDonough <br><br> Magistrate Judge Susan K. Lee |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL RIDLEY'S RESPONSES TO DOCUMENT REQUESTS AND INTERROGATORIES**

Plaintiffs, Ecolab Inc. ("Ecolab") and Nalco Company LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water ("Nalco") (collectively, "Plaintiffs"), by and through undersigned counsel, respectfully submit this reply in support of their motion for an Order compelling Defendant Anthony Ridley ("Ridley"), within seven (7) days to fully respond to Plaintiffs Interrogatory Nos. 1, 6, 7, 11, 12 and produce all documents responsive to Plaintiffs Request for Production Nos. 10 (as revised), 12, and 15.

Plaintiffs' Memorandum (Doc. 136) provides extensive support for granting the relief sought in Plaintiffs' Motion to Compel. Plaintiffs submit this Reply to address several issues raised in Ridley's opposition brief.

**I.  RESPONSES TO RIDLEY'S ARGUMENTS**

    **A.  Plaintiffs Continued to Meet and Confer with Ridley For Some Four Months**

Ridley attempts to distract from the issues by claiming that Plaintiffs have failed to properly meet and confer. This argument is spurious. Plaintiffs began meeting and conferring with Ridley

in **October 2022** – five months ago. Plaintiffs worked to revise certain requests in order to compromise with Ridley after the initial meet and confer telephone conference. Ridley provided his initial discovery responses in July 2022. However, Ridley failed to meaningfully respond to many of Plaintiffs' interrogatories and requests and still failed to completely respond to the requests at issue in this Motion to Compel. (See Doc. 135, 135-1, 135-2, 135-3, 135-4, 135-5, 135-6, 135-7, 135-7, 135-8, 135-9). As with Plaintiffs' other discovery motions in this case, Plaintiffs had multiple communications with Ridley (and ChemTreat) in order to resolve discovery issues prior to any need for the Court's intervention.

Unfortunately, these attempts were not completely fruitful because Ridley has failed to fully respond to Plaintiffs' interrogatories and requests for production of documents identified in their Motion to Compel. Ridley mischaracterizes Plaintiffs actions. The correspondence between the parties demonstrates Plaintiffs continued attempts to confer with Ridley regarding his Responses to Interrogatories and Requests for Production that Plaintiff identified as deficient. (See Doc. 135, 135-1, 135-2, 135-3, 135-4, 135-5, 135-6, 135-7, 135-7, 135-8, 135-9). In Ridley's correspondence in January 2023 and on February 3, 2023 (about four months after the initial meet and confer telephone conference), it was clear he was not going to produce all of the requested information and documents at issue in this Motion and for that reason, Plaintiffs had to file their Motion to Compel.[1]

---

[1] Plaintiffs did not include Request For Production Nos 1, 2, 14, and 27 in the Motion to Compel based on Ridley's representations in the February 3, 2023 correspondence, although they were previously identified as non-responsive during the meet and confer process.

2

## B. Ridley's Improper Use of Boilerplate Objections

Ridley does not dispute that courts in this Circuit prohibit the use of boilerplate objections. Ridley claims his objections are not boilerplate; however, Ridley's responses to Interrogatories Nos. 1, 11 and 12 and Requests for Production 10, 12, and 15 demonstrate Ridley's use of improper boilerplate objections.

In response to Interrogatory No. 1, Ridley relies only on his "general objections" and states:

> This interrogatory is compound as it requests two separate and distinct categories of information. In accordance with Rule 33, Ridley will treat the interrogatory as two (2) distinct interrogatories. Subject to and without waiving this objection or any other general objection Ridley states that he did not contact any customer or client of EcoLab with whom Ridley did business or whose account was supervised by or assigned to him at any time during the twelve-month period immediately preceding Ridley's resignation from EcoLab.

(Doc 135-1).

Similarly, in response to Interrogatory Nos. 11 and 12, Ridley relies on his "general objections" and his repeated objection that the request is not relevant to Ecolab's claims in the Second Amended Complaint.

In response to Request for Production Nos. 10, 12, and 15, Ridley offers nothing more than a boilerplate objection because he responds only:

> This document request is not narrowly tailored to materials relevant to any claim or defense included in Plaintiffs' Second Amended Complaint and therefore exceeds the scope of discovery pursuant to Fed. R. Civ. P. 26(b)(1) and is not proportional to the needs of the case. Pursuant to this and Ridley's general objections, Ridley has produced no documents responsive to this request.

Ridley offers nothing in this objection to outline why the request is not narrowly tailored to the materials relevant to any claim or defense and fails to provide the required specificity under the Federal Rules.

