UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| ECOLAB INC., and NALCO COMPANY, LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ANTHONY RIDLEY and CHEMTREAT, INC.,<br><br>　　　　Defendants. | No. 1:22-cv-00050-TRM-SKL<br><br>Hon. Travis McDonough<br><br>Magistrate Judge Susan K. Lee<br><br>**Expedited Consideration Requested** |

## PLAINTIFFS' EMERGENCY MOTION FOR AN ORDER REQUIRING DEFENDANT CHEMTREAT TO APPEAR AND SHOW CAUSE WHY IT SHOULD NOT BE HELD IN CONTEMPT AND SANCTIONED FOR ITS FAILURE TO COMPLY WITH THE COURT'S FEBRUARY 10, 2023 ORDER (DOC. 137) GRANTING PLAINTIFFS' MOTION TO COMPEL WITH RESPECT TO PLAINTIFFS' RFPs 8 AND 35; AND MOTION FOR EXTENSION OF DISCOVERY DEADLINE DUE TO CHEMTREAT'S NONCOMPLIANCE

Plaintiffs' Ecolab, Inc. and Nalco Company, LLC (jointly referred to as "Plaintiffs" or "Nalco/Ecolab") hereby move this Court on an emergency basis for an Order requiring ChemTreat to Appear in Court and Show Cause why it should not be held in contempt and sanctions should not issue against ChemTreat for its failure to comply with the Court's February 10, 2023 Discovery Order (Doc. 137) with respect to Plaintiffs' Production Request Nos. 8 and 35. ChemTreat has chosen to treat the Court's Discovery Order (Doc. 137) as a mere suggestion rather than a mandate.

On February 10, 2023, Magistrate Judge Susan K. Lee granted Plaintiffs' Motion to Compel (Doc. 95) in relevant part and ordered ChemTreat to produce documents responsive to Plaintiffs' RFPs 8 and 35 which ChemTreat had improperly withheld on the basis of privilege and

the work product doctrine. (Doc. 137, pp. 24-25) In rejecting ChemTreat's assertions of attorney client privilege and work product protections, Magistrate Judge Lee held that ChemTreat "cannot use the privilege as 'a shield and a sword.'" [Doc. 137, p. 15] Accordingly, Judge Lee held that ChemTreat had waived privilege and work product objections. Specifically, Judge Lee ruled that ChemTreat's waiver "covers [1] the investigation into the deletion of information from Ridley's laptop as well as [2] the investigation into whether Ridley used any of Plaintiffs' confidential information while he was working for ChemTreat" [Doc. 137, p. 24] (the "Waiver Ruling"). After issuing the Waiver Ruling, the Court granted Plaintiffs' Motion to Compel with respect to their RFPs 8 and 35. Id. at p. 25.

Despite the Discovery Order and Waiver Ruling (Doc. 137), ChemTreat has wrongfully continued to withhold and failed to produce documents responsive to Plaintiffs' RFPs 8 and 35 based on privilege and work product objections which have been overruled by the Court. Accordingly, Plaintiffs respectfully request that ChemTreat be ordered to appear in Court on an expedited basis and show cause why it should not be sanctioned for its failure to comply with: (i) the Court's discovery order at Doc. 137; (ii) the Waiver Ruling; and (iii) its obligation to produce documents responsive to Plaintiffs' RFPs 8 and 35. Plaintiffs respectfully request that those sanctions should include a finding of contempt and payment of Plaintiffs' attorneys' fees in preparing the instant Motion and the responses to ChemTreat's motions at Docs. 151, 153, and 156. Plaintiffs further submit that any continued noncompliance or contempt by ChemTreat following the Court's ruling on this Motion should result in the striking of ChemTreat's answer and affirmative defenses.

In addition, due to ChemTreat's noncompliance with the Court's above-referenced Discovery Order, and the impending discovery deadline of April 27, 2023, Plaintiffs respectfully

request that the discovery cutoff be extended for a minimum of thirty (30) days following both the Court's ruling on the instant Motion and Plaintiffs' complete production of documents responsive to Plaintiffs' RFPs 8 and 35. An extension of the discovery deadline is necessary because ChemTreat is attempting to run out the clock so that Plaintiffs will be denied the documents and information to which they are entitled prior to the expiration of the fast-approaching discovery deadline. Absent ChemTreat's full compliance with the Court's Discovery Order at Doc. 137 and the Waiver Ruling, Plaintiffs will not be able to identify or conduct appropriate depositions of relevant witnesses (potentially including but not limited to ChemTreat's inside and outside counsel) concerning the two investigations which are the subject of the Waiver Ruling.

Dated this 17th day of March, 2023.

Respectfully submitted,

ECOLAB INC. NALCO COMPANY, LLC
d/b/a Nalco Water, an Ecolab Company
and/or Nalco Water,

By Counsel

By: /s/ *J. Gregory Grisham*
J. Gregory Grisham (TN BPR#013810)
FISHER & PHILLIPS LLP
1715 Aaron Brenner Drive, Suite 312
Memphis, Tennessee 38120
Telephone: 901.526.0431
Fax: 901.526.8183
ggrisham@fisherphillips.com

Pavneet Singh Uppal
(*pro hac vice*)
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: 602.281.3400
Fax: 602.281.3401
puppal@fisherphillips.com