**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

| | |
|---|---|
| ECOLAB INC., and NALCO COMPANY, LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water, | |
| Plaintiffs, | No. 1:22-cv-00050-TRM-SKL |
| v. | Hon. Travis McDonough |
| ANTHONY RIDLEY and CHEMTREAT, INC., | Magistrate Judge Susan K. Lee |
| | **Expedited Consideration Requested** |
| Defendants. | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR EMERGENCY MOTION FOR AN ORDER REQUIRING DEFENDANT CHEMTREAT TO APPEAR AND SHOW CAUSE WHY IT SHOULD NOT BE HELD IN CONTEMPT AND SANCTIONED FOR ITS FAILURE TO COMPLY WITH THE COURT'S FEBRUARY 10, 2023 ORDER (DOC. 137) GRANTING PLAINTIFF'S MOTION TO COMPEL WITH RESPECT TO PLAINTIFFS' RFPs 8 AND 35; AND MOTION FOR EXTENSION OF DISCOVERY DEADLINE DUE TO CHEMTREAT'S NONCOMPLIANCE**

Plaintiffs' Ecolab, Inc. and Nalco Company, LLC ("Plaintiffs" or "Ecolab") hereby move this Court on an emergency basis for an Order requiring ChemTreat to Appear in Court and Show Cause why it should not be held in contempt and sanctions should not issue for its failure to comply with the Court's February 10, 2023 Order. (Doc. 137) with respect to Plaintiffs' Production Request Nos. 8 and 35.

## I. FACTUAL BACKGROUND

As part of their discovery requests, Plaintiffs served RFPs Nos. 8 and 35 upon Defendant ChemTreat. The RFPs and ChemTreat's objections thereto are excerpted below:

> RFP No. 8 – Any and all Documents and Communications (including emails, text messages, in-app private messages and chats in software applications with chat functions such as Microsoft Teams, WhatsApp or LinkedIn, and

voicemails) **concerning the wiping, reformatting, destruction, repurposing and/or failure to preserve any computer(s) or Device(s) used by Ridley.**

In their discovery response to RFP no. 8, ChemTreat stated:

> ChemTreat incorporates by reference its objections to the defined terms "Documents" and "Communications" and construes those terms consistent with the objections set forth in full above. ChemTreat objects to this Request to the extent it seeks Documents protected by the attorney-client privilege, work product doctrine, or other applicable privileges. ChemTreat further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks text messages. ChemTreat further objects to this Request to the extent it seeks Documents that are not within ChemTreat's possession, custody, or control, such as LinkedIn and WhatsApp messages.
>
> Subject to and without waiving the objections set forth above, ChemTreat will produce non-privileged Documents responsive to this Request, to the extent such Documents exist and can be located through a reasonable, proportional search of ChemTreat's files. ChemTreat will produce Documents on a rolling basis after a protective order has been entered by the Court.

RFP No. 35 - All Documents and Communications (including emails, text messages, in-app private messages and chats in software applications with chat functions such as Microsoft Teams, WhatsApp or LinkedIn, and voicemails) **concerning Your investigation, examination, analysis and/or inspection into whether Ridley accessed or used any Ecolab Documents during his employment at ChemTreat.**

In their discovery response to RFP No. 35, ChemTreat stated:

> ChemTreat incorporates by reference its objections to the defined terms "Documents" and "Communications" and construes those terms consistent with the objections set forth in full above. ChemTreat objects to this Request because the term "Ecolab Documents" is vague and not defined by Plaintiffs, such that ChemTreat does not know how to differentiate that term from Plaintiffs' overbroad definition of "Confidential Information." ChemTreat construes the term "Ecolab Documents" to mean "Confidential Information," and construes that term consistent with the objections set forth in full above. ChemTreat further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks text messages. ChemTreat further objects to this Request to the extent it seeks Documents that are not within ChemTreat's possession, custody, or control, such as LinkedIn and WhatsApp messages. ChemTreat further objects to this Request to the extent it seeks Documents protected by the attorney-client privilege, work product doctrine, or any other applicable privileges. ChemTreat further objects to this Request because it seeks premature expert discovery and Communications with experts that are protected by Federal Rule of Civil Procedure 26.

