UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| ECOLAB INC., and NALCO COMPANY, LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water, | |
| Plaintiffs, | No. 1:22-cv-00050-TRM-SKL |
| v. | Hon. Travis McDonough |
| ANTHONY RIDLEY and CHEMTREAT, INC., | Magistrate Judge Susan K. Lee |
| Defendants. | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS EMERGENCY MOTION TO COMPEL PRODUCTION OF DATA REPOSITORIES REVIEWED BY CHEMTREAT'S COMPUTER FORENSIC EXPERT**

Plaintiffs, Ecolab Inc. ("Ecolab") and Nalco Company LLC d/b/a Nalco Water ("Nalco") (collectively "Plaintiffs"), by counsel, submit this Memorandum in Support of their Emergency Motion to Compel regarding data searched and analyzed by ChemTreat's expert.

ChemTreat recently submitted an expert opinion by a computer forensic expert. In his report this expert (James Vaughn) searched several data sources within ChemTreat and opined that ChemTreat did not have any "Ecolab confidential information." ChemTreat refuses, however, to give Plaintiffs access to these same exact data sources in order to rebut Mr. Vaughn's opinion. Thus, the issue presented by this Emergency Motion is simple: should Plaintiffs have access to the very same data sources that Mr. Vaughn searched as the basis for opinion? The answer is, of course, a resounding "yes."

## I. RELEVANT BACKGROUND

On February 21, 2023, ChemTreat produced the expert report of James D. Vaughn ("the Vaughn Report"), a copy of which is attached hereto as Exhibit "A." Mr. Vaughn is a computer-forensic expert. In his report, he stated:

> … I conclude, based upon the analysis of all evidence available to me, that there is no evidence that Mr. Ridley stored Ecolab's confidential information on ChemTreat's systems. I further conclude that there is no evidence that Mr. Ridley distributed Ecolab's confidential information to other ChemTreat employees using ChemTreat's Systems[1].

To reach this conclusion, Mr. Vaughn reviewed several data sources provided by ChemTreat, though ChemTreat apparently did not let him search key laptops. The sources that ChemTreat allowed him to search are:

> (1) Emails contained in the ChemTreat Microsoft (O365) email system for Anthony Ridley for the period May 1, 2021 to March 16, 2022 (including emails that may have been deleted on or after February 9, 2022, when Ecolab alerted ChemTreat to Mr. Ridley's alleged misappropriation); (2) all OneDrive documents uploaded by or accessible to Mr. Ridley during his employment by ChemTreat (including OneDrive documents Mr. Ridley may have deleted on or after February 9, 2022); (3) the first laptop issued to Mr. Ridley by ChemTreat; (4) excerpts of a CrowdStrike log showing relevant files accessed (opened) from USB devices connected to Mr. Ridley's first ChemTreat-issued laptop before it was reformatted and redeployed; (5) the second laptop issued to Mr. Ridley by ChemTreat; and (6) a USB device returned to ChemTreat by Mr. Ridley upon his termination.

---

[1] "ChemTreat Systems" is a defined term in Mr. Vaughn's report. While this term sounds broad, it is actually narrow. ChemTreat did not give Mr. Vaughn certain key pieces of evidence for his search. This is also why Mr. Vaughn states in his report that his conclusions are based on "all the evidence available to me. . . ." Ex. A at 41. This "unavailable" evidence includes the laptops from key custodians. For these same custodians, ChemTreat gave Mr. Vaughn access to their OneDrive and email accounts. But why didn't ChemTreat let Mr. Vaughn look at their laptops? This is especially disconcerting because, according to the testimony of Steve Leavell, ChemTreat employees are permitted to save whatever documents they want on (the local hard drives of) their laptops.

2

*See* Ex. A, p. 9. After receiving Mr. Vaughn's Report, Plaintiffs requested access to these same sources so their forensic expert could test Mr. Vaughn's findings and complete a rebuttal report. ChemTreat, however, refused (except that it previously gave Plaintiffs excerpts from the Crowdstrike report).

