UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ECOLAB INC. and NALCO COMPANY, LLC d/b/a NALCO WATER, AN ECOLAB COMPANY and/or NALCO WATER | ) ) ) ) ) | Case No. 1:22-cv-50 |
| | ) | Judge Travis R. McDonough |
| Plaintiffs, | ) ) | Magistrate Judge Susan K. Lee |
| v. | ) ) | |
| ANTHONY RIDLEY and CHEMTREAT, INC. | ) ) ) | |
| Defendants. | | |

**ORDER**

Before the Court is Plaintiffs Ecolab Inc. and Nalco Company's ("Ecolab/Nalco") motion for leave to file a third amended complaint. (Doc. 149.) For the following reasons, the Court will **GRANT IN PART** and **DENY IN PART** the motion.

I. **BACKGROUND**

On March 3, 2022, Ecolab/Nalco initiated the present action, asserting various claims against Defendants Anthony Ridley and Chemtreat, Inc. ("Chemtreat") based on allegations that Ridley downloaded numerous Ecolab/Nalco documents prior to ending his employment with Ecolab/Nalco and starting his employment with Chemtreat, a direct competitior. (*See generally* Doc. 1.) Ecolab/Nalco has moved to file a third amended complaint to add factual allegations learned during discovery that support its claims against Ridley and Chemtreat and to assert an additional claim against Chemtreat for aiding and abetting Ridley's breach of his fiduciary duty of loyalty. (Doc. 149.) Specifically, Ecolab/Nalco seeks to include factual allegations regarding

Ridley's communications with Chemtreat employees while still employed by Ecolab/Nalco and allegations that Ridley created a business plan for Chemtreat using an Ecolab/Nalco template while still employed by Ecolab/Nalco. (Doc. 149, at 1–2.) Ecolab/Nalco contends that these factual allegations further support its claims against Ridley and Chemtreat for breach of fiduciary duty of loyalty, tortious interference with contractual relationships, and civil conspiracy. (Doc. 150, at 4–8.) Ecolab/Nalco's proposed amended complaint also alleges that Ridley prepared the business plan at Chemtreat's direction, thereby supporting a new claim against Chemtreat for aiding and abetting breach of fiduciary duty. (*Id*. at 8–9.) Ridley and Chemtreat oppose Ecolab/Nalco's motion to amend, arguing that it is untimely and the proposed amendments are futile. (Docs. 172, 173.) The motion is ripe for the Court's review.

## II. STANDARD OF LAW

Under Rule 15 of the Federal Rules of Civil Procedure, if a party can no longer amend its pleading as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, "[t]he court should freely give leave when justice so requires." *Id.*; *see also Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016) ("Because Rule 15(a)(2) directs courts to 'freely give leave when justice so requires,' the rule embodies a 'liberal amendment policy.'"). Denial of leave to amend may nevertheless be appropriate when there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962). Leave to amend ultimately lies within the Court's discretion. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31 (1971).

### III. ANALYSIS

Ridley first argues that the Court should deny Ecolab/Nalco's motion to amend because it is untimely. (Doc. 172, at 4–5.) Ridley is correct that the Court's scheduling order provides that motions to amend pleadings should be filed on or before February 20, 2023 (Doc. 99, at 2), and Ecolab/Nalco filed its motion to amend on February 21, 2023 (Doc. 149). The Court, however, was closed on February 20, 2023, in observance of President's Day. Given that the deadline for amending pleadings fell on a legal holiday, extending the deadline for moving to amend pleadings by one day is appropriate and consistent with Rule 15's directive that courts "freely give" leave to amend "when justice so requires."

Chemtreat argues that the Court should deny Ecolab/Nalco's motion for leave to file its third amended complaint because its proposed amendments are futile. Specifically, Chemtreat contends that Ecolab/Nalco's allegations regarding Ridley's communications with Chemtreat while employed by Ecolab/Nalco and his creation of a business plan for Chemtreat cannot support its claim for breach of fiduciary duty because, under Tennessee law, preparations to compete do not constitute a breach of the duty of loyalty owed to an employer. (Doc. 173, at 1–4.) Chemtreat also argues that Ridley's creation of a business plan cannot support a claim against it for aiding and abetting breach of fiduciary duty because it is preempted by the Tennessee Uniform Trade Secrets Act. (*Id*. at 4–6.)

