UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| ECOLAB Inc., and NALCO COMPANY, LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water, | |
| Plaintiffs, | No. 1:22-cv-00050-TRM-SKL |
| v. | Hon. Travis McDonough |
| ANTHONY RIDLEY, and CHEMTREAT, INC., | Magistrate Judge Susan K. Lee |
| Defendants. | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR EMERGENCY MOTION TO COMPEL PRODUCTION OF DATA REPOSITORIES REVIEWED BY CHEMTREAT'S COMPUTER FORENSIC EXPERT**

Plaintiffs, Ecolab Inc. ("Ecolab") and Nalco Company LLC d/b/a Nalco Water ("Nalco") (collectively "Plaintiffs") hereby submit this Reply in Support of their Emergency Motion to Compel Production of Data Repositories Reviewed by ChemTreat's Computer Forensic Expert.

### I.  INTRODUCTION

Defendant ChemTreat, Inc. ("ChemTreat") hired a forensic expert, James Vaughn. Mr. Vaughn issued an expert report opining that certain "ChemTreat Systems" did not have any of Plaintiffs' information within these "Systems" (the "Report"). To rebut this assertion, Plaintiffs asked ChemTreat for access to the very same sources searched by Mr. Vaughn to test his opinion. ChemTreat refused. Plaintiffs filed a Motion (ECF Doc. No. 193) seeking access to these sources.

The issue presented by this Motion is simple: should Plaintiffs get access to the same data repositories and sources searched by Mr. Vaughn as the basis for his opinion that these "ChemTreat Systems" do not have any of Plaintiffs' information? The answer should be an obvious "yes."

1

FP 46880927.2
Case 1:22-cv-00050-TRM-SKL   Document 216   Filed 04/19/23   Page 1 of 10   PageID #: 3771

But, in their Opposition (ECF Doc. No. 210), ChemTreat argues that Mr. Vaughn did not "consider" all of these data repositories, just the documents that hit on his search terms. This argument is erroneous and illogical. Mr. Vaughn did not opine merely that certain documents (that he found via search terms) were not Nalco or Ecolab documents. He opined that **_all_** of "ChemTreat's Systems" did not have Ecolab or Nalco information. Thus, ChemTreat should turn over those sources so Plaintiffs' expert can rebut Mr. Vaughn's (broad) assertion, or this Court should strike his opinion altogether.

II. **ARGUMENT**

    A. **ChemTreat Erroneously Excludes Mr. Vaughn's Receipt and Review of the Information Requested by Plaintiffs from the Definition of "Considered" Under Rule 26.**

In its Opposition, ChemTreat discusses the ordinary meaning of "consider" under Rule 26(a)(2)(B)(ii) in accordance with Merriam Webster Dictionary's definition. (*See* ECF Doc. No. 210 at 12). In doing so, ChemTreat ignores that this Court already "embraced an objective test that defines 'considered' as anything **received, reviewed, read**, or authored by the expert, before or in connection with the forming of his opinion, if the subject matter relates to the facts or opinions expressed." *Gammons v. Adroit Med. Sys., Inc.*, No. 3:21-CV-173-TAV-DCP, 2022 WL 17640125, at *3 (E.D. Tenn. Dec. 13, 2022) (emphasis added) (citing *Euclid Chem. Co. v. Vector Corrosion Techs., Inc.*, No. 1:05CV80, 2007 WL 1560277, at *4 (N.D. Ohio May 29, 2007)).

Plaintiffs are requesting information that Mr. Vaughn explicitly stated in his Report that he has *received* and/or *forensically analyzed* (*See* ECF Doc. No. 194 at 7-9):

> I received from ChemTreat: (1) emails contained in the ChemTreat Microsoft (O365) email system for Anthony Ridley for the period May 1, 2021 to March 16, 2022 (including emails that may have been deleted on or after February 9, 2022, when Ecolab alerted ChemTreat to Mr. Ridley's alleged misappropriation); (2) all OneDrive documents uploaded by or accessible to Mr. Ridley

2

FP 46880927.2
Case 1:22-cv-00050-TRM-SKL   Document 216   Filed 04/19/23   Page 2 of 10   PageID #: 3772

during his employment by ChemTreat (including OneDrive documents Mr. Ridley may have deleted on or after February 9, 2022); (3) the first laptop issued to Mr. Ridley by ChemTreat; (4) excerpts of a CrowdStrike log showing relevant files accessed (opened) from USB devices connected to Mr. Ridley's first ChemTreat-issued laptop before it was reformatted and redeployed; (5) the second laptop issued to Mr. Ridley by ChemTreat; and (6) a USB device returned to ChemTreat by Mr. Ridley upon his termination.

