UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| ECOLAB INC., and NALCO COMPANY, LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water,<br><br>    Plaintiffs,<br><br>v.<br><br>ANTHONY RIDLEY and CHEMTREAT, INC.,<br><br>    Defendants. | No. 1:22-cv-00050-TRM-SKL<br><br>Hon. Travis McDonough<br><br>Magistrate Judge Susan K. Lee |

### PLAINTIFFS' REPLY TO DEFENDANT CHEMTREAT, INC.'S OPPOSITION TO PLAINTIFFS' SECOND MOTION TO COMPEL CHEMTREAT'S RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiffs Ecolab, Inc. ("Ecolab") and Nalco Company LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water ("Nalco") (collectively, "Plaintiffs") by and through undersigned counsel, respectfully submit this reply in support of their Second Motion to Compel ChemTreat's Responses to Interrogatories and Requests for Production of Documents ("Second Motion to Compel") (Doc. 195 and 196) in response to the Opposition filed by ChemTreat, Inc. ("ChemTreat") (Doc. 211). Plaintiffs' Memorandum (Doc. 196) provides extensive support for granting the relief sought in Plaintiffs' Second Motion to Compel. Plaintiffs submit this Reply to address several issues raised in ChemTreat's opposition brief, and state the following:

## I. RESPONSES TO DEFENDANT CHEMTREAT'S ARGUMENTS

### A. ChemTreat's Alleged "Reasonable and Proportional Search" Is Deficient.

In its Opposition, ChemTreat finally responds to Plaintiffs' request for ChemTreat to identify its alleged "reasonable and proportional search" which it states is outlined in (D.E. 143) and its expert's James D. Vaughn's Report (D.E. 211, at pp. 1-3). However, the purported "reasonable and proportional search," is deficient and not reasonable at all (D.E. 196, at p. 11). As Plaintiffs' forensic Laurence Lieb stated in his rebuttal to Vaughn's Report:

> ….Vaughn's search methodology was significantly deficient in my opinion and not reasonable at all in my opinion. Ridley's personal devices and accounts were not searched at all. The multiple USB drives Ridley used to access Nalco files using his ChemTreat laptop were not imaged nor searched at all. Vaughn's analysis did not uncover the exfiltrated CHEMR-000000278.xlsx business plan file which contained the term "Nalco" in embedded metadata. The search terms Vaughn used by Vaughn were far too narrow. Rather than simply running search terms based upon specific file names, he should have run related search terms such as "Fact Packs", and the fifty to sixty Ecolab customer names related to exfiltrated files and found in the Digital Guardian report, such as "Arnold's Airforce Base." Vaughn also excluded analysis of stand-alone devices from his work. It appears Vaughn did not interview Mr. Ridley or the other custodians.
>
> Nowhere in Vaughn's report is any indication or accounting of Ridley's activities during the time periods omitted from the CrowdStrike report including the critical first ten days of Ridley's employment with ChemTreat!

(Rebuttal Report of L. Lieb, at ¶¶58-59, Exhibit F).

ChemTreat also denies that it made misrepresentations related to its investigation (D.E. 211, at pp. 3-6), although it acknowledges "[p]erhaps, somewhere amongst the innumerable statements ChemTreat and its counsel have made in the course of this litigation, there has been some unintentional lack of clarity." Id. at p. 6. To the contrary, ChemTreat filed multiple motions and pleadings with the Court mentioning and relying on ChemTreat's "investigation" which it claimed located only "one" Ecolab or Nalco document, including in its now withdrawn Counterclaim. See (D.E. 36, at pp. 5-7; D.E. 52, at pp. 5-8; D.E. 78, at pp. 60-72 & ¶¶ 9-10; D.E.

152, at p. 4; D.E. 157, at p. 7). The Court even quoted the following, among other things, from ChemTreat's Answer and Counterclaim:

> 9. As ChemTreat ultimately informed Plaintiffs—and subsequently confirmed in sworn interrogatory responses—**its investigation, which involved an outside forensic expert and included a thorough review of all ChemTreat systems to which Ridley had access, did not reveal any evidence that Ridley had used or disclosed any of Plaintiffs' alleged trade secret information in his work at ChemTreat.**
>
> 10. **The investigation identified only a single Nalco document (a 2015 response to a request for quotation that was not marked confidential and did not bear any indicia of trade secret status) that Ridley had sent from his personal email account to his ChemTreat email account. ChemTreat's investigation found no evidence that this document ("the 2015 Response") was saved in ChemTreat's network or cloud storage or transmitted further or outside of the ChemTreat promptly notified Plaintiffs of its discovery of the 2015 Response in Ridley's email account and requested instructions on whether to return or dispose of the 2015 Response**. Plaintiffs never provided any such instructions.

