UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| ECOLAB INC., and NALCO COMPANY, LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water,<br><br>    Plaintiffs,<br><br>v.<br><br>ANTHONY RIDLEY and CHEMTREAT, INC.,<br><br>    Defendants. | No. 1:22-cv-00050-TRM-SKL<br><br>Hon. Travis McDonough<br><br>Magistrate Judge Susan K. Lee |

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO CHEMTREAT'S MOTION TO COMPEL [D.E. 204]

Plaintiffs, Ecolab, Inc. and Nalco Company, LLC ("Plaintiffs" or "Ecolab"), through counsel, hereby file their Memorandum in Opposition to Defendant ChemTreat, Inc.'s ("ChemTreat") Motion to Compel (D.E. 204, hereinafter the "Motion") and state the following:

### INTRODUCTION

ChemTreat's Motion is (yet again) part of its continued efforts to distract from the issue at the heart of this case – Defendant Anthony Ridley, with the support of ChemTreat, downloaded and uploaded over 16,000 files containing Plaintiffs' trade secrets, confidential and/or proprietary information. That can and must form the basis for all discovery in this case. For that reason, and as set forth in more detail below, Plaintiffs respectfully request that the Court deny ChemTreat's Motion in its entirety.

### FACTS

**A. There Are No Discrepancies Regarding the DLP Report**

1

FP 46790565.1
Case 1:22-cv-00050-TRM-SKL   Document 219   Filed 04/21/23   Page 1 of 12   PageID #: 3822

ChemTreat goes through great detail misrepresenting (and never quoting) the deposition testimony of Jennifer Semmler, attempting to create the false sense of confusion about the DLP report that outlines Ridley's misconduct. Of course, Plaintiffs dispute ChemTreat's characterizations of both the testimony and its implications on the case. But importantly, ChemTreat represents that production of a forensic image of the folder on Ms. Semmler's OneDrive regarding Ridley. The documents produced by Plaintiffs were taken directly from that folder. Thus, there should be no confusion – the documents are exactly what they purport to be.

### B. Ridley Deleted Documents

Following his extensive copying of documents his Ecolab OneDrive account to external devices, Ridley proceeded to delete those documents from his OneDrive account. As ChemTreat acknowledges, documents produced by Plaintiffs reflect that Ridley received automated email warnings about his excessive deletions. Moreover, a forensic images of Ridley's OneDrive account, which Plaintiffs produced, contains none of the thousands of documents that he misappropriated. There is no discrepancy. Ridley deleted documents.

### C. There Is No Discrepancy About Ridley's Devices

Both ChemTreat and the Court are well aware of the status of the last two computers issued to Ridley by Plaintiffs. Both were repurposed after being returned to Plaintiffs. However, access to the computers is unnecessary, as the details of Ridley's misconduct have been well preserved in the DLP report. As for the "mobile drive" that was returned by Mr. Ridley, Plaintiffs have been clear that it is not available. There is no discrepancy about any of these devices.

### D. Privilege Log

Unlike both ChemTreat and Ridley, Plaintiffs have produced a privilege log in this matter pursuant to the parties' agreement. ChemTreat unnecessarily and inaccurately attacks Plaintiffs for following through with this agreement.

## ARGUMENT

ChemTreat's Motion seeks to distract from the underlying facts of Ridley's and ChemTreat's misconduct and instead place Plaintiffs on trial. It is Ridley and ChemTreat who misappropriated Plaintiffs' information, and that must be the focus of discovery in this case. ChemTreat's attempts to meander and place the focus elsewhere should not be permitted, and its Motion should be denied.

## I. Plaintiffs Have Produced Documents That Are Relevant To This Case

### A. RFP Nos. 10 and 54: Plaintiffs' investigation.

ChemTreat supports its argument that, in response to RFP Nos. 10 and 54, which seek documents regarding Plaintiffs investigation into Ridley's misappropriation, Plaintiffs should produce more than they agreed to (and did) produce by citing to this Court's March 31, 2023 Order (D.E. 201). (D.E. 205 at 12) ("[T]he Court recently rejected a similar argument by Plaintiffs as 'border[ing] on frivolous' and 'not well-taken.'"). But ChemTreat fails to consider the remainder of this section of the March 31 Order, as the Court granted Ridley's motion only with respect to the underlying facts of the forensic investigation. (D.E. 201 at 16). The Court even noted that the DLP Report, which Plaintiffs produced, "appears to reflect such discoverable underlying facts." The Court further stated:

> At this late juncture, the Court also will not entertain future motions to compel addressed to underlying facts, nor will the Court address such arguments made in connection with the multiple motions to compel currently pending. Any such motions requesting that underlying facts be disclosed are subject to summary denial.

(*Id.* at 16-17). ChemTreat's Motion is therefore subject to summary denial with respect to these Requests.

Plaintiffs' reliance on the Court's February 24, 2023 Order (D.E. 158) is similarly misplaced, as the quoted language appears nowhere on page 17, or any other page in that Order. More importantly the request for all documents in any way related to any investigation into Ridley's misconduct is, in this particular case, overly broad and unduly burdensome. It creates a slippery slope whereby documents unrelated to the underlying facts at issue become responsive.

