UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| ECOLAB INC., and NALCO COMPANY, LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water,<br><br>    Plaintiffs,<br><br>v.<br><br>ANTHONY RIDLEY and CHEMTREAT, INC.,<br><br>    Defendants. | No. 1:22-cv-00050-TRM-SKL<br><br>Hon. Travis McDonough<br><br>Magistrate Judge Susan K. Lee |

**PLAINTIFFS' MOTION TO COMPEL RIDLEY'S COMPLIANCE WITH PLAINTIFFS' RULE 34 REQUEST TO INSPECT**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiffs, Ecolab Inc. ("Ecolab") and Nalco Company LLC d/b/a Nalco Water ("Nalco") (collectively, "Plaintiffs"), by and through undersigned counsel, and for the reasons stated in the accompanying Memorandum, respectfully move this Court for an Order compelling Defendant Anthony Ridley, within two (2) days, to produce: (1) forensic images of his WD Drive external usb hard drive; (2) forensic images of Ridley's personal OneDrive Account; (3) forensic image of Ridley's Wife's MacBook Computer; (4) forensic image of Ridley's Hotmail Account; (5) forensic image of Ridley's personal computer and iPad; (6) forensic image of Ridley's Gmail Account; (7) forensic image of Ridley's Google Drive Account; and (8) Ridley's iPhone and iCloud Account and follow the protocols outlined by Plaintiffs in Exhibit E.

Ridley's actions, including downloading thousands of documents and accessing Ecolab's proprietary and trade secret information during his employment with ChemTreat, have made the information related to the devices and accounts outlined above central to this litigation.

1

On February 13, 2023, Plaintiffs propounded its Rule 34 Request to Inspect on Ridley seeking the following items:

(1) Ridley's personal cell phone and iCloud backup and Apple ID and password;

(2) WD My Book external hard drive;

(3) Amazon Basics USB drive, serial number 180129000600;

(4) Ridley's personal computer and any personal computer in his household, that was used by Ridley on one or more occasions from August 1, 2020, to present;

(5) Any other external storage device that was connected one or more times by Ridley during the period August 1, 2020, to present to: (a) a personal computer; (b) a computer used by Ridley during his employment with Plaintiffs; and/or (c) a computer used by Ridley during his employment with ChemTreat;

(6) Any personal computer, business computer or household computer that Ridley connected the three USB Drives to, that Ridley's former counsel provided to Plaintiff's counsel and Plaintiff's expert to review and search.

(7) Ridley's personal email account(s), including email address and password(s), which were used by Ridley one or more times from August 1, 2020, to present, including but not limited to Outlook.com, hotmail.com, msn.com, live.com accounts, and social media accounts, including Linked in;

(8) Any other personal devices Ridley has used since August 2020 to communicate with Plaintiffs' employees, ChemTreat's employees, or customers; and

(9) Forensic images or copies in the possession of Ridley, his attorney, expert, or agent of any device or source of information identified in (1) through (8) above.

**(Ex. A, Plaintiff's Request to Inspect).**

Ridley responded on March 13, 2023, objecting to each and every request and providing not a single compromise. **(Ex. B, Objection to Request to Inspect, March 14, 2023.)** Following this letter, Plaintiffs continued to work toward compromise.

In Response to Ridley's objections to the Rule 34 request, Plaintiffs provided Ridley with an extensive forensic protocol, outlining search terms and the parameters of the inspection. **(Ex. C, Letter from Greg Grisham dated March 18, 2023).** Ridley responded on March 22, 2023, to Plaintiffs' counsel's letter proposing a forensic protocol **(Ex. D, Letter from L. Pope dated March 23, 2023.)** The parties then held meet-and-confer conferences on March 27, 2023, and March 30, 2023.

