EXHIBIT B

United States District Court
Eastern District of Tennessee
At Chattanooga

| | |
|---|---|
| Ecolab, Inc. and Nalco Company, LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water | No. 1:22-CV-00050 |
| Plaintiffs | TRM-SKL |
| v. | |
| Anthony Ridley and ChemTreat | |
| Defendants | |

## Objection to Request to Inspect Directed to Defendant Anthony Ridley

Anthony Ridley, by and through undersigned counsel, serves this Objection to Request to Inspect Directed to Defendant Anthony Ridley pursuant to Rule 34.

### Prefatory Statement

Ridley makes the objections stated herein based on current information. He reserves the right to amend or supplement the objections and the supporting legal citations, if necessary, at a later date.

### Objection as to Timing

The Request to Inspect Directed to Defendant Anthony Ridley did not provide Ridley with thirty (30) days to respond as is required by Rule 34. The request was served on February 13, 2023, and the request set the inspection

1

date for March 15, 2023 (*i.e.*, the thirtieth (30th) day from service of the request rather than on the thirty-first (31st) day or later). Rule 34(b)(2), however, provides thirty (30) days for Ridley to object, unless a different time period was established by agreement of the parties or by court order. There was no agreement or court order modifying the time period and so the request was deficient in that it failed to provide the time required by Rule 34(b) for Ridley to respond. *See Holliday v. Extex*, 237 F.R.D. 425, 426-27 (HI 2006) (denying the Rule 34 request because "First, RRC's request did not allow Plaintiffs Holliday thirty days to respond and RRC did not obtain an agreement or a court order for a shorter time period. Second, under the circumstances, the time, place, and manner of inspection that RRC proposed were not reasonable.")). Accordingly, Ridley objects to the request as being deficient due to the failure to comply with the timing requirements of Rule 34. *See Holiday*, 237 F.R.D. at 427.

### Objection to Information After March 18, 2022 as Irrelevant

Ridley's last day of employment with ChemTreat was March 18, 2022. Any information after his last day of employment with ChemTreat is wholly irrelevant to this lawsuit and thus outside the scope of discovery defined by Rule 26(b)(1). Accordingly, Ridley objects to the requests for information from March 19, 2022, to present in requests 4, 5, 7, 8, and 9 as outside the scope of discovery. Fed. R. Civ. P. 26(b)(1).

**Responses to Specific Requests to Inspect Directed to Defendant Anthony Ridley**

(1) Ridley's personal cell phone and icloud backup and Apple ID and password;

Objections: Nalco/Ecolab's request for Ridley's personal cell phone and icloud backup and Apple ID and password is overly broad, unduly burdensome, and is disproportionate to the needs of this case. Fed. R. Civ. P. 26(b)(1). First, Ridley has complied with his discovery obligations and any alleged deficiencies have been resolved by motion to compel practice and a resultant order. *See* [Doc. 135, 136, 155, 163, 165.] Accordingly, Rule 34 does not contemplate Ridley providing his personal cellphone, icloud backup, Apple ID, or password to Nalco/Ecolab for inspection and copying. *See* Fed. R. Civ. P. 34 (Committee Notes on Rules—2006 Amendment) ("In addition, the Note was expanded to add a caveat to the published amendment that establishes the rule that documents—and now electronically stored information—may be tested and sampled as well as inspected and copied. Fears were expressed that testing and sampling might imply routine direct access to a party's information system. The Note states that direct access is not a routine right, 'although such access might be justified in some circumstances.'")). *See e.g. John B. v. Goetz*, 531 F.3d 448, 459-61 (6th Cir. 2008); *Diepenhorst v. City of Battle Creek*, 2006 WL 1851243, 2006 U.S. Dist. LEXIS 48551, at *5-11 (W.D. Mich. June 30, 2006); *In re*

