| | |
|---|---|
| ECOLAB INC., and NALCO COMPANY, LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water,<br><br>  Plaintiffs,<br><br>v.<br><br>ANTHONY RIDLEY and CHEMTREAT, INC.,<br><br>  Defendants. | No. 1:22-cv-00050-TRM-SKL<br><br>Hon. Travis McDonough<br><br>Magistrate Judge Susan K. Lee |

### PLAINTIFFS ECOLAB INC. AND NALCO COMPANY, LLC'S RENEWED MOTION TO EXTEND DISCOVERY AND CERTAIN RELATED DEADLINES

Plaintiffs Ecolab, Inc. and Nalco Company, LLC ("Plaintiffs"), by and through their undersigned counsel, hereby request the Court to extend the discovery cutoff by 34 days, along with three related deadlines as set forth in the chart below. On April 24, 2023, the Court denied without prejudice Plaintiffs' Motion to Extend Discovery Deadline. [Doc. 222] In its Order at Doc. 229, the Court denied Plaintiffs' above-referenced Motion without prejudice and instructed that "any refiled motion seeking an extension of the discovery deadline shall address all unexpired deadlines that may be impacted by the extension sought." [Doc. 229, p. 2] Plaintiffs submit that the instant Motion complies with the foregoing instruction and that good cause exists to extend the discovery cutoff by 34 days[1] and three related deadlines as follows:

---

[1] In its prior Motion to Extend Discovery Deadline at Doc. 222, Plaintiffs requested a 60-day extension of the discovery deadline. While Plaintiffs still contend that good cause exists for a 60-day extension of the discovery cutoff, Plaintiffs are mindful of the Court's concern expressed in its Order at Doc. 229 that any renewed motion to extend the discovery deadline must address its impact on other deadlines, such as "the deadlines for dispositive and *Daubert* deadlines…" [Doc. 220, p. 2] Accordingly, in order to limit the impact of a discovery extension upon other deadlines,

1

| Event | Current Deadline | Proposed Amended Deadline |
|---|---|---|
| All Discovery | April 27, 2023 | May 31, 2023 |
| Disclosure of Rebuttal Expert Testimony | March 16, 2023 | May 25, 2023 |
| Pretrial Disclosures Specified in Rule 26(a)(3)(A)(ii) and (iii) | July 31, 2023 | No Change – July 31, 2023 |
| Objections to Admissibility of Deposition Testimony Pursuant to FRCP 26(a)(3)(A)(iii) | August 14, 2023 | No Change – August 14, 2023 |
| Dispositive Motions | May 25, 2023 | June 30, 2023 |
| Daubert Motions to Exclude Expert Testimony Pursuant to FRCP 702 | May 25, 2023 | June 30, 2023 |
| Motions in Limine | August 7, 2023 | No Change – August 7, 2023 |
| Trial Brief and Proposed Final Pretrial Order | 7 Days Before Final Pretrial Conference | No Change – 7 Days Before Final Pretrial Conference |
| Stipulations of Fact | August 21, 2023 | No Change – August 21, 2023 |
| Special Requests to Instruct for Jury Trial | August 21, 2023 | No Change – August 21, 2023 |
| Final Pretrial Conference | August 28, 2023; 1:00 p.m. | No Change – August 28, 2023; 1:00 p.m. |
| Trial Commencement Date | September 11, 2023; 9:00 a.m. | No Change – September 11, 2023; 9:00 a.m. |

**A.    Good Cause Exists to Extend the Discovery Cutoff and Three Related Deadlines Because Plaintiffs' Expert Will Need Time to Build a Forensic Database and Analyze the Three Computers and One USB Drive which the Court Ordered ChemTreat to Produce on April 22, 2023 [Doc. 223]**

On April 22, 2023, the Court granted in part Plaintiffs' Motion to Compel ChemTreat to Produce Repositories of ESI that ChemTreat's expert James Vaughn searched as part of his investigation. [Doc. 229, p. 1] Specifically, the Court ordered ChemTreat to produce images of three laptops and a USB device to Plaintiffs within three days of the Court's Order dated April 22, 2023. [Doc. 223, p. 14] *Id.*[2] Plaintiffs' ESI expert, Larry Lieb, has yet to receive the images whose production the Court has ordered.

---

Plaintiffs in the instant motion have reduced their request to extend the discovery cutoff from 60 days to 34 days.

