UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ECOLAB INC. and NALCO COMPANY, LLC d/b/a NALCO WATER, AN ECOLAB COMPANY and/or NALCO WATER,<br><br>    *Plaintiffs*,<br><br>v.<br><br>ANTHONY RIDLEY and CHEMTREAT, INC.<br><br>    *Defendants*. | Case No. 1:22-cv-50<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Susan K. Lee |

**ORDER**

Before the Court is Plaintiffs Ecolab, Inc. and Nalco Company, LLC's ("Ecolab/Nalco") renewed motion for extension of time to complete discovery and for extension of other deadlines in the Court's scheduling order. (Doc. 230.) For the following reasons, the Court will **DENY** Ecolab/Nalco's motion.

Ecolab/Nalco initiated the present action on March 3, 2022 (Doc. 1), and the Court convened a case-management conference on July 18, 2022 (Doc. 55). During the case-management conference, and consistent with typical practices, the undersigned requested input from the parties' attorneys as to a realistic trial date and informed the attorneys that the Court intended to adhere to the deadlines set forth in the resulting scheduling order. Based on the attorneys' input, the Court entered a scheduling order setting this matter for trial on July 24, 2023, with discovery closing on March 13, 2023. (Doc. 59, at 2–3.)

On November 9, 2022—more than eight months after Ecolab/Nalco initiated this action—Defendant Chemtreat, Inc., ("Chemtreat") filed a motion for entry of a protective order and ESI protocol. (Doc. 74.) Although not initially filed as a joint motion, on November 30, 2022, Ecolab/Nalco filed a response to Chemtreat's motion indicating agreement to Chemtreat's proposed protective order and ESI protocol with two limited exceptions. (Doc. 84, at 1.) Pursuant to Court order, the parties filed a joint motion for protective order and ESI protocol on December 13, 2022. (Doc. 90.)

On November 10, 2022, Chemtreat filed the first of numerous motions to compel filed in this case. (Doc. 76.) Shortly thereafter, the parties jointly asked the Court to amend the scheduling order, noting that: (1) "[t]he Parties have been engaged in written discovery efforts"; (2) the Court recently entered an agreed-upon ESI protocol and protective order, "both of which will facilitate the production of documents by the Parties"; and (3) "[t]he parties have been attempting to work through discovery disputes," but "[s]ome disputes will need to be resolved by the Court" (Doc. 94, at 2.) On December 20, 2022, Ecolab/Nalco filed its first motion to compel. (Doc. 95.) On December 22, 2022, the Court granted the parties' joint motion to amend the scheduling order and set discovery to close on April 27, 2023. (Doc. 99.)

Since November 2022, the parties have collectively filed, among other things, approximately eleven motions to compel, some of which were titled "emergency" motions[1] (*see,*

---

[1] The Court notes that the parties have taken a liberal meaning of the word "emergency" in titling many of their discovery motions. As Magistrate Judge Lee observed in ruling on an emergency motion to compel filed by Ecolab/Nalco:

> Although the motion to compel is titled an "Emergency," it is only an "emergency" in the sense that the parties delayed the initiation of discovery and resolution of discovery disputes, did not accurately estimate the time needed when they obtained an extension of the scheduling order deadlines, and have time and again been unable to resolve discovery disputes causing a significant waste of resources on motion practice as outlined in several prior orders and hearings.

*e.g.*, Docs. 76, 95, 122, 135, 159, 190, 193, 195, 204, 221, 224), motions to expedite briefing in connection with certain discovery motions (Docs. 124, 142, 231), motions to seal (Docs. 115, 125, 206), a motion for relief as to "attorneys eyes only" designees[2] (Doc. 164), and a motion for sanctions and order to show cause[3] (Doc. 187). Given the number and frequency of discovery disputes brought to the Court since November 2022, United States Magistrate Judge Susan K. Lee repeatedly warned the parties about their discovery conduct, the discovery deadline in this case, and the ramifications of waiting until the last minute to bring discovery disputes to the Court. For example, during a hearing on February 3, 2023, Magistrate Judge Lee expressly told the parties:

> Everybody needs to start making sure they are doing what they need to do to comply with their discovery obligations because otherwise they are subjecting themselves to either having evidence excluded or having depositions reopened or being sanctioned. It is not an excuse that you couldn't get depositions done, or anything else as far as the Court is concerned, because you didn't ask for Court assistance with your discovery issues until there was no time to resolve things. As a matter of fact, the Court won't even consider a motion to compel that is not briefed and ready to go. . . . [Y]ou all need to really focus on getting at least the main information that you need . . . to get things done . . . unless you all can present good cause for getting some kind of extension of your scheduling order, which is going to have to come from the district judge, and . . . I don't want you to expect it.

Similarly, in an order ruling on another Ecolab/Nalco motion to compel, Magistrate Judge Lee stated:

> Before turning to the specific issues of the instant motion, and as addressed with the parties during the last conference regarding discovery issues, the parties

---

> Moreover, Plaintiffs did not request expedited briefing or even expedite their reply, which was filed after hours on April 19, 2023, the last possible date it could be filed under applicable rules. *See* E.D. Tenn. L.R. 7.1. Despite that, the Court has given the motion expedited consideration in issuing this Order.

(Doc. 223, at 1.)

[2] This motion was also filed as an "expedited" motion.

