UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ECOLAB Inc., and NALCO COMPANY, LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ANTHONY RIDLEY, and CHEMTREAT, INC.,<br><br>　　　　Defendants. | Case No. 1:22-cv-00050-TRM-SKL<br><br>Hon. Travis McDonough<br><br>Magistrate Judge Susan K. Lee |

**CHEMTREAT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant ChemTreat, Inc. moves the Court for an order granting summary judgment in ChemTreat's favor on Counts I, II, V, VI, and VII of Plaintiffs' Third Amended Complaint (Doc. 229). In support of this motion, ChemTreat relies on its Memorandum in Support and the Joint Appendix, all filed concurrently herewith.

Counts I and II. Plaintiffs cannot satisfy their burden of proof on their trade secret claims under the Defend Trade Secrets Act ("DTSA") and the Tennessee Uniform Trade Secrets Act ("TUTSA"). *First*, while Plaintiffs allege the misappropriation of over 16,000 files, they have produced a meager 88 of them, and only nine of them ever arguably came within ChemTreat's possession. Of those nine documents, Plaintiffs did not produce four, and Plaintiffs have presented no evidence that the remaining five (a Business Plan containing ChemTreat's information, not Plaintiffs'; a bid document from 2015 for a customer that has since gone out of business; and three generic templates) contain trade secret information, or that the templates themselves are protectable trade secrets. *Second*, Plaintiffs cannot establish that ChemTreat misappropriated the

1

alleged trade secrets. There is no evidence that Ridley or ChemTreat used Plaintiffs' alleged trade secrets; and there is no evidence that ChemTreat had knowledge that Ridley had acquired Plaintiffs' trade secrets by improper means—or that he had acquired them at all. Nor is there evidence that ChemTreat knew of Ridley's alleged misappropriation, much less that it encouraged or participated in it. *Finally*, Plaintiffs cannot point to any evidence that they have been damaged by the alleged misappropriation.

<u>Counts V, VI, and VII</u>. Plaintiffs' remaining claims under Tennessee law—Tortious Interference with Contractual Relationships (Count V); Procurement of Breach of Contract (Count VI); and Civil Conspiracy (Count VII)—likewise fail. Plaintiffs' tortious interference and procurement of breach of contract claims fail for three independent reasons. *First*, there is no evidence that Ridley breached a non-preempted provision of his employment agreement with Plaintiffs. Absent an underlying breach, Counts V and VI fail. *Second*, there is no evidence that Ridley improperly solicited customers or employees who fell within the scope of Ridley's customer non-solicitation and employee non-solicitation covenants. Ridley's involvement in the hiring of Tyler Bates at ChemTreat was no breach because he did not supervise, manage, or have material contact with Bates while Bates and Ridley were employed by Plaintiffs. Moreover, there is no evidence that ChemTreat's lawful hiring of Plaintiffs' employees on the open market breached any identified contract. *Third*, even if a breach occurred, Plaintiffs have not suffered damages resulting from the underlying breaches. Plaintiffs have repeatedly admitted they are not seeking damages based on lost customers, and there is no evidence of damages related to Ridley's non-solicitation clause concerning Plaintiffs' employees. Any damages related to confidential information or trade secrets are preempted by Plaintiffs' statutory misappropriation claims.

Plaintiffs' civil conspiracy claim fails because there was no underlying tort. Moreover, the alleged "conspiracy" was not between two or more parties, as demonstrated by Plaintiffs' own admissions.

## CONCLUSION

For the foregoing reasons, ChemTreat respectfully requests that this Court grant summary judgment in ChemTreat's favor on Counts I, II, V, VI, and VII.

DATED: May 25, 2023

Respectfully submitted,

*/s/ Troy C. Homesley*
Vidya Atre Mirmira (admitted *pro hac vice*)
William T. Burke (admitted *pro hac vice*)
Juli Ann Lund (admitted *pro hac vice*)
Troy C. Homesley (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Ave. SW
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
E-mail: vmirmira@wc.com
E-mail: wburke@wc.com
E-mail: jlund@wc.com
E-mail: thomesley@wc.com

W. Scott Sims
Michael R. O'Neill
SIMS FUNK PLC
3322 West End Ave. #200
Nashville, TN 37203
Telephone: (615) 425-7432
Facsimile: (615) 649-8565
E-mail: ssims@simfunk.com
E-mail: moneill@simsfunk.com

*Attorneys for Defendant ChemTreat, Inc.*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing was served via the Court's CM/ECF system on May 25, 2023, upon the following:

J. Gregory Grisham, BPR No. 013810
FISHER & PHILLIPS LLP
1715 Aaron Brenner Drive, Suite 312
Memphis, Tennessee 38120
ggrisham@fisherphillips.com

David J. Walton (*pro hac vice*)
Edward G. Winsman (*pro hac vice*)
Kathleen Laubenstein (*pro hac vice*)
FISHER & PHILLIPS LLP
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
dwalton@fisherphillips.com
ewinsman@fisherphillips.com
klaubenstein@fisherphillips.com

Pavneet Uppal (*pro hac vice*)
FISHER & PHILLIPS LLP
3200 North Central Avenue, Suite 1550
Phoenix, AZ 85012
puppal@fisherphillips.com

James Michael Honeycutt (*pro hac vice*)
FISHER & PHILLIPS LLP
227 West Trade Street, Suite 2020
Charlotte, NC 28202
jhoneycutt@fisherphillips.com

*Attorneys for Plaintiffs*

Lance W. Pope, BPR No. 025054
Jeremy M. Cothern, BPR No. 027166
Patrick, Beard, Schulman & Jacoway, P.C.
537 Market Street, Suite 300
Chattanooga, TN 37402
(423) 756-7117 – phone
(423) 267-5032 – fax
lpope@pbsjlaw.com
jcothern@pbsjlaw.com

*Attorneys for Anthony Ridley*

　

/s/ *Troy C. Homesley*
Troy C. Homesley