| | |
|---|---|
| ECOLAB, INC., and NALCO COMPANY, LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water,<br><br>    Plaintiffs,<br><br>v.<br><br>ANTHONY RIDLEY and CHEMTREAT, INC.,<br><br>    Defendants. | No. 1:22-cv-00050-TRM-SKL<br><br>Hon. Travis McDonough<br><br>Magistrate Judge Susan K. Lee |

**PLAINTIFFS ECOLAB, INC. AND NALCO COMPANY, LLC'S EMERGENCY MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, MOTIONS TO EXCLUDE OPINIONS, AND MOTIONS FOR SANCTIONS**

Plaintiffs Ecolab, Inc. and Nalco Company, LLC ("Plaintiffs"), by and through counsel, and pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure hereby file their Motion for Extension of Time to File Responses to the motions filed by Defendants Anthony Ridley ("Ridley") and ChemTreat, Inc. ("ChemTreat") as follows:

- The deadline to respond to ChemTreat's Motion for Summary Judgment (ECF Dkt. No. 255) and Ridley's Motion for Summary Judgment (ECF Dkt. No. 259) shall be extended from June 15, 2023, to June 22, 2023, which represents seven additional days under Local Rule of Civil Procedure 7.1;

- The deadline to respond to ChemTreat's Motion to Exclude Certain Opinions of Laurence D. Lieb (ECF Dkt. No. 257), Motion to Exclude Trade Secrets Damages Opinions of Dana M. Trexler (ECF Dkt. No. 266), Motion for Sanctions Pursuant to Rule 37(b)(2) (ECF Dkt. No. 268) and Ridley's Motion for Sanctions for

1

Spoliation (ECF Dkt. No. 261), Motion to Exclude Certain Opinions of Laurence D. Lieb (ECF Dkt. No. 265), and Motion to Exclude Trade Secrets Damages Opinions of Dana M. Trexler (ECF Dkt. No. 271) shall be extended from June 8 2023 to June 22, 2023, an additional fourteen days under LR 7.1; and

- The deadline to respond to ChemTreat's Motion for Sanctions for Spoliation (ECF Dkt. No. 276) shall be extended from June 9, 2023 to June 22, 2023, an additional thirteen days under LR 7.1.

Plaintiffs respectfully submit that, for the reasons set forth below, there is good cause for the requested extensions and the requested extensions will neither prejudice Defendants nor delay the proceedings. Plaintiffs further request that this Court expedite consideration of this Motion given the rapidly approaching deadlines for Plaintiffs to respond to the multiple pending motions filed by Defendants.

## FACTS

Defendant ChemTreat filed five separate motions on May 25, 2023: a Motion for Summary Judgment (ECF Dkt. No. 255); Motion to Exclude Certain Opinions of Laurence D. Lieb (ECF Dkt. No. 257); Motion to Exclude Trade Secrets Damages Opinions of Dana M. Trexler (ECF Dkt. No. 266); Motion for Sanctions Pursuant to Rule 37(b)(2) (ECF Dkt. No. 268); and Motion for Leave to File Documents Under Seal (ECF Dkt. No. 272).[1] Additionally, ChemTreat filed a Motion for Sanctions for Spoliation on May 26, 2023 (ECF Dkt. No. 276). Plaintiffs' responses to four of the five motions filed on May 25 are due on June 8, 2023; the response to the spoliation motion is due the following day, on June 9, 2023. Because the Motion for Summary Judgment is

---

[1] Plaintiffs are not requesting additional time to respond to ChemTreat's Motion for Leave to File Documents Under Seal (ECF Dkt. No. 272), as it understands the time-sensitive nature of any request to seal documents. However, Plaintiffs have included that motion here because Plaintiffs will need to devote substantial time to preparing a response consistent with this Court's Memorandum and Order Regarding Sealing Confidential Information (ECF Dkt. No. 6).

2
FP 47291977.4
Case 1:22-cv-00050-TRM-SKL   Document 280   Filed 06/02/23   Page 2 of 9   PageID #: 8298

a dispositive motion, Plaintiffs have twenty-one days under Local Rule 7.1 to respond, making the deadline for Plaintiffs' opposition to the summary judgment motion June 15, 2022.

