UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| ECOLAB Inc., and NALCO COMPANY, LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water,<br><br>    Plaintiffs,<br><br>v.<br><br>ANTHONY RIDLEY, and CHEMTREAT, INC.,<br><br>    Defendants. | Case No. 1:22-cv-00050-TRM-SKL<br><br>Hon. Travis McDonough<br><br>Magistrate Judge Susan K. Lee |

**PLAINTIFFS' RESPONSE IN SUPPORT OF CHEMTREAT, INC.'S
CONSOLIDATED MOTION TO FILE UNDER SEAL (ECF DKT. NO. 272)**

Pursuant to Federal Rules of Civil Procedure 5.2(d) & (e), Local Rule 26.2, this Court's Memorandum and Order Regarding Sealing Confidential Information (ECF Dkt. No. 6), and the relevant portions of this Court's Order on various discovery motions (ECF Dkt. No. 246, pp. 7-8), Plaintiffs Ecolab, Inc. and Nalco Company, LLC (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby submit response in support of ChemTreat, Inc.'s Consolidated Motion to File Under Seal (ECF Dkt. No. 272) (hereinafter "the Motion").

**STANDARD TO SEAL DOCUMENTS**

Plaintiffs are cognizant of the high burden to overcome the presumption of judicial openness. *See*, *e.g.*, *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983); *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) ("[t]he public has a strong interest in obtaining the information contained in the court record") (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). Plaintiffs further understand that it needs to make a particularized showing as to each document that the standards

for filing the document under seal have been met. *See, e.g.*, *Tenn. Rand, Inc. v. Gestamp Washtenaw*, LLC, 1:20-cv-02433, 2021 WL 4661462, at *1 (N.D. Ohio Oct. 7, 2021) ("The Sixth Circuit allows trade secrets to be sealed where the proponent makes a 'document by document' showing and where the seal is narrowly tailored."); *see also Shane Grp.*, 825 F.3d at 305 (proponent of sealing must analyze "propriety of secrecy" "document by document").

The need to protect trade secrets can trump the public's right to know when the moving party can make a compelling case that it may be harmed by the disclosure of trade secrets and proprietary business information. *See Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016). A party's "compelling competitive interest in sealing its sensitive business information" may outweigh the public's right to understand the basis for a court's determination. *See Frohn v. Globe Life & Accident Ins. Co.*, 1:19-cv-713, 2022 WL 2187235, at *3 (S.D. Ohio June 16, 2022) (granting motion to seal documents and information concerning insurance company's underwriting practices since the information was "sufficiently specific and detailed that its disclosure could harm Globe Life's competitive standing"). Numerous other courts in the Sixth Circuit have likewise found that sensitive business information, which could cause a company a competitive injury if publicly disclosed, is the type of information that warrants filing under seal. *See, e.g., Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, No. 3:13-CV-82-CRS-CHL, 2017 WL 3220470, at *5 (W.D. Ky. July 28, 2017) (sealing, in part, documents containing "[commercial] information that, if made available for its competitors to view, would put [the] [plaintiff] at a disadvantage in the marketplace"); *Total Quality Logistics, LLC v. Riffe*, No. 1:19-cv-23, 2020 WL 5849408, at *2 (S.D. Ohio Sep. 30, 2020) (finding "compelling reason for non-disclosure" when the documents "contain confidential and proprietary business information" and the public would have little interest in the customer information at issue).

## DOCUMENTS AT ISSUE

The dilemma underlying any application to seal is the need to balance a party's interest in protecting its privacy or the confidentiality of its information with the public's long-recognized access to judicial proceedings. Public access to judicial proceedings is important because it reduces the likelihood of private remedies to enforce the law by instilling confidence in the courts; provides a check on the courts; and promotes true and fact-based proceedings. *See Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). Respectfully, those reasons for public access can be fulfilled even if the limited number of documents detailed below remain under seal in order to ensure that Plaintiffs' confidential business information and trade secrets.

