UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| ECOLAB, INC., and NALCO COMPANY, LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water,<br><br>    Plaintiffs,<br><br>v.<br><br>ANTHONY RIDLEY and CHEMTREAT, INC.,<br><br>    Defendants. | No. 1:22-cv-00050-TRM-SKL<br><br>Hon. Travis McDonough<br><br>Magistrate Judge Susan K. Lee |

**PLAINTIFFS ECOLAB, INC. AND NALCO COMPANY, LLC'S MEMORANDUM IN OPPOSITION TO DEFENDANT CHEMTEAT, INC.'S MOTION FOR RULE 37(b)(2) SANCTIONS**

Plaintiffs Ecolab, Inc. and Nalco Company, LLC ("Plaintiffs"), by and through their undersigned counsel, hereby file their Memorandum in Opposition to Defendant ChemTreat, Inc.'s (ChemTreat") Motion for Rule 37(b)(2) Sanctions. Plaintiffs respectfully submit that, for the reasons set forth below, ChemTreat's Motion should be denied in its entirety.

**INTRODUCTION**

ChemTreat's Motion for Sanctions is nothing more than a rehash of all its discovery complaints throughout this litigation. All of which have already been decided and ruled on substantively by this Court. In fact, the only new argument ChemTreat raises in the instant motion relates to a sworn certification, which Plaintiffs produced. But regardless, and for the first time in its motion for sanctions, ChemTreat asserts the sworn certification is non-compliant. ChemTreat's dissatisfaction with Plaintiffs' sworn certification could have been addressed in a phone call or e-mail. But ChemTreat is trying to play "gotcha." Instead of resolving the issue by a phone call or

1

FP 47487606.3
Case 1:22-cv-00050-TRM-SKL  Document 300  Filed 06/22/23  Page 1 of 16  PageID #: 9976

email, ChemTreat is using the "verification" issue as an excuse seek an improper dismissal of this action. ChemTreat now requests sanctions against Plaintiffs pursuant to Federal Rule of Civil Procedure 37(b)(2), including dismissal of all Plaintiffs' claims against ChemTreat, with prejudice. Alternatively, ChemTreat seeks certain designated facts related to Plaintiffs' damages be taken by the Court as established.

ChemTreat has not met—nor will it ever be able to meet—the high burden of proof required for the Court to impose such harsh sanctions on Plaintiffs. And, more importantly, any sanctions against Plaintiffs are wholly unwarranted. Indeed, within three weeks ***after*** receiving a clear preservation notice from Plaintiffs, Ridley deleted Nalco files from Nalco flash drives; he wiped thousands of Nalco files from an external hard drive; and ChemTreat completely wiped Ridley's work computer. This spoliation created many of the discovery issues in this case—not Plaintiffs. Now, despite the fact that the Court has already ruled upon the issues raised in the instant motion, ChemTreat has the audacity to seek sanctions against Plaintiffs for information that was permanently deleted by Defendants and through no fault of Plaintiffs.

ChemTreat's motion should be denied because Plaintiffs complied with their discovery obligations under the Federal Rules of Civil Procedure and consistent with this Court's orders. First, Plaintiffs provided ChemTreat with a "sworn certification" to attest to the accuracy of their discovery representations. Second, Plaintiffs produced the responsive documents which form the basis of ChemTreat's motion. Third, this Court already determined that Plaintiffs did not fail to use reasonable search efforts and that Plaintiffs are not required to produce documents already in ChemTreat's possession. Plaintiffs always acted in good faith to fulfill their discovery obligations throughout this litigation. And at no point did Plaintiffs willfully violate any of this Court's directives. As such, ChemTreat's motion should be denied in its entirety.

2

FP 47487606.3
Case 1:22-cv-00050-TRM-SKL   Document 300   Filed 06/22/23   Page 2 of 16   PageID #: 9977

Moreover, even if sanctions were warranted—which they are not—ChemTreat's Motion should be denied because it is procedurally improper.[1] Indeed, this Court's February 24, 2023 Order made clear: the parties are barred from filing any renewed discovery motions for sanctions "unless the parties have first engaged in mediation to resolve this case." [Doc. 158]. To date, the parties have not engaged in mediation. Accordingly, ChemTreat's Motion for Rule 37(b)(2) Sanctions, premised on alleged discovery violations, is premature and should be denied in its entirety.

