UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ECOLAB, INC., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-050-TRM-SKL |
| | ) |
| ANTHONY RIDLEY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Despite the parties' ordered conferral [*see* Doc. 246], before the Court are Defendant ChemTreat, Inc.'s Consolidated Motion to File Under Seal [Doc. 272] and Motion to File Under Seal [Doc. 289] addressing numerous proposed sealed documents attached as exhibits to various pending motions. Apparently, all the proposed sealed documents were identified in discovery as confidential or "attorney eyes only" by Plaintiffs Ecolab, Inc. and Nalco Company, LLC.

ChemTreat indicates it only filed the motions because Plaintiffs refused to permit ChemTreat to file the documents unsealed in support of the pending motions. Overall, ChemTreat's position is that the documents do not "satisfy the high bar for sealing records." [Doc. 272 at Page ID # 6814]. In their response, Plaintiffs propose filing some of the documents with redactions, as opposed to sealing the entire document, but they do not retreat from their position that some entire documents and at least portions of all the documents contain confidential business information and trade secrets that should be sealed. ChemTreat replies, among other arguments, that all the documents should be filed unredacted/unsealed because Plaintiffs have not provided any evidentiary support for their position, despite the Court's Order which states that, "[a]t the very least, a party's assertion that information it seeks to seal constitutes legitimate trade secrets

must be supported by an affidavit." [Doc. 291 at Page ID # 8941 (quoting Doc. 6 at Page ID # 80)].

Whether ChemTreat has addressed/objected to each proposed redaction/proposed sealed document, as opposed to only some, is not clear to the Court. In addition, ChemTreat contends in a supplemental filing [Doc. 294] that Plaintiffs themselves have now filed several of the proposed sealed documents relating to the first motion to seal [Doc. 272] in the public record. Defendant Ridley has not taken a position regarding the motions to seal and the time for doing so as to the first filed motion has passed.

To assist the Court in addressing the motions to seal, Plaintiffs are **ORDERED** to, on or before June 29, 2023,[1] provide a chart substantially similar to the chart attached to this Order which:

(1) separately identifies by Docket Number any proposed sealed document/information/exhibit that Plaintiffs now agree may be filed in the public record;

**OR**

(2) identifies by Docket Number (and also by page reference for each redaction) any proposed sealed document/information/exhibit that they continue to seek to have filed sealed or redacted; **AND**

(a) for any proposed sealed document/information/exhibit identified in Number 2 above, said chart **SHALL** state whether the proposed sealed

---

[1] June 29 is also the date Plaintiffs' response to ChemTreat's motion to seal at Docket No. 289 is due. The Court will require ChemTreat to respond to Plaintiffs' supplemental filing ordered herein on the same date their reply in support of the motion to seal at Docket No. 289 would be due. Given the volume of proposed sealed documents/proposed redactions and the parties' inability to reach agreements on sealing/redacting issues, the Court's preference is to address the motions to seal simultaneously so that if any exhibits must be re-filed, they can likewise be re-filed simultaneously.

2

document/information/exhibit has been filed in the public record in this case; and if so, the chart must identify the Docket Number or hearing Exhibit Number for the publicly filed (but still requested to be sealed) document/information/exhibit; **AND**

(b) also for any proposed sealed document/information/exhibit identified in Number 2 above, **SHALL** provide a supporting affidavit or declaration addressing whether *each* proposed sealed document (if Plaintiffs seek to seal the entire document) or *each* proposed redaction constitutes confidential business information or a trade secret that meets the high bar for sealing.

Within **SEVEN DAYS** of the filing of Plaintiffs' supplement ordered herein, ChemTreat **SHALL** file an additional supplement identifying, in the same chart format required above, any information that Plaintiffs should have, but failed to, include as to item 2(a), if any.

Further briefing **SHALL NOT** be allowed. Given that the parties were previously ordered to confer about these sealing issues, the deadlines ordered herein are reasonable and will not be extended absent extraordinary circumstances or proposed agreement of the parties.

SO ORDERED.

ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

3

| Document | Exhibit No. and Docket No. from Motion to Seal (if in JA or JAA[2], also provide JE number and JA page number)[3] | Exhibit No. and Docket No. of underlying motion/response (if in JA or JAA, provide JE number and JA page number)[4] | Do Plaintiffs agree does not need to be sealed or redacted? | Do Plaintiffs contend document should be sealed in entirety? | Do Plaintiffs contend should be redacted instead of sealed? If yes, Provide citation to Docket No. and Page ID # (blue CM/ECF-generated page number)[5] of proposed redaction. Also provide JE number and JA page number if applicable. | Citation to specific paragraph(s) of supporting affidavit/other evidentiary support for sealing/redaction. Or put N/A if Plaintiffs no longer seek to seal or redact. | Has document been filed elsewhere in the record unsealed/unredacted? Yes or no. If yes, provide citation to docket no. |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

---

[2] JA = Joint Appendix, JAA = Joint Appendix Addendum

[3] This column should indicate where the document is attached to Doc. 275 (i.e., 275-1, 275-2, etc.) or if the document is part of Doc. 290. If Doc. 275-1 or Doc. 290, also indicate the "JE" number and JA page number.

[4] Indicate all underlying motions/responses that document is filed in support of and their docket numbers and exhibit numbers. If the document is filed in support of a summary judgment brief/response that refers to the JA or JAA, then the docket no. will be Doc. 255-2 or Doc. 288-2, followed by the JE number and JA page number.

[5] This would be either Doc. No. 284-1 or Doc. 284-2, then the Page ID #.