UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

ECOLAB Inc., and NALCO COMPANY, LLC
d/b/a Nalco Water, an Ecolab Company and/or
Nalco Water,

                    Plaintiffs,

v.

ANTHONY RIDLEY, and CHEMTREAT,
INC.,

                    Defendants.

Case No. 1:22-cv-00050-TRM-SKL

Hon. Travis McDonough

Magistrate Judge Susan K. Lee

## CHEMTREAT'S OPPOSITION TO PLAINTIFFS' MOTION TO
## STRIKE CHEMTREAT'S MOTION FOR RULE 37(B)(2) SANCTIONS

In its motion for Rule 37(b)(2) sanctions, ChemTreat seeks two alternative forms of relief

for Plaintiffs' violation of the Court's April 14, 2023 Order (Doc. 212). *First*, viewing Plaintiffs'

various violations of the Court's Order in context—as the latest episode in a lengthy history of

disregard for the Court's rules and Orders—ChemTreat requests case-terminating sanctions. Doc.

269 at 14-20. *Second*, viewing Plaintiffs' violations of the Court's Order in isolation, ChemTreat

asks the Court to take as established certain facts at issue in the discovery that the Court ordered,

but Plaintiffs refused to produce. Doc. 269 at 20-21.

In response, Plaintiffs attempt to sidestep the Court's consideration of their conduct

through a procedurally misplaced and substantively misguided motion to strike. Doc. 286. The

supposed requirement Plaintiffs cite as the basis for their motion—that mediation must occur

before any sanctions may be sought—is pure pretext, a *post hac* invention that cannot be squared

with either Plaintiffs' own repeated requests for sanctions or the plain language of the Court's

February 24, 2023 Order on which Plaintiffs rely. Plaintiffs' attempt to substantively excuse their

violations of the Court's April 14, 2023 Order fares no better. Even if Plaintiffs' arguments had

1

any merit (they do not, as they rest on the dubious theory that the Court essentially blessed Plaintiffs' non-compliance with its Order in advance), those arguments could not constitute a basis to strike ChemTreat's motion for sanctions.

Plaintiffs' motion to strike serves no purpose except to further burden ChemTreat (and the Court). The Court should deny the motion to strike in its entirety.

## ARGUMENT

### I. Plaintiffs Cannot Escape Responsibility for Their Violations of the Court's April 14, 2023 Order by Misreading the Court's February 24, 2023 Order.

According to Plaintiffs, ChemTreat cannot seek sanctions for Plaintiffs' violations of the Court's April 14, 2023 Order because "the Court's [February 24, 2023] Order expressly bars and forbids the parties from moving for discovery sanctions until after the parties' [sic] have engaged in mediation of this case." Doc. 286 ("Mot.") at 2.[1] The February 24, 2023 Order said no such thing. As its plain language reflects, that Order did not establish a broad bar on requests for sanctions, but rather addressed two specific requests then pending before it: ChemTreat's request for monetary sanctions related to Plaintiffs' violations of the January 11, 2023 Order and Plaintiffs' request to extend the deadlines in that same Order:

> ***ChemTreat's request for monetary sanctions is DENIED WITHOUT PREJUDICE to refiling***. Given that ChemTreat's request for monetary sanctions is based in part on the timeliness of Plaintiffs' compliance with the January 11 Order, and Plaintiffs' motion to alter or amend pertained only to the deadlines in the January 11 Order, ***Plaintiffs' motion to alter or amend [Doc. 113] is also DENIED WITHOUT PREJUDICE to refiling***.

> ***Any renewed request for sanctions or to alter the deadlines of the January 11 Order must be supported with appropriate evidence, and shall not be filed unless the parties have first engaged in mediation to resolve this case***. If said mediation does not resolve this case in whole, any renewed motion must be filed within seven days of the conclusion of the mediation, along with the mediation report required by Eastern District of Tennessee Local Rule 16.4(m). As addressed in more detail

---

[1] Unless noted, all emphasis is added, quotations are cleaned up, and internal citations are omitted.

in the hearing, ***the parties are forewarned that their ongoing discovery disputes may lead to appropriate sanctions***.

