UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

|  |  |
|---|---|
| ECOLAB Inc., and NALCO COMPANY, LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water,<br><br>          Plaintiffs,<br><br>v.<br><br>ANTHONY RIDLEY, and CHEMTREAT, INC.,<br><br>          Defendants. | Case No. 1:22-cv-00050-TRM-SKL<br><br>Hon. Travis McDonough<br><br>Magistrate Judge Susan K. Lee |

**PLAINTIFFS' RESPONSE IN SUPPORT OF CHEMTREAT, INC.'S
CONSOLIDATED MOTION TO FILE UNDER SEAL (ECF DKT. NO. 289)**

Pursuant to Federal Rules of Civil Procedure 5.2(d) & (e), Local Rule 26.2, this Court's Memorandum and Order Regarding Sealing Confidential Information (ECF Dkt. No. 6), and the relevant portions of this Court's Order on various discovery motions (ECF Dkt. No. 246, pp. 7-8), Plaintiffs Ecolab, Inc. and Nalco Company, LLC (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby submit response in support of ChemTreat, Inc.'s Motion to File Under Seal [Doc. 289] (hereinafter "the Motion").

**STANDARD TO SEAL DOCUMENTS**

Plaintiffs are cognizant of the high burden to overcome the presumption of judicial openness. *See*, *e.g.*, *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983); *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) ("[t]he public has a strong interest in obtaining the information contained in the court record") (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). Plaintiffs further understand that it needs to make a particularized showing as to each document that the standards

for filing the document under seal have been met. *See, e.g.*, *Tenn. Rand, Inc. v. Gestamp Washtenaw*, LLC, 1:20-cv-02433, 2021 WL 4661462, at *1 (N.D. Ohio Oct. 7, 2021) ("The Sixth Circuit allows trade secrets to be sealed where the proponent makes a 'document by document' showing and where the seal is narrowly tailored."); *see also Shane Grp.*, 825 F.3d at 305 (proponent of sealing must analyze "propriety of secrecy" "document by document").

The need to protect trade secrets can trump the public's right to know when the moving party can make a compelling case that it may be harmed by the disclosure of trade secrets and proprietary business information. *See Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016). A party's "compelling competitive interest in sealing its sensitive business information" may outweigh the public's right to understand the basis for a court's determination. *See Frohn v. Globe Life & Accident Ins. Co.*, 1:19-cv-713, 2022 WL 2187235, at *3 (S.D. Ohio June 16, 2022) (granting motion to seal documents and information concerning insurance company's underwriting practices since the information was "sufficiently specific and detailed that its disclosure could harm Globe Life's competitive standing"). Numerous other courts in the Sixth Circuit have likewise found that sensitive business information, which could cause a company a competitive injury if publicly disclosed, is the type of information that warrants filing under seal. *See, e.g., Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, No. 3:13-CV-82-CRS-CHL, 2017 WL 3220470, at *5 (W.D. Ky. July 28, 2017) (sealing, in part, documents containing "[commercial] information that, if made available for its competitors to view, would put [the] [plaintiff] at a disadvantage in the marketplace"); *Total Quality Logistics, LLC v. Riffe*, No. 1:19-cv-23, 2020 WL 5849408, at *2 (S.D. Ohio Sep. 30, 2020) (finding "compelling reason for non-disclosure" when the documents "contain confidential and proprietary business information" and the public would have little interest in the customer information at issue).

2

FP 47582544.1
Case 1:22-cv-00050-TRM-SKL   Document 310   Filed 06/29/23   Page 2 of 8   PageID #: 11796

**DOCUMENT AT ISSUE**

The dilemma underlying any application to seal is the need to balance a party's interest in protecting its privacy or the confidentiality of its information with the public's long-recognized access to judicial proceedings. Public access to judicial proceedings is important because it reduces the likelihood of private remedies to enforce the law by instilling confidence in the courts; provides a check on the courts; and promotes true and fact-based proceedings. *See Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). Respectfully, those reasons for public access can be fulfilled even if the single document at issue remains under seal in order to ensure that Plaintiffs' confidential business information and trade secrets.

Plaintiffs recently filed an Addendum to the Joint Appendix ("Addendum"), which is an exhibit to its ChemTreat's Response to Plaintiffs' Motion for Summary Judgment as to Ridley ("Response"). [Doc. 288-2.] JE-306 in the Addendum (AJA-991 – AJA-993) was marked by Plaintiffs as a highly confidential, Attorneys' Eyes Only document in discovery; ChemTreat added the metadata report as JE-306a (AJA-994) in the Addendum as well. Per this Court's directives on handling confidential materials, the parties conferred and Plaintiffs confirmed their position that JE-306 should be filed under seal. Accordingly, ChemTreat filed its Motion for Leave to File Document Under Seal [Doc. 289] on June 15, 2023. [1]

JE-306 is a three-page document that Plaintiffs provided a detailed explanation for why it constitutes a trade secret in their Amended Responses to Certain of ChemTreat, Inc.'s First Set of Interrogatories, which were verified by Corey DeMarco, a Vice President of EcoLab. In the

---

[1] Plaintiffs are also filing today the chart of documents that have previously been subject to applications to seal the documents, as ordered by this Court on June 23, 2023. [Doc. 307.] Plaintiffs represent that the document that is the subject of the instant motion has not previously been filed with this Court in any form and there have been no previous motion to seal the document at issue herein.

