UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| ECOLAB INC., and NALCO COMPANY, LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water,<br><br>    Plaintiffs,<br><br>v.<br><br>ANTHONY RIDLEY and CHEMTREAT, INC.,<br><br>    Defendants. | No. 1:22-cv-00050-TRM-SKL<br><br>Hon. Travis McDonough<br><br>Magistrate Judge Susan K. Lee |

**PLAINTIFFS' RESPONSE TO PROVIDE ADDITIONAL INFORMATION IN ADDITION TO CHART REQUESTED BY COURT'S ORDER [DOC. 307]**

Plaintiffs Ecolab Inc. ("Ecolab") and Nalco Company, LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water ("Nalco") (collectively "Plaintiffs"), hereby submit the attached chart as directed by this Court's June 23, 2023 Order [Doc. 307] to clarify Plaintiffs' position with regard to documents it has sought to have filed under seal, as set forth in ChemTreat, Inc's Consolidated Motion to File Under Seal [Doc. 272] and ChemTreat, Inc's Motion to File Under Seal [Doc. 289], and Plaintiffs' responses thereto. In addition, Plaintiffs seek to address an inconsistent treatment of certain documents, as identified in Plaintiffs' Local Rule 7.1(d) Supplemental Brief to its Consolidated Motion for Leave to File Under Seal [Doc. 294].

First, submitted herewith as Exhibit 1 is a chart in the form set forth in this Court's June 23, 2023 Order. To support Plaintiffs' position that the documents identified therein should either be filed under seal entirely or in redacted form, Plaintiffs are submitting as Exhibit 2 the Declaration of Corey DeMarco. Respectfully, Plaintiffs submit that, as to the limited number of documents that Plaintiffs seek to file under seal in their entirety or with redactions, Plaintiffs have

demonstrated that the documents contains trade secrets and highly sensitive business information and that the public's interest in transparent court proceedings will not be negatively impacted by granting Plaintiffs' request to retain the documents at issue under seal. *See, e.g.*, *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016).

Second, ChemTreat is correct that Plaintiffs filed some of the documents it seeks to have maintained under seal in conjunction with a recent motion and Plaintiffs did not move to have those same documents filed under seal in conjunction with that filing. Specifically, in their Memorandum in Support of the Motion for Sanctions for Spoliation under Rule 37 [Doc. 293], Plaintiffs filed as Exhibit 6 an unredacted version of the Expert Report of Laurence D. Lieb. [Doc. 293-6] The exhibits to Lieb's report include a copy of the data loss prevention report ("DLP report") generated by Plaintiffs in the wake of Ridley's departure. Plaintiffs had previously filed Lieb's unredacted report as an exhibit to their Memorandum in Support of their Motion to Compel Ridley's Compliance with Plaintiffs' Rule 34 Request to Inspect Ridley's WD Drive and Other Devices and Accounts [Doc. 225-14], although not all of the exhibits were attached to the report and the list of files were appeared as an exhibit to correspondence between the parties. {Doc. 225-6] In addition, in connection with their Motion for Sanctions, Plaintiffs included as an exhibit a copy of the business plan that Ridley had emailed to a ChemTreat employee prior to beginning employment there. [Doc. 293-1] Plaintiffs have sought to have all three documents filed under seal, and continue to believe that is the proper and appropriate treatment of these documents.

Plaintiffs acknowledge that the foregoing documents have been filed in the public record even after Plaintiffs submitted its response in support of sealing those documents. This was done in error; it was not Plaintiffs' intention to be duplicitous with this Court or to make this Court or the other parties engage in unnecessary steps related to the effort to seal these documents.

2

Plaintiffs have outlined at length their bases for contending that the report requires redactions and that the DLP report, which shows file names with customer and other confidential information, and the business plan should be maintained under seal. Respectfully, Plaintiffs' failure to follow the proper procedure and move to file the documents under seal does not alter the fact that the documents contain highly confidential and trade secret information. Should this Court agree that Plaintiffs have otherwise met the burden for filing a document under seal as it relates to the Lieb report, the DLP report, and the business plan, Plaintiffs will promptly re-file the exhibits currently docketed as Doc. 225-4, Doc. 293-1, and Doc. 293-6 to be consistent with the redacted and sealed versions Plaintiffs have argued should be accepted by this Court.

Submitted this the 29th day of June 2023.

Respectfully submitted,

ECOLAB INC. NALCO COMPANY, LLC
d/b/a Nalco Water, an Ecolab Company
and/or Nalco Water,

By: /s/ J. Gregory Grisham
J. Gregory Grisham (TN BPR#013810)
FISHER & PHILLIPS LLP
1715 Aaron Brenner Drive, Suite 312
Memphis, Tennessee 38120
Telephone: 901.526.0431
Fax: 901.526.8183
ggrisham@fisherphillips.com

David J. Walton (*pro hac vice*)
Edward G. Winsman (*pro hac vice*)
Kathleen Laubenstein (*pro hac vice*)
FISHER & PHILLIPS LLP
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone: 610.230.6015/2412
Fax: 610.230.2151
dwalton@fisherphillips.com
ewinsman@fisherphillips.com

3

klaubenstein@fisherphillips.com

Pavneet Singh Uppal (*pro hac vice*)
FISHER & PHILLIPS LLP
3200 North Central Avenue, Suite 1550
Phoenix, AZ 85012
Telephone: 602-281-3400
Fax: 602-281-3401
puppal@fisherphillips.com

COUNSEL FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. Parties may access this filing through the Court's electronic filing system.

/s/ J. Gregory Grisham
J. Gregory Grisham