**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

| | |
|---|---|
| ECOLAB Inc., and NALCO COMPANY, LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ANTHONY RIDLEY, and CHEMTREAT, INC.,<br><br>　　　　Defendants. | No. 1:22-cv-00050-TRM-SKL<br><br>Hon. Travis McDonough<br><br>Magistrate Judge Susan K. Lee |

## CONSOLIDATED REPLY TO ANTHONY RIDLEY'S AND CHEMTREAT'S RESPONSES TO PLAINTIFFS' EMERGENCY MOTION TO REOPEN DISCOVERY FOR A LIMITED AND NARROWLY TAILORED REQUEST

Plaintiffs Ecolab, Inc. ("Ecolab") and Nalco Company LLC d/b/a Nalco Water, an Ecolab company, or Nalco Water ("Nalco") (collectively "Plaintiffs") file Reply Brief in Support of Plaintiffs' Emergency Motion to Reopen Discovery for a Limited Purpose and Narrowly Tailored Request.

**I.    Plaintiffs diligently pursued the computer that Ridley used to wipe the WD Drive.**

Both Ridley and ChemTreat lead their respective Responses by arguing that Plaintiffs knew about the evidence of wiping for a long time and waited too long to seek access to the computer that Ridley used to wipe the WD Drive. This argument is plainly false. Defendants have used half-truths, misrepresentations, and outright lies to hide Ridley's misconduct regarding the WD Drive. At the very beginning of this case, ChemTreat's counsel represented that Ridley had a "personal external drive" with "some" Nalco files on it. (ECF #261). But Ridley actually had a lot more than "some" Nalco files; he had several full and partial back-ups of his Nalco computer.

ChemTreat then admitted that Ridley used the external drive to backup his Nalco computer. But, in this same correspondence, ChemTreat falsely stated that Ridley discovered the Nalco files (on his USB drives) in December and also deleted them in December:

> "We understand that at some point before receiving your letter (likely over the Christmas/New Year's holidays), Mr. Ridley found two thumb drives, each with a Nalco Water logo. We understand Mr. Ridley deleted information pertaining to Nalco Water or Ecolab from these thumb drives, transferred personal documents (such as family pictures) to a personal external hard drive and then deleted them from the thumb drives, and set these two thumb drives aside."

(*See* February 22, 2022 Email from V. Mirmira to D. Walton, a true and correct copy of which is attached hereto as Exhibit 1 ("Ex. 1").

At his deposition, Ridley contradicted counsel's email above when he denied deleting any documents from the flash drives:

**Q.** Did you delete any documents from the – that were on the flash drives?
**A.** I do not recall deleting any documents.

(ECF #296-1, Deposition of Anthony Ridley ("Ridley Depo.") 347:10-13).

In any event, despite Ridley's denials, Plaintiffs now know that Ridley deleted documents from the USB drives on February 9th—the same day he received the Plaintiffs' February 9, 2022 preservation letter. (ECF #296-2, Declaration of Laurence Lieb ("Lieb Declaration") at ¶ 29). Plaintiffs also now know that Ridley used C-cleaner to wipe the WD Drive on February 14, 2002. He did not do this in December. By claiming that Ridley deleted documents in December, Defendants were trying to hide the fact that Ridley spoliated evidence *after* receiving Plaintiffs' February 9th preservation letter.

Ridley continued to provide misleading information in his discovery responses. In his interrogatory responses, Ridley claimed that he last backed up Nalco documents to the WD Drive in 2015 or 2016. (ECF #296-8, Defendant Ridley's Answers and Objections to Plaintiffs' First

Interrogatories ("Interrogatory Responses") at No. 2). This made it seem like he ceased using the WD Drive many years before he resigned. But, several months later at his deposition, Ridley testified that he backed-up and copied Nalco files to the WD Drive as late as 2020. (Ridley Depo. at 87:1-12; 89: 1-12; 91:1-24; 92:1-3.). Then in his responses to Plaintiff's First Request for Admissions, Ridley falsely denied that he wiped any documents on the WD Drive after February 9, 2022:

