

From: Walton, David
Sent: Tuesday, February 22, 2022 7:21 PM
To: Mirmira, Vidya <VMirmira@wc.com>
Cc: Crainer, Brandon <bcrainer@fisherphillips.com>; Uppal, Pavneet <puppal@fisherphillips.com>; Grisham, Greg <ggrisham@fisherphillips.com>
Subject: RE: Ecolab adv Ridley/Chemtreat

Vidya –

Thank for your email. We have several points in response, below.

First, given the many representations that you have made regarding Mr. Ridley and his actions, we understand that you are serving as his counsel. As Mr. Ridley's (and ChemTreat's) attorney, you are required to make all necessary efforts to ensure that Ridley and ChemTreat preserve all potentially relevant evidence in this matter. Specifically, Mr. Ridley and ChemTreat must forensically image and preserve the personal and work devices, drives, computers, email accounts, and cloud-storage accounts that have touched any Nalco/Ecolab proprietary and/or confidential information.. Your proposal that you "instruct Mr. Ridley to delete" the "Nalco emails in his personal email" before his various "personal email" accounts have been forensically preserved is unacceptable and rejected.

Second, your acknowledgement that Mr. Ridley "has a personal external hard drive" onto which he "backed up his Nalco/Ecolab computer" but that he "**continues to use that external drive for personal use**" is highly troubling and unacceptable. As you well know, by continuing to use

1

that external drive your client is potential spoliation of relevant evidence including metadata associated with electronically stored information on that external drive.
First, both you (as his counsel) and ChemTreat (as his employer) must instruct Mr. Ridley to immediately discontinue using or in any way accessing all drives, devices, email and cloud storage accounts until they can be forensically imaged, collected and preserved.

Third, please send the thumb drives directly by federal express to: Tyger Forensics, ATTN: Larry Lieb, 53 W. Jackson Blvd., Chicago, IL 60604.

Fourth, if you have not done so already, you must immediately secure a forensic image of the "thumb drive/personal hard drive" referenced in the third sentence (first paragraph) and the "external hard drive" referenced in the first sentence (second paragraph) of your email below. We will need to have those drives analyzed by our forensic expert (with appropriate protections for personal/private information). In the interim, please send us the make and serial number of the thumb and external drive(s).

Fifth, while we appreciate your disclosure that Mr. Ridley used a "personal external hard drive" to back-up his Nalco/Ecolab computer, this conduct is highly improper. Mr. Ridley was not permitted to store or back-up Nalco/Ecolab information on any personal electronic devices (or email/cloud-based accounts). And he certainly was not authorized to take that information to a competitor, like ChemTreat We also demand that Mr. Ridley and ChemTreat obtain a forensic image of this "personal external hard drive" and provide that forensic image our expert (with appropriate protections for personal/private information). In the interim, please send us the make and serial number of this "personal external hard drive."

Sixth, we request that Mr. Ridley and ChemTreat preserve and stop using any computer(s) (whether personal or issued by ChemTreat) that were used to access any of the external hard drives and thumb drives mentioned in your email. We also request that you take immediate steps to take a forensic image(s) of these computers. We will need to have them analyzed by our forensic expert (with appropriate privacy protections) to ensure that Nalco/Ecolab's trade secrets and proprietary information are fully protected and Mr. Ridley's misconduct is fully remediated.

Seventh, we do not believe that Mr. Ridley has told you an accurate recitation of the relevant events. His explanation for his misconduct, as explained in your email below, does not comport (in many ways) with our forensic analysis and factual investigation to date. Please let us know if you will accept service of our Complaint for both Mr. Ridley and ChemTreat.

Best,

Dave



**David Walton**
Partner
Fisher Phillips
Two Logan Square | 12th Floor | 100 N. 18th Street | Philadelphia, PA 19103
dwalton@fisherphillips.com | O: (610) 230-6105

vCard | Website

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.

