# EXHIBIT 1

| From: | Lance Pope |
|---|---|
| To: | Walton, David; Jeremy Cothern |
| Cc: | Grisham, Greg; Honeycutt, Mike; Uppal, Pavneet; Winsman, Edward; Lund, Juli; Homesley, Troy |
| Subject: | RE: Outline of Protocol for WD Drive |
| Date: | Monday, May 15, 2023 9:29:20 AM |
| Attachments: | image001.png |

**CAUTION: This email originated from outside of the Firm. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

Dave –

My further comments to your comments are below in RED. Let's get this resolved. Thanks.

LWP



### Lance W. Pope
Attorney

*Patrick, Beard, Schulman & Jacoway, P.C.*

**Phone**: (423) 756-7117
**Fax**: (423) 267-5032
**Email**: lpope@pbsjlaw.com

537 Market Street, Suite 300
Chattanooga, Tennessee 37402
**www.pbsjlaw.com**

---

**From:** Walton, David <dwalton@fisherphillips.com>
**Sent:** Thursday, May 11, 2023 7:55 PM
**To:** Lance Pope <lpope@pbsjlaw.com>; Jeremy Cothern <jcothern@pbsjlaw.com>
**Cc:** Grisham, Greg <ggrisham@fisherphillips.com>; Honeycutt, Mike <jhoneycutt@fisherphillips.com>; Uppal, Pavneet <puppal@fisherphillips.com>; Winsman, Edward <ewinsman@fisherphillips.com>; Lund, Juli <JLund@wc.com>; Homesley, Troy <thomesley@wc.com>
**Subject:** RE: Outline of Protocol for WD Drive

Lance – My comments are below in BLUE.

### David Walton
**Partner**

Fisher Phillips
Two Logan Square | 12th Floor | 100 N. 18th Street | Philadelphia, PA 19103



dwalton@fisherphillips.com | O: (610) 230-6105

vCard | Website

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*

---

**From:** Lance Pope <lpope@pbsjlaw.com>
**Sent:** Wednesday, May 10, 2023 7:12 PM
**To:** Walton, David <dwalton@fisherphillips.com>; Jeremy Cothern <jcothern@pbsjlaw.com>
**Cc:** Grisham, Greg <ggrisham@fisherphillips.com>; Honeycutt, Mike <jhoneycutt@fisherphillips.com>; Uppal, Pavneet <puppal@fisherphillips.com>; Winsman, Edward <ewinsman@fisherphillips.com>; Lund, Juli <JLund@wc.com>; Homesley, Troy <thomesley@wc.com>
**Subject:** RE: Outline of Protocol for WD Drive

**CAUTION: This email originated from outside of the Firm. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

Dave –

This afternoon we shipped the WD Drive to the address you provided today for Larry Lieb. The FedEx Tracking number is 7721 0581 1116. Please FedEx a copy of the image that Mr. Lieb creates as well as the WD Drive to my office and to my attention after Mr. Lieb has produced the image.

Regarding "Processing", I have copied the points from your prior email below and added my comments in **RED.**

- Processing
    - Our expert will process the files using two different industry standard tools - Agreed
    - This process will make the files searchable - Agreed
    - Our expert will carve out and recover all deleted files; he will make those files searchable as well - Agreed

Regarding "Search", I have copied the points from your prior email below and added my comments in **RED.**

- Search

- We will agree to search terms, which will be run by our expert (we will send a proposed list of terms by COB Tuesday)

    <span style="color:red">I address this separately below. We need to resolve search terms before Mr. Lieb begins his search of the image.</span> <span style="color:#3da5d9">AGREED. I told Larry no searching until we agree to terms.</span>

- These search terms will include potentially privileged terms

    <span style="color:red">What does this mean?</span> <span style="color:#3da5d9">It means we will use search terms to find potentially-privileged documents. You and I will agree to those, though I assume you will want to propose some first.</span> <span style="color:red">I will send proposed privileged terms today.</span>

- All hits will be produced to Ridley's counsel to be reviewed for privilege and personal items

    <span style="color:red">I want to confirm that you are stating the actual files will be produced and not just a file list of "hits" to certain search terms. Please confirm.</span> <span style="color:#3da5d9">AGREED. And, as we mentioned below, we are willing to share a STR report to evaluate any outlier search terms.</span> <span style="color:red">Agreed.</span>

- We will also give you a STR report to review any outlier hits

    <span style="color:red">Understood</span>

- All searches will include metadata

    <span style="color:red">Understood</span>

- You will review the documents and then release to us (our expert will produce to us in REL compatible format); per the Court's Order, you will have a short period of time to do this

