UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ECOLAB INC. and NALCO COMPANY, LLC d/b/a NALCO WATER, AN ECOLAB COMPANY and/or NALCO WATER,<br><br>    *Plaintiffs*,<br><br>v.<br><br>ANTHONY RIDLEY and CHEMTREAT, INC.<br><br>    *Defendants*. | Case No. 1:22-cv-50<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Susan K. Lee |

**ORDER**

On August 1, 2023, the Court entered a memorandum and order finding that Plaintiffs Ecolab, Inc., and Nalco Company, LLC (collectively "Ecolab/Nalco"), as well as Defendants Anthony Ridley and ChemTreat, Inc. ("ChemTreat"), spoliated evidence in this case. (Doc. 349.) In the memorandum and order, the Court notified the parties that, given the procedural history of this case, it was considering appointing a special master to oversee a limited reopening of discovery as a sanction for spoliation. (*Id.* at 33–35.) On August 10, 2023, the Court heard additional arguments from the parties as to appropriate sanctions, and, since the hearing, the parties have submitted additional briefing identifying the specific sanctions sought in connection with reopening discovery, the reasons for such sanctions, the role the special master should play in overseeing the reopening of discovery, and any other matters the Court should consider in appointing a special master under Rule 53. (Docs. 358, 359, 360.)

For the reasons set forth in the Court's August 1, 2023 memorandum opinion, as well as the reasons discussed at the August 10, 2023 hearing, the Court finds that appointment of a special master is necessary "to address pretrial . . . matters that cannot be effectively and timely addressed" by the undersigned or the magistrate judge assigned to this case. Fed. R. Civ. P. 53(a)(1)(C). Accordingly, the Court **APPOINTS** Clinton P. Sanko of the law firm Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker Donelson") as Special Master in this case pursuant to Federal Rule of Civil Procedure 53. Set forth below are the terms and duties related to the Special Master's appointment, and, consistent with these terms and duties, the Court **ORDERS** the Special Master to "proceed with all reasonable diligence." Fed. R. Civ. P. 53(b)(2). The Special Master shall complete his duties, as set forth below, on or before **November 1, 2023**.

## I. SPECIAL MASTER'S DUTIES

As detailed in the Court's August 1, 2023 memorandum and order, each of the parties in this case has spoliated evidence. As a sanction, the Court is reopening discovery on a limited basis to be overseen and executed by the Special Master to mitigate the prejudice caused by spoliation. In order to achieve the goals of this appointment efficiently and effectively, the Court orders as follows:

- The Special Master shall review any filings in this case necessary to educate himself in connection with executing his duties.

- Ridley shall immediately produce to the Special Master (or his vendor or delegate as directed) the April 2022 forensic image of his wife's laptop, as well as a new forensic image of his wife's laptop. The Special Master, with the input of the parties, shall establish reasonable search protocols and may, but is not required to, search one or both these forensic images for evidence regarding:

    o The circumstances under which Ridley ran CCleaner software on the WD Drive after receiving Ecolab/Nalco's February 9, 2022 preservation notice;

- o Files and data deleted from the WD Drive as a result of running the CCleaner software;

  o Whether Ridley connected the LaCie Drive to his wife's laptop; and

  o Whether Ridley stored and/or accessed Ecolab/Nalco documents on his wife's laptop.

- Ridley shall immediately produce to the Special Master (or his vendor or delegate as directed) a forensic image of the iPad he connected to his ChemTreat or Ecolab/Nalco laptops, as well as a forensic image of any USB device in his possession that he connected to his ChemTreat or Ecolab/Nalco laptops. The Special Master, with the input of the parties, shall establish reasonable search protocols and may, but is not required to, search one or more these forensic images for evidence regarding whether Ridley stored and/or transferred Ecolab/Nalco files using these devices during his employment at ChemTreat. To the extent Ridley is no longer in possession of these devices, he shall provide to the Special Master an affidavit or declaration explaining why they are no longer in his possession.

