UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ECOLAB Inc., and NALCO COMPANY, LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water,<br><br>    *Plaintiffs*,<br><br>v.<br><br>ANTHONY RIDLEY and CHEMTREAT, INC.,<br><br>    *Defendants*. | Case No. 1:22-cv-00050<br><br>District Judge Travis R. McDonough<br><br>Magistrate Judge Christopher H. Steger |

# DEFENDANTS' PROPOSED JURY VERDICT FORM[1]

1.    Do you unanimously find that Plaintiffs proved by a preponderance of the evidence that one or more of the documents Plaintiffs presented in evidence are trade secrets?

    \_\_\_\_\_ No (*If you answer "No" to Question 1, please skip to Question 4.*)

    \_\_\_\_\_ Yes, with respect to the following documents:

\_\_\_\_\_ PLX22    \_\_\_\_\_ PLX35    \_\_\_\_\_ PLX64

---

[1] The parties cooperatively conferred about their proposed jury verdict forms, but they were unable to reach agreement. As a result, the parties are submitting separate proposed verdict forms for the Court's consideration. Defendants' proposed verdict form has two significant differences from Plaintiffs' proposal. First, it asks the jury to determine which, if any, of Plaintiffs' documents are trade secrets. Plaintiffs allege that Anthony Ridley and ChemTreat misappropriated Plaintiffs' ***documents*** and ***files***. Doc. 229 ¶¶ 2, 60, 65, 75, 145, 244. The jury must therefore decide which, if any, of those documents contain trade secrets. *See* Jury Instructions, *Caudill Seed & Warehouse Co. v. Jarrow Formulas Inc.*, No. 3:13-cv-000082-CRS-CHL (W.D. Ky. June 26, 2019), ECF No. 435 at 1. Second, Defendants' proposed verdict form asks the jury to make findings on each element of Plaintiffs' other state law claims. Given the complexity created by the differing application of preemption to the claims against Ridley and ChemTreat, Defendants believe a special verdict form addressing each element is appropriate. Each of the questions in Defendants' proposed verdict form corresponds with the proposed jury instructions and is supported by the citations therein.

1

| | | |
|---|---|---|
| \_\_\_\_\_ PLX65 | \_\_\_\_\_ PLX87 | \_\_\_\_\_ PLX109 |
| \_\_\_\_\_ PLX66 | \_\_\_\_\_ PLX88 | \_\_\_\_\_ PLX110 |
| \_\_\_\_\_ PLX67 | \_\_\_\_\_ PLX89 | \_\_\_\_\_ PLX111 |
| \_\_\_\_\_ PLX68 | \_\_\_\_\_ PLX90 | \_\_\_\_\_ PLX112 |
| \_\_\_\_\_ PLX69 | \_\_\_\_\_ PLX91 | \_\_\_\_\_ PLX113 |
| \_\_\_\_\_ PLX70 | \_\_\_\_\_ PLX92 | \_\_\_\_\_ PLX114 |
| \_\_\_\_\_ PLX71 | \_\_\_\_\_ PLX93 | \_\_\_\_\_ PLX115 |
| \_\_\_\_\_ PLX72 | \_\_\_\_\_ PLX94 | \_\_\_\_\_ PLX116 |
| \_\_\_\_\_ PLX73 | \_\_\_\_\_ PLX95 | \_\_\_\_\_ PLX117 |
| \_\_\_\_\_ PLX74 | \_\_\_\_\_ PLX96 | \_\_\_\_\_ PLX118 |
| \_\_\_\_\_ PLX75 | \_\_\_\_\_ PLX97 | \_\_\_\_\_ PLX119 |
| \_\_\_\_\_ PLX76 | \_\_\_\_\_ PLX98 | \_\_\_\_\_ PLX120 |
| \_\_\_\_\_ PLX77 | \_\_\_\_\_ PLX99 | \_\_\_\_\_ PLX121 |
| \_\_\_\_\_ PLX78 | \_\_\_\_\_ PLX100 | \_\_\_\_\_ PLX123 |
| \_\_\_\_\_ PLX79 | \_\_\_\_\_ PLX101 | \_\_\_\_\_ PLX124 |
| \_\_\_\_\_ PLX80 | \_\_\_\_\_ PLX102 | \_\_\_\_\_ PLX125 |
| \_\_\_\_\_ PLX81 | \_\_\_\_\_ PLX103 | \_\_\_\_\_ PLX126 |
| \_\_\_\_\_ PLX82 | \_\_\_\_\_ PLX104 | \_\_\_\_\_ PLX127 |
| \_\_\_\_\_ PLX83 | \_\_\_\_\_ PLX105 | \_\_\_\_\_ PLX128 |
| \_\_\_\_\_ PLX84 | \_\_\_\_\_ PLX106 | \_\_\_\_\_ PLX129 |
| \_\_\_\_\_ PLX85 | \_\_\_\_\_ PLX107 | |
| \_\_\_\_\_ PLX86 | \_\_\_\_\_ PLX108 | |

