UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ECOLAB INC. and NALCO COMPANY, LLC d/b/a NALCO WATER, AN ECOLAB COMPANY and/or NALCO WATER<br><br>　　　*Plaintiffs*,<br><br>v.<br><br>ANTHONY RIDLEY and CHEMTREAT, INC.<br><br>　　　*Defendants*. | Case No. 1:22-cv-50<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Christopher H. Steger |

**ORDER**

As detailed in the Court's prior memorandum opinions and orders, the parties' spoliation of evidence has significantly compromised the Court's ability to "secure the just, speedy, and inexpensive determination" of this proceeding as contemplated by Federal Rule of Civil Procedure 1. Rather than ruling on the parties' cross-motions for summary judgment in the normal course, the parties' spoliation required taking a lengthy and expensive detour so that a Special Master could further untangle discovery-related complications caused by spoliation. Based on the possibility that the Special Master's work could have uncovered evidence that required revising the parties' motions for summary judgment, the Court held off on ruling on the parties' summary-judgment motions. Nonetheless, as detailed in the Special Master's report (Doc. 413), the Special Master's work did not reveal evidence that merits revising or amending the parties' previously-filed motions for summary judgment. Accordingly, the Court considers

the parties' cross-motions for summary judgment ripe for review and will rule on those motions as soon as reasonably practicable.

Additionally, the parties have jointly submitted proposed jury instructions, some of which the parties agreed to and others which they did not. (*See generally* Doc. 384-1.) As it relates to jury instructions regarding spoliation, the parties stated that they "reserve their rights and will propose instructions related to spoliation after the culmination of the Special Master's proceedings." (*Id*. at 63.) Given the parties' course of conduct during this litigation, the Court anticipates that the parties may be inclined to focus their trial testimony and evidence on issues related to spoliation rather than focusing on testimony and evidence that will assist the jury in resolving Ecolab/Nalco's claims for misappropriation of trade secrets, breach of contract, breach of the fiduciary duty of loyalty, unlawful interference with an employment agreement, procurement of breach of contract, and civil conspiracy. Focusing testimony and evidence on spoliation rather than Ecolab/Nalco's substantive claims would result in an inordinate waste of a jury's time. As a result, the Court anticipates giving the jury a preliminary instruction regarding the parties' spoliation and a separate instruction at the close of the trial but is otherwise not inclined to waste the jury's time on the issue of spoliation. Accordingly, the parties are hereby **ORDERED** to file proposed jury instructions regarding spoliation on or before **January 19, 2024**. Proposed instructions should include a proposed statement of facts that is consistent with the Court's memorandum and order on the parties' cross-motions for spoliation sanctions (Doc. 349), as well as a statement of law regarding how the jury is permitted to consider each party's spoliation.

The final pretrial conference and trial of this matter are **CONTINUED**. The final pretrial conference will be held on **April 8, 2024**, at **1:00 p.m.** The trial of this case will be held in

Chattanooga before the United States District Judge and a jury beginning on **April 22, 2024**, at **9:00 a.m.**

    **SO ORDERED.**

                          **/s/ *Travis R. McDonough***
                          **TRAVIS R. MCDONOUGH**
                          **UNITED STATES DISTRICT JUDGE**