United States District Court
Eastern District of Tennessee
At Chattanooga

| | |
|---|---|
| Ecolab, Inc. and Nalco Company, LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water<br><br>Plaintiffs<br><br>v.<br><br>Anthony Ridley and ChemTreat<br><br>Defendants | No. 1:22-CV-00050<br><br>TRM-CHS |

### Anthony Ridley's Proposed Spoliation Jury Instructions

Defendant Anthony Ridley submits the following proposed preliminary jury instruction and statement of law, statement of facts, and final jury instruction pursuant to the Court's Order resetting the trial date and pretrial date in this matter. (Doc. 424). In that Order, the Court indicated that it intends to provide a preliminary jury instruction regarding spoliation and a separate instruction at the close of the trial. Accordingly, Ridley has included a proposed preliminary jury instruction which includes an accurate statement of the law in the 6th Circuit regarding spoliation of evidence. Ridley also submits a separate instruction for the Court to provide to the jury at the close of the trial along with a proposed statement of supporting facts regarding the Plaintiffs' spoliation as identified by the Court in its memorandum and order on the parties' cross-motions for spoliation sanctions (Doc. 349).

**I. Ridley's Proposed Preliminary Jury Instruction regarding Spoliation of Evidence and Statement of Law Regarding Spoliation**

Ridley proposes the Court provide the following preliminary jury instruction and statement

1

of law regarding spoliation:

> "As a general matter, it is beyond question that a party to civil litigation has a duty to preserve relevant information, including ESI, when that party has notice that the evidence is relevant to litigation or should have known that the evidence may be relevant to future litigation.[1] Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.[2] In this matter, the Court has determined that each party has spoliated evidence to some degree. At the conclusion of the trial, I will provide you with an additional instruction about how you may consider each party's spoliation."

## II. Ridley's Proposed Statement of Facts Regarding Plaintiffs' Spoliation

Ridley proposes that the Court provide the following statement of facts, consistent with the Court's memorandum and order on Ridley's motion for spoliation sanctions, regarding Plaintiffs' spoliation:

> Prior to 2020, Ridley worked for Nalco, first as a senior account manager and later as a district manager.[3]
>
> In October 2020, Ridley transferred from his district-manager position with Nalco to a corporate-account-manager position with Ecolab.[4]
>
> On July 1, 2021, Ridley notified Ecolab that he intended to resign and accept a position with ChemTreat.[5]
>
> That same day, Jaqueline Herrera, Ridley's supervisor at Ecolab, e-mailed Ecolab's

---

[1] John B. v. Goetz, 531 F.3d 448, 459 (6th Cir. 2008).

[2] Culhane v. Wal-Mart Supercenter, 364 F. Supp. 3d 768, 770 (E.D. Mich. 2019).

[3] Doc. 313-1, at 1–3.

[4] Doc. 293-1, at 69.

[5] Doc. 276-1, at 1–2.

human resources department, instructing that Ecolab needed to "shut down the information to Ridley" because "he is going to the competition."[6]

Kristin Mahre, Ecolab's human resources manager, also emailed Theresa Corona, Ecolab's Deputy General Counsel, and Tina Grant, Ecolab's Senior Director of Human Resources, on July 1, 2021, concerning Ridley's "resignation" and "strategy regarding the same." [7]

Ecolab/Nalco did not, however, issue an internal litigation hold notice at that time.[8]

Following his resignation, Ecolab/Nalco arranged for Ridley to return company electronic devices.[9]

On July 12, 2021, Insight confirmed that it received Ridley's electronic devices, which included his Ecolab/Nalco replacement laptop and a "mobile drive."[10]

In August 2021, Insight moved Ridley's replacement computer and the LaCie Drive to "available inventory," and then redeployed the replacement computer to another employee.[11]

In January 2022, Ecolab/Nalco asked Insight about Ridley's laptops and the LaCie Drive, but Insight informed Ecolab/Nalco that Ridley's two Ecolab/Nalco computers had been wiped and the mobile drive destroyed.[12]

Ecolab finally issued an internal litigation hold with respect to Ridley on January 25, 2022.[13]

### III. Ridley's Proposed Final Jury Instruction

Ridley proposes that the Court provide the following jury instruction regarding Plaintiffs' spoliation of evidence at the close of the trial and prior to the jury's deliberations:

---

[6] *Id.* at 1.