These boilerplate objections are insufficient and amount to a waiver of an objection. *See Sobol v. Imprimis Pharms.*, No. 16-14339, 2017 WL 5035837, at *1 (E.D. Mich. Oct. 26,

2017) ("[B]oilerplate objections are legally meaningless and amount to a waiver of an objection.") (citing *Auto Data Sols.*, 2017 WL 1196361, at *2). And because Ridley has not identified the documents that he withheld based on these objections, Plaintiffs are left uncertain as to what documents and information he is refusing to disclose.

C. **Responses to Specific Interrogatories - Nos. 1, 6, 7, 11 and 12**

**Interrogatory No. 1:**

Ridley argues that he should not be required to answer Plaintiffs' Interrogatory No. 1 because the Court has already provided Plaintiffs with the opportunity to obtain this information through ChemTreat. (Doc. 155 at 5.) Specifically, the Court ordered Plaintiffs to provide a list of clients who Ridley performed work for or solicited during the last twelve months of his employment with Plaintiffs and the Court ordered Plaintiffs to identify clients that Plaintiffs contend Ridley misappropriated confidential, non-public, proprietary, or trade secret information. Then, the Court ordered ChemTreat to identify all clients on Plaintiffs' lists that Ridley performed work for or solicited since the fall of 2020 through the last day of Ridley's employment. (Doc. 155 at 5.) Ridley maintains that because the Court ordered ChemTreat to produce information with respect to Ecolab's clients, this is sufficient and discovery from Ridley on this issue is duplicative.

Ridley and ChemTreat are separate entities. A request to Ridley is not the same as a request to ChemTreat and vice-versa. Ridley has an independent obligation to fully respond to Plaintiffs' requests. *See* Fed. R. Civ. P. 33(b)(1)(A-B); *Ward v. American Pizza Co.,* 279 F.R.D. 451, 458 (S.D. Ohio 2012) ("[T]he obligation to respond to discovery is independent of any discovery or disclosure obligation an opposing party may have."); *Stafford v. Jewelers Mut. Ins. Co.*, No. 3:12-cv-050, at *6-7 (S.D. Ohio Dec. 17, 2012) (noting the rules of discovery "do not permit parties to

4

withhold material simply because the opponent could discover it on his or her own.") (citing *Abrahamsen v. Trans-State Exp., Ind.,* 92 F.3d 425, 428 (6th Cir. 1996)).

Interrogatory No. 1 asks Ridley to:

Identify each Ecolab client that You, or someone on Your behalf, contacted since Your employment commenced with ChemTreat, including the identity of the specific Ecolab client, the date and time of the contact(s); the person(s) contacted at the Ecolab client; the form of the contact or Communication; and identify all meetings that anyone at ChemTreat has had with each identified Ecolab client since You commenced Your employment with ChemTreat.

Ridley may have additional information concerning his contacts with Ecolab clients that ChemTreat cannot readily locate through an email search or other document search. ChemTreat's responses necessarily are limited to that information which is in its possession, custody, or control. Ridley has superior knowledge of his own contacts with Ecolab clients. For this reason alone, the discovery request to Ridley is not unreasonably duplicative of any response ChemTreat may provide.

Accordingly, Plaintiffs respectfully request that the Court compel Ridley to produce all information responsive to Interrogatory No. 1.

**Interrogatory Nos. 6, 7, 11:**

Interrogatory Nos. 6, 7, and 11 seek information about individuals Ridley spoke to about his potential employment at ChemTreat or any Ecolab employee's potential employment at ChemTreat, including communications with Plaintiffs' employees and ChemTreat's employees. Ridley claims that Plaintiffs are not entitled to any additional information concerning the individuals Ridley spoke to concerning his potential employment with ChemTreat because "Plaintiffs make no allegation that Ridley's move to ChemTreat violated his employment agreement with Plaintiffs." (Doc. 155 at 7). Ridley similarly claims he should not "have to identify every communication he had with every ChemTreat employee regarding any Ecolab employee

5

FP 46450212.5
Case 1:22-cv-00050-TRM-SKL   Document 163   Filed 03/02/23   Page 5 of 12   PageID #: 2560

because those communications do not relate to any claim in Plaintiff's Second Amended Complaint and are not restricted by Ridley's Employment Agreement." (Doc. 155 at 11.)

The scope of discovery is extremely broad under the Federal Rules of Civil Procedure. *Lewis v. ACB Business Servs. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998); *Smith Nephew, Inc. v. Fed. Ins. Co.,* No. 02-2455, 2005 U.S. Dist. LEXIS 31309, at *4-5 (W.D. Tenn. Nov. 14, 2005). Federal Rule of Civil Procedure 26(b)(1) allows for the discovery of "*any matter, not privileged, that is relevant to the claim or defense of any party*." Fed.R.Civ.P. 26(b)(1) (emphasis added). The rule provides further that the scope of discovery includes more than evidence that will be admissible at trial.