(Doc. 137, pp. 11-13) (emphasis in Order at Doc. 137)

After meet and confer efforts regarding ChemTreat's baseless objections proved fruitless, Plaintiffs filed their Motion to Compel (Doc. 95) to remedy ChemTreat's deficient responses to Plaintiffs' discovery requests, including RFPs 8 and 35. After full briefing and oral argument which was conducted on February 3, 2023, Magistrate Judge Lee issued a Discovery Order on February 10, 2023 ("the February 10 Order") granting the Motion to Compel in relevant part. (Doc. 137) Magistrate Judge Lee ordered ChemTreat to produce documents responsive to Plaintiffs' RFPs 8 and 35 which ChemTreat had improperly withheld on the basis of privilege and the work product doctrine. Id.

In rejecting ChemTreat's assertions of attorney client privilege and work product protections, Magistrate Judge Lee ruled that ChemTreat "cannot use the privilege as 'a shield and a sword.'" (Doc. 137, p. 15) Accordingly, Judge Lee held that ChemTreat had waived privilege and work product objections. Specifically, Judge Lee found that ChemTreat's waiver "covers [1] the investigation into the deletion of information from Ridley's laptop as well as [2] the investigation into whether Ridley used any of Plaintiffs' confidential information while he was working for ChemTreat" (Doc. 137, p. 24) (the "Waiver Ruling"). After issuing the Waiver Ruling, the Court granted Plaintiffs' Motion to Compel with respect to RFPs 8 and 35. Id. at p. 25.

Acting in contempt of Court, Defendant ChemTreat has chosen to treat Judge Lee's Order and the Waiver Ruling as mere suggestions, rather than a Court mandate. Instead of complying with the Court's Waiver Ruling and producing documents improperly withheld on the basis of inapplicable assertions of privilege and work product, Defendant ChemTreat has chosen to file a flurry of meritless motions, including a motion for reconsideration (Doc. 151), a motion for partial stay of the Court's February 10, 2023 Order (Doc. 153), and objection to the Court's February 10, 2023 Order (Doc. 156). As addressed below, the mere filing of these ungranted motions does not

give license to ChemTreat to continue withholding documents on the basis of privilege and work product objections which have been rejected in the Waiver Ruling.

## II. ARGUMENT

### A. ChemTreat's Refusal To Comply With The Discovery Order (Doc. 137) And The Waiver Ruling Constitutes Contempt Of Court And The Motions Which ChemTreat Has Filed At Docs. 151, 153, And 156 In No Way Excuse Or Mitigate Its Noncompliance.

"[T]he purpose of civil contempt is to coerce an individual to perform an act or to compensate an injured complainant." *United States v. Bayshore Associates, Inc.*, 934 F.2d 1391, 1400 (6th Cir. 1991). "Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner." *Elec. Workers Pension Trust Fund of Local Union 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (internal quotation marks omitted).

Civil contempt is established by a presentation, by clear and convincing evidence of (1) the existence of a valid order of the court, (2) that defendant had knowledge of the existence of that order, and (3) a violation of that order by defendant. *NEFT, LLC v. Border States Energy, LLC*, No. 3:04-CV-536, 2006 WL 2714837, at *4 (E.D. Tenn. Sept. 22, 2006), *aff'd*, 297 F. App'x 406 (6th Cir. 2008) (citing *Elec. Workers Pension Trust Fund of Local Union #58 v. Gary's Elec. Serv. Co.,* 340 F.3d 373, 379 (6th Cir. 2003)). The initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order is bourne by the party seeking civil contempt. *Id.* A *prima facie* showing of a violation shifts the burden to the alleged contemnor to defend his actions. *U.S. v. Rylander,*460 U.S. 752, 757 (1983). In the Sixth Circuit, the alleged contemnor "must show categorically and in detail why he is unable to comply with the court's order," to meet this burden. *Rolex Watch U.S.A., Inc., v. Crowley,*74 F.3d 716, 720 (6th Cir. 1996). In evaluating an alleged contemnor's failure to comply with a court order,

the court may inquire whether all reasonable steps in his power were taken to comply with the court's order. *Elec. Workers,*340 F.3d at 379.

The docket in this case clearly shows (1) the existence of a valid discovery order of the Court at Doc. 137, (2) ChemTreat's knowledge of the existence of that Order, and (3) a violation of that Order by ChemTreat's refusal to comply with the Discovery Order. Specifically, despite the Court's Waiver Ruling and rejection of ChemTreat's objections based on privilege and work product, ChemTreat continues to withhold and has not produced documents responsive to Plaintiffs' RFPs 8 and 35. ChemTreat's conduct in this regard is not only highly prejudicial to Plaintiffs' discovery efforts, but also constitutes flagrant contempt of Court.