ChemTreat also provided Mr. Vaughn with all of the ChemTreat emails sent and received by twelve separate custodians for the time period May 1, 2021 to March 16, 2022, as well as all ChemTreat OneDrive documents accessible to or uploaded by eleven of those twelve custodians. *See* Ex. A, pp. 17-18. Once again, ChemTreat did not provide those same documents and data repositories to Plaintiffs, which would have allowed Plaintiffs expert to conduct his own analysis to provide a complete rebuttal to the expert report of Mr. Vaughn.

Mr. Vaughn's opinion has two key components. First, he states that he searched certain sources and did not find any "Ecolab confidential information." It should be obvious that Plaintiffs' expert needs to review the same sources and conduct his own searches of these sources in order to evaluate whether these data sources do not contain any "Ecolab confidential information."

Second, Mr. Vaughn also opines that he found no evidence that Mr. Ridley distributed Ecolab's confidential information to ChemTreat employees using "ChemTreat's Systems." How he could reach that conclusion without searching the laptops for the key custodians is a mystery, but that's a fight for another day. What's important for this Emergency Motion is that Plaintiffs' expert needs to test this assertion. There are many ways that Mr. Ridley could have shared Ecolab's confidential information with ChemTreat employees.

In fact, in a stunning development, Mr. Vaughn's report indicates that he found that Ridley used two USB drives, attached them to his ChemTreat computer in August 2021 and January 2022,

3

and accessed seven Ecolab confidential files. Five of these confidential files were the same ones that Ridley downloaded to the LaCie drive and allegedly returned before leaving Ecolab. Two of the other files are from an unknown download of Ecolab confidential files. ***This is the first time that ChemTreat disclosed this improper access of Ecolab confidential information.*** [2]

This is why Plaintiffs' expert needs to have full access to the sources searched by Mr. Vaughn. We now know that Ridley's claim that he returned all of his Ecolab files is false. We also now know for sure that Ridley continued to access Ecolab confidential information throughout his employment at ChemTreat. Ridley could have easily used information from Ecolab files to create or supplement documents for ChemTreat. It's easy to cut and paste information from an Ecolab document into a document or file at ChemTreat. Mr. Vaughn would not have captured this information in his search because he limited his search to the specific file names on the DLP report. And it does not appear that he searched most of the email and OneDrive accounts using basic terms like "Nalco" and "Ecolab." Thus, unless Ridley, or other ChemTreat employees, saved an Ecolab file on a "ChemTreat System" using the exact same file name, Mr. Vaughn would not have found that document.[3] He would also would not have found any of these documents if they saved these documents on their laptops.

This is further illustrated by the fact that Mr. Vaughn's investigation did not reveal an Ecolab business plan document that Mr. Ridley sent to ChemTreat while he was still working for Ecolab. Even though this document has "Nalco" in its metadata, Mr. Vaughn did not find this document as part of his search. This must be because Mr. Vaughn did not use simple terms like

---

[2] Why ChemTreat's lawyers failed to disclose this information for several months is a mystery. This failure certainly seems to violate their Rule 26(g) obligations and their duty of candor to the Court.
[3] Mr. Vaughn was not able to do an MP5-hash value analysis because ChemTreat wiped Mr. Ridley's computer.

"Nalco" when searching important data sources. In his report, Mr. Vaughn indicates that he ran the terms "Naclo" and Ecolab" when searching the ChemTreat OneDrive account assigned to Mr. Ridley. But he did not use these simple terms when searching the other sources that ChemTreat let him review. His failure to do this suggests that ChemTreat put heavy constraints on his investigation.