Employees owe a fiduciary duty of loyalty to their employer, meaning that they must act solely for benefit of their employer in matters within the scope of their employment. *Knott's v. Azbell*, No. 01A-01-951-CH-00459, 1996 WL 697943, at *4 (Tenn. Ct. App. Dec. 6, 1996). Additionally, employees must not engage in conduct that is adverse to the employer's interests and are under a duty not to compete with their employer during the employment relationship. *Id*.

3

An employee may, however, "prepare to compete with his employer before termination." *B & L Corp. v. Thomas & Thorngren, Inc.*, 917 S.W.2d 674, 679 (Tenn. Ct. App. 1995) (hereinafter "*B & L I*"). Permissible preparatory actions include "the leasing of office space, equipment, and furniture, and the connection of necessary utilities." *B & L Corp. v. Thomas & Thorngren, Inc.*, 162 S.W.3d 189, 207 (Tenn. Ct. App. 2004) (hereinafter *"B & L II*"). Nevertheless, there are limitations on which actions an employee may take without violating the duty of loyalty. *See id.* at 207–08. For example, an employee cannot "use confidential information peculiar to his employer's business and acquired therein." *Knott's*, 1996 WL 697943, at *4 (quoting Restatement (Second) of Agency § 393, cmt. e)).

In this case, Ecolab/Nalco's proposed amendments regarding Ridley's communications with Chemtreat employees and preparation of a business plan for Chemtreat while still employed by Ecolab/Nalco include allegations that Ridley used an Ecolab/Nalco template to prepare a business plan for Chemtreat. In other words, Ecolab/Nalco is alleging that Ridley used confidential information peculiar to Ecolab/Nalco for Chemtreat's benefit. Such an allegation is sufficient to plausibly suggest that Ridley's conduct extended beyond mere preparatory actions to compete and constituted conduct adverse to Ecolab/Nalco's interests.

Nonetheless, even if Ridley's preparation of a business plan for Chemtreat constitutes action beyond preparing to compete, claims against Ridley and Chemtreat based on Ridley use of an Ecolab/Nalco template to create the Chemtreat business plan are preempted by the Tennessee Uniform Trade Secrets Act. As the Court recently explained,

> TUTSA provides that, "[e]xcept as provided in subsection (b), this part displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." Tenn. Code Ann. § 47-25-1708(a). Subsection (b), however, exempts "[o]ther civil remedies that are not based upon misappropriation of a trade secret." *Id*. § 47-25-1708(b). Even if a plaintiff fails to adequately plead a claim under TUTSA, the statute's preemptive effect still

4

applies. *See Hauck Mfg. Co. v. Astec Indus., Inc.*, 375 F. Supp. 2d 649, 655 (E.D. Tenn. 2004) ("[T]he [T]UTSA's preemption provision has generally been interpreted to abolish all free-standing alternative causes of action for theft or misuse of confidential, propriety, or otherwise secret information failing short of trade secret status."); *see also PartyLite Gifts, Inc. v. Swiss Colony Occasions*, 246 F. App'x 969, 976 (6th Cir. 2007) (favorably citing *Hauck*). In sum, the sole state cause of action for misappropriation of confidential information is misappropriation of trade secrets. *Hauck*, 375 F. Supp. 2d at 657 ("A claim cannot be preempted or not preempted based entirely upon whether or not the information at issue qualifies as a trade secret. If the information is a trade secret, the plaintiff's claim is preempted; if not, the plaintiff has no legal interest upon which to base his or her claim. Either way, the claim is not cognizable.").

"[C]ourts unanimously agree that in order for non-[T]UTSA claims to survive they must rely on something more than allegations of misappropriation of trade secrets, but they appear to disagree as to what exactly that 'something more' must be." *Id.* at 656. However, district courts in this circuit have adopted the "same-proof" test: "if proof of a non-[T]UTSA claim would also simultaneously establish a claim for misappropriation of trade secrets, it is preempted irrespective of whatever surplus elements of proof were necessary to establish it." *Id*. at 658. A non-TUTSA claim is preempted if it "necessarily rises or falls based on whether the defendant is found to have misappropriated a trade secret." *Id.* (internal quotation marks omitted). As a result, Plaintiffs' state-law claims may only go forward to the extent that Plaintiffs state a claim for relief in the absence of the misappropriation allegations. *See Smithfield Ham & Prods. Co., Inc. v. Portion Pac, Inc.*, 905 F. Supp. 346, 349 (E.D. Va. 1995) (construing an identical provision in the Virginia Uniform Trade Secrets Act).