**Below, I describe the analysis and search of each of these repositories and devices that I conducted**….

**In addition to the repositories and devices associated to Mr. Ridley identified above, I also searched the emails and OneDrive documents of various other custodians with whom Mr. Ridley may have interacted.** *Specifically, I received from ChemTreat all emails for the period May 1, 2021, to March 16, 2022 that were contained in the O365 ChemTreat email system of the following custodians*: Mr. Ridley's immediate supervisor (Clay Cissell), Mr. Cissell's supervisor (Steven Leavell), Mr. Ridley's predecessor (David Ellis), the executive at the head of ChemTreat's North American sales organization (John Alcorn), and a number of ChemTreat employees who may have interacted with Mr. Ridley (Albert DeNunzio, Larry Harmon, Matthew Hofer, Michael (Todd) Kraft, David Pearson, James (Jim) Shealy, George Sloan, and John Spalding). This search included available deleted files from the emails or OneDrive folders of these custodians.

**I also received all OneDrive documents accessible to or uploaded by the same custodians for whom I received emails, except for David Ellis.**

(ECF Doc. No. 194-1 at 10, 17-18) (emphasis added).

ChemTreat further asserts in its Opposition that "[c]ourts that have interpreted Rule 26(a)(2)(B)(ii) since its 2010 amendment have held an expert must do more than merely receive or be provided with a source of information to trigger the disclosure obligation." (ECF Doc. No. 210 at 16). In support of its assertion, ChemTreat cites *Avanos Med. Sales, LLC v. Medtronic Sofamor Danek USA, Inc*., No. 19-CV-2754-JPM-TMP, 2021 WL 3276608 (W.D. Tenn. July 30, 2021) for the proposition that the expert must read or review the privileged materials at issue to be

3

FP 46880927.2
Case 1:22-cv-00050-TRM-SKL   Document 216   Filed 04/19/23   Page 3 of 10   PageID #: 3773

deemed to have considered them. *Id.* at *4. However, ChemTreat ignores the other cases the *Avanos* court cites that were decided by courts within the Sixth Circuit:

> *see also In re Davol, Inc.*, 2021 WL 2280657, at *2 (observing that "courts have interpreted 'considered' in Rule 26(a)(2)(B)(ii) expansively, **concluding that 'considered' includes 'anything received, reviewed, read, or authored by the expert**, before or in connection with the forming of his opinion, if the subject matter relates to the facts or opinions expressed.' ") (quoting *Euclid Chem. Co.*, 2007 WL 1560277, at *3);

*Id.* (emphasis added).

Furthermore, ChemTreat argues that in support of their position, Plaintiffs rely only on the "abrogated case law" of *Euclid Chemical Co. v. Vector Corrosion Technologies, Inc.,* No. 1:05CV80, 2007 WL 1560277 (N.D. Ohio May 29, 2007) and *Regional Airport Authority of Louisville v. LFG, LLC,* 460 F.3d 697 (6th Cir. 2006), because those cases interpreted a prior version of Rule 26 which was abrogated by 2010 amendments. (*See* ECF Doc. No. 210 at 14 – 15). However, in *In re Davol, Inc.,* a case decided in 2021 ***after*** the 2010 amendments to Rule 26 and cited by the court in *Avanos*, the court explicitly stated "[i]n this circuit, courts have interpreted 'considered' in Rule 26(a)(2)(B)(ii) expansively, concluding that 'considered' includes 'anything received, reviewed, read, or authored by the expert, before or in connection with the forming of his opinion, if the subject matter relates to the facts or opinions expressed.'" *In re Davol, Inc.*, 2021 WL 2280657, at *2 (citing *Euclid*, 2007 WL 1560277, at *4). *See also Gammons*, 2022 WL 17640125, at *3 ("[C]ourts have embraced an objective test that defines 'considered' as anything received, reviewed, read, or authored by the expert, before or in connection with the forming of his opinion, if the subject matter relates to the facts or opinions expressed." (emphasis added)).