(D.E. 137, at pp. 17-18)(Emphasis in original).

What ChemTreat's investigation actually uncovered only came to light eleven (11) days after the Court's Order when Vaughn's Report issued on February 21, 2023, which showed that Ridley, while working for ChemTreat, accessed not one, but multiple Ecolab/Nalco documents on several occasions via a drive attached to his ChemTreat issued computer.

### B. ChemTreat Has Not Established That It Has Fully Complied with the Order Regarding Logging Privileged Information.

In its Opposition, ChemTreat argues that "[t]he parties' agreed order regarding the logging of documents withheld on privilege grounds—the ESI Protocol—exempts the parties from logging privileged documents created on or after February 9, 2022. Doc. 91, ¶ 40."(D.E. 211, at p. 10). ChemTreat fails to acknowledge that this logging "exemption" only applies to

claims of privilege over "communications involving counsel on or after February 9, 2022" (D.E. 91, at ¶ 40). Therefore, to the extent that ChemTreat has responsive documents created on or after February 9, 2022, that it claims are privileged on grounds other than as "communications involving counsel" such documents should be identified on the privilege log.

### C. ChemTreat Has An Obligation to Produce Text Messages or Similar Communications Under Its Control for Ridley and the Other Employee Custodians Who Were Included In Its Investigation.

In its Opposition, ChemTreat appears to argue that it is not obligated to produce employee text or similar messages based on the Court's February 10, 2023, and March 28, 2023, rulings (D.E. 211, at pp. 11-13, citing D.E. 137, at pp. 39 and D.E. 192, at pp 16-17). Among other things, ChemTreat cites language from the Court's March 28, 2023, Order which states: "[N]othing about this Order or the February 10 Order should be construed as requiring ChemTreat to search all of its employee' personal text messages, personal social media accounts, or personal messaging apps for ESI that is not within ChemTreat's possession, custody, or control." Doc. 192 at 16-17." (D.E.211, at p. 12). As noted by Plaintiffs, ChemTreat issued an iPhone to Ridley and some of its other employees (D.E. 196, at p. 13) and therefore had control over the ESI generated by those devices. The Court's Order expressly excluded only ESI that "is not within ChemTreat's possession, custody, or control." Consistent with that Order, ChemTreat should at a minimum be required to produce text and other messages or communications from those employee/custodians (including Ridley) who used or were issued iPhones, etc by ChemTreat and who were identified by ChemTreat as custodians of sources searched during ChemTreat's investigation (D.E. 143) and/or who are mentioned in the Vaughn Report.

4

## II. CONCLUSION

For the forgoing reasons as well as those outlined in Plaintiffs' Memorandum in Support of its Second Motion to Compel (D.E. 196), the Court should grant Plaintiffs' Second Motion to Compel and order the relief requested by Plaintiffs.

Dated this 19th Day of April 2023.

        Respectfully submitted,

        ECOLAB INC. NALCO COMPANY, LLC
        d/b/a Nalco Water, an Ecolab Company
        and/or Nalco Water,

        By Counsel

        By:   /s/ *Edward Winsman*
              J. Gregory Grisham (TN BPR#013810)
              FISHER & PHILLIPS LLP
              1715 Aaron Brenner Drive, Suite 312
              Memphis, Tennessee 38120
              Telephone: 901.526.0431
              Fax: 901.526.8183
              ggrisham@fisherphillips.com

              Pavneet Singh Uppal (*pro hac vice*)
              FISHER & PHILLIPS LLP
              3200 N. Central Avenue, Suite 1550
              Phoenix, Arizona 85012-2487
              Telephone: 602.281.3400
              Fax: 602.281.3401
              puppal@fisherphillips.com

              David J. Walton (*pro hac vice*)
              Edward Winsman(*pro hac vice*)
              FISHER & PHILLIPS LLP
              Two Logan Square, 12th Floor
              100 N. 18th Street
              Philadelphia, PA 19103
              Telephone:  610.230.6015
              Fax: 610.230.2151
              dwalton@fisherphillips.com
              *COUNSEL FOR PLAINTIFFS*

## **CERTIFICATE OF SERVICE**

       I certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. Parties may access this filing through the Court's electronic filing system.

*/s/ Edward Winsman*
Edward Winsman