4

Finally, Plaintiffs unsupported, blanket statement that certain privileged documents withheld and logged by Plaintiffs "clearly contain non-privileged information regarding the parameters of the data review" cannot form the basis of an order to produce said documents. To ChemTreat.

Accordingly, Plaintiffs request that the Court deny the Motion with respect to RFP Nos. 10 and 54.

**B. RFP Nos. 12, 33, 35, and 36: Ridley's misappropriation**

RFP Nos. 12, 33, 35, and 36 all seek reports concerning the documents that Ridley misappropriated. RFP No. 12 seeks the "forensic analyses or DLP Reports for any device" that Ridley used to misappropriate Plaintiffs' confidential information and trade secrets. It was the aforementioned Ms. Semmler who generated the DLP report reflecting Mr. Ridley's misappropriation, a report that Plaintiffs produced (PLAINTIFFSR-000000951). This report (as well as other reports she prepared) was taken directly from the file she maintained on Mr. Ridley. This was the only report prepared with respect to Mr. Ridley's misappropriation and thus, Plaintiffs have produced all responsive documents in their possession.

RFP No. 33 seeks all DLP reports which reflect "(i) user interactions with documents contained on the USBs Ridley returned to [Plaintiffs]; and (ii) the dates and times of those user interactions." Plaintiffs properly objected to this Request to the extent that it seeks Plaintiffs to identify any user who possibly interacted with any document misappropriated by Ridley, and then determine whether a DLP report was at any point generated for that user that would reflect interaction with that document. It does not, as ChemTreat contends, "require the production of all reports generated by Plaintiffs regarding Ridley's electronic activity." (D.E. 205 at 14). It seeks more. Specifically, it seeks DLP reports for other employees who may have at any point accessed

5

the documents that Ridley stole. ChemTreat does not articulate how such documents are relevant to the instant case. Indeed, this case is about Ridley's misappropriation. Plaintiffs agreed to, and did, produce the DLP report concerning Ridley. That is all that is relevant to this case.

RFP No. 35 seeks all DLP reports reflecting Ridley's activity from January 1, 2020 to the present. Once again, Plaintiffs produced the DLP report that Ms. Semmler generated (PLAINTIFFSR-000000951). Plaintiffs did not generate any other DLP reports with respect to Mr. Ridley.

RFP No. 36 seeks all reports of any type reflecting Ridley's digital or electronic activity on any of Plaintiffs' platforms or devices for the period from January 1, 2020 to the present. The only responsive, non-privileged reports were those generated by Ms. Semmler, and Plaintiffs produced them (PLAINTIFFSR-000000951, PLAINTIFFSR-000000952, PLAINTIFFSR-000000953, PLAINTIFFSR-000000954, PLAINTIFFSR-000000955 – 000000957).

Finally, to be clear, Plaintiffs do not waive their privilege objections.

Accordingly, ChemTreat's Motion should deny ChemTreat's Motion with respect to RFP Nos. 12, 33, 35, and 36.

C. **RFP Nos. 37 and 38: Ridley's back-up activity**

RFP No. 37 seeks "[d]ocuments sufficient to show all instances in which Ridley backed up his Ecolab computer or downloaded files from his Ecolab computer to an external device" for over one and one half years prior to his resignation. RFP No. 38 seeks "[d]ocuments sufficient to show all instances in which Ridley backed up any Ecolab cloud-based storage accounts … or downloaded/transferred files from any Ecolab cloud-based storage account … to an external device" for the same overly broad time period. In response to both Requests, Plaintiffs agreed to, and did, produce the DLP report (PLAINTIFFSR-000000951), which reflects Ridley's extensive downloading of files during the sixty days prior to his resignation. This is the misconduct at issue in the case.

Plaintiffs properly objected to the overly broad time period covered by the Request. Ridley's download history going back to January 2020 is relevant to his downloading that took place in May and June of 2021. Indeed, ChemTreat concedes this point, as it is not addressed in this Section of the Motion.

With respect to RFP No. 37, ChemTreat brings up Plaintiffs' assertion that "Ridley never backed-up his computer in the months leading to his separation from Nalco/Ecolab." (D.E. 205 at 17) (quoting (D.E. 42 at ¶ 154). ChemTreat argues that Plaintiffs failed to produce any documents reflecting this. But the Request seeks documents "sufficient to show all instances in which Ridley backed up his Ecolab computer." Plaintiffs did not produce documents showing that Ridley backed up his computer in the months leading up to his resignation because, consistent with Plaintiffs allegations, he did not do so.

Based on the foregoing, the Court should deny ChemTreat's Motion with respect to RFP Nos. 37 and 38.

7

D.  **RFP Nos. 24, 34, 98, and 100: Ridley's misappropriation**

RFP No. 24 seeks "all Data contained on any laptop or computer" that Plaintiffs issued to Ridley. ChemTreat confirms that it is limiting this Request to the last two laptops issued to Ridley by Plaintiffs. (D.E. 205 at 18). Plaintiffs have represented on multiple occasions, including in sworn interrogatories, that both such laptops were repurposed after Ridley returned them and, as such, no data regarding Ridley is available. ChemTreat acknowledged as much. (*Id.* at 18 n.4). Thus, no responsive, relevant "Data" exists. ChemTreat's request for an order compelling production of such "Data," despite acknowledging that "this RFP seeks a null set" is entirely unnecessary.