On April 6, 2023, Plaintiffs sent an additional letter to Ridley outlining a protocol to attempt to remedy any of Ridley's concerns about his personal data and providing an even more tailored protocol for the requested devices and sources of information. **(Ex. E, Letter from D. Walton to L. Pope dated April 6, 2023).**

On April 7, 2023, Plaintiffs also alerted Ridley that he had agreed to permit Ecolab to take a forensic image of all devices he used to access Ecolab and Nalco information in his Employee Sales, Service, Marketing & Inventions Agreement. **(Ex. F, Letter from D. Walton to L. Pope dated April 7, 2023.)** Ridley's continued failure to provide access to the images constitutes a breach of his agreement. Plaintiffs noted that even though the agreement provided them with unfettered access to the devices and information, they were continuing to work in good faith to develop an appropriate forensic protocol. Plaintiffs also followed up with Ridley concerning his access to a personal external hard drive. During meet and confer conferences, Ridley denied the existence of the external hard drive; however, recently Ridley confirmed the external hard drive did indeed exist. Despite acknowledging the existence of the hard drive, Ridley has not provided

3

any certification or confirmation that the drive be preserved.  **(Ex. G, Letter from D. Walton to L. Pope dated April 7, 2023.)**

Ridley then responded to Plaintiffs' April 6, 2023, correspondence on April 12, 2023.  **(Ex. H, Letter from L. Pope to D. Walton dated April 12, 2023.).**  In an about face, Ridley claimed he never agreed to produce the WD My Book external hard drive, an image of Ridley's personal OneDrive account, or an image of Ridley's Hotmail account for inspection.  **(Ex. H).**  Ridley then proposed an additional protocol for the search of the WD My Book external hard drive, the personal One Drive Account, and the Hotmail Account.  Ridley asserted that he would not provide access to the HP laptop computer, Ridley's personal Auas laptop, Ridley's Google Drive, Gmail account, personal iPhone and iCloud account, and Ridley's iPad.  Plaintiffs responded to Ridley's counsel's April 12 letter on April 17, 2023.  **(Ex. I, Letter from D. Walton to L. Pope dated April 17, 2023.)**

In accordance with Federal Rule of Civil Procedure 36(a)(1) and as evidenced by the correspondence attached to this Motion, Plaintiffs certify that they have in good faith conferred with Ridley over a period of four weeks in an attempt to resolve the discovery issues prior to the filing this Motion.  Plaintiffs have in good faith attempted to confer with Ridley to find a reasonable resolution, but Ridley refuses to fully respond to reasonable, narrowly tailored requests, necessitating the filing of this Motion to Compel.

Discovery in this matter has been worse than pulling teeth.  Plaintiffs now, again, seek relief from this Court due to Ridley's refusal to compromise.  Plaintiffs respectfully request the Court grant this Motion and order Defendant Ridley within two (2) days, to produce:  (1) forensic images of his WD Drive external USB hard drive; (2) forensic images of Ridley's personal OneDrive Account; (3) forensic image of Ridley's Wife's MacBook Computer; (4) forensic image

4

of Ridley's Hotmail Account; (5) forensic image of Ridley's personal computer and iPad; (6) forensic image of Ridley's Gmail Account; (7) forensic image of Ridley's Google Drive Account; and (8) Ridley's iPhone and iCloud Account and follow the protocols outlined by Plaintiffs in Exhibit E.

Plaintiffs further request that the Court award Plaintiffs their reasonable attorney's fees and costs in connection with this Motion.

Dated this 23rd day of April 2023.

        Respectfully submitted,

        ECOLAB INC. NALCO COMPANY, LLC
        d/b/a Nalco Water, an Ecolab Company
        and/or Nalco Water,

By:   /s/ J. Gregory Grisham
      J. Gregory Grisham (TN BPR#013810)
      FISHER & PHILLIPS LLP
      1715 Aaron Brenner Drive, Suite 312
      Memphis, Tennessee 38120
      Telephone: 901.526.0431
      Fax: 901.526.8183
      ggrisham@fisherphillips.com

      David J. Walton
      (*pro hac vice*)
      FISHER & PHILLIPS LLP
      Two Logan Square, 12th Floor
      100 N. 18th Street
      Philadelphia, PA 19103
      Telephone: 610.230.6015
      Fax: 610.230.2151
      dwalton@fisherphillips.com

      Edward G. Winsman
      (*pro hac vice*)
      FISHER & PHILLIPS LLP
      Two Logan Square, 12th Floor
      100 N. 18th Street
      Philadelphia, PA 19103

Telephone: 610.230.2142
Fax: 610.230.2151
ewinsman@fisherphillips.com

COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. Parties may access this filing through the Court's electronic filing system.

/s/ J. Gregory Grisham
J. Gregory Grisham