*Ford Motor Co.*, 345 F.3d 1315, 1316-17 (11th Cir. 2003). Second, Nalco/Ecolab spoliated the central evidence in this dispute when Ridley returned his Nalco/Ecolab issued laptop and LaCie drive to Nalco/Ecolab per its instructions, which deprived Ridley of exonerating evidence. Ridley, accordingly, has been deprived of this exonerating evidence by Nalco/Ecolab's spoliation and renders this request outside the scope of permissible discovery because Nalco/Ecolab had this evidence in-hand but spoliated it. *See* Fed. R. Civ. P. 26(b)(1). Third, Nalco/Ecolab's retained opinion witness, Laurence D. Lieb ("Mr. Lieb") of Tyger Forensics, Inc., has stated, in paragraph 12 of his report, that, "[t]he fact that I was not able to forensically analyze Ridley's former Ecolab work computers has literally no effect on my strongly held opinion that Ridley exfiltrated thousands of Ecolab files[,]" which also doubles as a tacit admission that Nalco/Ecolab spoliated Ridley's laptop and LaCie drive as Nalco/Ecolab did not provide the same to Mr. Lieb for analysis. Mr. Lieb further stated, in paragraph 14 of his report, "[f]rom a forensic analysis standpoint, the Digital Guardian Report provides more than sufficient amount of information for me to arrive at my conclusion that Ridley misappropriated thousands of Ecolab files." Mr. Lieb's statements confirm that, in his opinion, he has sufficient evidence to opine, which renders additional information disproportionate to the needs of this case as Nalco/Ecolab's opinion

4

witness claims sufficient information in-hand. Fourth, there are no allegations about Ridley's personal cellphone in this lawsuit and so the request is overly broad in that it seeks to copy his entire personal cellphone without any limitations of any kind. Fifth, there are no allegations about Ridley's icloud backup and so the request is overly broad in that it seeks to copy his entire icloud backup without any limitations of any kind. Sixth, the request for the password has no bearing on the issues in this case and, to the extent, if any, that Nalco/Ecolab is entitled to some of this information, receiving the information does not require receiving the password. Seventh, the Apple ID and password are not items capable of being produced for inspection, copying, testing, or sampling and is instead an interrogatory. Eighth, Ridley never had a personal cellphone while employed by Nalco/Ecolab or ChemTreat and only acquired a personal cellphone after his employment with ChemTreat ended on March 18, 2022, and so no information on his personal cellphone could be relevant. Ninth, inspecting and copying the entirety of his personal cellphone and icloud could contain attorney work product and/or attorney-client protected information. Tenth, Ridley's personal cellphone and icloud contain a significant amount of personal and confidential information that has no relevance to this lawsuit and Nalco/Ecolab's request has provided no limitations or parameters for the inspection and copying to ensure discovery of

only relevant, or potentially relevant, evidence Accordingly, Ridley will not provide his personal cell phone, icloud backup, or Apple ID and password for inspection and copying.

Pursuant to Rule 34(b)(2)(C), Ridley states the following responsive materials are being withheld on the basis of the above objections: 1) personal cellphone (an Apple iPhone 13), 2) icloud backup, 3) Apple ID, and 4) Apple ID password.

(2) WD My Book external hard drive;

Objections: Nalco/Ecolab's request for Ridley's WD My Book external hard drive is overly broad, unduly burdensome, and is disproportionate to the needs of this case. Fed. R. Civ. P. 26(b)(1). First, Ridley has complied with his discovery obligations and any alleged deficiencies have been resolved by motion to compel practice and a resultant order. *See* [Doc. 135, 136, 155, 163, 165.] Accordingly, Rule 34 does not contemplate Ridley providing his WD My Book external hard drive to Nalco/Ecolab for inspection and copying. *See* Fed. R. Civ. P. 34 (Committee Notes on Rules—2006 Amendment). *See e.g. John B.*, 531 F.3d at 459-61; *Diepenhorst*, 2006 WL 1851243, 2006 U.S. Dist. LEXIS 48551, at \*5-11; *In re Ford Motor Co.*, 345 F.3d at 1316-17. Second, Nalco/Ecolab spoliated the central evidence in this dispute when Ridley returned his Nalco/Ecolab issued laptop and LaCie drive to Nalco/Ecolab per its instructions, which deprived Ridley of