[2] The Court's Order at Doc. 229 characterizes ChemTreat as having "previously offered" to produce these images of three computers and a USB drive searched by ChemTreat's expert, James Vaughn. In actuality, ChemTreat improperly conditioned its production of these three computer and USB drive images upon, *inter alia*, Plaintiffs' agreement to: (1) waive all other discovery disputes which were the subject of Plaintiffs' Motion to Compel at Doc. 192; (2) a demand that Plaintiffs' expert, Lieb, not share documents derived from the images of these three computers or USB drive "with any other person;" and (3) that Lieb "destroy those forensic images within one business day of the close of discovery." [**Exhibit A** (email exchanges between counsel; yellow highlighting added for the Court's convenience)]. Plaintiffs rejected these demands because they

Defendants respectfully submit that the discovery cutoff must be reasonably extended for 34 days, and that good cause exists for the same, because Mr. Lieb will need time to review the images of the three computers and the USB drive which the Court has just ordered ChemTreat to produce. [Doc. 229] In fact, as set forth in Mr. Lieb's attached Declaration, he will need to first create a forensic database before he can begin to analyze and review the images in question for misappropriated documents and other indicia of malfeasance, including but not limited to ChemTreat's spoliation of the computer laptop which it issued to Ridley. [**Exhibit B** (Declaration of Larry Lieb)] Mr. Lieb conservatively estimates that creating a forensic database for the three computer images and one USB drive will take approximately 9-10 business days. *Id.* As explained in Mr. Lieb's Declaration, he will have to use a forensic tool called Axiom to build the database as a precursor to reviewing and examining each image. Mr. Lieb estimates, based on his knowledge and experience, that it will take the Axiom forensic tool three days per computer image to build the forensic database for each one of the three computer images that ChemTreat has been ordered to produce. *Id.* Mr. Lieb's license for the Axiom forensic tool does not allow each of the three computer images to be processed at the same time. Instead, Mr. Lieb estimates that it will take the Axiom tool three days for each computer image to build the forensic database. Thus, in totality, Mr. Lieb estimates that it will take 9 to 10 business days just to build the forensic database for the three computer images (e.g., 3 days x 3 computer images = 9 days) and one USB drive which he has yet to receive from Defendant ChemTreat, and only then will he be able to review and analyze those images for misappropriated documents and other indicia of malfeasance. *Id.*

---

were improper and extortionate. Notably, in ordering production of the images of three computers and one USB drive in its Order at Doc. 229, the Court did not condition the production on Plaintiffs' acquiescence to these improper demands by ChemTreat. Simply stated, the strings attached by ChemTreat to its alleged "offer" to produce the above-referenced images were not in keeping with either the letter or spirit of the rules of discovery. Thus, ChemTreat's so-called "offer" was really an act of gamesmanship which necessitated the filing of the Motion to Compel by Plaintiffs at Doc. 193.

3

Accordingly, having ordered ChemTreat to produce the three computer images and one USB drive which are the subject of the Court's Order at Doc. 229, and having recognized their relevance and significance to this case, Plaintiffs respectfully submit that the discovery cutoff should be extended by 34 days in order to allow its ESI expert to properly review and examine those images. Indeed, without a reasonable extension, the Court's Order at Doc. 229 requiring ChemTreat to produce the images at issue would be rendered largely meaningless.

B. **Good Cause Exists to Extend the Discovery Cutoff and Three Related Deadlines Because Defendant Ridley Has Improperly Withheld and Refused to Produce His WD Drive Onto Which He Admits That He Repeatedly Backed Up the Contents of His Nalco Computer and Which He Used to Access Nalco Documents On at Least Four Occasions After Joining ChemTreat.**

Pending before the Court is Plaintiffs' Motion to Compel Ridley's Compliance with Plaintiffs' Rule 34 Request to Inspect. [Doc. 224] Plaintiffs' Motion at Doc. 224 seeks a Court order compelling Defendant Ridley to produce his WD external USB drive and other devices which he has wrongfully withheld in violation of the rules of discovery.

Plaintiffs' Motion to Compel at Doc. 224 is incorporated herein by reference. Plaintiffs will not regurgitate the contents of that Motion, but respectfully submit that Defendant Ridley's refusal to produce his WD Drive constitutes good cause to extend the discovery and related deadlines as set forth in this Motion. In brief summary, the following facts concerning Defendant Ridley's wrongful refusal to allow inspection of his WD Drive are undisputed:

- Ridley used his WD Drive to perform 5-10 full backups of his Nalco computer until approximately 2017-2018, and thereafter continued with "partial" backups of his Nalco computer until sometime in 2020.