[3] This motion was also filed as an "emergency" motion.

should not expect discovery deadlines to be extended again. As a rule, discovery is to be confined to the discovery period set by the Court, which in this case was set with the parties' agreement during the scheduling conference and extended by the Court upon mutual request of the parties. In order to fairly and properly confine the discovery period so that it does not interfere with other aspects of the case, discovery-related motion practice must conclude before the end of the discovery period. Motions filed during the waning weeks of a more than yearlong discovery period are not timely as they cannot be briefed, considered, and ruled upon without, in effect, extending the discovery period. Doing so would disrupt the parties' and the Court's ability to address any dispositive motions and the trial. The parties are forewarned that the Court will not address eleventh-hour discovery related motions that would have the effect of extending the discovery period. And while the parties are free to agree to conduct discovery after the discovery period expires, nothing about the discovery in this case thus far indicates that "mutual agreement" will be a viable option. Moreover, the Court will not address any discovery disputes that may arise with respect to any discovery conducted after the Court-sanctioned discovery period has expired.

(Doc. 137, at 6.) Once again, on February 14, 2023, Magistrate Judge Lee warned:

[T]he timing of the instant motion disregards the Court's directives regarding seeking extensions. Such motions "must be made well in advance of the deadline the moving party seeks to extend. The moving party must demonstrate why the requested extension is necessary and will bear the burden of specifically defining the bases for and extent of its request. The fact and length of an extension is in the Court's discretion." Judicial Preferences of Chief District Judge Travis R. McDonough, Section 5. MOTIONS AND BRIEFS; (F) Motions for Extensions of Time . . . . However, the Court (again) strongly discourages further motions seeking extensions of Court-ordered, jointly requested deadlines that are set to expire before the motion even becomes ripe.

(Doc. 144, at 4.) Despite these repeated warnings, in the ten days prior to the close of discovery, Ecolab/Nalco has filed: (1) an "emergency" motion to take additional depositions (Doc. 213); (2) a motion to compel Defendant Anthony Ridley to comply with its request to inspect (Doc. 224); (3) the instant renewed motion for extension of time to complete discovery and extend other deadlines (Doc. 230); and (4) a motion to expedite briefing in connection with its motion to compel inspection (Doc. 231). For its part, Chemtreat filed a motion to compel addressing nineteen requests for production and privilege-log issues that became ripe at 11:53 p.m. on the last day of the discovery period. (*See* Docs. 204, 219, 237.)

With respect to the motion for extension of the discovery period and to extend other deadlines, Ecolab/Nalco requests that the Court: (1) extend the discovery period until May 31, 2023; (2) extend the deadline for rebuttal expert testimony until May 25, 2023; and (3) extend the dispositive-motions and *Daubert* motions deadlines until June 30, 2023. (Doc. 230, at 2.) Ecolab/Nalco, nonetheless, wants trial to begin as currently scheduled on September 11, 2023. (*Id*.) As the basis for the requested extensions, Ecolab/Nalco argues that extending the discovery period is appropriate so that its ESI expert can review images of and create a forensic database for three computers and a USB drive that the Court ordered Chemtreat to produce. (*Id*. at 3–4.) Ecolab/Nalco also contends that the extension is necessary because Ridley has improperly withheld an external hard drive and other electronic devices during discovery, which necessitated filing a motion to compel inspection. (*Id*. at 4.)

Federal Rule of Civil Procedure 16(b)(4) provides that "a schedule may be modified only for good cause." Good cause to extend the discovery deadline or any other deadline in the Court's scheduling order does not exist in this case, because the parties have grossly mismanaged discovery. It appears that the parties did not earnestly engage in discovery until November 2022, approximately eight months after Ecolab/Nalco initiated this action. When the parties asked the Court to modify the scheduling order in December 2022, it granted that joint request and extended the discovery period until April 27, 2023. It also appears that, as of late January 2023, the parties still had not conducted a single deposition. Nonetheless, throughout the discovery period, Magistrate Judge Lee has efficiently resolved the parties' numerous discovery disputes and repeatedly reminded them of the approaching discovery deadline. Despite these warnings, the parties waited until the eleventh hour to conduct necessary

5

discovery[4] and to bring certain discovery disputes to the Court. Under these circumstances, good cause does not exist to extend any of the remaining deadlines in the Court's scheduling order.

Accordingly, for the reasons stated herein, Ecolab/Nalco's motion to extend the discovery period (Doc. 230) is **DENIED**. Discovery is now closed. The Court's denial of Ecolab/Nalco's motion, however, does not foreclose Magistrate Judge Lee from ruling on discovery motions filed prior to the close of discovery or compelling discovery in her discretion.[5] Additionally, the dispositive-motions deadline and *Daubert* motions deadline remain set for **May 25, 2023**. Discovery compelled by Magistrate Judge Lee in connection with pending discovery motions, if any, will not constitute good cause for extending the dispositive motions and *Daubert* motions deadlines or the trial date.

    **SO ORDERED.**

                                                                               /s/ *Travis R. McDonough*
                                                                               TRAVIS R. MCDONOUGH
                                                                               UNITED STATES DISTRICT JUDGE

---

[4] In an April 25, 2023 filing, Ridley's attorneys represented that the parties had five depositions scheduled for the last two days of the discovery period, including the Rule 30(b)(6) deposition for Ecolab/Nalco's corporate representative. (Doc. 232, at 2–3.) Moreover, one of the pending discovery motions references information the parties learned during Defendant Ridley's deposition, who apparently was not deposed until there were only ten days left in the discovery period.

[5] This, however, does not mean that the parties are entitled to a substantive ruling on these motions given that the parties effectively ignored the undersigned's judicial preferences and Magistrate Judge Lee's warnings that that Court would not consider eleventh-hour discovery motions that have the practical effect of extending the discovery period when the parties should be focusing on meeting the upcoming deadlines in the Court's scheduling order.