Each of ChemTreat's motions are supported by lengthy briefs and voluminous exhibits or appendices. For example, ChemTreat's Memorandum in Support of Motion for Summary Judgment (ECF Dkt. No. 256) is thirty pages long, and supported by a Joint Appendix of almost 1000 pages. The Memorandum in Support of its Motion to Exclude Certain Opinions of Laurence D. Lieb (ECF Dkt. No. 258) is twenty-five pages long, and supported by approximately 300 pages of exhibits. The briefs supporting the Motion for Sanctions Pursuant to Rule 37(b)(2) (ECF Dkt. No. 269) and the Motion to Exclude Trade Secrets Damages Opinions of Dana M. Trexler (ECF Dkt. No. 267) are each more than twenty pages long. ChemTreat's Motion for Sanctions for Plaintiffs' Spoliation, filed one day after the dispositive and Daubert motions were due, is supported by a relatively shorter brief (ECF Dkt. No. 277) – only fifteen pages – but it also includes more than 190 pages of exhibits.

ChemTreat's filings alone would likely require more than the allotted time for Plaintiffs to prepare proper responses, but Defendant Anthony Ridley ("Ridley") filed four separate motions of his own on May 25, 2023, which also have responses due on June 8, 2023. Specifically, Ridley filed his own Motion for Summary Judgment (ECF Dkt. No. 259); Motion for Sanctions for Spoliation (ECF Dkt. No. 261); Motion to Exclude Certain Opinions of Laurence D. Lieb (ECF Dkt. No. 265); and Motion to Exclude Trade Secrets Damages Opinions of Dana M. Trexler (ECF Dkt. No. 271). While the latter two motions simply adopt ChemTreat's motions seeking the same relief, the summary judgment and spoliation motions are stand-alone motions, supported by briefs of twenty-nine pages (ECF Dkt. No. 260) and nine pages (ECF Dkt. No. 261) respectively.

Although Plaintiffs will have until June 15, 2023, to respond to Ridley's Motion for Summary Judgment, the opposition to his Motion for Sanctions is also due on June 8, 2023.

Responding to the foregoing motions will require extensive legal research and review of the vast amount of evidence developed in this matter before Plaintiffs can even begin to draft the responses. Two of the aforementioned motions are dispositive motions in which each Defendant seeks entry of judgment as a matter of law; given the potentially fatal nature of these motions to Plaintiffs' claims, following more than a year of hard-fought litigation, the need for Plaintiffs to have adequate time to respond to the motions should be beyond dispute. While twenty one days may be adequate where a party has only one dispositive motion to respond to, here Plaintiffs are being compelled to respond to *two* dispositive motions at the same time as they are responding to five other substantive motions where responses are due in fourteen days.

Plaintiffs requested that Defendants consent to an enlargement of time for Plaintiffs to respond but ChemTreat was only willing to consent to for four additional days to oppose the motions to exclude and the spoliation motions, five additional days to respond to the dispositive motions, and twelve additional days to respond to its motion for sanctions under Rule 37(b).[2] Respectfully, Plaintiffs submit that, in light of the work that will be required in order to strategize and prepare responses, and to obtain supporting declarations if required for the opposition briefs, more time than ChemTreat would consent to is reasonable and appropriate. Enlarging Plaintiffs' response time for the motions identified herein by up to fourteen days will not impact the other deadlines set in this case or the current trial date; it will, however, give Plaintiffs an adequate

---

[2] On Friday, May 26, 2023, Plaintiffs requested thirty additional days to respond to the pending motions. ChemTreat did not respond until the afternoon of May 30, 2023, and would only agree to the far small extension of times described above. *See* Exhibit A (email exchange between D. Walton and J. Lund).

amount of time to prepare comprehensive responses to the numerous critical motions filed by the two Defendants in this case.

## ARGUMENT

Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure provides:

(b) EXTENDING TIME.

> (1) *In General*. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
>> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; ….

*Id*.

"Because the district court may exercise its discretion under Rule 6(b)(1)(A) only 'for good cause,' a party must demonstrate some justification for the issuance of the extension." Federal Practice and Procedure (Wright & Miller) §1165. "However, an application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id*.