Most of the documents that Plaintiffs seek to keep under seal are materials that were exfiltrated from Plaintiffs' computer system by Ridley before Ridley resigned from Plaintiffs and started working for ChemTreat. The documents are from a range of years and contain either Plaintiffs' templates for business documents, materials related to training its sales representatives, or client-specific documents containing information on pricing, products, and Plaintiffs' trade secrets on how to provide services and remediate issues for the customers. These documents provide an example of the types of information taken by Ridley, but the specific information contained therein is not essential for the public to understand the salient issues in this litigation – whether Ridley misappropriated Plaintiffs' information, whether ChemTreat knew and/or benefitted from that misappropriation, and whether Plaintiffs were injured as a result.

The remaining documents that Plaintiffs seek to preserve under seal are primarily Excel spreadsheets that include file names with customer and business information embedded in the file names and documents or deposition testimony that relate to Plaintiffs' confidential financial

3

information, including customer-specific sales information. None of this information is critical to the public's ability to understand the course of the proceedings or ensure that the civil justice system is operating fairly and facilitating accurate outcomes. Such information, however, if made available to other companies who work in the same industry as Plaintiffs may be able to make competitive use of the information, particularly the information on customers, pricing, and Plaintiffs' processes, to the detriment of Plaintiffs. Plaintiffs' confidential business information and trade secrets should be protected from unnecessary public disclosure, for the reasons set forth more fully below.

However, Plaintiffs are cognizant of this Court's directive that "redaction is required unless more than 50% of the document needs to be sealed." (ECF Dkt. No. 6, at 3.) Here, Plaintiffs respectfully submit that sealing the documents or, where appropriate, redacting the confidential information at issue is appropriate here. Sealing the information will not impair the public's ability to understand the case and to serve the salutary interests promoted by public access to the judicial records, and Plaintiffs are, herewith and as detailed below, submitting a set of redacted exhibits (attached hereto as Exhibit 2) when the confidential and trade secret information could be redacted consistent with this Court's directives and still ensure that Plaintiffs' competitors do not get an unfair advantage indirectly from Plaintiffs' need to bring this litigation to protect a more direct effort at unfair competition.

*Joint Appendix for Motions for Summary Judgment* (ECF Dkt. No. 255, 259, 262)

- **JE-7** is a three-page attachment to a March 2, 2021 email (which is included in the Joint Appendix as JE-6); the email was a pre-hire communication from Ridley to a ChemTreat employee and the attached document was described as a "business plan that [Ridley] prepared." In fact, the attachment was Ridley's re-working of a business plan originally prepared by another ChemTreat employee; it is an Excel spreadsheet that includes certain formulas to make seals and business projections. It contains the categories of data that the Plaintiffs factor into setting sales goals for its employees. This information has sufficient competitive value that Ridley used it as the model to

4

develop his business plan for ChemTreat, and other competitors could use the attached business plan to assess how Plaintiffs develop sales projections and use that to compete for sales representatives in this highly-competitive industry. However, the specifics of the business plan model are not essential for the public at large to understand the larger issues presented by Ridley's misappropriation of this (and other) information and his and ChemTreat's use of this information for their respective benefits. Moreover, because the document as a whole is confidential, and could not be redacted in way that does not disclose the confidential information about the data that goes into the business projections, the entire document should be filed under seal.

- **JE-21** is an offer letter from Plaintiffs to a former employee who, like Ridley, left Ecolab to join ChemTreat. The document contains details about the salary, bonuses, and the metrics that will be used to calculate incentive compensation. While this information has little value to the public interested in the resolution of this matter, the details could have competitive value for other companies in this industry in establishing competitive deals for targeted recruits, and could give another company an unfair advantage in recruiting employees by setting deals with knowledge of what Plaintiffs will likely use for salary and incentive compensation. The offer letter at issue is less than three years old, so the information contained therein is not stale and would have competitive value for others in this industry.