## ARGUMENT

ChemTreat seeks extreme and unjustified sanctions based upon unfounded accusations that Plaintiffs intentionally withheld responsive documents during discovery and deliberately disobeyed this Court's Orders. On the contrary, Plaintiffs always acted in good faith to cooperate in discovery and complied with their discovery obligations under the Federal Rules of Civil Procedure and in accordance this Court's directives. But regardless, Plaintiffs' motion is procedurally improper because the parties have yet to participate in Mediation, rendering the motion premature. As such, and for the reasons explained more fully below, the Court should deny ChemTreat's motion for sanctions in its entirety.

### I.  Plaintiffs Complied with the Court's April 14, 2023 Order.

The ***only new argument*** raised in ChemTreat's motion for sanctions is that Plaintiffs failed to provide a "sworn certification" per the April 14, 2023 Order. The April 14, 2023 Order directed Plaintiffs to provide a "sworn certification" and produce certain responsive, non-privileged documents by April 19, 2023. [Doc. 212]. Plaintiffs complied with this Order. And ChemTreat never once raised any objection to Plaintiffs' Discovery Certifications. Rather, for the first time in

---

[1] Plaintiffs' Motion to Strike Defendant ChemTreat's Motion for Rule 37(b)(2) Sanctions is currently pending. [Doc. 286].

this Motion, ChemTreat argues that Plaintiffs' Discovery Certifications are improper. This is an issue that could have been addressed by a simple phone call or e-mail. ChemTreat's instant motion was unnecessary. Rather than working cooperatively, ChemTreat once again chose to inundate this Court with needless discovery motion practice. Plaintiffs respectfully submit the motion should be denied in its entirety.

### A. Plaintiffs provided ChemTreat with a sworn certification.

On April 19, 2023, Plaintiffs provided ChemTreat with a Discovery Certification, signed by counsel. [*See* Exhibit A]. The sworn certification pertains to RFP Nos. 1-3, 7-9, 20-22, 27, 39-40, 43-44, 45, 56-57, 66-68, 72, 75-77, and 89-91 and attests to the accuracy of Plaintiffs' discovery representations—in compliance with the April 14, 2023 Order. Additionally, on April 27, 2023, Plaintiffs provided ChemTreat with a supplemental Discovery Certification, signed by counsel. [*See* Exhibit B]. The supplemental sworn certification pertains to RFP Nos. 48-53 and 78-82 and attests to the accuracy of Plaintiffs' discovery representations—in compliance with the April 14, 2023 Order. There is simply no basis for ChemTreat's motion.

To the extent ChemTreat seeks a party Verification—which was not indicated in the Court's April 14, 2023 Order—Plaintiffs, in good faith, obtained a sworn certification, signed by an Ecolab representative attesting to Plaintiffs' discovery representations. [*See* Exhibit C]. If ChemTreat asked for this, we would have provided this without troubling the Court.

### B. Plaintiffs produced responsive documents and used reasonable search methods.

ChemTreat further alleges that sanctions are warranted because Plaintiffs did not produce responsive documents called for in the April 14, 2023 Order. This assertion is wholly without merit.

4
FP 47487606.3
Case 1:22-cv-00050-TRM-SKL   Document 300   Filed 06/22/23   Page 4 of 16   PageID #: 9979

First, ChemTreat claims that Plaintiffs failed to produce documents responsive to RFP Nos. 20-22 and 27 seeking documents related to Plaintiffs' efforts to preserve Ridley's devices. ChemTreat argues that Insight, one of Plaintiff's vendors, produced an email exchange between Insight and one of Plaintiff's employees on April 19 (merely a few hours prior to Plaintiffs' April 19 Discovery Certification). ChemTreat contends this email exchange was responsive to RFP Nos. 20-22 and 27, and that Plaintiffs failed to produce this document, questioning the validity and reasonableness of Plaintiffs' search for responsive documents. The Court directly addressed this very same argument in its April 14, 2023 Order. [Doc. 158 at Page ID # 3741-3742]. In fact, the Court ruled that since ChemTreat was already in possession of the email exchange—as it is here—Plaintiffs were not required to produce it and denied ChemTreat's request for an additional copy of the Insight email exchange. *Id.* Further, the Court was not persuaded that the existence of the email exchange revealed any inadequacy with Plaintiffs' search efforts requiring further Court intervention. *Id.* And as indicated in Plaintiffs' Discovery Certification and sworn certification, Plaintiffs used reasonable and proportional methods to search for documents responsive to RFP Nos. 20-22 and 27. [*See* Exhibits A & C].