Doc. 158 at 36 (original emphasis omitted). As the context makes clear, the February 24, 2023 Order's discussion of "any renewed request for sanctions or to alter the deadlines of the January 11 Order" relates to the motions referenced in the immediately preceding paragraph. Moreover, the Court's express warning to the parties "that their ongoing discovery disputes may lead to appropriate sanctions" forecloses Plaintiffs' current argument that the Order establishes a general prohibition on seeking sanctions in connection with *future* discovery disputes—such as Plaintiffs' violation of the April 14, 2023 Order.[2]

Plaintiffs' conduct since issuance of the February 24, 2023 Order confirms their current argument is a contrivance. Notwithstanding the supposed "bar" on "moving for discovery sanctions" that Plaintiffs now cite as a basis for striking ChemTreat's motion, Mot. 2, Plaintiffs themselves have repeatedly sought discovery sanctions since then.[3] Conversely, in responding to other requests for sanctions after the February 24, 2023 Order, Plaintiffs never claimed that Order barred such requests.[4]

Moreover, since February 24, 2023, the Court has repeatedly addressed requests for sanctions on the merits. Doc. 201 at 19 (sanctioning Plaintiffs); Doc. 212 at 17 (sanctioning

---

[2] Even if the Court's language in the February 24, 2023 Order is stripped of context, the rule Plaintiffs claim the Court enunciated would not apply to ChemTreat's motion for Rule 37(b)(2) sanctions for Plaintiffs' violation of the April 14, 2023 Order, as it is not a "*renewed* request for sanctions," but rather a *first* request for relief as to that Order.

[3] *See* Doc. 187 at 2 ("Plaintiffs respectfully request that those sanctions should include a finding of contempt and payment of Plaintiffs' attorneys' fees in preparing the instant Motion and the responses to ChemTreat's motions at Docs. 151, 153, and 156."); Doc. 195 at 1 ("Plaintiffs also seek an award of attorney's fees associated with the filing of their Motion."); Doc. 224 at 5 ("Plaintiffs further request that the Court award Plaintiffs their reasonable attorney's fees and costs in connection with this Motion.").

[4] *See* Doc. 181 at 13-14 (Mar. 13, 2023); Doc. 203 at 11 (April 5, 2023).

3

Plaintiffs); Doc. 223 at 12 n.5 (rejecting sanctions as to ChemTreat); Doc. 226 at 8 (denying any sanctions). The Court has also reiterated that it will grant such requests where merited. *See* Doc. 201 at 2 ("The Court will consider sanctions against any party and/or counsel that the Court finds has failed to timely provide/supplement discovery as ordered or agreed."). Consistent with the plain language of the February 24, 2023 Order, the Court's subsequent Orders demonstrate that the February 24, 2023 Order's mediation requirement is tied to the specific motions referenced in that Order.

Plaintiffs' other procedural argument—that ChemTreat's motion "is nothing more than a motion to compel discovery repackaged as a motion for sanctions" and is thus untimely, Mot. 2— is equally frivolous. Plaintiffs do not identify what discovery ChemTreat's motion seeks "to compel," nor could they, as ChemTreat requests only sanctions for Plaintiffs' violations of the Court's April 14, 2023 Order, not to compel any of the underlying discovery that Plaintiffs refused to provide as ordered.[5]

---

[5] Even if ChemTreat's motion sought to compel discovery (it does not), Plaintiffs' claim that such relief is untimely would ring hollow. As ChemTreat's motion details, ChemTreat did not raise Plaintiffs' violations of the Court's April 14, 2023 Order before the close of discovery because Plaintiffs repeatedly assured ChemTreat they were working to come into compliance with that Order: Plaintiffs claimed on April 19 (the Court-ordered deadline) that they were "working diligently to identify any additional responsive documents and will supplement their production and certification in this regard as quickly as possible"; they repeated their assurance that they were "trying to address this" on April 25; then, less than an hour before midnight on April 27 (the close of discovery), they abruptly reversed course to assert they would not produce certain key discovery required by the Court's Order, relating to RFPs 78-82 (although even then, Plaintiffs claimed they "continue[d] to search" for other discovery required by that Order). Doc. 269 at 8-10. Thus, Plaintiffs have only themselves to blame for any perceived delay in ChemTreat's request for relief. If they had been forthright about their intent not to produce discovery called for by RFPs 78-82, as required by the Court's Order, rather than meeting and conferring with ChemTreat about the scope of those RFPs and then specifically assuring ChemTreat they were "working diligently to identify any additional responsive documents" for those RFPs, ChemTreat could have—and would have—filed a motion for emergency relief, as it did with Plaintiffs refusal that same week to provide Rule 30(b)(6) deposition testimony. *See* Doc. 221. The Court should not condone

4

## II. Plaintiffs' Arguments as to the Merits of ChemTreat's Sanctions Motion Cannot Provide a Basis To Strike That Motion.