3

verified Response to Interrogatory No. 1, Plaintiffs specifically identified this document as a trade secret and explained:

> It has independent economic value because it outlines specific goals for a new year and how those goals can be achieved. It identifies business targets as well as highperforming employees. This information is not publicly known or otherwise ascertainable through publicly-available sources. A competitor could use this document, *inter alia*, to steal Plaintiffs' clients and employees. Plaintiffs utilize agreements with employees, including the one executed by Ridley as well as written policies and procedures to maintain secrecy of this document. Further, this document was maintained on Plaintiffs' secure computer systems and was only shared with those employees who had a specific need to know about it.

[Doc. 289 (AJA-1033 – AJA-1034).]

In its Response, ChemTreat also cites the sworn testimony of Mr. DeMarco about the degree to which such templates are based on Plaintiffs' business information.[2] Specifically, when asked whether the template contains "any actual business information," Macro explained that "[i]It does. Some of the formulas and things are what we came up with that we know specifically about Nalco Water business, so it's very Nalco specific based on what we know about our business in composite." [*See* Doc. 288 at 9.] DeMarco further testified that:

> Q: So you're saying those are calculations that the Excel spreadsheet does?
>
> A: Based on knowledge and assumptions of our historical business.
>
> Q: So is it essentially like for a particular cell, Excel will take—multiply cell one times cell two?
>
> A: No, it's more complex formulas than that. You would take some of the historical information that we might know about our business, and different aspects of our business would be built into the formulas.
>
> Q: And what specifically? Give me an example of a formula that is based on Nalco/Ecolab's historic information that would be contained in this bridge plan

---

[2] In the excerpted deposition testimony, Mr. DeMarco appears to be testifying about a different bridge plan but one that was derived from a similar template. *See* Exhibit 1 (Transcript of DeMarco Testimony at 213:20-24, showing that document DeMarco reviewed while testifying was the WL121 Bridge Plan, and not the WL14X Bridge Plan ChemTreat cites in the Response).

> template.
>
> A: Well, like a percent of—how can I explain it? We know a certain percent of our business—new business claimed each year grows by a certain percent the next year, and so we use historical data to build in some of the logic behind that, so it's very Nalco specific.

[Doc. 289 at 9-10.] ChemTreat has cited this portion to argue that the business plan Ridley sent to a ChemTreat employee prior to his joining ChemTreat was **not** confidential or trade secret information, asserting that "[n]one of the percentages for the various metrics in the two business plans (related to things like one-time business, repeat business, customer attrition, etc.) match, even though Plaintiffs' corporate representative explained that the allegedly proprietary information in Plaintiffs' template is tied to those percentages, which he testified are produced by formulas using 'Nalco specific' information." [*Id.* at 9.] Mr. DeMarco's sworn testimony was that Plaintiffs' template bridge plans, such as the one ChemTreat has proffered as an exhibit to its Response as JE-306, establishes that such documents incorporate Plaintiffs' confidential and sensitive business information in the formulas. This position is further bolstered by Plaintiffs' verified interrogatory responses specifically identifying JE-306 as a document that contains Plaintiffs' trade secrets. *See also* Declaration of Corey DeMarco at ¶¶ 30-31, attached hereto as Exhibit 2.

Moreover, Plaintiffs do not believe that JE-306 can be redacted in any way that would protect Plaintiffs' confidential business information, because the sensitive business information is incorporated in every element of the charts and more than fifty percent of the document "needs to be sealed" to protect this information. [Doc. 6, at 3.] As Plaintiffs explained in the verified Interrogatory Responses, such information on Plaintiffs' financial planning could be very valuable to competitors; the information is sufficiently described in the pleadings that the general public can understand the content well enough to serve the interests of transparency in the judicial system.

5

Accordingly, this document should be maintained under seal.

## **CONCLUSION**

The document at issue, JE-306, contains confidential business information that, if released through a public filing, could be used by Plaintiffs' competitors to obtain information on Plaintiffs' business planning and strategic issues. Filing this document under seal will not prevent members of the public from understanding the case or hinder the ability of people to ensure that the purposes of public access to judicial proceedings are served.

DATED: June 29, 2023

Respectfully submitted,

ECOLAB INC. NALCO COMPANY, LLC
d/b/a Nalco Water, an Ecolab Company
and/or Nalco Water,

By: /s/ David J. Walton
J. Gregory Grisham (TN BPR#013810)
FISHER & PHILLIPS LLP
1715 Aaron Brenner Drive, Suite 312
Memphis, Tennessee 38120
Telephone: 901.526.0431
Fax: 901.526.8183
ggrisham@fisherphillips.com

David J. Walton
(*pro hac vice*)
FISHER & PHILLIPS LLP
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone: 610.230.6015
Fax: 610.230.2151
dwalton@fisherphillips.com

Edward G. Winsman
(*pro hac vice*)
FISHER & PHILLIPS LLP
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103

Telephone: 610.230.2142  
Fax: 610.230.2151  
ewinsman@fisherphillips.com

*COUNSEL FOR PLAINTIFFS*

7

FP 47582544.1
Case 1:22-cv-00050-TRM-SKL   Document 310   Filed 06/29/23   Page 7 of 8   PageID #: 11801

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. Parties may access this filing through the Court's electronic filing system.

*/s/ David J. Walton*
David J. Walton