> 44. After receiving February 9, 2022 correspondence from counsel for Ecolab (attached to the Second Amended Complaint as Exhibit B), You deleted Ecolab Documents or files from a personal Device that was in your possession, custody, or control.
> RESPONSE: **DENIED**
>
> 45. After receiving February 9, 2022 correspondence from counsel for Ecolab (attached to the Second Amended Complaint as Exhibit B), You deleted Ecolab Documents or files from a Storage Media that was in your possession, custody, or control.
> RESPONSE: **DENIED**

(ECF #296-6, Ridley's Responses to Plaintiffs' First Set of Admissions ("RFA Responses") Nos. 44-45). Forensic analysis established this is false as well. (Lieb Declaration at ¶¶ 90, 96, 100). If Ridley admitted that he wiped Ecolab documents from the WD Drive after receiving the February 9 preservation letter, this would have suggested that Ridley was hiding nefarious conduct. By lying in these responses, Ridley was trying to shift the focus away from the WD Drive.

In his admission responses, Ridley also denied that he had a personal computer:

> 57. At the time of your resignation from Ecolab, you owned a personal computer.
> RESPONSE: **DENIED**

(RFA Responses at No. 57). Based on Ridley's responses, there was no reason for Plaintiffs to believe that Ridley used an undisclosed computer to wipe the WD Drive (ChemTreat wiped Ridley's work computer three weeks after receiving Plaintiffs' preservation notice).

So, at this point, Plaintiffs were told that Ridley had a personal external hard drive; he had some Nalco files on this drive, the last time he backed-up Nalco files to that drive was in 2016 (not 2020); he deleted files (possibly in December 2021); he did not use a wiping program on the WD Drive after receiving the February 9, 2022 preservation letter; and he did not own a personal computer. Plaintiffs still did not know that Ridley used a wiping program to delete Nalco files from the WD Drive on February 14, 2022, and that he used an undisclosed computer to do this.

Next, and consistent with Magistrate Judge Lee's requests that the parties work amongst themselves to resolve discovery disputes, Plaintiffs tried to get access to the WD Drive without involving the Court. During meet and confer calls in January 2023, Ridley's counsel then tried to deny that the WD Drive even existed. Plaintiffs' counsel had to dig through old emails to prove to Ridley's counsel that his client had a personal, external drive that needed to be part of discovery. (*See* January 15, 2023 Email from D. Walton to L. Pope, a true and correct copy of which is attached hereto as Exhibit 1 ("Ex. 1"). Plaintiffs then tried to negotiate with Ridley's counsel to get access to the WD Drive. After this went nowhere, on February 13, 2023, Plaintiffs served a Rule 34 Request to Inspect on Ridley seeking, among other items, an image of the WD Drive and "Ridley's personal computer and any personal computer in his house, that was used by Ridley on one or more occasions from August 1, 2020, to present." (*See* ECF #296-9, Plaintiff's Request to Inspect ("Ex. 9")). Ridley objected to this Request and refused to comply.

In April, Plaintiffs took Ridley's deposition. There, Ridley admitted—for the very first time-- that he last copied documents to WD Drive in 2020 (Ridley Depo, at 78:4-92:11; Lieb Declaration, at ¶ 91). ***This was the first time that Plaintiffs learned this.*** Ridley also admitted— for the very first time—that he accessed the WD Drive with his ChemTreat computer on several occasions. (*Id.* at 56:21-58:7; 61:6-17). Ridley also continued to lie about wiping information

from the WD Drive:

> **Q**. Did you wipe any information off the WD drive after you received my letter of February 9, 2022?
> **A.** Not to my knowledge.

(*Id.* at 101:14-17).