---

From: Mirmira, Vidya <VMirmira@wc.com>
Sent: Tuesday, February 22, 2022 11:16 AM
To: Uppal, Pavneet <puppal@fisherphillips.com>; Walton, David <dwalton@fisherphillips.com>
Cc: Crainer, Brandon <bcrainer@fisherphillips.com>
Subject: RE: Ecolab adv Ridley/Chemtreat

**CAUTION: This email originated from outside of the Firm. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

---

Pavneet, Dave – based on our preliminary investigation into this matter, we understand that Anthony Ridley resigned from Ecolab approximately seven months ago. As instructed, he arranged to return the vehicle provided by Ecolab. Mr. Ridley also returned the computer and an external hard drive ("Lacie") provided by Nalco/Ecolab; we understand Mr. Ridley at times backed up his computer to that Lacie drive. We understand that Mr. Ridley also transferred personal documents from his Ecolab computer to a thumb drive/personal hard drive. Mr. Ridley sent the Ecolab computer and Lacie drive via federal express to the address provided to him by Ecolab. (He may have also included an Ecolab thumb drive in the fed ex package.) We understand that at some point before receiving your letter (likely over the Christmas/New Year's holidays), Mr. Ridley found two thumb drives, each with a Nalco Water logo. We understand Mr. Ridley deleted information pertaining to Nalco Water or Ecolab from these thumb drives, transferred personal documents (such as family pictures) to a personal external hard drive and then deleted them from the thumb drives, and set these two thumb drives aside. We will ask Mr. Ridley to return these thumb drives; please provide the address to which they should be returned. ChemTreat has not handled these thumb drives; thus, until this matter is resolved, please preserve these thumb drives as is, without any alteration, as well as any other materials relating to Mr. Ridley.

Mr. Ridley has a personal external hard drive that he purchased - i.e., it was not provided by Nalco Water or Ecolab. He at times backed up his Nalco/Ecolab computer to that drive, which also contained personal documents, such as family pictures. We understand that after leaving Ecolab Mr. Ridley deleted information pertaining to Nalco/Ecolab from his personal external hard drive, and he continues to use that external drive for personal use. ChemTreat has not handled Mr. Ridley's personal external hard drive.

With the exception of the two thumb drives (which we will ask him to return), we understand Mr. Ridley has returned all Ecolab property and, to the best of his knowledge, no longer has any Ecolab information (other than HR related documents providing instructions following his resignation, Ecolab benefits information, Ecolab payslips, etc.). During this inquiry, Mr. Ridley discovered that he had some old Nalco emails in his personal email (e.g., from 2009). ChemTreat does not have access to these emails. I propose that we instruct Mr. Ridley to delete them, and we will confirm when he has done so. Please let us know.

I trust that this resolves this matter. If you would like to discuss further, I am happy to do so.

Regards,
Vidya

**Vidya Atre Mirmira**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5352 | (F) 202-434-5029
vmirmira@wc.com | www.wc.com/vmirmira

---

**From:** Uppal, Pavneet <puppal@fisherphillips.com>
**Sent:** Friday, February 18, 2022 10:15 AM
**To:** Mirmira, Vidya <VMirmira@wc.com>
**Cc:** Walton, David <dwalton@fisherphillips.com>; Crainer, Brandon <bcrainer@fisherphillips.com>
**Subject:** Re: Ecolab adv Ridley/Chemtreat

Vidya - irrespective of when you may have been retained, Mr. Ridley and his employer Chemtreat have been on notice of our letter and demand for the return of Ecolab's physical property since last week. Both Ridley and Chemtreat have reacted with stony silence and failed to return Ecolab's property. The obligation to return misappropriated property does not evenly remotely turn on when you may have been retained and there is nothing discourteous about our highlighting Chemtreat and Ridley's conduct in this regard.

We will proceed accordingly.