    <span style="color:red">We will need to discuss what constitutes a "short period of time" depending on the number of documents at issue. Agreed that we will review the documents for privileged, confidential, and/or personal information on an expedited basis prior to any documents being released or produced.</span> <span style="color:#3da5d9">What do you propose?</span> <span style="color:red">I won't know until we know how many documents we have to review.</span>

- For ANY document that you withhold (based on privilege or otherwise), you will log each withheld documents in a manner compliant with Rule 26(b)(5)(A)

    <span style="color:red">Agreed</span>

- We proposed that our expert have the right to search for forensic artifacts and produce the same to us; this includes artifacts showing access dates/times; use of wiping programs; dates of deletions; etc. You objected to this, but you are going to discuss with your expert. I told you during our meet and confer on Sunday morning that I did not see where the Court's order [Doc 246] provided for this. Please identify the language in the court order that provides for this search. I don't have to identify any language.  Searching for forensic artifacts is part of any normal forensic investigation. Vaughn did this for ChemTreat.  The only reason to object to searching for forensic artifacts is because your client is hiding something.  If he wasn't hiding anything, he would have no problem with it.  We will need to file a motion with the Court on this.  Your assertions about the reasons for raising this issue are rejected.  In looking back at the Court's order, I can see how it might be read to allow for this analysis.  By way of compromise, and in an effort not to burden the Court, we agree to this.

Picture, Video, and Music Files

I understand that Mr. Lieb will exclude all video and music files from the file search.  Mr. Lieb must also do this with all picture files.  NOT AGREED.  Your client had .jpeg files in his Nalco client files.  Thus, we need to search for them.  See my proposal for resolution of this issue below.   The Court's order says Mr. Ridley's pictures are to be "removed or left unreviewed from the forensic image to the extent possible." [Doc 246, Page ID 4932] Mr. Lieb must follow the same procedure for removing Mr. Ridley's pictures from his search that he follows for the videos and music files.  Please confirm <u>before</u> Mr. Lieb performs any search of the image.

Search Terms

I have copied below your proposal regarding search terms:

- Regarding search terms, we propose using:
  - Customer names for the files that Ridley downloaded to the LaCie Drive and for the customers he handled during his last position at Nalco
  - Files names from the DLP report
  - Derivative of key file names from the DLP report (e.g., fact /2 pack!; service /2 report; monthly /2 turndoc; training; etc.)
  - Standard, basic search terms like "Nalco", "Ecolab", "Herrera",

"Mackie", etc.

Does this mean that Plaintiffs intend to use every file name from the DLP report as a separate search term as well as derivatives of those file names as additional search terms? As I understand your proposal here, you are proposing over 16,000 search terms.  If so, this is not the "efficient and workable protocol" ordered by the Court.  <span style="color:#3B8ED0">Why would you object to running the file names?  Unless there's an exact match, there will not be any hits.  We also need to run derivative search terms based on the file names in case Mr. Ridley (or someone else) changed the name of the file after saving it. That's one of the major problems with ChemTreat's investigation.  By using only the exact file names to search, their search was actually too narrow.</span>    Also please clarify what other "basic search terms" you propose.  <span style="color:#3B8ED0">We will provide a list.</span>  Please provide a complete list with a reasonable number of proposed search terms as soon as possible, so that we can resolve this issue quickly and before Mr. Lieb conducts any search of the image.

<span style="color:red">By way of compromise - we agreed for Mr. Lieb to run the <u>file names from the DLP report</u> against all files except for video and audio files.  This can include the picture files.  This compromise will address your concerns about the .jpeg files listed in the DLP report. We do not agree to any other search of the picture files as the Court's order specifically excludes those files from the review and even contemplates Mr. Ridley's picture files being removed from the forensic image.

Also - I still have not received your proposed list of search terms.  I again ask that you provide your list of a reasonable number of proposed search terms.</span>

Regards,

LWP



### Lance W. Pope
Attorney

*Patrick, Beard, Schulman & Jacoway, P.C.*

**Phone**: (423) 756-7117
**Fax**: (423) 267-5032
**Email**: lpope@pbsjlaw.com

537 Market Street, Suite 300
Chattanooga, Tennessee 37402
**www.pbsjlaw.com**

---

**From:** Walton, David <dwalton@fisherphillips.com>
**Sent:** Wednesday, May 10, 2023 11:34 AM
**To:** Lance Pope <lpope@pbsjlaw.com>; Jeremy Cothern <jcothern@pbsjlaw.com>
**Cc:** Grisham, Greg <ggrisham@fisherphillips.com>; Honeycutt, Mike

<jhoneycutt@fisherphillips.com>; Uppal, Pavneet <puppal@fisherphillips.com>; Winsman, Edward <ewinsman@fisherphillips.com>; Lund, Juli <JLund@wc.com>; Homesley, Troy <thomesley@wc.com>
**Subject:** RE: Outline of Protocol for WD Drive

Lance:

Please send the drive to:

Tyger Forensics, Inc
c/o Larry Lieb
53 W Jackson Blvd, Suite 609, Chicago, IL 60604

Would you like us to send you a copy of the image once it is completed? If so, please let me know where we should send it.