- ChemTreat shall produce to the Special Master (or his vendor or delegate) electronically stored information data sources, including e-mail repositories, OneDrive repositories, and forensic images of local hard drives, as directed for the custodians listed below. The Special Master, with the input of the parties, shall establish reasonable search protocols and may, but is not required to, search one or more of these data repositories for evidence regarding whether Ridley transferred Ecolab/Nalco files to these custodians during his employment at ChemTreat.

  o John Alcorn;

  o Tyler Bates;

  o Clay Cissell;

  o Steve Leavell;

  o Albert DeNunzio;

  o David Ellis;

  o Larry Harmon;

  o Matt Hofer;

  o Todd Kraft;

  o David Pearson;

  o Jim Shealey;

- o George Sloan; and
- o John Spradling;

- In developing search protocols for the foregoing devices and data repositories, the Special Master shall be guided by the Court's rulings on the parties' cross-motions for spoliation sanctions and Federal Rule of Civil Procedure 26(b)(1)'s instruction that discovery should be "proportional to the needs of the case." Production of the foregoing data sources does not mean that the Special Master is required to search a data source. The Special Master retains the ultimate discretion to determine whether to search a data source and what search protocols will be used.

- To the extent requested by the Special Master, the parties shall provide the Special Master access to any data or documents previously collected and produced during discovery and any other information related thereto as requested by the Special Master, and the Special Master may consider and use such data or documents in discharging his duties.

- In executing his duties, the Special Master may direct that work be performed by other Baker Donelson attorneys and support personnel, as well as third-party information-technology vendors, as necessary. The Special Master may also appoint his own expert witness pursuant to Federal Rule of Evidence 706.

- The Special Master shall develop a protocol that adequately protects against disclosure of privileged and personal information and that adequately protects the parties' confidential business information as set forth in the parties agreed protective order (Doc. 92).

- The Court reserves the right to change the scope of the Special Master's duties, and the Court encourages the Special Master to seek additional authority, if needed, in executing his duties.

## II. COMMUNICATIONS WITH THE PARTIES AND THE COURT

Rule 53(b)(2)(B) directs the Court to specify "the circumstances, if any, in which the master may communicate ex parte with the court or a party."

### A. *Ex Parte* Communications with the Court

The Special Master may communicate *ex parte* with the Court at the Special Master's discretion, without providing notice to the parties, to assist the Court with legal analysis of the parties' positions, except that the Special Master may not communicate to the Court any matters relating to settlement negotiations. The Special Master may also communicate *ex parte* with the

Court, without notice to the parties, regarding the scope of the limited reopening of discovery, the nature of his activities as Special Master, management of discovery, and other appropriate procedural matters.

### B. *Ex Parte* Communications with the Parties

The Special Master may not communicate *ex parte* with any party or counsel for any party without express written consent of the parties or their counsel. The Special Master may, however, resolve any claim of privilege through an *in camera* review of appropriate materials through a process that affords the party challenging the claim of privilege the opportunity to be heard.

## III. SPECIAL MASTER'S RECORD

Rule 53(b)(2)(C) provides that the Court must identify "the nature of the materials to be preserved and filed as the record of the master's activities." The Special Master shall maintain normal billing records of time expended on this matter, with reasonably detailed descriptions of activities and the matters he and his staff worked on. As directed by the Court, the Special Master shall periodically submit *ex parte* reports to the Court detailing the progress made in production, review, and analysis of the electronically stored information and data repositories identified in Section I. The Special Master need not preserve for the record any documents received by the Special Master from counsel or the parties in this case.

## IV. REVIEW OF THE SPECIAL MASTER'S ORDERS

Rule 53(b)(2)(D) requires the Court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations." The Special Master shall have the authority to issue any order necessary to effectuate his duties as set forth in Section I of this Order, and shall reduce any formal order,

finding, report, or recommendation to writing and file it electronically on the docket via Electronic Case Filing. Pursuant to Rule 53(f)(2), any party may file an objection to the Special Master's orders, findings, reports, or recommendations within seven days of the date it is electronically filed. Failure to file an objection within the time specified herein will constitute a permanent waiver of any objection to the Special Master's orders, findings, reports, or recommendations. Absent a timely objection, the Special Master's orders, findings, reports, or recommendations shall be deemed approved, accepted, and ordered by the Court, unless the Court expressly states otherwise. Pursuant to Rule 53(f)(4) and (5), the Court shall decide *de novo* all objections to conclusions of law made or recommended by the Special Master and shall set aside a ruling by the Special Master on a procedural matter only for an abuse of discretion. To the extent the Special Master enters an order, finding, report, or recommendation regarding an issue of fact, the Court shall review such issue *de novo* upon a timely objection. Failure to timely object to a finding of fact will constitute a permanent waiver of any objection to the Special Master's findings of fact.