2. Do you unanimously find that Plaintiffs proved by a preponderance of the evidence that **Anthony Ridley** misappropriated a trade secret identified in Question 1?

\_\_\_\_\_ No (*If you answer "No" to Question 2, please skip to Question 4.*)

_____ Yes, with respect to the following trade secret(s) identified in Question 1:

| | | |
|---|---|---|
| _____ PLX22 | _____ PLX85 | _____ PLX108 |
| _____ PLX35 | _____ PLX86 | _____ PLX109 |
| _____ PLX64 | _____ PLX87 | _____ PLX110 |
| _____ PLX65 | _____ PLX88 | _____ PLX111 |
| _____ PLX66 | _____ PLX89 | _____ PLX112 |
| _____ PLX67 | _____ PLX90 | _____ PLX113 |
| _____ PLX68 | _____ PLX91 | _____ PLX114 |
| _____ PLX69 | _____ PLX92 | _____ PLX115 |
| _____ PLX70 | _____ PLX93 | _____ PLX116 |
| _____ PLX71 | _____ PLX94 | _____ PLX117 |
| _____ PLX72 | _____ PLX95 | _____ PLX118 |
| _____ PLX73 | _____ PLX96 | _____ PLX119 |
| _____ PLX74 | _____ PLX97 | _____ PLX120 |
| _____ PLX75 | _____ PLX98 | _____ PLX121 |
| _____ PLX76 | _____ PLX99 | _____ PLX123 |
| _____ PLX77 | _____ PLX100 | _____ PLX124 |
| _____ PLX78 | _____ PLX101 | _____ PLX125 |
| _____ PLX79 | _____ PLX102 | _____ PLX126 |
| _____ PLX80 | _____ PLX103 | _____ PLX127 |
| _____ PLX81 | _____ PLX104 | _____ PLX128 |
| _____ PLX82 | _____ PLX105 | _____ PLX129 |
| _____ PLX83 | _____ PLX106 | |
| _____ PLX84 | _____ PLX107 | |

2(A). Do you unanimously find that Plaintiffs proved by a preponderance of the evidence that **Anthony Ridley** used a trade secret identified in Question 1?[2]

\_\_\_\_\_ No (*If you answer "No" to Question 2(A), please skip to Question 4.*)

\_\_\_\_\_ Yes, with respect to the following trade secret(s) identified in Question 1:

| | | |
|---|---|---|
| \_\_\_\_ PLX22 | \_\_\_\_ PLX80 | \_\_\_\_ PLX98 |
| \_\_\_\_ PLX35 | \_\_\_\_ PLX81 | \_\_\_\_ PLX99 |
| \_\_\_\_ PLX64 | \_\_\_\_ PLX82 | \_\_\_\_ PLX100 |
| \_\_\_\_ PLX65 | \_\_\_\_ PLX83 | \_\_\_\_ PLX101 |
| \_\_\_\_ PLX66 | \_\_\_\_ PLX84 | \_\_\_\_ PLX102 |
| \_\_\_\_ PLX67 | \_\_\_\_ PLX85 | \_\_\_\_ PLX103 |
| \_\_\_\_ PLX68 | \_\_\_\_ PLX86 | \_\_\_\_ PLX104 |
| \_\_\_\_ PLX69 | \_\_\_\_ PLX87 | \_\_\_\_ PLX105 |
| \_\_\_\_ PLX70 | \_\_\_\_ PLX88 | \_\_\_\_ PLX106 |
| \_\_\_\_ PLX71 | \_\_\_\_ PLX89 | \_\_\_\_ PLX107 |
| \_\_\_\_ PLX72 | \_\_\_\_ PLX90 | \_\_\_\_ PLX108 |
| \_\_\_\_ PLX73 | \_\_\_\_ PLX91 | \_\_\_\_ PLX109 |
| \_\_\_\_ PLX74 | \_\_\_\_ PLX92 | \_\_\_\_ PLX110 |
| \_\_\_\_ PLX75 | \_\_\_\_ PLX93 | \_\_\_\_ PLX111 |
| \_\_\_\_ PLX76 | \_\_\_\_ PLX94 | \_\_\_\_ PLX112 |
| \_\_\_\_ PLX77 | \_\_\_\_ PLX95 | \_\_\_\_ PLX113 |
| \_\_\_\_ PLX78 | \_\_\_\_ PLX96 | \_\_\_\_ PLX114 |
| \_\_\_\_ PLX79 | \_\_\_\_ PLX97 | \_\_\_\_ PLX115 |

---

[2] All parties have summary judgment motions and motions *in limine* pending before the Court. All parties accordingly reserve the right to alter the proposed verdict form to the extent the Court's rulings impact the claims and elements that are triable to the jury in light of the evidence.

| _____ PLX116 | _____ PLX121 | _____ PLX127 |
| _____ PLX117 | _____ PLX123 | _____ PLX128 |
| _____ PLX118 | _____ PLX124 | _____ PLX129 |
| _____ PLX119 | _____ PLX125 | |
| _____ PLX120 | _____ PLX126 | |

2(B).   Do you unanimously find that Plaintiffs proved by a preponderance of the evidence that **Anthony Ridley** was unjustly enriched through his use of a trade secret identified in Question 2(A)?

_____ No (*If you answer "No" to Question 2(B), please skip to Question 4.*)

_____ Yes, with respect to the following trade secret(s) identified in Question 1:

| _____ PLX22 | _____ PLX77 | _____ PLX92 |
| _____ PLX35 | _____ PLX78 | _____ PLX93 |
| _____ PLX64 | _____ PLX79 | _____ PLX94 |
| _____ PLX65 | _____ PLX80 | _____ PLX95 |
| _____ PLX66 | _____ PLX81 | _____ PLX96 |
| _____ PLX67 | _____ PLX82 | _____ PLX97 |
| _____ PLX68 | _____ PLX83 | _____ PLX98 |
| _____ PLX69 | _____ PLX84 | _____ PLX99 |
| _____ PLX70 | _____ PLX85 | _____ PLX100 |
| _____ PLX71 | _____ PLX86 | _____ PLX101 |
| _____ PLX72 | _____ PLX87 | _____ PLX102 |
| _____ PLX73 | _____ PLX88 | _____ PLX103 |
| _____ PLX74 | _____ PLX89 | _____ PLX104 |
| _____ PLX75 | _____ PLX90 | _____ PLX105 |
| _____ PLX76 | _____ PLX91 | _____ PLX106 |

| _____ PLX107 | _____ PLX115 | _____ PLX124 |
| --- | --- | --- |
| _____ PLX108 | _____ PLX116 | _____ PLX125 |
| _____ PLX109 | _____ PLX117 | _____ PLX126 |
| _____ PLX110 | _____ PLX118 | _____ PLX127 |
| _____ PLX111 | _____ PLX119 | _____ PLX128 |
| _____ PLX112 | _____ PLX120 | _____ PLX129 |
| _____ PLX113 | _____ PLX121 | |
| _____ PLX114 | _____ PLX123 | |

2(C).  How much money do you award Plaintiffs in connection with each of the trade secrets that you found **Anthony Ridley** used to unjustly enrich himself, as you identified in Question 2(B)?