[7] Doc. 276-5, at 1.

[8] Doc. 276-7, at 15.

[9] Doc. 276-8, at 1–3; Doc. 303-6, at 2.

[10] Doc. 276-9, at 1.

[11] Doc. 276-4, at 4–5.

[12] Doc. 276-14, at 1–3.

[13] Doc. 276-7, at 42.

"The jury is instructed that Plaintiffs failed to preserve Ridley's replacement laptop and the mobile drive that Insight received from Ridley on July 12, 2021. Plaintiffs contend: 1) Ridley used a Lacie drive to download and store their alleged trade secrets and confidential information; 2) that the mobile drive Ridley returned to Insight was not the LaCie drive; and 3) that Ridley transferred Plaintiffs' trade secrets and confidential information to ChemTreat after he downloaded the files to the LaCie drive. You have heard evidence that examination of Ridley's replacement laptop and the mobile drive would determine: 1) the content of any files on the mobile drive; 2) whether the mobile drive and the LaCie drive were the same device; and 3) whether Ridley used the replacement laptop to transfer, download, or delete any of the Plaintiffs' files. Because Plaintiffs did not preserve Ridley's replacement laptop or the mobile drive, the jury may infer that this examination would have disproved Plaintiffs' allegations involving these devices and be adverse to their arguments."[14]

### IV. Spoliation Sanctions Other than Jury Instructions

Addressing issues regarding Plaintiffs' failure to preserve Ridley's replacement laptop and the mobile drive Ridley returned to Insight after his resignation solely through jury instructions does not sufficiently address the prejudice to Ridley caused by Plaintiffs' spoliation of this evidence. If Plaintiffs are allowed to submit evidence or make allegations about Ridley's actions involving the replacement laptop or the LaCie drive, Ridley will have no ability to refute the allegations because Plaintiffs have deprived him of the ability to demonstrate that the mobile drive he returned to Insight was the same device as the LaCie drive. Had Plaintiffs preserved this evidence,

---

[14] *See* Arch Ins. Co. v. Broan-Nutone, LLC, 509 F. App'x 453, 455 n.1 (6th Cir. 2012)

Ridley could simply introduce the actual hard drive he returned to Insight so the jury could see that the "mobile drive" was in fact the LaCie drive. This basic defense is not available to Ridley. Furthermore, Ridley is not able to establish what actions that he did or did not take related to the LaCie drive or the replacement laptop, or the content of any of the files on either device due to Plaintiffs' spoliation.

For these reasons, Ridley submits that an adverse inference jury instruction alone will not expedite the trial or prevent wasting time on spoliation issues and will not adequately cure the prejudice resulting from the failure to preserve the evidence. For these reasons Ridley requests the Court impose the following curative measures pursuant to Rule 37(e)(1) as an alternative to or in addition to any adverse inference jury instruction:

(1) The Court should bar the Plaintiffs from contesting that Ridley returned the LaCie drive per the Plaintiffs' instructions and that their IT vendor, Insight, received it on or about July 12, 2021;

(2) The Court should bar the Plaintiffs from arguing that Ridley transferred any of the files from the LaCie drive to any other device; and

(3) The Court should bar the Plaintiffs from arguing that Ridley deleted beyond recovery or deprived the Plaintiffs from having any of the 16,000+ files identified on the DLP report given that, upon his termination, Ridley returned the LaCie drive containing those files per the Plaintiffs' instructions.

DATED: January 19, 2024

Respectfully Submitted:

**Patrick, Beard, Schulman & Jacoway, P.C.**

By: /s/ *Lance W. Pope*
    Lance W. Pope, BPR No. 025054
    Jeremy M. Cothern, BPR No. 027116
    537 Market Street, Suite 300
    Chattanooga, TN 37402
    (423) 756-7117 – phone
    (423) 267-5032 – fax
    lpope@pbsjlaw.com
    jcothern@pbsjlaw.com

## Certificate of Service

I certify that on January 19, 2024, this document has been served upon all the parties via the Court's ECF system.

By: /s/ *Lance W. Pope*