Material is discoverable if it is "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1); *see also United Oil Co. v. Parts Associates, Inc.,* 227 F.R.D. 404, 410 (D. Md. 2005) ("[R]elevance for discovery purposes is viewed more liberally than relevance for evidentiary purposes."). If the discovery request seeks relevant information, the party resisting discovery bears the burden of demonstrating why the request is irrelevant, unduly burdensome, or otherwise not discoverable under the Federal Rules. *United Oil,* 227 F.R.D. at 411; *MJS Janitorial v. Kimco Corp.,* No. 03-2102MaV, 2004 WL 2905409, at *6 (W.D. Tenn. Apr. 19, 2004).

Plaintiffs are entitled to discovery on relevant matters including the identity of the individuals Ridley communicated with at Ecolab or at ChemTreat concerning either Ridley's employment at ChemTreat or those individuals' employment or potential employment with ChemTreat. Plaintiffs are entitled to discover potential witnesses to Ridley and ChemTreat's unlawful behavior – the communications at issue here would provide that information. Ridley does not claim this is a burdensome request and Ridley was employed by ChemTreat for

6
FP 46450212.5
Case 1:22-cv-00050-TRM-SKL   Document 163   Filed 03/02/23   Page 6 of 12   PageID #: 2561

approximately eight and a half months – the request is narrowly tailored, relevant, and is not overly burdensome.

Plaintiffs have asserted claims under the DTSA and TUTSA against Ridley alleging that he misappropriated trade secrets, including information about customers that he did not service or supervise. Ridley's Employment Agreement also contained a non-solicitation covenant. For these reasons, Plaintiffs seek Ridley's communications related to his potential employment at ChemTreat or any Ecolab employee's potential employment at ChemTreat which includes Ridley's communications with Plaintiffs' employees and ChemTreat's employees. The information requested is relevant to Plaintiffs claims against Ridley. Ridley has failed to show that these requests are overly burdensome or otherwise seek irrelevant information.

Accordingly, Plaintiffs respectfully request that the Court compel Ridley to produce all information responsive to Interrogatory Nos. 6 (as revised), 7 and 11.

**Interrogatory No. 12:**

Ridley asserts that Plaintiffs have an obligation to show an overlap between the ChemTreat customers it seeks Ridley to identify, and the customers Plaintiffs claim damages for in this suit. Ridley also asserts that because the Court directed Plaintiffs to produce a list of the customers for which they allege they have suffered a reduction or loss of business, those are the customers at issue in this litigation. Ridley argues he should only be required to answer this Interrogatory with respect to the fourteen customers listed in Plaintiffs' January 18, 2023, list. Ridley offers no case law to support his position.

In Interrogatory No. 12, Plaintiffs request that Ridley:

Identify every customer or client that You have serviced or interacted with in any way since becoming employed by ChemTreat or accepting employment with ChemTreat. For each customer/account, state the name of the entity, the name of the client contact person with whom you interacted and that person's contact information, the date(s) on which You

contacted or serviced the customer/client, and date(s) on which you interacted with the client and the manner of the interaction (phone call, email, in-person meeting, virtual meeting, etc.).

Ridley objected stating:

This interrogatory is compound as it requests two separate and distinct categories of information. In accordance with Rule 33, Ridley will treat the interrogatory as two (2) distinct interrogatories. This interrogatory also exceeds the scope of discovery pursuant to Fed. R. Civ. P. 26(b)(1) it is not relevant to any of EcoLab's claims to the extent the interrogatory seeks information regarding every customer or client that Ridley serviced or interacted with in any way since becoming employed by ChemTreat. Subject to and without waiving this objection or any other general objection Ridley states that he did not service or contact any customer or client of EcoLab, while employed with ChemTreat, with whom Ridley did business or whose account was supervised by or assigned to him at any time during the twelve-month period immediately preceding Ridley's resignation from EcoLab.

The names of every customer or client that Ridley serviced or interacted with after accepting employment with ChemTreat are necessary to determine whether Ridley violated the non-solicitation provisions contained in Paragraph 6 of his Employment Agreement or otherwise utilized the trade secrets he downloaded for his own or ChemTreat's benefit. Plaintiffs are entitled to know the clients Ridley contacted during his limited employment with ChemTreat to allow Plaintiffs to properly evaluate Ridley's violations of his Employment Agreement and the DTSA and TUTSA. Importantly, even if Plaintiffs have not yet suffered the loss of a customer based on Ridley's actions, Plaintiffs are still entitled to discover each time Ridley violated his Agreement by trying to solicit customers – regardless of whether he was successful or not.