While ChemTreat has filed a motion for reconsideration (Doc. 151), a motion to stay (Doc. 153), and an appeal of the Discovery Order (Doc. 156), the filing of these ungranted motions does not in the interim serve to stay or relieve ChemTreat of its duty to comply with the Court's Discovery Order. *General Electric Company v. Latin American Imports, S.A.*, Civil Action No. 99-92, 2002 WL 1832030 at *1 (W.D. Ky. Feb. 14, 2002) ("The Federal Rules do not authorize motions for reconsideration of interlocutory rulings, and though courts, including this court, entertain them, *the mere filing of a motion for reconsideration is not an opportunity to suspend discovery as a matter of right*.") (emphasis added); *City of Holland v. Fed. Ins. Co.*, No. 1:13-cv-1097, at 2014 WL 2557124, at *2 (W.D. Mich. June 6, 2014) (noting that "it is clear the mere filing of a motion to for stay does not excuse the moving party from fully complying with the order appealed from until a court grants a stay and relieves the party of its obligation to comply with the challenged order.") (citation omitted).

As courts in the Sixth Circuit and elsewhere have noted, the filing of objections to a magistrate judge's order on a non-dispositive matter likewise **does not stay the order's operation**.

*City of Holland v. Fed. Ins. Co.*, No. 1:13-cv-1097, at 2014 WL 2557124, at *2 (W.D. Mich. June 6, 2014); s*ee, e.g., Great-West Life & Annuity Ins. Co. v. Am. Econ. Ins. Co.,* No. 2:11-cv-2082, 2013 WL 5954470, at * 2 (D. Nev. Nov. 6, 2013); *Guiden v. Leatt Corp.,* No. 5-10-cv-175, 2013 WL 4500319, at * 4 (W.D. Ky. Aug. 21, 2013); *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC,* 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013); *Oracle Am., Inc. v. Google, Inc.,* No. C-10-3561, 2011 WL 3794892, at * 5 n.7 (N.D. Cal. Aug. 26, 2011); *Blessey Marine Servs., Inc. v. Jeffboat, LLC,* No. 10-1863, 2011 WL 3349844, at * 4 (E.D. La. Aug. 3, 2011) ("The idea that the filing of an objection automatically stays a magistrate judge's discovery order would essentially reduce the magistrate's order to the status of a recommendation.") (citation and quotation marks omitted); *City of Ecorse v. United States Steel,* No. 07-cv-12131, 2008 WL 686241, at * 1 (E.D. Mich. Mar. 13, 2008) (collecting cases).

Allowing the automatic stay of a magistrate judge's discovery order "would not only encourage the filing of frivolous appeals, but would grind the magistrate system to a halt." *City of Holland v. Fed. Ins. Co.*, 2014 WL 2557124, at *2 (quoting *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.,* 124 F.R.D. 75, 79 (S.D.N.Y. 1989)). ChemTreat cannot disregard the Court's Discovery Order based on the filing of its various motions challenging the Court's decision. ChemTreat, on its own, decided that Judge Lee's February 10, 2023 Order was nothing more than a recommendation to ChemTreat. ChemTreat's actions in plainly refusing to comply shows a complete disregard for this Court's ruling. ChemTreat cannot show that it is impossible to comply with the Court's Discovery Order or that it has any excuse for its refusal to comply.

For these reasons, Plaintiffs respectfully requests the Court to issue an expedited Order requiring Defendant ChemTreat to Appear and Show Cause why it should not be held in contempt

and sanctions should not issue for its refusal to comply with the Court's February 10, 2023 Discovery Order and Waiver Ruling with respect to Plaintiffs RFPs 8 and 35.

**B. The Discovery Cutoff Should Be Extended Because ChemTreat's Contempt And Refusal To Comply With The Court's Discovery Order At Doc. 137 Has Severely Prejudiced Plaintiffs.**

In addition to being in contempt of the Court's Discovery Order, ChemTreat's actions demonstrate its larger strategy to deny Plaintiffs discovery in order to simply run out the clock in this case. In the Court's February 10 Order, which ChemTreat has patently ignored, the Court laid out specifically:

> The parties should not expect discovery deadlines to be extended again. As a rule, discovery is to be confined to the discovery period set by the Court, which in this case was set by the parties' agreement during the scheduling conference and extended by the Court upon mutual request of the parties. In order to fairly and properly confine the discovery period so that it does not interfere with other aspects of the case, discovery-related motion practice must conclude before the end of the discovery period.
> (Doc. 137 at 6.)