All of this means that Plaintiffs' expert should have an opportunity to review all the sources searched by Mr. Vaughn, and then run whatever searches he believes are necessary to test Mr. Vaughn's opinion that Mr. Ridley did not distribute any Ecolab confidential information using "ChemTreat's Systems." The Court should also order that ChemTreat give Plaintiff's expert access to the laptops for all the custodians identified in Mr. Vaughn's report. Plaintiffs' expert should be allowed to search these laptops for Ecolab files and information as well. This is the only way to fully test Mr. Vaughn's opinion.[4]

Plaintiffs repeatedly requested access to those same data repositories reviewed and relied upon by Mr. Vaughn (data that should have been provided to Plaintiffs without any request), to no avail. Following an unsuccessful meet and confer on the issue, counsel for Plaintiffs sent an email outlining, *inter alia*, ChemTreat's obligation to produce to Plaintiffs all materials relied on by its expert. *See* Ex. B, March 14, 2023 Email from Counsel for Plaintiffs. What followed was ChemTreat's refusal to provide just some (not even all) of the materials on which its expert relied

---

[4] Plaintiffs' expert, Mr. Lieb, also reviewed the Crowdstrike report. He found at least one instance where Mr. Ridley used his ChemTreat computer to access a confidential Ecolab document on a web-based Microsoft account. This related to an Ecolab client, Arnold's Air Force Base. Mr. Ridley then immediately opened a folder on his ChemTreat OneDrive account. His folder was called "Arnold's Air Force Base." Thus, it appears that Mr. Ridley had the same customer folders on his ChemTreat OneDrive account that he had on his Ecolab OneDrive account, before he deleted it. Plaintiffs' expert should get full access to Mr. Ridley's OneDrive account at ChemTreat to determine if he transferred or copied files (or parts of files) to his customer folders on his ChemTreat OneDrive account.

5
FP 46712966.2
Case 1:22-cv-00050-TRM-SKL   Document 194   Filed 03/29/23   Page 5 of 13   PageID #: 3013

with Plaintiffs' agreement to unnecessary and improper restraints. *See* Ex. C, March 16-20 Emails. Specifically, ChemTreat offered to provide Plaintiffs with (1) forensic images of two ChemTreat laptops and a USB drive utilized by Mr. Ridley and (2) document "hits" from searches conducted by Mr. Vaughn. *Id.* But ChemTreat refused to give Plaintiffs access to the same OneDrive and email accounts to which Mr. Vaughn had access. When ChemTreat conditioned Plaintiffs' access to these forensic images and document hits on Plaintiffs' agreement not to seek access to any other materials it had provided to Mr. Vaughn, Plaintiffs we left with no choice but to seek the Court's assistance. *See id.*[5]

Still, Plaintiffs submitted a rebuttal to Mr. Vaughn's report that was prepared without Plaintiffs' expert having access to most of the material and data repositories on which Mr. Vaughn relied. Plaintiffs, however. will be prejudiced if their expert is unable to review all material reviewed by Mr. Vaughn and then fully supplement his rebuttal report.

Accordingly, and for the reasons stated below, the Court should grant Plaintiffs' Emergency Motion to compel ChemTreat to permit inspection of all documents, data repositories, and other materials that were reviewed and relied upon by ChemTreat's expert in the Vaughn Report.

## II. ARGUMENT

Plaintiffs' motion to compel ChemTreat to provide Plaintiffs with access to all documents, data repositories, and other materials that were reviewed and relied upon by ChemTreat's expert comports with the basic requirements of Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(2)(B)(ii) requires the disclosure of all "facts or data" considered by a testifying expert. *See*

---

[5] During these discussions, Plaintiffs offered to treat these materials as AEO, with the only caveat being that Plaintiffs may need one corporate designee to review some of the documents that are suspected to contain Ecolab information.

*Gammons v. Androit Medical Systems, Inc.*, No. 3:21-CV-173-TAV-DCP, 2022 WL 17640125, at *3 (E.D. Tenn. Dec. 13, 2022) (ordering production of all emails relied upon by expert). "[C]ourts have embraced an objective test that defines 'considered' as anything received, reviewed, read, or authored by the expert, before or in connection with the forming of his opinion, if the subject matter relates to the facts or opinions expressed." *Euclid Chem. Co. v. Vector Corrosion Techs., Inc.*, No. 1:05CV80, 2007 WL 1560277, at *4 (N.D. Ohio May 29, 2007). Simply put, and as articulated by the Sixth Circuit, "Rule 26 now requires disclosure of all information provided to testifying experts." *Reg'l Airport Auth. of Louisville v. LFG, LLC*, 460 F.3d 697, 715 (6th Cir. 2006).