*S&J Wholesale, LLC v. Jindan Direct*, Case No. 1:22-cv-148, Doc. 31, at 10–11 (E.D. Tenn. Feb. 7, 2023).

In this case, Ecolab/Nalco's proposed amendments regarding Ridley's preparation of a business plan for Chemtreat include allegations that Ridley used Ecolab/Nalco's confidential information to create the business plan. Indeed, in its proposed amended claim for complaint, Ecolab/Nalco expressly alleges: "The template spreadsheet which Ridley used to create the Business Plan for ChemTreat was originally designed for the use of Nalco/Ecolab employees and was not intended to ever be shared or modified to suit the needs of a competitior such as ChemTreat." (Doc. 149-1, at 60.) Under the same-proof test, if the Ecolab/Nalco template qualifies as a trade secret, then its claim against Chemtreat for aiding and abetting Ridley's

breach of fiduciary duty necessarily rises or falls on Ridley's alleged misappropriation, and, if it does not constitute a trade secret, then Ecolab/Nalco has no legal interest in the template giving rise to a claim that Ridley's disclosure to Chemtreat constitutes a breach of his fiduciary duty of loyalty or that doing so at Chemtreat's directive constitutes aiding and abetting Ridley's breach of the fiduciary duty of loyalty. Ecolab/Nalco's proposed claim for aiding and abetting breach of the fiduciary duty of loyalty against Chemtreat is therefore preempted by TUTSA.

Accordingly, the Court will **GRANT IN PART** Ecolab/Nalco's motion for leave to file a third amended complaint. Ecolab/Nalco may amend its complaint to include allegations regarding Ridley's communications with Chemtreat employees while still employed with Ecolab/Nalco as additional factual support for its claims for misappropriation of trade secrets, tortious interference with contract claims, and civil conspiracy. Ecolab/Nalco's motion to amend is **DENIED IN PART** to the extent it seeks to use allegations regarding Ridley's creation of a business plan for Chemtreat while still employed by Ecolab/Nalco in support of its claim for aiding and abetting breach of fiduciary duty against Chemtreat, because those claims are preempted by TUTSA.[1]

---

[1] Ridley and Chemtreat also contend that the Court should deny Ecolab/Nalco's motion to amend because its proposed amended complaint includes allegations that Ecolab/Nalco has admitted are inaccurate, particulary as it relates to whether Ridley managed Tyler Bates while employed by Ecolab/Nalco. (Doc. 172, at 5–6; Doc. 173, at 6.) If Ridley and Chemtreat are correct that these allegations are inaccurate, Ecolab/Nalco should remove all inaccurate allegations from its third amended complaint. If Ecolab/Nalco decides to keep such allegations in its third amended complaint, the Court will assume that such allegations are consistent with the requirements of Rule 11. Ridley and Chemtreat may, however, file a motion for sanctions if they believe that Ecolab/Nalco persists in making admittedly inaccurate allegations.

## IV. CONCLUSION

For the reasons stated herein, Ecolab/Nalco's motion for leave to file a third amended complaint is **GRANTED IN PART** and **DENIED IN PART**.[2] Ecolab/Nalco shall file an amended complaint consistent with this order on or before **April 24, 2023**.[3]

SO ORDERED.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[2] ChemTreat's arguments regarding futility were generally limited to arguing that Ridley's actions constituted preparations to compete and that Ecolab/Nalco's claim for aiding and abetting breach of the fiduciary duty of loyalty were preempted by TUTSA. (Doc. 173, at 2–6.) Ecolab/Nalco's proposed amended complaint, however, includes numerous additional factual allegations that neither Ridley nor Chemtreat challenged. (*See*, *e.g.*, Doc. 149-1, at 24 (alleging that Ridley downloaded Ecolab/Nalco trade-secret information after interviewing and negotiating terms of employment with Chemtreat).) Nothing in this Court's order should be construed as foreclosing Ecolab/Nalco's inclusion of such allegations in its third amended complaint.

[3] The Court's partial grant of Ecolab/Nalco's motion to amend will not be considered good cause for extending the discovery period in this case. Ecolab/Nalco asserted that amending its complaint was necessary in light of information it learned during discovery. As a result, additional discovery is not needed in connection with information Ecolab/Nalco has already learned through the discovery process.