ChemTreat argues that Mr. Vaughn did not "read or review" the "documents and communications contained in the email and OneDrive accounts for the ChemTreat custodians at

issue here." (ECF Doc. No. 210 at 17). ChemTreat is playing words games, once again. For the Report, ChemTreat gave Mr. Vaughn copies and/or access to the all the data sources and repositories described above, which he defined as "ChemTreat's Systems." ChemTreat asked Mr. Vaughn to search "ChemTreat's Systems." Mr. Vaughn then searched "ChemTreat's Systems," reviewed the files that hit on his search terms, and then concluded that he did not find any of Plaintiffs' information on "ChemTreat's Systems." ChemTreat would have this Court believe that it gave Mr. Vaughn just a few documents to consider. But they didn't. They gave him multiple, complete data repositories to search. ChemTreat also argues that Mr. Vaughn only "considered" the documents that he found via the search terms and did not "consider" the "ChemTreat Systems." To support his point, ChemTreat uses an erroneous analogy. ChemTreat argues that if an expert searches a data repository for article to support an opinion on a specific subject, the expert does not have to turn over a copy of the entire database, just the articles that he/she selected. And that's true; we agree with that. But that's not what happened here. Using ChemTreat's analogy, Mr. Vaughn's opinion is based on the database. He didn't just use the database to pull articles for another opinion. His opinion is based on the database itself, specifically that there is no Ecolab or Nalco information in that database. Thus, because he searched "ChemTreat's Systems" and opined that "ChemTreat's Systems" did not have Nalco or Ecolab information, he most definitely "considered" "ChemTreat's Systems" as part of his opinion. ChemTreat is essentially saying "trust us, we searched the 'ChemTreat Systems' and there is nothing in there." But that's not fair and that's not how expert discovery works.[1]

---

[1] ChemTreat also tries to use an analogy of library—if an expert chooses just a couple books from library to support his/her opinion, that doesn't mean that ChemTreat should have to produce the whole library. Once again, we agree, but this analogy does not work here. Mr. Vaughn's opinion is that the Library (i.e., "ChemTreat's Systems") does not contain any Nalco or Ecolab information. But then ChemTreat wants to lock the doors of the library and refuse to let Plaintiffs check for themselves. That's not the way the Rules work.

Furthermore, in the March 28, 2023 Order, this Court explicitly endorsed the position that ChemTreat is required to produce "'all materials,' including privileged materials that Vaughn '*reviewed* or considered' regardless of whether he 'ultimately refers to those materials as a basis for his…. opinions.'" (ECF Doc. No. 192 at 12) (emphasis added) (quoting *Avanos Med. Sales, LLC v. Medtronic Sofamor Danek USA, Inc*., No. 19-cv-2754-JPM-tmp, 2021 WL 3276608, at *3 (W.D. Tenn. July 30, 2021)).

The court in *Avanos* noted that "[t]he burden of showing that an expert did not consider certain documents in forming his opinion rests with the party resisting the disclosure…. Ambiguities in whether an expert considered a document are resolved in favor of discovery." *Avanos,* 2021 WL 3276608 at *4 (internal quotations and citations omitted). In light of the foregoing, ChemTreat has failed to meet its burden in proving Mr. Vaughn did not consider the requested information in forming his opinion. Moreover, any ambiguity regarding whether Mr. Vaughn considered the information should be resolved in favor of discovery. *See id.* at *4.

### B. Plaintiffs are Entitled to the Requested Information for its Rebuttal Expert Report and for Mr. Vaughn's Deposition.