ChemTreat now contends that RFP Nos. 34, 98, and 100 "seek the data that was available to create the various reports they produced to ChemTreat" (*Id.* at 18), so Plaintiffs will address this position. Quite simply, the reports produced by Plaintiffs contain raw data. data that was used to produce them. One of the reports produced by Plaintiffs, the DLP Report (PLAINTIFFSR-000000951), is a spreadsheet containing over 243 columns and over 94,000 rows, therefore containing *well over 20 million cells*. All data is contained in this report, and as well as the other reports produced by Plaintiffs (PLAINTIFFSR-000000952, PLAINTIFFSR-000000953, PLAINTIFFSR-000000954). Thus Plaintiffs have produced the data. Moreover, these Requests appear to be more of the sort for which the Court previously stated it would summarily deny.

As such, ChemTreat's Motion should be denied with respect to RFP Nos. 24, 34, 98, and 100.

E.  **RFP Nos. 99 and 102: Ridley's deletion**

RFP No. 99 seeks data and reports sufficient to show Ridley's deletion activity on his Ecolab OneDrive account. In addition to the DLP report, Plaintiffs produced a forensic image of

8

Ridley's Ecolab OneDrive account. A comparison of the two shows that the same Nalco folder that Ridley copied are missing from his imaged OneDrive account (PLAINTIFFSR-000002008 – 000002010). The deletion is further corroborated by emails that Ridley received warning him about his mass deletion of data from his OneDrive account. Plaintiffs have indeed produced documents sufficient to show Ridley's deletions during the relevant time period.

As for RFP No. 102, which seeks documents sufficient to show all users who had access to OneDrive folders from which Ridley deleted documents, such information is not relevant. As discussed above, Ridley copied files from his OneDrive account, he received warnings about his mass deletion of emails from his OneDrive account, and the same documents that he copied were nowhere to be found on his imaged OneDrive account. The identity of individuals who might have had access to OneDrive folder months prior to Ridley's copying and deletion of those files sheds no light on any claim or defense at issue here; similarly, the identity of persons who had access to OneDrive folders after Ridley copied and deleted files is irrelevant.

Based on the above, ChemTreat's Motion should be denied with respect to RFP Nos. 99 and 102.

**F. RFP Nos. 106-110: Plaintiffs' document retention policies**

With respect to RFP Nos. 106-110, ChemTreat acknowledges that it has the information that it needs. In an effort to resolve this matter, and as requested in the Motion, Plaintiffs will confirm to ChemTreat whether the time period noted in the email referenced in ChemTreat's Motion (PLAINTIFFSR-000002008 – 000002009) was in effect on May 1, 2021, July 1, 2021, and September 1, 2021.

Accordingly, the Motion should be denied with respect to RFP Nos. 106-110.

9
FP 46790565.1
Case 1:22-cv-00050-TRM-SKL   Document 219   Filed 04/21/23   Page 9 of 12   PageID #: 3830

II.      **Privilege Log**

While ChemTreat asserts that Plaintiffs privilege log, it provides no clear basis for its dispute with the log Plaintiffs produced. Plaintiffs, unlike ChemTreat and Ridley, have produced a privilege log. Therefore, its Motion should be denied.

**CONCLUSION**

For the reasons discussed above, Plaintiffs respectfully request the Court deny ChemTreat's Motion to Compel in its entirety.

Dated this 20th day of April 2023.

                                        Respectfully submitted,

                                        ECOLAB INC. NALCO COMPANY, LLC
                                        d/b/a Nalco Water, an Ecolab Company
                                        and/or Nalco Water,

                                        By Counsel

                                        By:    /s/ Edward G. Winsman
                                                  J. Gregory Grisham (TN BPR#013810)
                                                  FISHER & PHILLIPS LLP
                                                  1715 Aaron Brenner Drive, Suite 312
                                                  Memphis, Tennessee 38120
                                                  Telephone: 901.526.0431
                                                  Fax: 901.526.8183
                                                  ggrisham@fisherphillips.com
                                                  Pavneet Singh Uppal
                                                  (*pro hac vice*)
                                                  FISHER & PHILLIPS LLP
                                                  3200 N. Central Avenue, Suite 1550
                                                  Phoenix, Arizona 85012-2487
                                                  Telephone: 602.281.3400
                                                  Fax: 602.281.3401
                                                  puppal@fisherphillips.com

                                                  David J. Walton
                                                  (*pro hac vice*)
                                                  Edward Winsman
                                                  (*pro hac vice*)
                                                  FISHER & PHILLIPS LLP

Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone: 610.230.6015
Fax: 610.230.2151
dwalton@fisherphillips.com

*COUNSEL FOR PLAINTIFFS*

**CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. Parties may access this filing through the Court's electronic filing system.

      */s/ Edward G. Winsman*
      Edward G. Winsman