6

exonerating evidence. Ridley, accordingly, has been deprived of this exonerating evidence by Nalco/Ecolab's spoliation and renders this request outside the scope of permissible discovery because Nalco/Ecolab had this evidence in-hand but spoliated it. *See* Fed. R. Civ. P. 26(b)(1). Third, Nalco/Ecolab's retained opinion witness, Mr. Lieb of Tyger Forensics, Inc., has stated, in paragraphs 12 and 14 of his report, that, he has sufficient information for his opinions, which renders additional information disproportionate to the needs of this case as Nalco/Ecolab's opinion witness claims sufficient in-formation in-hand. Fourth, Ridley's WD My Book contains a significant amount of personal and confidential information that has no relevance to this lawsuit and Nalco/Ecolab's request has provided no limitations or parameters for the inspection and copying to ensure discovery of only relevant, or potentially relevant, evidence. Accordingly, Ridley will not provide his WD My Book external hard drive for inspection and copying.

Pursuant to Rule 34(b)(2)(C), Ridley states the following responsive materials are being withheld on the basis of the above objections: 1) WD My Book external hard drive.

(3) Amazon Basics USB drive, serial number 180129000600;

<u>Objections</u>: Nalco/Ecolab's request for the Amazon Basics USB drive, serial number 180129000600 is overly broad, unduly burdensome, and

7

is disproportionate to the needs of this case. Fed. R. Civ. P. 26(b)(1). First, Ridley has complied with his discovery obligations and any alleged deficiencies have been resolved by motion to compel practice and a resultant order. *See* [Doc. 135, 136, 155, 163, 165.] Accordingly, Rule 34 does not contemplate Ridley providing the Amazon Basics USB drive, serial number 180129000600 to Nalco/Ecolab for inspection and copying. *See* Fed. R. Civ. P. 34 (Committee Notes on Rules—2006 Amendment). *See e.g. John B.*, 531 F.3d at 459-61; *Diepenhorst*, 2006 WL 1851243, 2006 U.S. Dist. LEXIS 48551, at *5-11; *In re Ford Motor Co.*, 345 F.3d at 1316-17. Second, Nalco/Ecolab spoliated the central evidence in this dispute when Ridley returned his Nalco/Ecolab issued laptop and LaCie drive to Nalco/Ecolab per its instructions, which deprived Ridley of exonerating evidence. Ridley, accordingly, has been deprived of this exonerating evidence by Nalco/Ecolab's spoliation and renders this request outside the scope of permissible discovery because Nalco/Ecolab had this evidence in-hand but spoliated it. *See* Fed. R. Civ. P. 26(b)(1). Third, Nalco/Ecolab's retained opinion witness, Mr. Lieb of Tyger Forensics, Inc., has stated, in paragraphs 12 and 14 of his report, that, he has sufficient information for his opinions, which renders additional information disproportionate to the needs of this case as Nalco/Ecolab's opinion witness claims sufficient in-formation in-hand. Fourth, Ridley does not have an Amazon Basics USB drive,

8

serial number 180129000600. Accordingly, Ridley will not, and cannot, provide the Amazon Basics USB drive, serial number 180129000600 for inspection and copying.

Pursuant to Rule 34(b)(2)(C), Ridley states the following responsive materials are being withheld on the basis of the above objections: none.

(4) Ridley's personal computer and any personal computer in his household, that was used by Ridley on one or more occasions from August 1, 2020, to present;

Objections: Nalco/Ecolab's request for Ridley's personal computer and any personal computer in his household, that was used by Ridley on one or more occasions from August 1, 2020, to present is overly broad, unduly burdensome, and is disproportionate to the needs of this case. Fed. R. Civ. P. 26(b)(1). First, Ridley has complied with his discovery obligations and any alleged deficiencies have been resolved by motion to compel practice and a resultant order. *See* [Doc. 135, 136, 155, 163, 165.] Accordingly, Rule 34 does not contemplate Ridley providing Ridley's personal computer and any personal computer in his household, that was used by Ridley on one or more occasions from August 1, 2020, to present to Nalco/Ecolab for inspection and copying. *See* Fed. R. Civ. P. 34 (Committee Notes on Rules—2006 Amendment). *See e.g. John B.*, 531 F.3d at 459-61; *Diepenhorst*, 2006 WL 1851243, 2006 U.S. Dist.