- Ridley continued backing up or saving Nalco documents to his WD Drive throughout 2020, even though, by his own admission, those same documents were available to him on Nalco's cloud-based OneDrive account.

4

- Ridley contends that he mistakenly or accidentally copied documents easily available to him on Plaintiffs' cloud-based OneDrive to his WD Drive, even though the WD Drive must be connected by a USB cable and powered on.

- When Ridley departed from Plaintiffs and joined a direct competitor, ChemTreat, on July 1, 2021, he did not return any of the full or partial backups of his Nalco computer or any of the Nalco documents that were on his WD Drive to Plaintiffs.

- Instead, Ridley used his ChemTreat-issued computer to connect to his WD Drive after he became employed by ChemTreat and accessed Nalco documents located on that WD Drive no less than four times on:
  - Two occasions in August of 2021;
  - September of 2021; and
  - January of 2022.

- Section 12 of Ridley's Employment Agreement with Plaintiffs provides that Ecolab "will have the right to conduct forensic examination(s) of any computers and/or electronic devices in the [Ridley's] possession or control, if [Ecolab] reasonably believes such devices contain Company Confidential Information and/or Inventions." Although Ridley concedes that he repeatedly backed up or saved documents on his Nalco computer to his WD Drive through 2020, he refuses to comply with his foregoing contractual promise to Plaintiffs.

- ChemTreat wiped (e.g., spoliated) the laptop which Ridley used to access Nalco documents stored on his WD Drive after he joined ChemTreat, but those same documents are likely still present on his WD Drive.

- Ridley's attorney or former attorney has possession of his WD Drive.

[Doc. 225, pp. 11-16 (internal citations omitted)]

For the reasons set forth in Plaintiffs' Motion to Compel at Doc. 224, Plaintiffs respectfully submit that this case cannot properly be tried on the merits if Defendant Ridley is allowed to shield his WD Drive from inspection. Accordingly, good cause exists to extend the discovery cutoff by 34 days in order to allow Plaintiffs to inspect that WD Drive (and other devices of Ridley which are the subject of the Motion at Doc. 224). Indeed, Defendant Ridley's refusal to allow inspection of his WD Drive is a flagrant violation of the rules of discovery given his admissions that: (1) he backed up and saved documents from his Nalco computer to that drive through 2020; (2) he used his ChemTreat computer to access those Nalco documents on his WD Drive on no less than four occasions after he joined ChemTreat; and (3) ChemTreat wiped the computer which Ridley used to access Nalco documents stored on his WD Drive.

**C.     Conclusion.**

For the above and foregoing reasons, Plaintiffs respectfully submit that good cause exists to extend the discovery deadline by 34 days, along with three other related deadlines, to permit Plaintiffs to obtain critical discovery which Defendants have wrongfully withheld.

Dated this 24th day of April 2023.

        Respectfully submitted,

        ECOLAB INC. NALCO COMPANY, LLC
        d/b/a Nalco Water, an Ecolab Company
        and/or Nalco Water,

By:   */s/ Pavneet Singh Uppal*
      J. Gregory Grisham (TN BPR#013810)
      FISHER & PHILLIPS LLP
      1715 Aaron Brenner Drive, Suite 312
      Memphis, Tennessee 38120
      Telephone: 901.526.0431
      Fax: 901.526.8183
      ggrisham@fisherphillips.com

6

FP 46911155.2
Case 1:22-cv-00050-TRM-SKL   Document 230   Filed 04/24/23   Page 6 of 8   PageID #: 4552

David J. Walton
(*pro hac vice*)
FISHER & PHILLIPS LLP
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone: 610.230.6015
Fax: 610.230.2151
dwalton@fisherphillips.com

Edward G. Winsman
(*pro hac vice*)
FISHER & PHILLIPS LLP
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone: 610.230.2142
Fax: 610.230.2151
ewinsman@fisherphillips.com

Pavneet Singh Uppal
(*pro hac vice)*
FISHER & PHILLIPS LLP
3200 North Central Avenue, Suite 1550
Phoenix, AZ 85012
Telephone: 602.281.3410
Fax: 602.281.3401
puppal@fisherphillips.com

COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. Parties may access this filing through the Court's electronic filing system.

*/s Pavneet Singh Uppal*
Pavneet Singh Uppal