As detailed above, Plaintiffs submit there is good cause for the Court to extend the time for Plaintiffs to respond to the numerous motions filed by Defendants that seek to either end Plaintiffs' case entirely or, at the least, substantially hamstring Plaintiffs' case by excluding critical testimony from Plaintiffs' forensic computer expert and damages expert. Without the enlargement of time, Plaintiffs will have only fourteen days to respond to five substantive motions that raise factual disputes and complex legal issues, while also attempting to prepare oppositions to summary judgment motions within the twenty-one day deadline set by LR 7.1. Plaintiffs immediately sought Defendants' consent to seek an enlargement of time, but did not hear back from ChemTreat until this past Tuesday, at which point ChemTreat was only willing to agree to an extension that was,

in essence, two additional business days and a weekend for most of the motions at issue.[3] Plaintiffs thus were compelled to come before this Court for relief and have filed this Motion promptly, within days of ChemTreat's response.

Moreover, Plaintiffs have not previously requested an extension to respond to any of the aforementioned motions and have not engaged in any bad faith that led to Defendants filing ten motions, eight of which require separate responses, over the course of two days. On the contrary, Defendants could have opted to file their respective sanctions motions either before or after the deadline for dispositive and Daubert motions, but instead chose to file all of the motions within a twenty-four hour period, undoubtedly knowing the burden it would impose on Plaintiffs. While Defendants will not be prejudiced by the additional time to respond to the myriad motions at issue, Plaintiffs are at risk of substantial prejudice if they do not have adequate time to prepare strong, comprehensive responses to the motions for summary judgment, motions to exclude expert testimony, and motions for sanctions now pending before this Court.

## **CONCLUSION**

Based on the foregoing, Plaintiffs Ecolab, Inc. and Nalco Company, LLC respectfully request that the Court grant their Motion for Extension of Time to File Responses to Defendants' Motions for Summary Judgment, Motions to Exclude Expert Opinions, and Motions for Sanctions as Plaintiffs have demonstrated good cause under Rule 6(b)(1)(A) for the requested extensions as follows:

- The deadline to respond to the two Motions for Summary Judgment (ECF Dkt. No. 255; ECF Dkt. No. 259) shall be extended from June 15, 2023, to June 22, 2023;

---

[3] Counsel for Ridley has not responded to Plaintiffs' request for additional time as of the date of this Motion.

- The deadline to respond to the motions to exclude certain expert opinions (ECF Dkt. No. 257; ECF Dkt. No. 265; ECF Dkt. No. 266; ECF Dkt. No. 271), ChemTreat's sanctions motion pursuant to Rule 37(b)(2) (ECF Dkt. No. 268) and Ridley's spoliation motion (ECF Dkt. No. 261) shall be extended from June 8 2023 to June 22, 2023; and

- The deadline to respond to ChemTreat's spoliation motion (ECF Dkt. No. 276) shall be extended from June 9, 2023 to June 22, 2023.

Plaintiffs further respectfully request that the Court expedite consideration of the Motion in light of the pending deadlines from which Plaintiffs have requested additional time to respond.

Dated this 2nd day of June 2023.

Respectfully submitted,

ECOLAB INC. NALCO COMPANY, LLC
d/b/a Nalco Water, an Ecolab Company
and/or Nalco Water

By:   */s/ David J. Walton*
J. Gregory Grisham (TN BPR#013810)
FISHER & PHILLIPS LLP
1715 Aaron Brenner Drive, Suite 312
Memphis, Tennessee 38120
Telephone: 901.526.0431
Fax: 901.526.8183
ggrisham@fisherphillips.com

David J. Walton
(*pro hac vice*)
FISHER & PHILLIPS LLP
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone:  610.230.6015
Fax: 610.230.2151
dwalton@fisherphillips.com

Edward G. Winsman
(*pro hac vice*)
FISHER & PHILLIPS LLP
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone: 610.230.2142
Fax: 610.230.2151
ewinsman@fisherphillips.com

Pavneet Singh Uppal
(*pro hac vice)*
FISHER & PHILLIPS LLP
3200 North Central Avenue, Suite 1550
Phoenix, AZ 85012
Telephone: 602.281.3410
Fax: 602.281.3401
puppal@fisherphillips.com

COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. Parties may access this filing through the Court's electronic filing system.

*/s/ David J. Walton*
David J. Walton