  Submitted herewith is a redacted copy of **JE-21**, with the salary, potential bonus amounts, and calculation of incentive compensation redacted. Plaintiffs submit that the rest of the offer letter may be publicly filed, as the remaining contents does not reflect any unique confidential business information or trade secrets of Plaintiffs.

- **JE-25** is Nalco's template for a Program Administration Manual, with certain information having been filled in for one of Plaintiffs' customers. While the information contained therein is highly confidential, the format of the document is also a valuable trade secret, one that would have immeasurable competitive advantage to any individual or company who wanted to model Plaintiffs' plans for treatment and follow-up for individual customers. JE-25 details the information Plaintiffs consider regarding the chemical composition of the water, specific amounts and products used in the treatment phase, and the fees charged for specific products and services provided as part of the particular project. The potential value of this document to competitors of Plaintiffs cannot be measured. Because the format of the document is as valuable to potential competitors as the content, the document cannot be redacted and, respectfully, Plaintiffs submit that the entire document should be filed under seal.

- **JE-26** was, per the metadata, titled Training Draft, but the contents of the document represent a service plan developed for a specific site of one of Plaintiffs' customers. The document contains specific information regarding the scheduled service tasks and applications, including how often such services are to be performed, for the specific customer location, which would be valuable information for any competitor looking to make a pitch to perform the same services as Plaintiff provides for that client.

- Submitted herewith is a redacted version of **JE-26**, with the client name, specific tasks and products, and prices redacted. Plaintiffs submit that the redacted document appropriately balances the public's right of access to judicial proceedings with Plaintiffs' legitimate business interest in protecting customer-specific information from needless disclosure.

- **JE-27** is an internal PowerPoint presentation used to educate Plaintiffs' employees on the best practices for dealing with closed loop systems, which are frequently employed in water management systems. While this document does not contain customer-specific information, it represents the accumulation of several years of knowledge and experience, developed through Plaintiffs' trial-and-error efforts to determine what works best, and what should be avoided, as it relates to the mechanical, operational, chemical, and monitoring aspects of the system. It includes recommendations on the type and amount of particular chemical productions to be used, recommendations on system design, and other insider tips that Plaintiffs have developed over time. While some of this information may be known or available through public sources in various places, this particular document represents Plaintiffs' proprietary determination of what works, and what doesn't, and it would be a competitive advantage to other companies in this industry to see how Plaintiff approaches closed loop systems and modify their own approach accordingly, getting the proprietary information Plaintiffs accumulated over the years without putting in the work. In contrast, this document has little if any value to the general public in understanding the claims and defense in this litigation. Moreover, Plaintiffs respectfully submit that, because of the intermingling of some publicly-available information with the confidential and trade secret information that Plaintiffs have developed over time, the parties submit, respectfully, that the entire document should be sealed given it high potential value to competitors.

- **JE-28** is a personal service report prepared by one of Plaintiffs' employees for a specific customer. This document contains detailed information on the results of the analytics performed during the service visit for one of Nalco's customers, and therefore contains proprietary information about the customer, in addition to the identification of the different aspects of the routine analysis Nalco conducts during an ordinary service visit. There is little conceivable benefit to the public from this information, but the information could provide valuable information on this particular customer's system as well as the services that Plaintiffs provide to that customer and to other customers who received routine services from Plaintiffs.

  Plaintiffs are submitting with this Response a redacted version of **JE-28**, which redacts the customer-specific information but otherwise demonstrates the form and evidences some of the detail included in the document Plaintiffs allege was taken by Ridley.

- **JE-29** is a copy of a seven-page summary of the proposed agreement between Plaintiffs and a customer that sets out the scope, general description of the terms of the proposed agreement, and action items that will be part of the arrangement between Plaintiffs and the customer. Even though this document outlines the terms of the proposed agreement and is not the final agreement, the negative impact of this information – the proposed

6

terms of a deal between Plaintiffs and a customer – getting in the hands of competitors would be significant, whereas this information, concerning a contract that has no bearing on this case other than as an example of the trade secret information at issue, has no value to any member of the public with an interest in the claims asserted in this case.