Second, this Court previously ruled upon RFP Nos. 48-53 regarding Plaintiffs' efforts to protect their trade secrets. Specifically, ChemTreat seeks a copy of the "DLP-Data Loss Prevention" policy, which this Court ordered to be produced. *Id.* at Page ID # 3745. Unfortunately, and as indicated to ChemTreat in Plaintiffs' Discovery Certification, Plaintiffs are unable to locate the policy and continue to diligently search for the policy. In the event Plaintiffs locate the policy, it will be provided accordingly. Regardless, there is no substantive value to the DLP policy—this is discovery for the sake of discovery—which ChemTreat is well aware. Moreover, as indicated in Plaintiffs' Supplemental Discovery Certification and sworn certification, Plaintiffs used

5

FP 47487606.3

Case 1:22-cv-00050-TRM-SKL   Document 300   Filed 06/22/23   Page 5 of 16   PageID #: 9980

reasonable and proportional methods to search for documents responsive to RFP Nos. 48-53. [*See* Exhibits B & C]. Plaintiffs' inability to locate the policy is surely not grounds for sanctions.

Third, ChemTreat asserts that Plaintiffs did not produce responses, and failed to certify that no responsive documents exist, as to RFP Nos. 78-82 regarding harm and damages. Notably, this Court acknowledged the obvious overbreadth of RFP Nos. 78-82. *Id.* at Page ID # 3751. But in any event, Plaintiffs have produced responsive documents relevant to their damages. Plaintiffs timely produced the expert report of Dana Trexler, which outlines Plaintiffs' damages. And Plaintiffs have further produced all documents reviewed and/or relied upon by Ms. Trexler. In particular, Plaintiffs have produced numerous "fact packs" covering an expansive period of time that reflect not only the value of the information that was misappropriated but also provide financial and other information concerning specific customers that were lost or that reduce their business with Plaintiffs. The Court held that ChemTreat was entitled to more than what Plaintiffs have thus far produced, but ChemTreat was to narrow these RFP. *Id.* Importantly, the Court stated that it lacked sufficient information to order any specific production and ordered the parties to meet and confer in good faith. *Id*. Following the meet and confer, Plaintiffs advised ChemTreat's counsel that Plaintiffs are not claiming damages for the loss of specific customers at this time. [*See* Exhibit B]. Rather, Plaintiffs are seeking recovery of damages as detailed in Ms. Trexler's February 24, 2023 expert report. *Id.* And as mentioned above, Plaintiffs have produced all documents reviewed and relied upon by Ms. Trexler. Lastly, as indicated in Plaintiffs' Supplemental Discovery Certification and sworn certification, Plaintiffs used reasonable and proportional methods to search for documents responsive to RFP Nos. 78-82. [*See* Exhibits B & C].

6
FP 47487606.3
Case 1:22-cv-00050-TRM-SKL   Document 300   Filed 06/22/23   Page 6 of 16   PageID #: 9981

## II. Case-Terminating Sanctions are Extreme and Unjustified.

The Sixth Circuit has provided a list of four factors that should be considered before dismissing a case for a discovery violation:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366 (6th Cir. 1997) (internal quotations omitted). ChemTreat woefully fails to show that Plaintiffs' conduct in this litigation meets this controlling test. First, Plaintiffs always cooperated in discovery in good faith and never willfully violated their discovery obligations. Second, ChemTreat was not prejudiced in any way. Third, Plaintiffs were never warned that dismissal was even a possibility. And fourth, Plaintiffs have not been subjected to sanctions throughout this litigation.

Indeed, Plaintiffs' conduct does not give rise to the level of egregiousness required to impose such harsh sanctions sought by ChemTreat. Plaintiffs were not even aware that ChemTreat took issue with their Discovery Certifications until ChemTreat filed the instant motion.