Under the pretext that ChemTreat's motion for sanctions "is essentially a motion for reconsideration," Mot. 3, Plaintiffs use their motion to strike to argue the merits of ChemTreat's sanctions motion, claiming the Court already rejected the arguments ChemTreat raises in that motion. Mot. 3-5. Even if Plaintiffs were correct (and they are not), a motion to strike is not the proper vehicle to argue the merits of another motion. Indeed, a motion to strike is not procedurally proper as to *any* motion, as the federal rules only permit motions to strike "pleadings." *See, e.g.*, *Gentzler v. Hamilton Cnty, Tenn.*, 2017 WL 10403276, at *1 n.1 (E.D. Tenn. Sept. 20, 2017) (explaining that "motions and briefs in support of motions are not pleadings and, thus, not subject to a motion to strike"); *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 2008 WL 2230774, at *1 (S.D. Ohio May 28, 2008) ("The Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings.").

Given the pages Plaintiffs devote to arguing the merits of ChemTreat's Rule 37(b)(2) motion—using the same arguments included in their opposition to that motion, *see* Doc. 300—the real purpose of Plaintiffs' procedurally improper motion to strike appears to be to get a second (or a third, if they file a reply) bite at the apple as to the substance of ChemTreat's sanctions motion. But Plaintiffs' arguments do not benefit from repetition. Whether asserted once, twice, or three times, the substantive arguments raised in Plaintiffs' motion to strike lack merit.[6]

---

Plaintiffs' attempt to weaponize ChemTreat's good faith conduct in permitting Plaintiffs the additional time they claimed to need to comply with the Court's Order.

[6] ChemTreat will file its reply in support of its Rule 37(b)(2) motion, addressing the arguments raised in Plaintiffs' opposition to that motion, in accordance with the deadline established by the Court. *See* Doc. 285. ChemTreat addresses here only the specific arguments raised in Plaintiffs' motion to strike.

5

*First*, as to Plaintiffs' failure to locate an additional email chain involving Insight, Plaintiffs argue that, since the Court already excused their failure to locate the first email exchange, "there is no need for further Court intervention" as to their failure to locate the second email exchange. Mot. 3. That argument is baseless. Although the Court excused Plaintiffs' failure to produce the original email exchange located and produced by Insight, it did not thereby excuse Plaintiffs from any further effort to locate and produce additional responsive documents; instead, it held that, "to the extent there are other responsive, non-privileged documents within Plaintiffs' possession, custody, or control—like similar email exchanges—Plaintiffs are required to produce them," and to provide a "sworn certification" that their attempt to locate such documents was "based on reasonable and appropriate search efforts." Doc. 212 at 7-8.

ChemTreat's motion for sanctions is not based on Plaintiffs' failure to locate the *first* Insight email chain, but rather their failure to locate the *second* Insight email chain—which involved the *same* Ecolab employee, the *same* Insight employee, the *same* key words ("mobile drive"), and was sent the *same* week, as the other email located and produced by Insight. *Compare* Doc. 209-1, *with* Doc. 268-10; *see generally* Doc. 269 at 11-12. As ChemTreat detailed in its sanctions motion, Plaintiffs' failure to locate that additional email chain, or other "similar email exchanges," cannot be squared with their certification that they complied with the Court's Order to use "reasonable and appropriate search efforts." Doc. 269 at 11-12, 14. Indeed, because Plaintiffs never corrected or supplemented their certification after learning of the existence of the second email exchange produced by Insight, ChemTreat has no way of knowing if Plaintiffs' failure to locate additional responsive documents, per the Court's Order, is limited to the additional external exchange located and produced by Insight, or impacts other exchanges—external and

6

internal—as well.[7] *Id.* That is not an issue the Court has already considered, and, given the express language of the Court's April 14, 2023 Order and Plaintiffs' continued failure to clarify or correct their certification, it is an issue ripe for "further Court intervention." Mot. 3.

*Second*, as to the "DLP-Data Loss Prevention" policy, Plaintiffs are correct that the Court ordered it to be produced. Mot. 4. The question, per ChemTreat's sanctions motion, is whether Plaintiffs' claim (repeated without elaboration in their motion to strike) that they "continue to diligently search for the policy," *id.*, suffices to comply with the Court's Order, given that Plaintiffs have neither certified that they have exhausted the "reasonable and appropriate search efforts" to locate that policy mandated by the Court, nor explained why that policy has not been located despite the express testimony of their corporate representative as to where it could be found. Doc. 269 at 9, 12-13; Doc. 268-2. That is not a question that has "already been ruled upon by this Court." Mot. 4.