Soon after Ridley's deposition, Plaintiffs filed a motion to compel production of the WD Drive, among other devices. (ECF #224). On May 5, 2023, the Court granted this Motion, ordering the parties to negotiate search protocol for the WD Drive. (ECF #246). Counsel negotiated the protocol and search terms over several weeks. This was a complete waste of time. Ridley's counsel knew that the WD Drive was wiped (with C-Cleaner), making any search protocol moot. Even worse, Ridley's counsel insisted on having his expert image the WD Drive (instead of Plaintiff's expert); he also objected and tried to block Plaintiff's expert from looking for the use of wiping programs. (*See* Ex. 2). When Plaintiffs threatened to go back to Court over these issues, Ridley ultimately relented, but this caused more delay.

On May 11, 2023, Ridley finally sent the WD Drive to Plaintiffs' forensic expert, Larry Lieb. (Lieb Declaration at ¶ 86). Soon after, Mr. Lieb discovered that Ridley wiped the WD Drive using C-Cleaner on February 14, 2022. (*Id.*, at ¶ 90). ***This was the first time that Plaintiffs learned any of this information.*** Mr. Lieb then went back to check the CrowdStrike report for this date. He found no evidence that C-Cleaner was loaded onto Ridley's ChemTreat's computer. (*Id.*, at ¶ 99-100). This means that Ridley must have used a different, undisclosed computer to do this wiping. Plaintiffs had no way of knowing about the existence of this separate computer until Mr. Lieb analyzed the WD Drive.

Ridley claims that Plaintiffs knew from the very beginning of this case that Ridley deleted Nalco files from the WD Drive. But, until Plaintiffs' expert reviewed the WD Drive, Plaintiffs did

5

not know that Ridley used C-cleaner to wipe these files. Deleted files can be recovered; wiped files cannot. Saying something is deleted is much different than wiping. Also, it is undisputed that Plaintiffs did not know that an undisclosed computer was used to wipe the WD Drive until Mr. Lieb analyzed the WD Drive. All of this occurred in May 2023.

Thus, Plaintiffs acted more than diligent in pursuing the WD Drive. Until Mr. Lieb was able to image and analyze the WD Drive in May 2023, Plaintiffs did not know that Ridley used C-cleaner to wipe the WD Drive, and Plaintiff's did not know that Ridley used an undisclosed computer to do this wiping. It took months for Plaintiffs to eventually find the truth. And, once Plaintiffs discovered this truth, Plaintiffs acted diligently by filing this Motion to get access to the computer that Ridley used to wipe the WD Drive.

## II. Ridley's claim that he deleted Nalco files on the WD Drive before February 9, 2022 is patently false.

According to ChemTreat and its forensic expert (Jim Vaughn), the CrowdStrike report shows every human interaction between Ridley and his ChemTreat computer.[1] (ECF #293, Ex. 10 at p. 35-36). Yet, the CrowdStrike report does not show any evidence that Ridley used his ChemTreat computer to delete files from the WD Drive. (Lieb Declaration at ⁋ 32). Thus, according to the CrowdStrike report (and ChemTreat's expert), Ridley is lying. Ridley's testimony that he deleted documents from the WD Drive in August 2021, September 2021, and January 2022 is bogus.

This means that when Ridley used a wiping program, C-cleaner, to wipe the WD Drive on February 14, 2022 (five days after receiving Plaintiffs' preservation notice), he deleted active files, not files that he already deleted. (*Id.* at ⁋⁋ 96, 100). In other words, if ChemTreat is right and

---

[1] ChemTreat argues that its wiping of Ridley's work computer has not caused Plaintiffs any prejudice because the CrowdStrike report shows every human interaction between Ridley and his ChemTreat computer. (ECF #293, Ex. 10).

CrowdStrike report shows all human interaction between Ridley's ChemTreat computer and the WD Drive, then as of February 14, 2022, Ridley had not previously deleted any Nalco files. Therefore, Ridley's argument that Plaintiffs already knew that Ridley "deleted" Nalco documents is incredibly misleading. Yes, Ridley's counsel said that Ridley deleted Nalco files, but he never told us that Ridley wiped those files using C-cleaner five days after receiving our preservation notice.