Sent from my iPhone

**Pavneet Uppal**
**Attorney at Law**

Fisher & Phillips LLP

3200 N. Central Avenue | Suite 805 | Phoenix, AZ 85012
puppal@fisherphillips.com | O: (602) 281-3410

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*

> On Feb 18, 2022, at 7:45 AM, Mirmira, Vidya <VMirmira@wc.com> wrote:
>
> **CAUTION: This email originated from outside of the Firm. Do not click links or open attachments unless you recognize the sender and know the content is safe.**
>
> ---
>
> Pavneet – we were only just retained in this matter, and we are looking into the issues raised in your letter to ChemTreat, and your letter to Mr. Ridley, which Dave sent me yesterday. It's reasonable for us to take a few days to conduct a preliminary investigation to understand the situation, so that I can have a more informed discussion with you. I thus cannot yet comment on the assertions in your email below or in your letters, other than to say that if you proceed with litigation and make allegations, such as ChemTreat or Mr. Ridley "refus[ing]" to return

4
Case 1:22-cv-00050-TRM-SKL  Document 329-1  Filed 07/12/23  Page 4 of 8  PageID #: 12557

Ecolab property, those would be false. We have no objection to returning Ecolab property, if Mr. Ridley has such property in his possession.

In the future, please dispense with unilateral deadlines and discourteous demands. I look forward to discussing and hopefully resolving these issues with you in a few days.

Regards,
Vidya

**Vidya Atre Mirmira**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5352 | (F) 202-434-5029
vmirmira@wc.com | www.wc.com/vmirmira

---

**From:** Uppal, Pavneet <puppal@fisherphillips.com>
**Sent:** Thursday, February 17, 2022 5:41 PM
**To:** Mirmira, Vidya <VMirmira@wc.com>
**Cc:** Walton, David <dwalton@fisherphillips.com>; Crainer, Brandon <bcrainer@fisherphillips.com>; Uppal, Pavneet <puppal@fisherphillips.com>
**Subject:** Ecolab adv Ridley/Chemtreat

Vidya,

Along with my colleague Dave Walton, I am one of the Fisher Phillips attorneys representing Ecolab on the above referenced matter. While we appreciate your willingness to discuss the matters set forth in our attached letter, we cannot wait until next week to do so. Accordingly, please let us a time prior to 2 pm EST tomorrow that works for you.

In the meantime, please take note that we emailed the attached letter to Chemtreat's employee, Anthony Ridley, last week on February 9, 2022. In addition to receiving the letter by email, he also received a second copy of the letter by Federal Express. Thus, irrespective of whether Williams & Connolly represents Mr. Ridley (which you have not yet clarified), it is clear that he and Chemtreat have been on notice of the matters set forth in the our letter since last week.

Our letter clearly demands (among other requests) that Mr. Ridley "[r]eturn all of Ecolab's **physical property** to us including, but not limited to, the external drives onto which [he] downloaded our client's electronic documents and business information." These external drives belong to Ecolab and there is no plausible justification for Mr. Ridley refusal to return them. It is highly unfortunate and inappropriate that our request has been met with nothing but silence from Mr. Ridley and his employer for over a week.

There appears to be no daylight thus far between Mr. Ridley and Chemtreat. As Ridley's employer, Chemtreat could easily direct its employee and agent to immediately return Ecolab's physical property as an initial first step. It simply has chosen not to do so. Accordingly, it is our position that the very large volume of trade secret and confidential information that Mr. Ridley misappropriated and has retained in his possession is likewise in the possession, custody and control of Chemtreat.

In light of the foregoing, if we do not hear from you by 2 pm EST tomorrow regarding the return of Ecolab's physical property, we will have to proceed with litigation. In that event, our pleadings will also

note that despite written requests, defendants Ridley and Chemtreat have refused to return Ecolab's property which they continue to jointly and wrongfully retain in their possession.

We trust that you and/or Chemtreat will have already spoken with Mr. Ridley prior to our call.