Dave



**David Walton**
**Partner**

Fisher Phillips
Two Logan Square | 12th Floor | 100 N. 18th Street | Philadelphia, PA 19103
dwalton@fisherphillips.com | O: (610) 230-6105

vCard  |  Website

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*

---

**From:** Lance Pope <lpope@pbsjlaw.com>
**Sent:** Tuesday, May 9, 2023 5:50 PM
**To:** Walton, David <dwalton@fisherphillips.com>; Jeremy Cothern <jcothern@pbsjlaw.com>
**Cc:** Grisham, Greg <ggrisham@fisherphillips.com>; Honeycutt, Mike <jhoneycutt@fisherphillips.com>; Uppal, Pavneet <puppal@fisherphillips.com>; Winsman, Edward <ewinsman@fisherphillips.com>; Lund, Juli <JLund@wc.com>; Homesley, Troy <thomesley@wc.com>
**Subject:** RE: Outline of Protocol for WD Drive

> **CAUTION:** This email originated from outside of the Firm. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dave – I think our emails crossed. Logicforce has a physical image (as opposed to a logical image) of

the WD drive. Please let me know if Mr. Lieb still wants to create a separate physical image from the actual drive. If so, we will arrange for delivery of the drive to Mr. Lieb if you will send me his shipping address. I will respond to the other points in your message below separately, but I want to get the balling rolling on shipping the actual WD drive if the physical image that Logicforce has already created is not going to be sufficient.

Thanks,

LWP



**Lance W. Pope**
Attorney

***Patrick, Beard, Schulman & Jacoway, P.C.***

**Phone**: (423) 756-7117
**Fax**: (423) 267-5032
**Email**: lpope@pbsjlaw.com

537 Market Street, Suite 300
Chattanooga, Tennessee 37402
**www.pbsjlaw.com**

---

**From:** Walton, David <dwalton@fisherphillips.com>
**Sent:** Tuesday, May 9, 2023 11:28 AM
**To:** Lance Pope <lpope@pbsjlaw.com>; Jeremy Cothern <jcothern@pbsjlaw.com>
**Cc:** Grisham, Greg <ggrisham@fisherphillips.com>; Honeycutt, Mike <jhoneycutt@fisherphillips.com>; Uppal, Pavneet <puppal@fisherphillips.com>; Winsman, Edward <ewinsman@fisherphillips.com>; Lund, Juli <JLund@wc.com>; Homesley, Troy <thomesley@wc.com>
**Subject:** RE: Outline of Protocol for WD Drive

Lance –

We spoke our forensic expert, Larry Lieb, yesterday. A few points based on that call:

- Per my prior email, we need a physical image (as opposed to a logical image) of the WD Drive
- Larry needs to image the drive himself; please work with us to arrange delivery of the drive so he can image; we will share a copy of the image to

you or your designee
- Larry needs to see that image that was already taken so he can compare to make sure they are identical
- Please also send the written chain-of-custody paperwork and imaging logs for the existing image(s) of the WD Drive
- We do not agree to removing any files from the WD Drive before it is produced to Larry for imaging and analysis; we agree with your expert that this cannot be done without undermining using a logical image, which is unacceptable from a forensic standpoint; we need a physical image
- We will agree that all movie and music files can be excluded from any searching by Larry (Larry will exclude these after taking the physical image)
- We have seen that Mr. Ridley kept several .jpeg files in his customer files; as part of processing data, these .jpeg will be OCR'd and then searched by keywords; personal pictures should not have any keyword hits
- We still demand that Larry be able to search and analyze forensic artifacts for the WD Drive (that we discussed earlier)
- Regarding search terms, we propose using:
    - Customer names for the files that Ridley downloaded to the LaCie Drive and for the customers he handled during his last position at Nalco
    - Files names from the DLP report
    - Derivative of key file names from the DLP report (e.g., fact /2 pack!; service /2 report; monthly /2 turndoc; training; etc.)
    - Standard, basic search terms like "Nalco", "Ecolab", "Herrera", "Mackie", etc.
- Our proposal regarding "Processing" and "Searching" outlined below remain in play