## V. COMPENSATION

Rule 53(b)(2)(E) directs the Court to state "the basis, terms, and procedure for fixing the special master's compensation." *See also* Fed. R. Civ. P. 53(g). The Special Master shall be compensated at a rate of $650.00 per hour. Any work performed by a Baker Donelson attorney at the Special Master's direction shall be compensated at a rate of between $330.00 and $430.00 per hour. The Special Master shall disclose to the Court and the parties the costs for utilizing third-party information technology vendors and rate of compensation for any expert designated by the Special Master pursuant to Federal Rule of Evidence 706, which the Court will review for reasonableness.

The Court anticipates initially apportioning the costs of the Special Master equally between Ecolab/Nalco and ChemTreat but anticipates reapportioning the costs based on the results of the Special Master's work, the ultimate necessity or productivity of the parties' requests for the Special Master to conduct searches or other action, and the reasonableness of the parties' conduct in working with the Special Master to produce, review, and analyze the electronically stored information and data repositories set forth in Section I.

On a monthly basis, the Special Master shall submit to the Court an itemized statement of fees and expenses, which the Court will review for reasonableness. The itemized statement shall not reflect any confidential information or the substance of any *ex parte* communications with the Court. Each itemized statement shall include a signature line for the Court, accompanied by the statement "approved for payment." The Special Master may, but is not required to, recommend to the Court how costs and fees in the itemized statement should be apportioned among the parties. If the Court determines the itemized statement is reasonable, the Court will sign the corresponding statement, apportion the costs among the parties, and transmit the statement to the parties.

The Court will require the Ecolab/Nalco and ChemTreat to furnish a refundable, partially evergreen retainer in the total amount of $80,000.00, with Ecolab/Nalco and ChemTreat providing $40,000.00 each. Ecolab/Nalco and ChemTreat shall remit the retainer directly to Baker Donelson by wire transfer or check. Payments of costs and fees approved by the Court will be made out of the retainers provided by Ecolab/Nalco and ChemTreat as apportioned by the Court. At such time as the balance of Ecolab/Nalco or ChemTreat's retainer is diminished below $20,000.00, Ecolab/Nalco and ChemTreat will immediately restore their respective retainer to $40,000.00.

## VI. OTHER MATTERS

### A. Special Master's Affidavit or Declaration

Rule 53(b)(3) provides that the Court may enter an order of appointment "only after the master has filed an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455. *See also* Fed. R. Civ. P. 53(a)(2). The Special Master is **ORDERED** to file an affidavit disclosing whether there is any ground for disqualification as soon as reasonably practicable.

### B. Protective Order

At the same time the Special Master executes his affidavit regarding disqualification, the Special Master shall also execute an affidavit agreeing to be bound by the governing protective order in this case. (Doc. 92.) The Special Master shall have access to "Confidential" and "Attorneys Eyes Only" materials. Disclosing such materials to the Special Master will not constitute a waiver of any protections set forth in the protective order.

### C. Cooperation

The Court expects the parties and counsel to fully cooperate with the Special Master. The parties will make readily available to the Special Master any and all facilities, files, databases, and documents which are necessary to fulfill the Special Master's responsibilities under this Order. Pursuant to Rule 53(c), the Special Master may, if appropriate, "impose upon a party any noncontempt sanction provided by Rule 37 or Rule 45, and may recommend a contempt sanction against a party . . . ." As an officer of the Court, the Special Master shall enjoy the same protections from being compelled to testify and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.

### D. Electronic Filing

The Court **ORDERS** that the Clerk of Court give attorney Clinton P. Sanko access to the electronic docket in this matter and that he receive access to any and all sealed filings in this matter.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**