**Amount**

| $_____ PLX22 | $_____ PLX75 |
| --- | --- |
| $_____ PLX35 | $_____ PLX76 |
| $_____ PLX64 | $_____ PLX77 |
| $_____ PLX65 | $_____ PLX78 |
| $_____ PLX66 | $_____ PLX79 |
| $_____ PLX67 | $_____ PLX80 |
| $_____ PLX68 | $_____ PLX81 |
| $_____ PLX69 | $_____ PLX82 |
| $_____ PLX70 | $_____ PLX83 |
| $_____ PLX71 | $_____ PLX84 |
| $_____ PLX72 | $_____ PLX85 |
| $_____ PLX73 | $_____ PLX86 |
| $_____ PLX74 | $_____ PLX87 |

| | | | |
|---|---|---|---|
| $_____ | PLX88 | $_____ | PLX109 |
| $_____ | PLX89 | $_____ | PLX110 |
| $_____ | PLX90 | $_____ | PLX111 |
| $_____ | PLX91 | $_____ | PLX112 |
| $_____ | PLX92 | $_____ | PLX113 |
| $_____ | PLX93 | $_____ | PLX114 |
| $_____ | PLX94 | $_____ | PLX115 |
| $_____ | PLX95 | $_____ | PLX116 |
| $_____ | PLX96 | $_____ | PLX117 |
| $_____ | PLX97 | $_____ | PLX118 |
| $_____ | PLX98 | $_____ | PLX119 |
| $_____ | PLX99 | $_____ | PLX120 |
| $_____ | PLX100 | $_____ | PLX121 |
| $_____ | PLX101 | $_____ | PLX123 |
| $_____ | PLX102 | $_____ | PLX124 |
| $_____ | PLX103 | $_____ | PLX125 |
| $_____ | PLX104 | $_____ | PLX126 |
| $_____ | PLX105 | $_____ | PLX127 |
| $_____ | PLX106 | $_____ | PLX128 |
| $_____ | PLX107 | $_____ | PLX129 |
| $_____ | PLX108 | | |

3. Do you unanimously find that Plaintiffs proved by a preponderance of the evidence that **ChemTreat, Inc.** misappropriated a trade secret identified in Question 1?

_____ No (*If you answer "No" to Question 3, please skip to Question 5.*)

_____ Yes, with respect to the following trade secret(s) identified in Question 1:

7

| _____ PLX22 | _____ PLX85 | _____ PLX108 |
| _____ PLX35 | _____ PLX86 | _____ PLX109 |
| _____ PLX64 | _____ PLX87 | _____ PLX110 |
| _____ PLX65 | _____ PLX88 | _____ PLX111 |
| _____ PLX66 | _____ PLX89 | _____ PLX112 |
| _____ PLX67 | _____ PLX90 | _____ PLX113 |
| _____ PLX68 | _____ PLX91 | _____ PLX114 |
| _____ PLX69 | _____ PLX92 | _____ PLX115 |
| _____ PLX70 | _____ PLX93 | _____ PLX116 |
| _____ PLX71 | _____ PLX94 | _____ PLX117 |
| _____ PLX72 | _____ PLX95 | _____ PLX118 |
| _____ PLX73 | _____ PLX96 | _____ PLX119 |
| _____ PLX74 | _____ PLX97 | _____ PLX120 |
| _____ PLX75 | _____ PLX98 | _____ PLX121 |
| _____ PLX76 | _____ PLX99 | _____ PLX123 |
| _____ PLX77 | _____ PLX100 | _____ PLX124 |
| _____ PLX78 | _____ PLX101 | _____ PLX125 |
| _____ PLX79 | _____ PLX102 | _____ PLX126 |
| _____ PLX80 | _____ PLX103 | _____ PLX127 |
| _____ PLX81 | _____ PLX104 | _____ PLX128 |
| _____ PLX82 | _____ PLX105 | _____ PLX129 |
| _____ PLX83 | _____ PLX106 | |
| _____ PLX84 | _____ PLX107 | |

3(A). Do you unanimously find that Plaintiffs proved by a preponderance of the evidence that **ChemTreat, Inc.** used a trade secret identified in Question 3?