    D.    **Responses to Specific Requests for Production - Nos. 10, 12, and 15**

**Request for Production No. 10:**

Plaintiffs seek Ridley's call logs between April 1, 2021, and the date his employment with ChemTreat ended. Ridley claims Plaintiffs have failed to identify the relevance of this information, but as outlined in Plaintiffs' Memorandum in Support of their Motion to Compel,

8

Plaintiffs seek information concerning Ridley's communications during the period when he had accepted employment with ChemTreat and worked for ChemTreat. These documents, which demonstrate Ridley's phone activity during this limited period, will assist Plaintiffs in proving Ridley's misappropriation by identifying individuals he spoke to during that critical time period. Ridley's objection that the request is not narrowly tailored fails because it is narrowly tailored to a very short time period and excludes those calls from family members. Ridley has failed to demonstrate these records are irrelevant.

**Requests for Production 12 and 15:**

RFP Nos. 12 and 15 seek communications between Ridley and any ChemTreat employee during Ridley's employment at Ecolab and communications between Ridley and any Ecolab employee following Ridley's employment with ChemTreat.

Ridley claims these are overly broad requests because his employment began with Ecolab in 1999; however, Plaintiffs' request seeks communications sent or received while he was employed by Ecolab between him and any ChemTreat employee. Ridley does not object and claims he was communicating with ChemTreat employees since 1999. Instead, he objects with a boilerplate objection claiming only that the request is not narrowly tailored or proportional to the needs of the case.

As discussed, Plaintiffs are entitled to learn the extent of Ridley's unlawful conduct including his communications with ChemTreat employees as these communications are relevant for Plaintiffs to discover the extent of Ridley's unlawful behavior including is theft of Plaintiffs' trade secrets and confidential information. During discovery so far it has come to light that Ridley communicated with ChemTreat as early as August 2020. Ridley took trade secrets that could be used by others at ChemTreat and all the communications requested here are relevant to

9

FP 46450212.5

Case 1:22-cv-00050-TRM-SKL   Document 163   Filed 03/02/23   Page 9 of 12   PageID #: 2564

demonstrate the extent of Ridley's misappropriation of Plaintiffs' trade secrets and confidential information. Plaintiffs have also asserted a breach of the duty of loyalty against Ridley because Ridley was engaging in actions during his continued employment with Ecolab that were contrary to the interests of Ecolab. Ridley has failed to demonstrate such communications are irrelevant or otherwise overly burdensome.

With respect to RFP No. 15, Plaintiffs seek communications between July 1, 2021, to the present between Ridley and any employee, agent, or representative of Ecolab. These documents are relevant to show Ridley's attempts to solicit Ecolab employees. As discussed above, these communications are relevant to show the extent of Ridley's breach of his non-solicitation agreement. To the extent that responsive communications show that Ridley, while employed by or acting on because of ChemTreat, encouraged Ecolab employees to breach their contractual obligations owed to Plaintiffs, such communications are relevant to Plaintiffs tortious interference and procurement of breach of contract claims against ChemTreat.

## II. CONCLUSION

For the foregoing reasons as well as those outlined in Plaintiffs' Memorandum (Doc. 136), the Court should grant Plaintiffs Motion to Compel and order Ridley to fully respond to Plaintiffs' Interrogatory Nos. 1, 6 (as revised), 7, 11, and 12 and Request for Production Nos. 10 (as revised), 12, and 15. Plaintiffs further request that the Court award Plaintiffs their attorney's fees in connection with this Motion.

Dated this 2nd day of March 2023.

Respectfully submitted,

ECOLAB INC. NALCO COMPANY, LLC
d/b/a Nalco Water, an Ecolab Company
and/or Nalco Water,


By: /s/ *J. Gregory Grisham*
J. Gregory Grisham (TN BPR#013810)
FISHER & PHILLIPS LLP
1715 Aaron Brenner Drive, Suite 312
Memphis, Tennessee 38120
Telephone: 901.526.0431
Fax: 901.526.8183
ggrisham@fisherphillips.com


David J. Walton
(*pro hac vice*)
FISHER & PHILLIPS LLP
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone: 610.230.6015
Fax: 610.230.2151
dwalton@fisherphillips.com

Edward G. Winsman
(*pro hac vice*)
FISHER & PHILLIPS LLP
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone: 610.230.2142
Fax: 610.230.2151
ewinsman@fisherphillips.com

COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. Parties may access this filing through the Court's electronic filing system.

                                    */s/ J. Gregory Grisham*
                                     J. Gregory Grisham