No doubt cognizant that Discovery is set to close on April 27, 2023 (Doc. 99), ChemTreat's contempt of the Court's Discovery Order is part and parcel of its strategy to deprive Plaintiffs of the documents and information to which Plaintiffs are plainly entitled. As the district court in *Blessey* aptly noted "the notion that the filing of an objection operates as an automatic stay of a magistrate judge's order may provide losing parties with 'an artificial incentive to object.' It may encourage parties to 'use the objection process simply as a device to further delay discovery and derail the preparation of a case for trial.'" *Esparza v. Bridgestone/Firestone, Inc.*, 200 F.R.D. 654, 656-57 (D. Colo. 2001). ChemTreat has behaved as if the filing of its motion for reconsideration and appeal act to stay the Court's order in this case, but the law does not permit ChemTreat to unilaterally decide not to comply with a Court order. ChemTreat's actions continue to cause delay in this case as ChemTreat's actions have deprived Plaintiffs of the discovery they are entitled.

Here, ChemTreat's noncompliance with the Court's Order at Doc. 137 is intentional and designed to run out the clock so that Plaintiffs will be denied the documents and information to which they are entitled prior to the expiration of the fast-approaching discovery deadline of April 27, 2023. Indeed, absent ChemTreat's full compliance with the Court's discovery order at Doc. 137 and the Waiver Ruling, Plaintiffs will not be able to conduct appropriate depositions of relevant witnesses into the purported investigation which ChemTreat conducted "into [its] deletion of information from Ridley's laptop" and its so-called "investigation into whether Ridley used any of Plaintiffs' confidential information while he was working for ChemTreat." (Doc. 137, p. 24) It appears likely that ChemTreat's inside and outside counsel were involved and active participants in these "investigations" and, pursuant to the Waiver Ruling, are subject to being deposed.

Thus, due to ChemTreat's noncompliance with the Court's above-referenced Discovery Order, and the impending discovery deadline of April 27, 2023, Plaintiffs respectfully request that the discovery cutoff be extended for a minimum of thirty (30) days following both the Court's ruling on the instant Motion and Plaintiffs' complete production of documents responsive to Plaintiffs' RFPs 8 and 35.

## III. CONCLUSION

For the above and foregoing reasons, Plaintiffs respectfully request that ChemTreat be ordered to appear in Court on an expedited basis and show cause why it should not be sanctioned for its failure to comply with: (i) the Court's discovery order at Doc. 137; (ii) the Waiver Ruling; and (iii) its obligation to produce documents responsive to Plaintiffs' RFPs 8 and 35, which it continues to wrongfully withhold on the basis of privilege and work product objections that have been rejected by the Court. Plaintiffs respectfully request that those sanctions should include payment of Plaintiffs' attorneys' fees in preparing the instant Motion and the responses to

ChemTreat's motions at Docs. 151, 153, and 156. Plaintiffs further submit that any continued noncompliance or contempt by ChemTreat following the Court's ruling on this Motion should result in the striking of ChemTreat's answer and affirmative defenses.

In addition, Plaintiffs respectfully request that the discovery deadline be extended for thirty (30) days following the Court's adjudication of this Motion and ChemTreat's complete production of all documents responsive to Plaintiffs' RFPs 8 and 35.

Dated this 17th day of March, 2023.

Respectfully submitted,

ECOLAB INC. NALCO COMPANY, LLC
d/b/a Nalco Water, an Ecolab Company
and/or Nalco Water,

By Counsel

By: /s/ *J. Gregory Grisham*
J. Gregory Grisham (TN BPR#013810)
FISHER & PHILLIPS LLP
1715 Aaron Brenner Drive, Suite 312
Memphis, Tennessee 38120
Telephone: 901.526.0431
Fax: 901.526.8183
ggrisham@fisherphillips.com

Pavneet Singh Uppal
(*pro hac vice*)
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: 602.281.3400
Fax: 602.281.3401
puppal@fisherphillips.com

David J. Walton
(*pro hac vice)*
FISHER & PHILLIPS LLP
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103

Telephone: 610.230.6015
Fax: 610.230.2151
dwalton@fisherphillips.com

*COUNSEL FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. Parties may access this filing through the Court's electronic filing system.

*/s/ J. Gregory Grisham*
J. Gregory Grisham