But Plaintiffs need not draw analogies to other cases, as this Court has expressly stated that Plaintiffs

> are entitled to "all materials," including privileged materials, that Vaughn "reviewed or considered" regardless of whether he "ultimately refers to those materials as a basis for his … opinions."

(D.E. 192 at p. 12) (quoting *Avanos Med. Sales, LLC v. Metronic Sofamor Danek USA, Inc.*, No. 19-cv-2754-JPM-tmp, 2021 WL 3276608, at *3 (W.D. Tenn. July 30, 2021)).

Here, there is no doubt that ChemTreat has not disclosed all information "considered" by or provided to its expert, Mr. Vaughn. Specifically, ChemTreat has withheld from Plaintiffs the following materials that it provided to Mr. Vaughn:

1. Emails contained in the ChemTreat Microsoft (O365) email system for Anthony Ridley for the period May 1, 2021 to March 16, 2022 (including emails that may have been deleted on or after February 9, 2022, when Ecolab alerted ChemTreat to Mr. Ridley's alleged misappropriation);

7

2. All OneDrive documents uploaded by or accessible to Mr. Ridley during his employment by ChemTreat (including OneDrive documents Mr. Ridley may have deleted on or after February 9, 2022);

3. The first laptop issued to Mr. Ridley by ChemTreat;

4. The second laptop issued to Mr. Ridley by ChemTreat;

5. A USB device returned to ChemTreat by Mr. Ridley upon his termination;

6. All emails for the period May 1, 2021, to March 16, 2022 that were contained in the O365 ChemTreat email system of the following custodians:

    a. Clay Cissell;

    b. Steven Leavell;

    c. David Ellis;

    d. John Alcorn;

    e. Albert DeNuncio;

    f. Larry Harmon;

    g. Matthew Hofer;

    h. Michael (Todd) Kraft;

    i. David Pearson;

    j. James (Jim) Shealy;

    k. George Sloan;

    l. John Spalding; and

7. All OneDrive documents accessible to or uploaded by:

    a. Clay Cissell;

    b. Steven Leavell;

c. John Alcorn;

d. Albert DeNuncio;

e. Larry Harmon;

f. Matthew Hofer;

g. Michael (Todd) Kraft;

h. David Pearson;

i. James (Jim) Shealy;

j. George Sloan;

k. John Spalding.

Here, ChemTreat's refusal to disclose all data that its expert relied on necessarily prejudices Plaintiffs right to rebut the expert opinion offered by ChemTreat's expert. By way of example, Mr. Vaughn concludes that "***based upon the analysis of all evidence available to me***, that there is no evidence that Mr. Ridley stored Ecolab's confidential information on ChemTreat's Systems." Ex. A at 41 (emphasis added). Because ChemTreat has refused to disclose "all evidence available to [Mr. Vaughn]," it has impeded Plaintiffs' ability to rebut this conclusion. The same is true for Mr. Vaughn's other opinions, all of which are based on an analysis of materials provided to him by ChemTreat that have been withheld from Plaintiffs.

Plaintiffs also requested these documents in their Requests for Production. Specifically, Plaintiffs sought:

> RFP No. 35: All Documents and Communications (including emails, text messages, in-app private messages and chats in software applications with chat functions such as Microsoft Teams, WhatsApp or LinkedIn, and voicemails, **concerning Your investigation, examination, analysis and/or inspection into whether Ridley accessed or used any Ecolab Documents during his employment at ChemTreat.**

> RFP No. 38: All Documents and Communications (including emails, text messages, in-app private messages and chats in software applications with chat functions such as

> Microsoft Teams, WhatsApp or LinkedIn, and voicemails) **concerning the analysis of any ChemTreat Device used by Ridley.**
>
> RFP No. 40: All Documents and Communications (including emails, text messages, in-app private messages and chats in software applicates with chat functions such as Microsoft Teams, WhatsApp or LinkedIn, and voicemails) **concerning the analysis of any ChemTreat email account, cloud-storage account, and/or server used or accessed by Ridley.**

In response to each of these three requests, ChemTreat objected for various reasons, but also included that "ChemTreat further objects to this Request because it seeks premature expert discovery and Communications with experts that are protected by Federal Rule of Civil Procedure 26. **ChemTreat will provide expert discovery in accordance with Rule 26 at the appropriate time**." (See Ex. D, ChemTreat's Objections and Responses to Plaintiffs' First Set of Requests for Production.)