ChemTreat further argues that Plaintiffs are not entitled to the requested information which Mr. Vaughn allegedly did not consider, because inclusion of it in their expert report would constitute an untimely affirmative expert opinion, rather than a rebuttal opinion. (*See* ECF Doc. No. 210 at 19 – 20). ChemTreat's argument is flawed for two reasons. First, as stated above, ChemTreat misconstrues the prevailing Sixth Circuit case law regarding the meaning of an expert's consideration of materials; therefore, Plaintiffs' expert's opinion on the requested information would be considered a rebuttal report, as it will address the key component of Mr. Vaughn's Report: there is no Nalco or Ecolab information on "ChemTreat's Systems." *See Erie Ins. Co. v. Rauser*, No. 319CV00375TRMHBG, 2021 WL 518668, at *2 (E.D. Tenn. Feb. 11, 2021)

("Rebuttal experts can properly respond to the content of the original expert witness' report and opinions." (internal quotations omitted)). Second, Plaintiffs are also entitled to this information in order to prepare to depose Mr. Vaughn and determine what information and materials he did, in fact, consider in rendering his opinions. *See Gammons*, 2022 WL 17640125, at *3 (holding that "[b]ecause [Plaintiff's expert] has not explained that material in the Emails, or otherwise produced the Emails, Defendants have no way of knowing prior to a deposition all the facts [the expert] considered in rendering his conclusion.")

### III. CONCLUSION

For the foregoing reasons, Plaintiffs are entitled to the documents and ESI sources James Vaughn received and reviewed in formulating his expert opinion. Plaintiffs therefore respectfully request this Honorable Court enter an order compelling ChemTreat to produce the following:

1. Emails contained in the ChemTreat Microsoft (O365) email system for Anthony Ridley for the period May 1, 2021 to March 16, 2022 (including emails that may have been deleted on or after February 9, 2022, when Ecolab alerted ChemTreat to Mr. Ridley's alleged misappropriation);

2. All OneDrive documents uploaded by or accessible to Mr. Ridley during his employment by ChemTreat (including OneDrive documents Mr. Ridley may have deleted on or after February 9, 2022);

3. The first laptop issued to Mr. Ridley by ChemTreat;

4. The second laptop issued to Mr. Ridley by ChemTreat;

5. A USB device returned to ChemTreat by Mr. Ridley upon his termination;

6. All emails for the period May 1, 2021, to March 16, 2022 that were contained in the O365 ChemTreat email system of the following custodians:

       a. Clay Cissell;

       b. Steven Leavell;

       c. David Ellis;

       d. John Alcorn;

       e. Albert DeNunzio;

       f. Larry Harmon;

       g. Matthew Hofer;

       h. Michael (Todd) Kraft;

       i. David Pearson;

       j. James (Jim) Shealy;

       k. George Sloan;

       l. John Spalding;

7. All OneDrive documents accessible to or uploaded by:

       a. Clay Cissell;

       b. Steven Leavell;

       c. John Alcorn;

       d. Albert DeNunzio;

       e. Larry Harmon;

       f. Matthew Hofer;

       g. Michael (Todd) Kraft;

       h. David Pearson;

       i. James (Jim) Shealy;

       j. George Sloan;

       k.      John Spalding;

8. Forensic images of the ChemTreat laptops for the custodians identified in Mr. Vaughn's report;

and order ChemTreat to fully respond and supplement its responses to Plaintiffs' Requests for Production Nos. 35, 38, and 40.

Alternatively, ChemTreat should withdraw the Report or this Court should strike it.

Dated this 19th day of April, 2023.

                                                               Respectfully submitted,

                                                              ECOLAB INC. NALCO COMPANY, LLC
                                                              d/b/a Nalco Water, an Ecolab Company
                                                              and/or Nalco Water,

By:    */s/ David J. Walton*
         J. Gregory Grisham (TN BPR#013810)
         FISHER & PHILLIPS LLP
         1715 Aaron Brenner Drive, Suite 312
         Memphis, Tennessee 38120
         Telephone: 901.526.0431
         Fax: 901.526.8183
         ggrisham@fisherphillips.com

         David J. Walton (*pro hac vice*)
         Edward G. Winsman (*pro hac vice*)
         FISHER & PHILLIPS LLP
         Two Logan Square, 12th Floor
         100 N. 18th Street
         Philadelphia, PA 19103
         Telephone: 610.230.6015/610.230.2142
         Fax: 610.230.2151
         dwalton@fisherphillips.com
         ewinsman@fisherphillips.com

         COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

  I certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. Parties may access this filing through the Court's electronic filing system.

*/s/ David J. Walton*
David J. Walton

April 19, 2023