9

LEXIS 48551, at *5-11; *In re Ford Motor Co.*, 345 F.3d at 1316-17. Second, Nalco/Ecolab spoliated the central evidence in this dispute when Ridley returned his Nalco/Ecolab issued laptop and LaCie drive to Nalco/Ecolab per its instructions, which deprived Ridley of exonerating evidence. Ridley, accordingly, has been deprived of this exonerating evidence by Nalco/Ecolab's spoliation and renders this request outside the scope of permissible discovery because Nalco/Ecolab had this evidence in-hand but spoliated it. *See* Fed. R. Civ. P. 26(b)(1). Third, Nalco/Ecolab's retained opinion witness, Mr. Lieb of Tyger Forensics, Inc., has stated, in paragraphs 12 and 14 of his report, that, he has sufficient information for his opinions, which renders additional information disproportionate to the needs of this case as Nalco/Ecolab's opinion witness claims sufficient in-formation in-hand. Fourth, Ridley did not have a personal computer at any time while employed by Nalco/Ecolab or ChemTreat and only acquired a laptop after his employment ended with ChemTreat on March 18, 2022, and so the request is overly broad in that it seeks to copy Ridley's personal computer which cannot contain any relevant information. Fifth, there are no allegations regarding Ridley's spouse's computer in this lawsuit and the computer of a nonparty spouse should not be produced for inspection and copying. Sixth, Ridley's personal computer contains attorney-client and attorney work product materials. Accordingly,

10

Ridley will not provide his personal computer nor his spouse's computer for inspection and copying.

Pursuant to Rule 34(b)(2)(C), Ridley states the following responsive materials are being withheld on the basis of the above objections: 1) ASUS laptop (Ridley's) and 2) Barbara Ridley's HP laptop (as identified in response to the interrogatories).

(5) Any other external storage device that was connected one or more times by Ridley during the period August 1, 2020, to present to: (a) a personal computer; (b) a computer used by Ridley during his employment with Plaintiffs; and/or (c) a computer used by Ridley during his employment with ChemTreat;

Objections: Nalco/Ecolab's request for any other external storage device that was connected one or more times by Ridley during the period August 1, 2020, to present to: (a) a personal computer; (b) a computer used by Ridley during his employment with Plaintiffs; and/or (c) a computer used by Ridley during his employment with ChemTreat is overly broad, unduly burdensome, and is disproportionate to the needs of this case. Fed. R. Civ. P. 26(b)(1). First, Ridley has complied with his discovery obligations and any alleged deficiencies have been resolved by motion to compel practice and a resultant order. See [Doc. 135, 136, 155, 163, 165.] Accordingly, Rule 34 does not contemplate Ridley providing his any other external storage device that was

11

connected one or more times by Ridley during the period August 1, 2020, to present to: (a) a personal computer; (b) a computer used by Ridley during his employment with Plaintiffs; and/or (c) a computer used by Ridley during his employment with ChemTreat to Nalco/Ecolab for inspection and copying. *See* Fed. R. Civ. P. 34 (Committee Notes on Rules—2006 Amendment). *See e.g. John B.*, 531 F.3d at 459-61; *Diepenhorst*, 2006 WL 1851243, 2006 U.S. Dist. LEXIS 48551, at *5-11; *In re Ford Motor Co.*, 345 F.3d at 1316-17. Second, Nalco/Ecolab spoliated the central evidence in this dispute when Ridley returned his Nalco/Ecolab issued laptop and LaCie drive to Nalco/Ecolab per its instructions, which deprived Ridley of exonerating evidence. Ridley, accordingly, has been deprived of this exonerating evidence by Nalco/Ecolab's spoliation and renders this request outside the scope of permissible discovery because Nalco/Ecolab had this evidence in-hand but spoliated it. *See* Fed. R. Civ. P. 26(b)(1). Third, Nalco/Ecolab's retained opinion witness, Mr. Lieb of Tyger Forensics, Inc., has stated, in paragraphs 12 and 14 of his report, that, he has sufficient information for his opinions, which renders additional information disproportionate to the needs of this case as Nalco/Ecolab's opinion witness claims sufficient in-formation in-hand. Fourth, the definition of any external storage device is vague, overly broad, and unduly burdensome. Fifth, the only external storage devices that have