With due regard for the balance to be struck, Plaintiffs submit that it is not possible to redact confidential and proprietary information because the proposed agreement, and its terms, is an integrated document and in its entirety represents some of Plaintiffs' more confidential and proprietary documents. It is not possible to identify the terms that, standing alone, would not provide a competitor with an edge and remove the remaining terms from the document. The entire document should be filed under seal, and the public's interest in fair proceedings should be adequately served by the description contained herein and in the summary judgment pleadings.

- **JE-30** is a Billing Agreement/Scope of Work between Plaintiffs and the same customer for whom the service report identified as JE-28 was prepared. This Billing Agreement/Scope of Work sets out the specific details of the project and the amount that would be billed for the work to be performed. None of this information serves the public interest, and it does not materially advance the public's understanding of the dispute to know the specific details of the trade secret information at the center of this case. In contrast, such detailed information could provide a competitive benefit to other companies in the industry, and would disclose the terms of a confidential agreement involving a non-party to this litigation.

  Plaintiffs have redacted the customer-specific information from the **JE-30**, including some of the specific recommendations made for the customer based on Plaintiffs' trade secret information. The redacted version of the document should be publicly filed to strike the balance between Plaintiffs' need to protect confidential information with the public's right of access.

- **JE-31** is an expense report from a training program Plaintiffs sponsored for its personnel. The expense report lists a number of current and former employees who have no involvement in this matter other than that a document including their names was, Plaintiffs allege, taken by Ridley in preparation for his move to ChemTreat. Plaintiffs submit that as a matter of privacy it is appropriate to redact these employees' names, and there is no loss to the public from the redaction of this very limited bit of information from the expense report. A redacted version of **JE-31** is being submitted herewith.

- **JE-32** is a quote for the sales price of a piece of equipment sent to a customer by Plaintiffs. The price for this particular equipment is set by weight and therefore would offer competitors the ability to set their prices for similar products to undercut Plaintiffs' pricing and potentially unfairly divert business from Plaintiffs. While this information may have value for those within the industry, the details of this particular transaction do not have any particular interest for the public at large.

7

A redacted version of **JE-32** is being submitted with this Response. The identifying information regarding the customer, the unit price and number of units, and total price have been redacted; all other information will be available to the public.

- **JE-33** is a PowerPoint that is intended to "pull all of the components of the Nalco cooling water offering together," in order to "help the sales engineers practice the skills needed to make calls on competitively held business." The document includes key details of Plaintiffs' sales strategy for this particular product and would be the playbook for a competitor to understand and undermine Plaintiffs' business.

    Plaintiffs have, however, upon review made the determination that less than half of the information within **JE-33** is appropriately characterized as confidential or proprietary business information or represents Plaintiffs' trade secret approach to training its sales force. Plaintiffs have redacted only the information that Plaintiffs have a reasonable, good-faith belief could have competitive value for other companies in this industry.

- **JE-34** is, like JE-33, a document used in connection with training and improvement of Plaintiffs' sales force. The document is a score card on which a sales representatives skills in a role play situation are assessed, and provides information on which skills Plaintiffs expect its sales representatives to have. This information, particularly in combination with JE-33, could be detrimental to Plaintiffs if it got into the hands of competitors who wanted to better understand how Plaintiffs develop and improve their sales force. That said, consistent with the high burden for documents under seal, Plaintiffs have redacted a single metric where the description refers to some proprietary offerings of Plaintiffs and a redacted version of **JE-34** is being submitted herewith.