Notably, it is Defendants' spoliation that has caused many of the discovery issues throughout this litigation—not Plaintiffs. Defendant Ridley permanently deleted thousands of Plaintiffs' files from a personal external hard drive *following* his receipt of Plaintiffs' preservation notice. And ChemTreat wiped Ridley's work laptop *following* its receipt of Plaintiffs' preservation notice. Yet even though the Court has already ruled upon the issues raised in the instant motion, ChemTreat seeks sanctions against Plaintiffs for information that was permanently deleted by Defendants and through no fault of Plaintiffs. ChemTreat's motives are clear: the instant motion

is nothing but discovery games. Dismissal of all Plaintiffs' claims against ChemTreat is extreme and unjustified and Plaintiffs' motion should be dismissed in its entirety.

### A. Plaintiffs acted in good faith to fulfill their discovery obligations.

Whether a party's failure is due to willfulness, bad faith, or fault "requires a clear record of delay or contumacious conduct." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). "Contumacious conduct refers to behavior that is 'perverse in resisting authority' and 'stubbornly disobedient.'" *Id.* at 704-05 (quoting *Schafer v. City of Defiance Police Dep't*, 529 F. 3d 731, 737 (6th Cir. 2008). The Plaintiffs' "conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [their] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (internal quotations omitted).

The only conduct at issue here is Plaintiffs' alleged failure to timely provide ChemTreat with the sworn certification. Unlike other cases where the Sixth Circuit has affirmed *sua sponte* dismissals, here, Plaintiffs' conduct is certainly not so egregious to warrant dismissal with prejudice. *See Rogers v. City of Warren*, 302 Fed. Appx. 371, 377 (6th Cir.2008); *Coston v. Detroit Edison Co.*, 789 F.2d 377, 379 (6th Cir. 1986) (affirming dismissal for failure to appear at scheduled pretrial conferences); *Harmon*, 110 F.3d at 368 (affirming dismissal and finding the plaintiff's conduct to be "stubbornly disobedient and willfully contemptuous" where the plaintiff, for nearly one year, failed to respond to discovery requests and a motion to compel, did not comply with a court order, and filed no response to a motion to dismiss even after the district court granted an extension).

While the *Harmon* court upheld dismissal for failure to respond to discovery requests, the circumstances giving rise to that dismissal are not even remotely analogous to the instant matter. Here, Plaintiffs provided ChemTreat with all responsive, non-privileged documents. They did not

fail to respond to ChemTreat's discovery requests, nor did they blatantly ignore the Court's Order. Further, on April 19, 2023, Plaintiffs provided ChemTreat with a Discovery Certification, signed by counsel. [*See* Exhibit A]. The sworn certification pertains to RFP Nos. 1-3, 7-9, 20-22, 27, 39-40, 43-44, 45, 56-57, 66-68, 72, 75-77, and 89-91 and attests to the accuracy of Plaintiffs' discovery representations—in compliance with the April 14, 2023 Order. Additionally, on April 27, 2023, Plaintiffs provided ChemTreat with a supplemental Discovery Certification, signed by counsel. [*See* Exhibit B]. The supplemental sworn certification pertains to RFP Nos. 48-53 and 78-82 and attests to the accuracy of Plaintiffs' discovery representations—in compliance with the April 14, 2023 Order. Plaintiffs' actions certainly do not constitute contumacious conduct.

Moreover, to the extent ChemTreat contends Plaintiffs were required to produce a party Verification, which was not indicated in the Court's April 14, 2023 Order—Plaintiffs, in good faith, obtained a sworn certification, signed by an Ecolab representative attesting to Plaintiffs' discovery representations. [*See* Exhibit C].

### B. ChemTreat was not prejudiced.

Further, ChemTreat's instant Motion for Sanctions is essentially a motion for reconsideration as the issues raised have already been decided by and ruled on substantively by this Court. [Docs. 191; 209; 212]. The only new argument raised in the instant motion is related to the sworn certification. Importantly, at the time ChemTreat filed the instant motion, Plaintiffs provided ChemTreat with all responsive, non-privileged documents, along with the Discovery Certification and Supplemental Certification. ChemTreat never told Plaintiffs that their Discovery Certifications were inadequate. Any issues ChemTreat took with Plaintiffs' Discovery Certifications could have been addressed over a phone call or email; yet ChemTreat elected for unnecessary motion practice. Thus, ChemTreat was not forced to unnecessarily expend time,

9

money, and effort to procure Plaintiffs' cooperation in discovery. Indeed, Plaintiffs were fully cooperative throughout discovery and ChemTreat was in possession of all responsive, non-privileged documents. Any issues ChemTreat had with Plaintiffs' Discovery Certification could have been dealt with without the Court's involvement.