*Third*, as ChemTreat's sanctions motion explains, Plaintiffs' claim that they "have produced responsive documents relevant to their damages" (Mot. 4) is not the same as a claim that they have complied with the Court's Order regarding RFPs 78-82. Doc. 269 at 13. Indeed, Plaintiffs admit as much, conceding that, although "the Court held that ChemTreat was entitled to

---

[7] The reference in the first Insight email exchange to the request for information originating from "legal counsel" (Doc. 209-1 at 2) suggests there should be internal communications responsive to the Court's April 14, 2023 Order, but no such communications appear on Plaintiffs' amended privilege log. *See* Doc. 268-3 at 18. Given that Plaintiffs improperly excluded all "documents reflecting privileged communications with outside counsel" from that log (*id.* at 1 n.1; *see generally* Doc. 269 at 5-6), ChemTreat has no way to determine whether Plaintiffs' failure to log such internal communications is the result of their failure to use "reasonable and appropriate search efforts" (Doc. 212 at 8) to identify such communications or their violation of the ESI Protocol's requirement to log all privileged communications predating February 9, 2022 (Doc. 91). The only thing ChemTreat knows for certain is that Plaintiffs were on notice **before** the Court's April 14, 2023 Order that the first Insight email chain was the result of communications with counsel that would need to be searched for and included on their privilege log. *See* Doc. 91; *see also* Doc. 246 at 6 (requiring Plaintiffs "to correct any known deficiencies" in their privilege log).

7

more than what Plaintiffs have thus far produced," Plaintiffs did not produce any additional responsive documents. Mot. 4. Plaintiffs' excuse for that failure is a *non sequitur*: "Following the meet and confer, Plaintiffs advised ChemTreat's counsel that Plaintiffs are not claiming damages for the loss of specific customers at this time." Mot. 4. As ChemTreat's sanctions motion details, RFPs 78-82 were not limited to discovery related to "damages for the loss of specific customers" (even after ChemTreat significantly narrowed their scope in response to the Court's Order and Plaintiffs' further demand), but also sought documents squarely relevant to other elements of Plaintiffs' statutory misappropriation and contractual interference claims. *See* Doc. 269 at 18, 20. Plaintiffs do not claim, nor could they, that the Court has already addressed Plaintiffs' refusal to produce documents responsive to RFPs 78-82, as expressly required by the Court's Order.

## CONCLUSION

The only "procedurally and substantively defective" motion, Mot. 1, before the Court is Plaintiffs' motion to strike. The Court should deny it in full.

DATED: June 26, 2023                    Respectfully submitted,

                                        */s/ Troy C. Homesley*
                                        Vidya Atre Mirmira (admitted *pro hac vice*)
                                        William T. Burke (admitted *pro hac vice*)
                                        Juli Ann Lund (admitted *pro hac vice*)
                                        Troy C. Homesley (admitted *pro hac vice*)
                                        WILLIAMS & CONNOLLY LLP
                                        680 Maine Ave. SW
                                        Washington, DC 20024
                                        Telephone: (202) 434-5000
                                        Facsimile: (202) 434-5029
                                        E-mail: vmirmira@wc.com
                                        E-mail:  wburke@wc.com
                                        E-mail:  jlund@wc.com
                                        E-mail:  thomesley@wc.com

8

W. Scott Sims
Michael R. O'Neill
SIMS FUNK PLC
3322 West End Ave. #200
Nashville, TN 37203
Telephone: (615) 425-7432
Facsimile: (615) 649-8565
E-mail:  ssims@simfunk.com
E-mail:  moneill@simsfunk.com

*Attorneys for Defendant ChemTreat, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing was served via the Court's

CM/ECF system on June 26, 2023, upon the following:

J. Gregory Grisham, BPR No. 013810
FISHER & PHILLIPS LLP
1715 Aaron Brenner Drive, Suite 312
Memphis, Tennessee 38120
ggrisham@fisherphillips.com

David J. Walton (*pro hac vice*)
Edward G. Winsman (*pro hac vice*)
Kathleen Laubenstein (*pro hac vice*)
FISHER & PHILLIPS LLP
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
dwalton@fisherphillips.com
ewinsman@fisherphillips.com
klaubenstein@fisherphillips.com

Pavneet Uppal (*pro hac vice*)
FISHER & PHILLIPS LLP
3200 North Central Avenue, Suite 1550
Phoenix, AZ 85012
puppal@fisherphillips.com

James Michael Honeycutt (*pro hac vice*)
FISHER & PHILLIPS LLP
227 West Trade Street, Suite 2020
Charlotte, NC 28202
jhoneycutt@fisherphillips.com

*Attorneys for Plaintiffs*

Lance W. Pope, BPR No. 025054
Jeremy M. Cothern, BPR No. 027166
Patrick, Beard, Schulman & Jacoway, P.C.
537 Market Street, Suite 300
Chattanooga, TN 37402
(423) 756-7117 – phone
(423) 267-5032 – fax
lpope@pbsjlaw.com
jcothern@pbsjlaw.com

*Attorneys for Anthony Ridley*

/s/ *Troy C. Homesley*
Troy C. Homesley

10