### III.    Ridley included a sham declaration as part of his Opposition to this Motion

In his Opposition to this Motion, Ridley makes sworn statements that contradict his deposition. In his deposition, Ridley testified that he used a "Microsoft Disk Cleanup" or "defrag" on his ChemTreat computer to delete files on the WD Drive:

> **Q.** Okay. Did you ever use a wiping program with the WD drive?
> **A.** Periodically I would, yes.
> **Q.** What wiping program would you use?
> **A.** Like the Microsoft Disk Cleanup or defrag, and it was only used on free space.
> **Q.** What do you mean "only used on free space," sir?
> **A.** Well, if you do a disk cleanup or a defrag or some of the programs that are on your typical Microsoft program, it allows you to select free space or entire device, and I would only select free space.
> **Q.** And that was -- you were able to use that Microsoft utility on the WD drive?
> A. Yes.
> **Q.** And that was by using your ChemTreat computer?
> **A.** I did that on both a Nalco computer, Ecolab computer, and ChemTreat computer.

(Ridley Dep. at 101:13-102:11).

The problem here is that C-cleaner is not a defrag program. (Lieb Declaration, at ¶¶ 101-102). Further, Ridley claims that he used this defrag utility on the free space of the WD Drive. But that's not what he did. As Mr. Lieb discovered, Ridley used a program (C-Cleaner) that completely wiped specific files by overwriting them with binary code. (*Id.* at ¶ 92). A disk cleanup or defrag utility does not wipe data by overwriting it; it moves data around to free up additional space. (*Id.* at ¶ 96). In fact, Ridley went further and also wiped the Master File Table ("MFT")

from the WD Drive (on February 14, 2022). (*Id.* at ⁋⁋ 90, 96). By deleting the MFT, Ridley also deleted evidence that would have shown the file names that were previously on the WD Drive. (*Id.* at ⁋⁋ 90, 95). This is much more than a disk clean-up, as Mr. Ridley claims. Further, Mr. Lieb found no evidence in the CrowdStrike report that Ridley downloaded C-cleaner on his ChemTreat computer. (*Id.* at ⁋⁋ 99-100). This supports his conclusion that Ridley used an undisclosed computer to wipe the WD Drive with C-cleaner on February 14, 2022. That's the exact computer that this Motion seeks to access.

Further, in his Declaration, Ridley now claims:

> 56.    When I testified during my deposition, I thought I ran the disc clean program from my ChemTreat computer.

(See ECF #313-1, Declaration of Anthony Ridley, ("Ridley Declaration") at ⁋ 57.).

In his deposition, Ridley was clear that he used his ChemTreat computer to run the defrag program (see testimony quoted above). Notably, in his Declaration, Ridley never says what computer he used to run the disc clean program. If Ridley is going to file a Declaration, why not come clean about what computer he used to run C-cleaner on the WD Drive? Also, in his Declaration, Ridley mentions several times he used a "disk clean" on his WD Drive. (Ridley Declaration at ⁋⁋ 62-63). He uses this term because it sounds like C-cleaner, but he never states that he previously used C-cleaner on the WD Drive. If Ridley previously used C-cleaner and it was no big deal, he would specifically state in his Declaration that he previously used C-cleaner. He wants Plaintiffs (as well as the Court and the jury) to believe that he previously used C-Cleaner without having to state that he did in a sworn declaration (because he cannot). The fact that he uses the general term, "disk clean," suggests Mr. Lieb's conclusion is accurate – the first time that Ridley used C-cleaner is on February 14, 2022 when he wiped Nalco files from the WD Drive.