Best regards,

**Pavneet Uppal**
Attorney at Law
Fisher & Phillips LLP
3200 N. Central Avenue | Suite 1550 | Phoenix, AZ 85012
puppal@fisherphillips.com | O: (602) 281-3410

vCard | Bio | Website   *On the Front Lines of Workplace Law*℠

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*

---

**From:** Mirmira, Vidya <VMirmira@wc.com>
**Sent:** Thursday, February 17, 2022 2:10 PM
**To:** Walton, David <dwalton@fisherphillips.com>
**Cc:** Uppal, Pavneet <puppal@fisherphillips.com>; Crainer, Brandon <bcrainer@fisherphillips.com>
**Subject:** RE: 2022.02.09 Letter to Vidya Atre Mirmara.pdf

**CAUTION: This email originated from outside of the Firm. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

Dave – no worries, and hope your procedure went well. Thank you for forwarding the letter to Mr. Ridley. I've been in a hearing today, but will look into the issues in this letter, and then I think it makes sense for us to discuss. Would you please provide your availability next week? I'm available Tuesday (3:30 pm onward); Wednesday (12 – 5 pm); and Thursday (9 – 10:30 am, 11:30 am – 1:30 pm, and 3 pm onward).

Regards,
Vidya

**Vidya Atre Mirmira**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5352 | (F) 202-434-5029
vmirmira@wc.com | www.wc.com/vmirmira

---

**From:** Walton, David <dwalton@fisherphillips.com>
**Sent:** Thursday, February 17, 2022 11:28 AM
**To:** Mirmira, Vidya <VMirmira@wc.com>
**Cc:** Uppal, Pavneet <puppal@fisherphillips.com>; Crainer, Brandon <bcrainer@fisherphillips.com>
**Subject:** RE: 2022.02.09 Letter to Vidya Atre Mirmara.pdf

Vidra –

Sorry for the delay. I was out due to a medical procedure, but I am back in the office now. Per your request, please see the attached letter to Mr. Ridley. As we have not heard from Mr. Ridley, it appears we need to file a lawsuit. But if you would like to talk before we do so, please let us know as soon as you can. Due to the overwhelming amount of information we believe Mr. Ridley may have taken, we need to move on this (as I'm sure you understand).

Also, please let us know if you are representing Mr. Ridley as well.

Best,

Dave

**David Walton**
Partner
Fisher Phillips
Two Logan Square | 12th Floor | 100 N. 18th Street | Philadelphia, PA 19103
dwalton@fisherphillips.com | O: (610) 230-6105

vCard | Website

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*

---

**From:** Walton, David
**Sent:** Tuesday, February 15, 2022 4:54 PM
**To:** Mirmira, Vidya <VMirmira@wc.com>
**Subject:** Re: 2022.02.09 Letter to Vidya Atre Mirmara.pdf

Hey Vidra

I'm not in front of my computer but will send tonight. Thank you.

Dave

Sent from my iPad

> On Feb 15, 2022, at 4:00 PM, Mirmira, Vidya <VMirmira@wc.com> wrote:
>
> **CAUTION: This email originated from outside of the Firm. Do not click links or open attachments unless you recognize the sender and know the content is safe.**
>
> Hi Dave – we're representing ChemTreat regarding this matter. Your letter references an attached letter to Mr. Ridley, but doesn't include the attachment.

7

Would you please forward that to me? We'll review and get back to you. Thank you.

Best,
Vidya

**Vidya Atre Mirmira**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5352 | (F) 202-434-5029
vmirmira@wc.com | www.wc.com/vmirmira

---

**From:** Walton, David <dwalton@fisherphillips.com>
**Sent:** Wednesday, February 9, 2022 4:59 PM
**To:** Mirmira, Vidya <VMirmira@wc.com>
**Cc:** Honeycutt, Mike <jhoneycutt@fisherphillips.com>; Uppal, Pavneet <puppal@fisherphillips.com>; Crainer, Brandon <bcrainer@fisherphillips.com>
**Subject:** 2022.02.09 Letter to Vidya Atre Mirmara.pdf

Vidya:

Please see the attached correspondence regarding Anthony Ridley and ChemTreat. If you do not (or will not) represent ChemTreat for this matter, please let me know.

Best,

Dave

**David Walton**
Partner
Fisher Phillips
Two Logan Square | 12th Floor | 100 N. 18th Street | Philadelphia, PA 19103
dwalton@fisherphillips.com | O: (610) 230-6105

vCard | Website

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.