Dave

**David Walton**
**Partner**

Fisher Phillips
Two Logan Square | 12th Floor | 100 N. 18th Street | Philadelphia, PA 19103



dwalton@fisherphillips.com | O: (610) 230-6105

vCard | Website

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*

---

**From:** Lance Pope <lpope@pbsjlaw.com>
**Sent:** Monday, May 8, 2023 8:14 PM
**To:** Walton, David <dwalton@fisherphillips.com>; Jeremy Cothern <jcothern@pbsjlaw.com>
**Cc:** Grisham, Greg <ggrisham@fisherphillips.com>; Honeycutt, Mike <jhoneycutt@fisherphillips.com>; Uppal, Pavneet <puppal@fisherphillips.com>; Winsman, Edward <ewinsman@fisherphillips.com>; Lund, Juli <JLund@wc.com>; Homesley, Troy <thomesley@wc.com>
**Subject:** RE: Outline of Protocol for WD Drive

**CAUTION: This email originated from outside of the Firm. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

Dave –

Here is the information I received from our expert today regarding the details of the image that Logicforce has already made. This information is meant to address the "Production of the Image" point in your email below.

- Logicforce has a clean unmodified copy of the original image from the forensic preservation.
- The image was created by using Access Data STK Imager v4.5.03.
- This program creates a bit-by-bit image of the drive.
- Logicforce has the verified hashes for the preservation.
- The image is compatible with Axiom software.

Our expert is checking to see if there is a way to remove the media files (pictures, videos, and songs) from a copy of the image before it is produced to Mr. Lieb, but he initially does not think this is possible.

This email is not meant address your points below on "Processing" or "Search".

Thanks,

LWP



**Lance W. Pope**

Attorney

*Patrick, Beard, Schulman & Jacoway, P.C.*

**Phone**: (423) 756-7117
**Fax**: (423) 267-5032
**Email**: lpope@pbsjlaw.com

537 Market Street, Suite 300
Chattanooga, Tennessee 37402
**www.pbsjlaw.com**

**From:** Walton, David <dwalton@fisherphillips.com>
**Sent:** Sunday, May 7, 2023 8:59 PM
**To:** Lance Pope <lpope@pbsjlaw.com>; Jeremy Cothern <jcothern@pbsjlaw.com>
**Cc:** Grisham, Greg <ggrisham@fisherphillips.com>; Honeycutt, Mike <jhoneycutt@fisherphillips.com>; Uppal, Pavneet <puppal@fisherphillips.com>; Winsman, Edward <ewinsman@fisherphillips.com>; Lund, Juli <JLund@wc.com>; Homesley, Troy <thomesley@wc.com>
**Subject:** Outline of Protocol for WD Drive

Lance/Jeremy:

We discussed the following points this AM for a potential protocol for the WD Drive:

- Production of the image
    - You proposed using the image that has already been made; you will provide more information regarding this drive; we did not commit to this, but we are willing to consider it if our expert agrees, otherwise we will need to image the drive ourselves; please confirm that no one has accessed the drive or the image since the drive was originally imaged
    - You requested that your expert remove all personal files from the image before we get it; we did not agree to this but will discuss with our expert; if we did agree to this, our expert would have to be directly involved in the removal of any personal files

Processing
- Our expert will process the files using two different industry standard tools
- This process will make the files searchable
- Our expert will carve out and recover all deleted files; he will make those files searchable as well

- Search
    - We will agree to search terms, which will be run by our expert (we will send a proposed list of terms by COB Tuesday)
    - These search terms will include potentially privileged terms
    - All hits will be produced to Ridley's counsel to be reviewed for privilege and personal items
    - We will also give you a STR report to review any outlier hits
    - All searches will include metadata
    - You will review the documents and then release to us (our expert will produce to us in REL compatible format); per the Court's Order, you will have a short period of time to do this
    - For ANY document that you withhold (based on privilege or otherwise), you will log each withheld documents in a manner compliant with Rule 26(b)(5)(A)
    - We proposed that our expert have the right to search for forensic artifacts and produce the same to us; this includes artifacts showing access dates/times; use of wiping programs; dates of deletions; etc. You objected to this, but you are going to discuss with your expert.

Please let us know when you get the information from your expert regarding the image.

Best,
Dave



**David Walton**
**Partner**

Fisher Phillips
Two Logan Square | 12th Floor | 100 N. 18th Street | Philadelphia, PA 19103
dwalton@fisherphillips.com | O: (610) 230-6105

vCard | Website

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*