1

_____ No (*If you answer "No" to Question 3(A), please skip to Question 5.*)

_____ Yes, with respect to the following trade secret(s) identified in Question 1:

| | | |
|---|---|---|
| _____ PLX22 | _____ PLX85 | _____ PLX108 |
| _____ PLX35 | _____ PLX86 | _____ PLX109 |
| _____ PLX64 | _____ PLX87 | _____ PLX110 |
| _____ PLX65 | _____ PLX88 | _____ PLX111 |
| _____ PLX66 | _____ PLX89 | _____ PLX112 |
| _____ PLX67 | _____ PLX90 | _____ PLX113 |
| _____ PLX68 | _____ PLX91 | _____ PLX114 |
| _____ PLX69 | _____ PLX92 | _____ PLX115 |
| _____ PLX70 | _____ PLX93 | _____ PLX116 |
| _____ PLX71 | _____ PLX94 | _____ PLX117 |
| _____ PLX72 | _____ PLX95 | _____ PLX118 |
| _____ PLX73 | _____ PLX96 | _____ PLX119 |
| _____ PLX74 | _____ PLX97 | _____ PLX120 |
| _____ PLX75 | _____ PLX98 | _____ PLX121 |
| _____ PLX76 | _____ PLX99 | _____ PLX123 |
| _____ PLX77 | _____ PLX100 | _____ PLX124 |
| _____ PLX78 | _____ PLX101 | _____ PLX125 |
| _____ PLX79 | _____ PLX102 | _____ PLX126 |
| _____ PLX80 | _____ PLX103 | _____ PLX127 |
| _____ PLX81 | _____ PLX104 | _____ PLX128 |
| _____ PLX82 | _____ PLX105 | _____ PLX129 |
| _____ PLX83 | _____ PLX106 | |
| _____ PLX84 | _____ PLX107 | |

3(B). Do you unanimously find that Plaintiffs proved by a preponderance of the evidence that **ChemTreat, Inc.** was unjustly enriched through its use of a trade secret identified in Question 3(A)?

\_\_\_\_\_ No (*If you answer "No" to Question 3(B), please skip to Question 5.*)

\_\_\_\_\_ Yes, with respect to the following trade secret(s) identified in Question 1:

| | | |
|---|---|---|
| \_\_\_\_\_ PLX22 | \_\_\_\_\_ PLX82 | \_\_\_\_\_ PLX102 |
| \_\_\_\_\_ PLX35 | \_\_\_\_\_ PLX83 | \_\_\_\_\_ PLX103 |
| \_\_\_\_\_ PLX64 | \_\_\_\_\_ PLX84 | \_\_\_\_\_ PLX104 |
| \_\_\_\_\_ PLX65 | \_\_\_\_\_ PLX85 | \_\_\_\_\_ PLX105 |
| \_\_\_\_\_ PLX66 | \_\_\_\_\_ PLX86 | \_\_\_\_\_ PLX106 |
| \_\_\_\_\_ PLX67 | \_\_\_\_\_ PLX87 | \_\_\_\_\_ PLX107 |
| \_\_\_\_\_ PLX68 | \_\_\_\_\_ PLX88 | \_\_\_\_\_ PLX108 |
| \_\_\_\_\_ PLX69 | \_\_\_\_\_ PLX89 | \_\_\_\_\_ PLX109 |
| \_\_\_\_\_ PLX70 | \_\_\_\_\_ PLX90 | \_\_\_\_\_ PLX110 |
| \_\_\_\_\_ PLX71 | \_\_\_\_\_ PLX91 | \_\_\_\_\_ PLX111 |
| \_\_\_\_\_ PLX72 | \_\_\_\_\_ PLX92 | \_\_\_\_\_ PLX112 |
| \_\_\_\_\_ PLX73 | \_\_\_\_\_ PLX93 | \_\_\_\_\_ PLX113 |
| \_\_\_\_\_ PLX74 | \_\_\_\_\_ PLX94 | \_\_\_\_\_ PLX114 |
| \_\_\_\_\_ PLX75 | \_\_\_\_\_ PLX95 | \_\_\_\_\_ PLX115 |
| \_\_\_\_\_ PLX76 | \_\_\_\_\_ PLX96 | \_\_\_\_\_ PLX116 |
| \_\_\_\_\_ PLX77 | \_\_\_\_\_ PLX97 | \_\_\_\_\_ PLX117 |
| \_\_\_\_\_ PLX78 | \_\_\_\_\_ PLX98 | \_\_\_\_\_ PLX118 |
| \_\_\_\_\_ PLX79 | \_\_\_\_\_ PLX99 | \_\_\_\_\_ PLX119 |
| \_\_\_\_\_ PLX80 | \_\_\_\_\_ PLX100 | \_\_\_\_\_ PLX120 |
| \_\_\_\_\_ PLX81 | \_\_\_\_\_ PLX101 | \_\_\_\_\_ PLX121 |