Despite Plaintiffs clear request for the documents and communications related to ChemTreat's investigation and analysis, ChemTreat has failed to properly supplement its discovery responses with complete information. ChemTreat has improperly refused to produce the requested information that its expert relied upon in forming his opinions. Plaintiffs are entitled to review and access the documents and communications in which Mr. Vaughn relied upon in conducting his analysis.

### III. CONCLUSION

Plaintiff respectfully request that this Court grant Plaintiff's Emergency Motion and order ChemTreat to produce to Plaintiffs all materials provided to Mr. Vaughn that it has not already produced, including:

1. Emails contained in the ChemTreat Microsoft (O365) email system for Anthony Ridley for the period May 1, 2021 to March 16, 2022 (including emails that may

have been deleted on or after February 9, 2022, when Ecolab alerted ChemTreat to Mr. Ridley's alleged misappropriation);

2. All OneDrive documents uploaded by or accessible to Mr. Ridley during his employment by ChemTreat (including OneDrive documents Mr. Ridley may have deleted on or after February 9, 2022);

3. The first laptop issued to Mr. Ridley by ChemTreat;

4. The second laptop issued to Mr. Ridley by ChemTreat;

5. A USB device returned to ChemTreat by Mr. Ridley upon his termination;

6. All emails for the period May 1, 2021, to March 16, 2022 that were contained in the O365 ChemTreat email system of the following custodians:

    a. Clay Cissell;

    b. Steven Leavell;

    c. David Ellis;

    d. John Alcorn;

    e. Albert DeNuncio;

    f. Larry Harmon;

    g. Matthew Hofer;

    h. Michael (Todd) Kraft;

    i. David Pearson;

    j. James (Jim) Shealy;

    k. George Sloan;

    l. John Spalding; and

7. All OneDrive documents accessible to or uploaded by:

a. Clay Cissell;

   b. Steven Leavell;

   c. John Alcorn;

   d. Albert DeNuncio;

   e. Larry Harmon;

   f. Matthew Hofer;

   g. Michael (Todd) Kraft;

   h. David Pearson;

   i. James (Jim) Shealy;

   j. George Sloan;

   k. John Spalding.

8. Forensic images of the ChemTreat laptops for the custodians identified in Mr. Vaughn's report.

Plaintiffs further ask the Court to order ChemTreat to fully respond and supplement its responses to Plaintiffs' Requests for Production Nos. 35, 38, and 40.

Dated this 29th day of March, 2023.

                                          Respectfully submitted,

                                          ECOLAB INC. NALCO COMPANY, LLC
                                          d/b/a Nalco Water, an Ecolab Company
                                          and/or Nalco Water,

By:   */s/ David J. Walton*
       J. Gregory Grisham (TN BPR#013810)
       FISHER & PHILLIPS LLP
       1715 Aaron Brenner Drive, Suite 312
       Memphis, Tennessee 38120
       Telephone: 901.526.0431
       Fax: 901.526.8183
       ggrisham@fisherphillips.com

       David J. Walton (*pro hac vice*)
       Edward G. Winsman (*pro hac vice*)
       FISHER & PHILLIPS LLP
       Two Logan Square, 12th Floor
       100 N. 18th Street
       Philadelphia, PA 19103
       Telephone: 610.230.6015/610.230.2142
       Fax: 610.230.2151
       dwalton@fisherphillips.com
       ewinsman@fisherphillips.com

       COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. Parties may access this filing through the Court's electronic filing system.

                                          /s/ David J. Walton
                                          David J. Walton

FP 46712966.2
Case 1:22-cv-00050-TRM-SKL    Document 194    Filed 03/29/23    Page 13 of 13    PageID #: 3021