12

been connected to Ridley's personal laptop were obtained at a tradeshow after May 31, 2022, which was after his employment with Chemtreat ended and thus cannot contain any potentially relevant evidence. Sixth, the only external storage devices that Ridley is aware of that were connected to his Nalco/Ecolab laptops are the three (3) USB drives that were returned to Nalco/Ecolab and the WD My Book external hard drive. Seventh, any external storage devices that were connected to Ridley's ChemTreat issued computer were returned to ChemTreat when his employment with ChemTreat ended and so he does not have any such devices. Eighth, Ridley's WD My Book contains a significant amount of personal and confidential information that has no relevance to this lawsuit and Nalco/Ecolab's request has provided no limitations or parameters for the inspection and copying to ensure discovery of only relevant, or potentially relevant, evidence. Accordingly, Ridley will not provide any other external storage devices that were connected one or more times by Ridley during the period August 1, 2020, to present to: (a) a personal computer; (b) a computer used by Ridley during his employment with Plaintiffs; and/or (c) a computer used by Ridley during his employment with ChemTreat for inspection and copying.

13

Pursuant to Rule 34(b)(2)(C), Ridley states the following responsive materials are being withheld on the basis of the above objections: 1) WD My Book external hard drive.

(6) Any personal computer, business computer or household computer that Ridley connected the three USB Drives to, that Ridley's former counsel provided to Plaintiffs' counsel and Plaintiffs' expert to review and search;

Objections: Nalco/Ecolab's request for any personal computer, business computer or household computer that Ridley connected the three USB Drives to, that Ridley's former counsel provided to Plaintiffs' counsel and Plaintiffs' expert to review and search is overly broad, unduly burden-some, and is disproportionate to the needs of this case. Fed. R. Civ. P. 26(b)(1). First, Ridley has complied with his discovery obligations and any alleged deficiencies have been resolved by motion to compel practice and a resultant order. See [Doc. 135, 136, 155, 163, 165.] Accordingly, Rule 34 does not contemplate Ridley providing any personal computer, business computer or household computer that Ridley connected the three USB Drives to, that Ridley's former counsel provided to Plaintiffs' counsel and Plaintiffs' expert to review and search to Nalco/Ecolab for inspection and copying. *See* Fed. R. Civ. P. 34 (Committee Notes on Rules—2006 Amendment). *See e.g. John B.*, 531 F.3d at 459-61; *Diepenhorst*, 2006 WL 1851243, 2006 U.S. Dist.

14

LEXIS 48551, at *5-11; *In re Ford Motor Co.*, 345 F.3d at 1316-17. Second, Nalco/Ecolab spoliated the central evidence in this dispute when Ridley returned his Nalco/Ecolab issued laptop and LaCie drive to Nalco/Ecolab per its instructions, which deprived Ridley of exonerating evidence. Ridley, accordingly, has been deprived of this exonerating evidence by Nalco/Ecolab's spoliation and renders this request outside the scope of permissible discovery because Nalco/Ecolab had this evidence in-hand but spoliated it. *See* Fed. R. Civ. P. 26(b)(1). Third, Nalco/Ecolab's retained opinion witness, Mr. Lieb of Tyger Forensics, Inc., has stated, in paragraphs 12 and 14 of his report, that, he has sufficient information for his opinions, which renders additional information disproportionate to the needs of this case as Nalco/Ecolab's opinion witness claims sufficient information in-hand. Fourth, Ridley does not have any computers of any kind in his possession responsive to this request. Accordingly, Ridley will not provide any personal computer, business computer or household computer that Ridley connected the three USB Drives to, that Ridley's former counsel provided to Plaintiffs' counsel and Plaintiffs' expert to review and search for inspection and copying.