- **JE-35** contains the technical notes for a service visit to the same customer whose information was included in JE-28 and JE-30. The document is full of confidential information concerning the customer's water system and Plaintiffs' trade secret information in the form of the corrective actions recommended and/or taken to address various issues identified during the service visit. The format of the report, including the specific areas reviewed as part of the service report, further provides insight on Plaintiffs' approach to maintaining and servicing the water treatment systems of its customers. This information, while potentially highly valuable for competitors, would have little to no value for any members of the public with an interest in the civil judicial system.

    Again, with an understanding of the balance underlying any request to seal documents, Plaintiffs have prepared a redacted version of **JE-35**. Limited information about certain proprietary products of Plaintiffs has been redacted, and the customer's identifying information has been redacted from **JE-35a**, which is the metadata report for JE-35.

- **JE-36** is a lengthy PowerPoint presentation that Plaintiffs prepared for a meeting with one of its customers. The PowerPoint contains some general information on Nalco's business and customer service strategies as well as detailed information on recent

8

projects undertaken for this specific client, the cost savings realized as a result of those projects, and examples of the type of real-time data customers can have access to through certain of Plaintiffs' analytics. This is a confidential business document that outlines in detail a number of ways that Plaintiffs partner with customers, and other companies in the industry could use this document to guide their own interactions with customers and potential customers. Plaintiffs have prepared a redacted version of this document, with the customer's name, the name of certain of Plaintiffs' employees who are not involved in this matter, and certain specific details regarding the services the Plaintiffs provided to that customer. Redacted **JE-36** is being submitted herewith.

- **JE-38** is the template for a proposal for business services to be sent to prospective clients. It would be valuable information to competitors who want to know how Plaintiffs pitch their services to potential customers, as it shows what goes into the proposal and the terms and conditions of the sale, and it is a confidential document that is not available to Plaintiffs' competitors. The proposal itself expressly states that the information is confidential and only intended for use by the prospective customers. The template is an excellent exemplar of the type of confidential and trade secret information that was taken by Ridley in this action, but the details of the template are not necessary for the public to properly understand this litigation.

  Notwithstanding the foregoing, Plaintiffs are submitting with this Response a redacted version of **JE-38**, which redacts specific information related to payment terms, insurance coverage maintained by Plaintiffs, and projected savings as a result of the proposed services, as Plaintiffs have a reasonable belief that such information is not publicly available to their competitors and protecting the confidentiality of that information is critical to preventing competitors from obtaining an unfair advantage from a review of the docket in this matter.

- **JE-39** is a template for the proposed remote service plan for Plaintiffs to show prospective and actual customers how a remote service plan would operate. This template is confidential for the same reasons as JE-38, and comes with the same explicit confidential designation as JE-38. The template could be readily converted by a competitor for its own use in going after the same business opportunities as Plaintiffs, and its disclosure could be very detrimental to Plaintiffs while having minimal to no value for the public interested in this outcome of this action.

  Consistent with the law of this Circuits and this Court's directives, Plaintiffs reviewed the document and have redacted a portion of the document that reflects specific parts of the process Plaintiffs believe can be monitored remotely and what may still require in-person support; given the novelty of remote and automated services, some of this information may not be known to competitors and those competitors may seek to obtain a competitive advantage by relying on Plaintiffs' work to identify those services that could potentially be automated for customers. A redacted version of **JE-39** will be submitted.

- **JE-302** is the expert report of Plaintiffs' damages expert, Dana Trexler. Ms. Trexler's

9

report is full of highly confidential information about Plaintiffs' business that could be of incalculable value to Plaintiffs' competitors. It includes information on Plaintiffs' customer attrition rates, customer retention rates, and detailed information on the per-customer sales and gross margin for a three-year period. This information is highly confidential and Plaintiffs take every precaution to protect this information from unnecessary disclosure, as it would be extremely valuable to its competitors. The granular information contained in Ms. Trexler's report is not necessary for the public and it is precisely the type of highly confidential business information that courts in the Sixth Circuit have long recognized as the type of information that warrants sealing. Moreover, there is no reasonable way to redact the document, since the highly confidential information infuses all of Ms. Trexler's opinions and cannot be easily separated out. The entire report should be maintained under seal.