Likewise, to the extent Plaintiffs contend ChemTreat was required to produce a party Verification, that Verification has now been produced and that in no way impacted ChemTreat's ability to prepare a defense. ChemTreat received Plaintiffs' Discovery Certification on April 19, 2023 and the Supplement Discovery Certification on April 27, 2023 and the Ecolab Verification essentially adopts the representations made by counsel in the Discovery Certifications. Further, Plaintiffs were provided with all answers to document requests. There is no information of critical relevance to Plaintiffs' claims and the remedies they seek that Plaintiffs have not provided to ChemTreat.

More specifically, ChemTreat contends that it will be prejudiced because it does not have documents regarding Plaintiffs' alleged damages. But as mentioned above, Plaintiffs timely produced the expert report of Dana Trexler, which outlines Plaintiffs' damages. And Plaintiffs have further produced all documents reviewed and/or relied upon by Ms. Trexler, including numerous "fact packs" covering an expansive period of time that reflect not only the value of the information that was misappropriated but also provide financial and other information concerning specific customers that were lost or that reduce their business with Plaintiffs. Additionally, Plaintiffs advised ChemTreat's counsel that Plaintiffs are not claiming damages for the loss of specific customers at this time. Rather, Plaintiffs are seeking recovery of damages as detailed in Ms. Trexler's February 24, 2023 expert report, which had been provided to ChemTreat. Thus,

there is no prejudice to ChemTreat's ability to develop its defense. On the contrary, any prejudice in this case has been caused by Defendants' spoliation—not Plaintiffs.

    **C.**    **Plaintiffs did not receive notice of the possibility of dismissal.**

Plaintiffs were never warned of the possibility of dismissal. To the contrary, this Honorable Court's February 24, 2023 Order provides as follows:

> **Any renewed request for sanctions or to alter the deadlines of the January 11 Order must be supported with appropriate evidence, and shall not be filed <u>unless the parties have first engaged in mediation to resolve this case</u>.** If said mediation does not resolve this case in whole, any renewed motion must be filed within seven days of the conclusion of the mediation, along with the mediation report required by Eastern District of Tennessee Local Rule 16.4(m). As addressed in more detail in the hearing, the parties are forewarned that their ongoing discovery disputes may lead to appropriate sanctions. *See* Fed. R. Civ. P. 37(b)(2)(C) ("Instead of or in addition to [any nonmonetary sanctions], the court **must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees**, … unless the failure was substantially justified or other circumstances make an award of expenses unjust.").

[Doc. 158 at Page ID # 2448] (first emphasis added). The Court's Order expressly bars and forbids the parties from moving for discovery sanctions until after the parties' have engaged in mediation of this case. To date, no such mediation has taken place. Therefore, it is illogical that Plaintiffs could have been placed on notice that dismissal was a possibility when the Court unequivocally prohibited any discovery sanctions until the parties participate in Mediation.

    **D.**    **Plaintiffs have not been subjected to any sanctions throughout this litigation.**

ChemTreat contends the Court has already imposed lesser sanctions on Plaintiffs, however, the record in this matter demonstrates that this Court continually elected not to impose sanctions upon Plaintiffs. By way of example, in its February 24, 2023 Order the Court denied ChemTreat's request for monetary sanctions. [Doc. 158 at Page ID # 2447-2448]. In fact, the Court expressly

stated that it "has not determined such sanctions are warranted and ChemTreat has not supported its request with evidence of any specific award." *Id.* at Page ID # 2448. Similarly, it its March 31, 2023 Order the Court denied Defendant Ridley's request for sanctions and indicated that "neither side is entitled to any relief or sanctions based on the records before this Court." [Doc. 201 at Page ID # 3363]. And again, in its April 14, 2023 Order the Court recognized that ChemTreat reserved its right to seek sanctions against Plaintiff, but since no actual request was made, the Court declined to address the topic further. [Doc. 212 at Page ID # 3752].