**IV.    Ridley knew he was not allowed to take thousands of Nalco files with him to ChemTreat.**

In his opposition, Ridley also argues that Ecolab did not tell him to return all Nalco/Ecolab information when he resigned.  But Paragraph 11 of Ridley's Employment Agreement with Plaintiffs, however, states clearly that Ridley must return all Nalco/Ecolab devices and information.  (*See* Ridley Depo., Ex. 77 at ¶ 12).

Thus, Ridley's argument that he did not know he had to return several years' worth of Nalco computer back-ups and thousands of Nalco files is not credible.  Even without Paragraph 11, any honest employee would know that he/she needs to return that type of information before going to a competitor.  The fact that Ridley would feign ignorance of this obvious point is another black mark on his credibility.

**V.    Granting plaintiffs access to the undisclosed computer that Ridley used to wipe the WD Drive will not affect the trial and is critical for the interests of justice.**

Since the beginning of this case, Ridley has been hiding another computer.   In his admission responses, Ridley claimed that he did not have a personal computer.  (*See* RFA Responses).  In his deposition testimony, he claimed that he rarely used his wife's computer:

> **Q.** You said it was very rarely. Did you ever use the WD drive on your wife's 12 computer?
> **A.** There were times that we would -- she would transfer pictures from her computer -- I'm sorry. There was times when she would transfer pictures from the WD drive to her computer.
> **Q.** Have you ever used her computer to access any Nalco or Ecolab documents?
> **A.** Not to my knowledge.
> **Q.** What do you mean not to your knowledge?
> **A.** I have not -- her computer was very separate from mine, and I do not recall ever using her computer for any type of work application.
> **Q.** Did you ever -- did you ever do any work for Nalco or Ecolab using her computer?
> **A.** Not to my knowledge. My wife and I keep things very segregated and separate.

(Ridley Dep. at 114:10-115:8).

By denying he had a personal computer and denying that he used his wife's computer, Ridley wants to create the narrative the only laptop he used was his ChemTreat laptop. Since ChemTreat wiped that laptop (three weeks after receiving Plaintiffs' preservation notice), Plaintiffs cannot get any evidence from it. But Plaintiffs finally learned that there is another computer out there that Ridley has been hiding. If he used this computer to wipe Nalco files from the WD Drive on February 14, 2022, it is also likely that he used this computer for other purposes relating to Nalco files as well. He could have used this computer to misappropriate additional Nalco files. That computer might still have forensic evidence showing what Ridley did with these Nalco files. That computer might also show if he shared these Nalco files with ChemTreat employees. That computer could have a treasure trove of additional forensic evidence. And, even if Ridley wiped Nalco files from that computer as well, this wiping would be additional evidence of spoliation that will be vital for the jury to evaluate. **Importantly, all of this analysis could be conducted without interfering with the existing trial date.**

WHEREFORE, pursuant to Fed. R. Civ. P. 16(b)(4), Plaintiffs Ecolab Inc. and Nalco Company LLC respectfully request that this Court reopen discovery for the limited purpose of compelling Defendants' immediate compliance with Plaintiffs Rule 34 Request to Inspect and for such further relief as the Court deems just and proper.

Respectfully submitted,

ECOLAB INC. NALCO COMPANY, LLC
d/b/a Nalco Water, an Ecolab Company
and/or Nalco Water

By:     */s/ David J. Walton*
J. Gregory Grisham (TN BPR#013810)
FISHER & PHILLIPS LLP
1715 Aaron Brenner Drive, Suite 312
Memphis, Tennessee 38120
Telephone: 901.526.0431

10

Fax: 901.526.8183
ggrisham@fisherphillips.com

David J. Walton
(*pro hac vice*)
FISHER & PHILLIPS LLP
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone: 610.230.6015
Fax: 610.230.2151
dwalton@fisherphillips.com

Edward G. Winsman
(*pro hac vice*)
FISHER & PHILLIPS LLP
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone: 610.230.2142
Fax: 610.230.2151
ewinsman@fisherphillips.com

COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. Parties may access this filing through the Court's electronic filing system.


*/s/ David J. Walton*
David J. Walton