_____ PLX123  _____ PLX126  _____ PLX129

_____ PLX124  _____ PLX127

_____ PLX125  _____ PLX128

3(C). How much money do you award Plaintiffs in connection with each trade secret that you found **ChemTreat, Inc.** used to unjustly enrich itself, as you identified in Question 3(B)?

**Amount**

$_____ PLX22   $_____ PLX81

$_____ PLX35   $_____ PLX82

$_____ PLX64   $_____ PLX83

$_____ PLX65   $_____ PLX84

$_____ PLX66   $_____ PLX85

$_____ PLX67   $_____ PLX86

$_____ PLX68   $_____ PLX87

$_____ PLX69   $_____ PLX88

$_____ PLX70   $_____ PLX89

$_____ PLX71   $_____ PLX90

$_____ PLX72   $_____ PLX91

$_____ PLX73   $_____ PLX92

$_____ PLX74   $_____ PLX93

$_____ PLX75   $_____ PLX94

$_____ PLX76   $_____ PLX95

$_____ PLX77   $_____ PLX96

$_____ PLX78   $_____ PLX97

$_____ PLX79   $_____ PLX98

$_____ PLX80   $_____ PLX99

| | | | |
|---|---|---|---|
| $_____ | PLX100 | $_____ | PLX115 |
| $_____ | PLX101 | $_____ | PLX116 |
| $_____ | PLX102 | $_____ | PLX117 |
| $_____ | PLX103 | $_____ | PLX118 |
| $_____ | PLX104 | $_____ | PLX119 |
| $_____ | PLX105 | $_____ | PLX120 |
| $_____ | PLX106 | $_____ | PLX121 |
| $_____ | PLX107 | $_____ | PLX123 |
| $_____ | PLX108 | $_____ | PLX124 |
| $_____ | PLX109 | $_____ | PLX125 |
| $_____ | PLX110 | $_____ | PLX126 |
| $_____ | PLX111 | $_____ | PLX127 |
| $_____ | PLX112 | $_____ | PLX128 |
| $_____ | PLX113 | $_____ | PLX129 |
| $_____ | PLX114 | | |

4.[3]   Do you unanimously find that Plaintiffs acted in bad faith in bringing or maintaining any one of its trade secret claims against **Anthony Ridley**?

_____ No

_____ Yes as to Nalco

_____ Yes as to Ecolab

---

[3] ChemTreat's position is that this question, concerning Ridley's counterclaim, should be excluded from the initial verdict form. To the extent the jury finds that Ridley is not liable as to Plaintiffs' trade secret misappropriation claims, this question should be submitted to the jury in a supplemental verdict form.

3

5. Do you unanimously find that Plaintiffs proved by a preponderance of the evidence that **Anthony Ridley** breached a fiduciary duty he owed to Plaintiffs?

    \_\_\_\_\_ No (*If you answer "No" to Question 5, please skip to Question 6.*)

    \_\_\_\_\_ Yes as to Nalco

    \_\_\_\_\_ Yes as to Ecolab

5(A). Do you unanimously find that Plaintiffs proved by a preponderance of the evidence that Plaintiffs were injured as a result of **Anthony Ridley's** breach of fiduciary duty?

    \_\_\_\_\_ No (*If you answer "No" to Question 5(A), please skip to Question 6.*)

    \_\_\_\_\_ Yes as to Nalco

    \_\_\_\_\_ Yes as to Ecolab

5(B). How much do you award Plaintiffs in connection with any breach you identified in Question 5(A)?