Pursuant to Rule 34(b)(2)(C), Ridley states the following responsive materials are being withheld on the basis of the above objections: none.

15

(7) Ridley's personal email account(s), including email address and password(s), which were used by Ridley one or more times from August 1, 2020, to present, including but not limited to Outlook.com, Hotmail.com, msn.com, live.com accounts, and social media accounts, including Linked in;

<u>Objections</u>: Nalco/Ecolab's request for Ridley's personal email account(s), including email address and password(s), which were used by Ridley one or more times from August 1, 2020, to present, including but not limited to Outlook.com, Hotmail.com, msn.com, live.com accounts, and social media accounts, including Linked in is overly broad, unduly burdensome, and is disproportionate to the needs of this case. Fed. R. Civ. P. 26(b)(1). First, Ridley has complied with his discovery obligations and any alleged deficiencies have been resolved by motion to compel practice and a resultant order. See [Doc. 135, 136, 155, 163, 165.] Accordingly, Rule 34 does not contemplate Ridley providing Ridley's personal email account(s), including email address and password(s), which were used by Ridley one or more times from August 1, 2020, to present, including but not limited to Outlook.com, Hotmail.com, msn.com, live.com accounts, and social media accounts, including Linked in to Nalco/Ecolab for inspection and copying. *See* Fed. R. Civ. P. 34 (Committee Notes on Rules—2006 Amendment). *See e.g. John B.*, 531 F.3d at 459-61; *Diepenhorst*, 2006 WL 1851243, 2006 U.S.

16

Dist. LEXIS 48551, at *5-11; *In re Ford Motor Co.*, 345 F.3d at 1316-17. Second, Nalco/Ecolab spoliated the central evidence in this dispute when Ridley returned his Nalco/Ecolab issued laptop and LaCie drive to Nalco/Ecolab per its instructions, which deprived Ridley of exonerating evidence. Ridley, accordingly, has been deprived of this exonerating evidence by Nalco/Ecolab's spoliation and renders this request outside the scope of permissible discovery because Nalco/Ecolab had this evidence in-hand but spoliated it. *See* Fed. R. Civ. P. 26(b)(1). Third, Nalco/Ecolab's retained opinion witness, Mr. Lieb of Tyger Forensics, Inc., has stated, in paragraphs 12 and 14 of his report, that, he has sufficient information for his opinions, which renders additional information disproportionate to the needs of this case as Nalco/Ecolab's opinion witness claims sufficient information in-hand. Fourth, the request for the passwords has no bearing on the issues in this case and, to the extent, if any, that Nalco/Ecolab is entitled to some of this information, receiving the information does not require receiving the passwords. Fifth, the email addresses and passwords are not items capable of being produced for inspection, copying, testing, or sampling and is instead an interrogatory. Sixth, Ridley's personal email account contains attorney-client and attorney work product materials. Accordingly, Ridley will not provide Ridley's personal email account(s), including email address and password(s), which were used

17

by Ridley one or more times from August 1, 2020, to present, including but not limited to Outlook.com, Hotmail.com, msn.com, live.com accounts, and social media accounts, including Linked in for inspection and copying.

Pursuant to Rule 34(b)(2)(C), Ridley states the following responsive materials are being withheld on the basis of the above objections: 1) aridley75@hotmail.com account; 2) anthony.ridley22@gmail.com account; 3) LinkedIn account; and 4) associated passwords.