- **JE-25a, JE-26a, JE-27a, JE-28a, JE-29a, JE-30a, JE-31a, JE-32a, JE-33a, JE-34a, JE-35a, JE-36a, JE-38a,** and **JE-39a** are not stand-alone exhibits, but are included to show the metadata associated with the actual exhibits and to establish that the documents at issue were created by and were the property of Plaintiffs. Plaintiffs have no objection to filing these supplemental exhibits with exhibits that are being submitted in redacted format. Plaintiffs will, however, submit redacted versions of **JE-28a, JE-29a, JE-30a, JE-32a, JE-35a,** and **JE-36a** that redact the client identifying information in the file name contained in the metadata report.

Finally, with regard to ChemTreat's assertion that JE-7 is particularly unsuitable for sealing because the Plaintiffs "publicly displayed" it during the February 3, 2023 hearing before this Court. *See* Motion at 5. JE-7 is an email that Ridley sent to ChemTreat months before he resigned from Plaintiffs, and the email included, as an attachment, a business plan Ridley drafted while employed by Plaintiffs and using a model Plaintiffs developed. The document itself is not part of the public record; it is referred to during the arguments of counsel at the hearing, and while the some of the content of the email was read into the record, the contents of the attached business plan – which is Ecolab's confidential information – was not, and those contents cannot be discerned by the publicly available transcript of that hearing. *See* Transcript of February 3, 2023 Hearing, an excerpt of which is attached hereto as Exhibit 1.

*Exhibits to Motion to Exclude Certain Opinions of Laurence D. Lieb (ECF Dkt. No. 257)*

- **Exhibit 1** – Exhibit 1 to ChemTreat's Motion to Exclude Lieb's Opinion is, understandably, Lieb's Expert Opinion, which summarizes his forensic analysis of a data loss prevention system report. The report details his assessment of Ridley's actions in uploading and downloading documents from Plaintiffs' computer systems to cloud-based storage, an external hard drive, and USB devices. The details contained in the report include file names that reveal the names of customers or contacts, information that should not be made available to Plaintiffs competitors.

  Plaintiffs are submitting herewith a redacted version of Lieb's report – the portions of the file names that reveal customer or contact information have been redacted in order to protect this information from unwarranted disclosure to Plaintiffs' competitors.

- **Exhibit 6** – Exhibit 6 is a copy of Plaintiffs' internal procedure for review of employee data in the context of an investigation of data security incident. These are Plaintiffs' internal procedures for investigation of an employee-related information security issue and the result of Plaintiffs' iterative development over time of the appropriate procedure to identify, investigate, and address any internal incidents. Plaintiffs' work product in this regard is confidential and should not be disclosed to competitors and others to build on Plaintiffs' work product and efforts. Because the entire document represents this work production, redaction would not be a reasonable alternative.

- **Exhibit 7** – This spreadsheet is an export of information from the data loss prevention report run by Plaintiffs, and lists tens of thousands of file names that provide information on Plaintiffs' customers and prospective customers, services provided for those customers, and other confidential business information. Although this document has limited if any value for members of the public, it would be a rich source of competitive information on Plaintiffs' business activities for those in the same field. Redaction of the file names and data in which the file name is replicated in part or in full would be essential to ensure that information about clients and other confidential business information is protected, but the volume of this information compared to the other data on the spreadsheet would be unduly burdensome.

- **Exhibit 9** – This spreadsheet, which contains the results of the Office 365 Audit Log that Plaintiffs ran to identify some of Ridley's computer activity in the month before he left Plaintiffs to join ChemTreat, contains similar information to Exhibit 7 and should be sealed for the same reasons.