**III. The Court Should Not Sanction Plaintiffs by Taking as Established the Matters Embraced in the Discovery Order Because Plaintiffs' Complied with their Discovery Obligations.**

Alternatively, ChemTreat seeks certain designated facts be taken by the Court as established, including:

(1) Plaintiffs have not suffered any damages as a result of the actions of ChemTreat or Ridley;

(2) Plaintiffs have not lost any customers as a result of the actions of ChemTreat or Ridley;

(3) Plaintiffs have not suffered any harm, including to their goodwill, as a result of the actions of ChemTreat or Ridley;

(4) Plaintiffs did not make any efforts to mitigate any harm they could have suffered as a result of the actions of ChemTreat or Ridley; and

(5) Plaintiffs have not lost any business as a result of the actions of ChemTreat or Ridley.

For the same reasons the Court should not dismiss Plaintiffs' claims against ChemTreat, the Court should not sanction Plaintiffs by taking as established the matters embraced in the April 14, 2023 Order. Specifically, as discussed at length above, Plaintiffs produced all non-privileged documents responsive to RFPs 78-82 relating to Plaintiffs' damages. Thus, there is simply no

justification for ChemTreat's request that the Court take as establish the matters embraced in the discovery order related to plaintiffs' damages.

**IV.     ChemTreat's Motion Should be Denied Because it is Procedurally Improper.**

Lastly, ChemTreat's Motion for Sanctions is procedurally defective because it violates this Honorable Court's February 24, 2023 Order [Doc. 158]. As discussed above, and in Plaintiffs' pending Motion to Strike [Doc. 286], the Court's Order explicitly prohibits the parties from moving for discovery sanctions until after the parties' have engaged in mediation of this case. To date, the parties have not engaged in mediation. Accordingly, ChemTreat's Motion for Sanctions, premised on alleged discovery violations, is premature and should be denied.

Moreover, ChemTreat's motion is nothing more than a motion to compel discovery repackaged as a motion for sanctions. As Judge Lee made clear, the time for filing discovery motions was while discovery was pending:

> In order to fairly and properly confine the discovery period so that it does not interfere with other aspects of the case, discovery-related motion practice must conclude before the end of the discovery period.

[Doc. 137 at Page ID # 1822]. ChemTreat should not be permitted to get what is, in essence, a second bite at the discovery motions by reframing the pleading as a motion for sanctions under Rule 37(b)(2). Nor should ChemTreat be permitted to now seek relief for issues that could and should have been fully adjudicated while discovery was pending. ChemTreat's motion is procedurally improper, and therefore, it should be denied in its entirety.

13
FP 47487606.3
Case 1:22-cv-00050-TRM-SKL   Document 300   Filed 06/22/23   Page 13 of 16   PageID #: 9988

## **CONCLUSION**

Based on the foregoing, Plaintiffs Ecolab, Inc. and Nalco Company, LLC respectfully request that Defendant ChemTreat, Inc.'s Motion for Rule 37(b)(2) Sanctions be denied in its entirety.

Dated this 22nd day of June 2023.

Respectfully submitted,

ECOLAB INC. NALCO COMPANY, LLC
d/b/a Nalco Water, an Ecolab Company
and/or Nalco Water

By:   */s/ David J. Walton*
J. Gregory Grisham (TN BPR#013810)
FISHER & PHILLIPS LLP
1715 Aaron Brenner Drive, Suite 312
Memphis, Tennessee 38120
Telephone: 901.526.0431
Fax: 901.526.8183
ggrisham@fisherphillips.com

David J. Walton
(*pro hac vice*)
FISHER & PHILLIPS LLP
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone: 610.230.6015
Fax: 610.230.2151
dwalton@fisherphillips.com

Edward G. Winsman
(*pro hac vice*)
FISHER & PHILLIPS LLP
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone: 610.230.2142
Fax: 610.230.2151
ewinsman@fisherphillips.com

Pavneet Singh Uppal
(*pro hac vice*)
FISHER & PHILLIPS LLP
3200 North Central Avenue, Suite 1550
Phoenix, AZ 85012
Telephone: 602.281.3410
Fax: 602.281.3401
puppal@fisherphillips.com

COUNSEL FOR PLAINTIFFS

15
FP 47487606.3
Case 1:22-cv-00050-TRM-SKL   Document 300   Filed 06/22/23   Page 15 of 16   PageID #: 9990

## CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. Parties may access this filing through the Court's electronic filing system.

                                                       */s/ David J. Walton*
                                                       David J. Walton