    **Amount**:     $_____ to Nalco

                      $_____ to Ecolab

6. Do you unanimously find that Plaintiffs proved by a preponderance of the evidence that **Anthony Ridley** entered into an enforceable contract with Plaintiffs?

    \_\_\_\_\_ No (*If you answer "No" to Question 6, please STOP and read the final instruction.*)

    \_\_\_\_\_ Yes

6(A). Do you unanimously find that Plaintiffs proved by a preponderance of the evidence that **Anthony Ridley** breached his contract with Plaintiffs?

    \_\_\_\_\_ No (*If you answer "No" to Question 6(A), please STOP and read the final instruction.*)

    \_\_\_\_\_ Yes, in the following way(s):

        \_\_\_\_\_ Soliciting an employee of Plaintiffs with whom Mr. Ridley had material contact on Plaintiffs' behalf between July 1, 2020, and July 1, 2021

        \_\_\_\_\_ Transferring or storing Plaintiffs' information on a personal device without authorization

4

_____     Failing to return Plaintiffs' property at the end of his employment

6(B). Do you unanimously find that Plaintiffs proved by a preponderance of the evidence that they suffered damages caused by the breach(es) identified in Question 6(A)?

_____ No (*If you answer "No" to Question 6(B), please STOP and read the final instruction.*)

_____ Yes, as to the following breach(es):

_____     Soliciting an employee of Plaintiffs with whom Mr. Ridley had material contact on Plaintiffs' behalf between July 1, 2020, and July 1, 2021

_____     Transferring or storing Plaintiffs' information on a personal device without authorization

_____     Failing to return Plaintiffs' property at the end of his employment

6(C). How much money do you award Plaintiffs in connection with any breach of contract that you found caused Plaintiffs' damages, as you identified in Question 6(B)?

**Amount**

$_____     Soliciting an employee of Plaintiffs with whom Mr. Ridley had material contact on Plaintiffs' behalf between July 1, 2020, and July 1, 2021

$_____     Transferring or storing Plaintiffs' information on a personal device without authorization

$_____     Failing to return Plaintiffs' property at the end of his employment

7. Do you unanimously find that Plaintiffs proved by a preponderance of the evidence that **ChemTreat, Inc.** induced Anthony Ridley to breach his contract with Plaintiffs by soliciting an employee of Plaintiffs with whom Mr. Ridley had material contact on Plaintiffs' behalf between July 1, 2020, and July 1, 2021?

_____ No (*If you answer "No" to Question 7, please STOP and read the final instruction.*)

_____ Yes.

7(A). Do you unanimously find that Plaintiffs proved by a preponderance of the evidence that **ChemTreat, Inc.** acted intentionally and without legal justification in inducing Anthony Ridley to breach his contract with Plaintiffs by soliciting an employee of Plaintiffs with whom Mr. Ridley had material contact on Plaintiffs' behalf between July 1, 2020, and July 1, 2021?

_____ No (*If you answer "No" to Question 7(A), please STOP and read the final instruction.*)

5

_____ Yes.

7(B).   Do you unanimously find that Plaintiffs proved by a preponderance of the evidence that **ChemTreat, Inc.** proximately caused Mr. Ridley to breach his contract with Plaintiffs by soliciting an employee of Plaintiffs with whom Mr. Ridley had material contact on Plaintiffs' behalf between July 1, 2020, and July 1, 2021?

_____ No (*If you answer "No" to Question 7(B), please STOP and read the final instruction.*)

_____ Yes.

7(C).   Do you unanimously find that Plaintiffs proved by a preponderance of the evidence that Plaintiffs were injured by ChemTreat, Inc. intentionally inducing Anthony Ridley to breach his contract with Plaintiffs by soliciting an employee of Plaintiffs with whom Mr. Ridley had material contact on Plaintiffs' behalf between July 1, 2020, and July 1, 2021?

_____ No (*If you answer "No" to Question 7(C), please STOP and read the final instruction.*)

_____ Yes.

7(D).   How much money do you award Plaintiffs in connection with your finding that Plaintiffs were proximately injured by ChemTreat, Inc. intentionally inducing Anthony Ridley to breach his contract with Plaintiffs by soliciting an employee of Plaintiffs with whom Mr. Ridley had material contact on Plaintiffs' behalf between July 1, 2020, and July 1, 2021?