(8) Ridley's personal OneDrive, Google Drive, DropBox, Box account(s) which were used by Ridley one or more times from August 1, 2020, to present;

Objections: Nalco/Ecolab's request for Ridley's personal OneDrive, Google Drive, DropBox, Box account(s) which were used by Ridley one or more times from August 1, 2020, to present to inspect and copy is overly broad, unduly burdensome, and is disproportionate to the needs of this case. Fed. R. Civ. P. 26(b)(1). First, Ridley has complied with his discovery obligations and any alleged deficiencies have been resolved by motion to compel practice and a resultant order. *See* [Doc. 135, 136, 155, 163, 165.] Accordingly, Rule 34 does not contemplate Ridley providing Ridley's personal OneDrive, Google Drive, DropBox, Box account(s) which were used by Ridley one or more times from August 1, 2020, to present to Nalco/Ecolab for inspection and copying. *See*

18

Fed. R. Civ. P. 34 (Committee Notes on Rules—2006 Amendment). *See e.g. John B.*, 531 F.3d at 459-61; *Diepenhorst*, 2006 WL 1851243, 2006 U.S. Dist. LEXIS 48551, at *5-11; *In re Ford Motor Co.*, 345 F.3d at 1316-17. Second, Nalco/Ecolab spoliated the central evidence in this dispute when Ridley returned his Nalco/Ecolab issued laptop and LaCie drive to Nalco/Ecolab per its instructions, which deprived Ridley of exonerating evidence. Ridley, accordingly, has been deprived of this exonerating evidence by Nalco/Ecolab's spoliation and renders this request outside the scope of permissible discovery because Nalco/Ecolab had this evidence in-hand but spoliated it. *See* Fed. R. Civ. P. 26(b)(1). Third, Nalco/Ecolab's retained opinion witness, Mr. Lieb of Tyger Forensics, Inc., has stated, in paragraphs 12 and 14 of his report, that, he has sufficient information for his opinions, which renders additional information disproportionate to the needs of this case as Nalco/Ecolab's opinion witness claims sufficient information in-hand. Fourth, Ridley has never had any personal DropBox or Box accounts. Fifth, Ridley has had a OneDrive account associated with his Hotmail account and has a new OneDrive account associated with his personal laptop he acquired after his employment with ChemTreat ended. Ridley also has a Google Drive account associated with his Gmail account. The OneDrive accounts and the Google Drive account contain a significant amount of personal and confidential information

19

that have no relevance to this lawsuit and Nalco/Ecolab's request has provided no limitations or parameters for the inspection and copying to ensure discovery of only relevant, or potentially relevant, evidence. Accordingly, Ridley will not provide Ridley's personal OneDrive, Google Drive, DropBox, Box account(s) which were used by Ridley one or more times from August 1, 2020, to present for inspection and copying.

Pursuant to Rule 34(b)(2)(C), Ridley states the following responsive materials are being withheld on the basis of the above objections: 1) OneDrive accounts and 2) Google Drive account.

(9) Any other personal devices Ridley has used since August 2020 to communicate with Plaintiffs' employees, ChemTreat's employees, or customers; and

Objections: Nalco/Ecolab's request for any other personal devices Ridley has used since August 2020 to communicate with Plaintiffs' employees, ChemTreat's employees, or customers to inspect and copy is overly broad, unduly burdensome, and is disproportionate to the needs of this case. Fed. R. Civ. P. 26(b)(1). First, Ridley has complied with his discovery obligations and any alleged deficiencies have been resolved by motion to compel practice and a resultant order. *See* [Doc. 135, 136, 155, 163, 165.] Accordingly, Rule 34 does not contemplate Ridley providing any other personal devices Ridley has used since

20

August 2020 to communicate with Plaintiffs' employees, ChemTreat's employees, or customers for inspection and copying. *See* Fed. R. Civ. P. 34 (Committee Notes on Rules—2006 Amendment). *See e.g. John B.*, 531 F.3d at 459-61; *Diepenhorst*, 2006 WL 1851243, 2006 U.S. Dist. LEXIS 48551, at *5-11; *In re Ford Motor Co.*, 345 F.3d at 1316-17. Second, Nalco/Ecolab spoliated the central evidence in this dispute when Ridley returned his Nalco/Ecolab issued laptop and LaCie drive to Nalco/Ecolab per its instructions, which deprived Ridley of exonerating evidence. Ridley, accordingly, has been deprived of this exonerating evidence by Nalco/Ecolab's spoliation and renders this request outside the scope of permissible discovery because Nalco/Ecolab had this evidence in-hand but spoliated it. *See* Fed. R. Civ. P. 26(b)(1). Third, Nalco/Ecolab's retained opinion witness, Mr. Lieb of Tyger Forensics, Inc., has stated, in paragraphs 12 and 14 of his report, that, he has sufficient information for his opinions, which renders additional information disproportionate to the needs of this case as Nalco/Ecolab's opinion witness claims sufficient information in-hand. Fourth, the use of "customers" is vague in this context as it is unclear whose customers are being referenced. Accordingly, Ridley will not provide any other personal devices Ridley has used since August 2020 to communicate with Plaintiffs' employees, ChemTreat's employees, or customers for inspection and copying.