*Exhibits to Motion to Exclude Certain Trade Secrets Damages Opinions of Dana M. Trexler (ECF Dkt. No. 266)*

- **Exhibit 1** – Exhibit 1 is the expert report of Trexler, which is the same document as JE-302 in the Joint Appendix for the summary judgment motions, and for the reasons set forth above the document should be under seal due to the highly confidential nature of the business information contained therein.

- **Exhibit 3** – This spreadsheet list the names of the files that Plaintiffs allege were unlawfully exfiltrated by Ridley. Those file names could potentially cause a competitive injury to Plaintiffs for the same reasons that the spreadsheet that are Exhibits 7 and 9 to the Motion to Exclude Certain Opinions of Lieb would; indeed, the files contained in this Exhibit are a subset of the files listed in those spreadsheets.

- **Exhibit 4 –** Exhibit 4 is an expert report submitted by ChemTreat to rebut the opinions proffered by Ms. Trexler in Exhibit 1. It relies on much of the same highly confidential business data as Trexler's initial report, including the breakdown by client of the sales made by Plaintiffs over a three-year period, and should be maintained under seal for the same reasons that Trexler's report should remain under seal.

- **Exhibit 5 and Exhibit 6** – these two exhibits contain the customer-specific information on sales and gross margin per customer for hundreds of Plaintiffs' customers. This information is highly confidential and should not be made available to Plaintiffs' competitors. These exhibits could not be redacted as essentially all of the information – the names of customers, the sales data, and the gross margin information – is highly confidential information about Plaintiffs' finances and the documents should be maintained under seal in full.

- **Exhibit 9** – Exhibit 9 is an excerpt from the deposition of Karry Mackie, a management-level employee of Naclo. The single page sought to be filed under seal contains testimony from Ms. Mackie relating to the financial information contained in the previously referenced spreadsheets and should be sealed for the same reasons.

*Exhibit to Motion for Sanctions under Rule 37(b)(2) (ECF Dkt. No. 268)*

- **Exhibit 12** – This exhibit is the same document as Exhibit 6 to the Motion to Exclude Certain Opinions from Lieb, and it should be permitted to be filed under seal for the same reasons as set forth above.

*Exhibit to ChemTreat's Motion for Sanction for Spoliation (ECF Dkt. No. 276)*

- **Exhibit 15 –** Exhibit 15 to this Motion is also the same document as Exhibit 6 to the Motion to Exclude Certain Opinions from Lieb, and it should be permitted to be filed under seal for the same reasons as set forth above.

## **CONCLUSION**

Each of the documents detailed herein contain either confidential business information or trade secret information that, if released through a public filing, could be used by Plaintiffs' competitors to obtain information on Plaintiffs' customers, sales techniques, pricing, and business

practices. These documents represent just a subset of the documents that are exhibits to the pending motions, and filing these documents under seal will not prevent members of the public from understanding the case or hinder the ability of people to ensure that the purposes of public access to judicial proceedings are served.

DATED: June 8, 2023

Respectfully submitted,

ECOLAB INC. NALCO COMPANY, LLC
d/b/a Nalco Water, an Ecolab Company
and/or Nalco Water,

By: /s/ David J. Walton
J. Gregory Grisham (TN BPR#013810)
FISHER & PHILLIPS LLP
1715 Aaron Brenner Drive, Suite 312
Memphis, Tennessee 38120
Telephone: 901.526.0431
Fax: 901.526.8183
ggrisham@fisherphillips.com

David J. Walton
(*pro hac vice*)
FISHER & PHILLIPS LLP
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone: 610.230.6015
Fax: 610.230.2151
dwalton@fisherphillips.com

Edward G. Winsman
(*pro hac vice*)
FISHER & PHILLIPS LLP
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone: 610.230.2142
Fax: 610.230.2151
ewinsman@fisherphillips.com

*COUNSEL FOR PLAINTIFFS*

**CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. Parties may access this filing through the Court's electronic filing system.

                                       */s/ David J. Walton*
                                       David J. Walton