**Amount**:   $_____

8.   Do you unanimously find that Plaintiffs proved by clear and convincing evidence that **ChemTreat, Inc.** procured the breach of Anthony Ridley's contract with Plaintiffs by inducing Mr. Ridley to solicit an employee of Plaintiffs with whom Mr. Ridley had material contact on Plaintiffs' behalf between July 1, 2020, and July 1, 2021?

_____ No (*If you answer "No" to Question 8, please skip to Question 9.*)

_____ Yes.

8(A).   Do you unanimously find that Plaintiffs proved by a clear and convincing evidence that **ChemTreat, Inc.** proximately caused Mr. Ridley to breach his contract with Plaintiffs by soliciting an employee of Plaintiffs with whom Mr. Ridley had material contact on Plaintiffs' behalf between July 1, 2020, and July 1, 2021?

_____ No (*If you answer "No" to Question 8(A), please skip to Question 9.*)

_____ Yes.

8(B).   Do you unanimously find that Plaintiffs proved by clear and convincing evidence that Plaintiffs were injured by ChemTreat, Inc. procuring the breach of Anthony Ridley's contract with Plaintiffs by soliciting an employee of Plaintiffs with whom Mr. Ridley had material contact on Plaintiffs' behalf between July 1, 2020, and July 1, 2021?

   _____ No (*If you answer "No" to Question 8(B), please skip to Question 9.*)

   _____ Yes.

8(C).   How much money do you award Plaintiffs in connection with your finding that Plaintiffs were proximately injured by ChemTreat, Inc. procuring the breach of Anthony Ridley's contract with Plaintiffs by soliciting Plaintiffs' employees that Mr. Ridley had material contact with in his final 12 months of his employment with Plaintiffs?

   **Amount**:   $_____

9.   Do you unanimously find that Plaintiffs proved by a preponderance of the evidence that Anthony Ridley and ChemTreat, Inc. engaged in a civil conspiracy against Plaintiffs?

   _____ No (*If you answer "No" to Question 9, please STOP and read the final instruction.*)

   _____ Yes

9(A).   Do you unanimously find that Plaintiffs proved by a preponderance of the evidence that Plaintiffs were injured by the civil conspiracy?

   _____ No (*If you answer "No" to Question 9(A), please STOP and read the final instruction.*)

   _____ Yes

9(B).   How much money do you award Plaintiffs in connection with the civil conspiracy?

   **Amount**:   $_____


**FINAL INSTRUCTION:  Please have the foreperson sign and date this form and return it to the court officer.**

_____
FOREPERSON

_____
DATE

7

DATED: October 13, 2023                Respectfully submitted,

/s/ Troy C. Homesley
Vidya Atre Mirmira (admitted *pro hac vice*)
William T. Burke (admitted *pro hac vice*)
Juli Ann Lund (admitted *pro hac vice*)
Troy C. Homesley (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Ave. SW
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
E-mail: vmirmira@wc.com
E-mail: wburke@wc.com
E-mail: jlund@wc.com
E-mail: thomesley@wc.com

Kyle W. Eiselstein, Tenn. BPR No. 020727
Zachary H. Greene, Tenn. BPR No. 024451
Erin E. Steelman, Tenn. BPR No. 038463
MILLER & MARTIN PLLC
1200 Volunteer Building
832 Georgia Avenue
Chattanooga, Tennessee 37402
Telephone: (423) 756-6600
E-mail: kyle.eiselstein@millermartin.com
E-mail: zac.greene@millermartin.com
E-mail: erin.steelman@millermartin.com

*Attorneys for Defendant ChemTreat, Inc.*

/s/ Lance W. Pope (by permission)
Lance W. Pope, BPR No. 025054
Jeremy M. Cothern, BPR No. 027166
Patrick, Beard, Schulman & Jacoway, P.C. 537 Market Street, Suite 300
Chattanooga, TN 37402
(423) 756-7117 – phone
(423) 267-5032 – fax
lpope@pbsjlaw.com
jcothern@pbsjlaw.com

*Attorneys for Anthony Ridley*

8