Pursuant to Rule 34(b)(2)(C), Ridley states the following responsive materials are being withheld on the basis of the above objections: 1) personal cellphone (an Apple iPhone 13).

(10)    Forensic images or copies in the possess of Ridley, his attorney, expert, or agent of any device or source of information identified in (1) through (9) above.

Objections: Nalco/Ecolab's request for forensic images or copies in the possess of Ridley, his attorney, expert, or agent of any device or source of information identified in (1) through (9) above to inspect and copy is overly broad, unduly burdensome, and is disproportionate to the needs of this case. Fed. R. Civ. P. 26(b)(1). First, Ridley has complied with his discovery obligations and any alleged deficiencies have been resolved by motion to compel practice and a resultant order. *See* [Doc. 135, 136, 155, 163, 165.] Accordingly, Rule 34 does not contemplate Ridley providing forensic images or copies in the possess of Ridley, his attorney, expert, or agent of any device or source of information identified in (1) through (9) above to Nalco/Ecolab for inspection and copying. *See* Fed. R. Civ. P. 34 (Committee Notes on Rules—2006 Amendment). *See e.g. John B.*, 531 F.3d at 459-61; *Diepenhorst*, 2006 WL 1851243, 2006 U.S. Dist. LEXIS 48551, at *5-11; *In re Ford Motor Co.*, 345 F.3d at 1316-17. Second, Nalco/Ecolab spoliated the central evidence in this dispute when Ridley returned his Nalco/Ecolab issued

22

laptop and LaCie drive to Nalco/Ecolab per its instructions, which de-
prived Ridley of exonerating evidence. Ridley, accordingly, has been
deprived of this exonerating evidence by Nalco/Ecolab's spoliation and
renders this request outside the scope of permissible discovery because
Nalco/Ecolab had this evidence in-hand but spoliated it. *See* Fed. R.
Civ. P. 26(b)(1). Third, Nalco/Ecolab's retained opinion witness, Mr.
Lieb of Tyger Forensics, Inc., has stated, in paragraphs 12 and 14 of
his report, that, he has sufficient information for his opinions, which
renders additional information disproportionate to the needs of this
case as Nalco/Ecolab's opinion witness claims sufficient information
in-hand. Fourth, Ridley objects to providing items in the possession of
his expert. Accordingly, Ridley will not provide forensic images or cop-
ies in the possess of Ridley, his attorney, expert, or agent of any device
or source of information identified in (1) through (9) above for inspec-
tion and copying.

Pursuant to Rule 34(b)(2)(C), Ridley states the following responsive
materials are being withheld on the basis of the above objections: 1)
WD My Book external hard drive, 2) Barbara Ridley's HP laptop, 3)
the three (3) USBs returned to Nalco/Ecolab, 4) aridley75@hot-
mail.com account, and 5) OneDrive associated with the Hotmail ac-
count.

Respectfully Submitted:

**Patrick, Beard, Schulman & Jacoway, P.C.**

By: /s/ Jeremy M. Cothern
    Lance W. Pope, BPR No. 025054
    Jeremy M. Cothern, BPR No. 027166
    537 Market Street, Suite 300
    Chattanooga, TN 37402
    (423) 756-7117 – phone
    (423) 267-5032 – fax
    lpope@pbsjlaw.com
    jcothern@pbsjlaw.com

**Certificate of Service**

I certify that on March 14, 2022, this document has been served upon all the parties via email.

By: /s/ Jeremy M. Cothern