# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| ECOLAB INC. and NALCO COMPANY, LLC d/b/a NALCO WATER, AN ECOLAB COMPANY and/or NALCO WATER<br><br>    *Plaintiffs*,<br><br>v.<br><br>ANTHONY RIDLEY and CHEMTREAT, INC.<br><br>    *Defendants*. | Case No. 1:22-cv-50<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Christopher H. Steger |

## ORDER

Pursuant to the parties' stipulation filed on May 2, 2024 (Doc. 440), the Court hereby **ORDERS** as follows:

1. No later than one (1) business day after entry of this Order, Anthony Ridley shall provide a sworn affidavit to counsel for Nalco/Ecolab certifying that he has previously returned to Nalco/Ecolab all Nalco/Ecolab property that was in his possession, custody, or control whether in hard copy, electronic, or other form, including but not limited to all Ecolab Trade Secrets and Confidential Information.

2. Anthony Ridley is **PERMANENTLY ENJOINED** from using or disclosing any Nalco/Ecolab Trade Secrets or Confidential Information to any person or entity, or in any manner whatsoever.

3. Definitions.

    a. As used in this Order, "Trade Secrets" shall have the meaning provided in

Ridley's Employee Sales, Service, Marketing, and Inventions Agreement with Ecolab dated September 10, 2020 (the "Ridley Ecolab Agreement"), which is: information pertaining to Nalco/Ecolab including, but not limited to, a formula, pattern, compilation, program, device, method, technique or process, financial data, financial plans, product plans, lists of actual or potential customers or suppliers, pricing information, information about customer contacts, requirements or purchasing patterns, or the identities of or contact information for actual or potential customers or suppliers of Nalco/Ecolab that both: (i) derives economic value, actual or potential from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (ii) is the subject of efforts by Nalco/Ecolab that are reasonable under the circumstances to maintain its secrecy.

b. As used in this Order, "Confidential Information" shall have the meaning provided in the Ridley Ecolab Agreement, which is: Nalco/Ecolab's confidential data or information which is valuable to Nalco/Ecolab but substantially inaccessible to the public and to competitors of Nalco/Ecolab, including, without limitation, business information, financial data, product information, the identities and contact information of actual or potential customers or suppliers, pricing information, and other information of a proprietary nature regarding Nalco/Ecolab's business operations, excluding Trade Secrets. Notwithstanding the foregoing, the term "Confidential Information" shall not include information that Ridley can establish by competent proof: (i) was generally known to or accessible by the public at the time Nalco/Ecolab disclosed the information to

Ridley; (ii) became generally known to or accessible by the public after disclosure by Nalco/Ecolab through no act or omission by Ridley; or (iii) was disclosed to Ridley, after Ridley's termination of employment with Nalco/Ecolab, by a third party having a bona fide right both to possess the information and to disclose the information to Ridley, provided such third party is not subject to an obligation of confidentiality with respect to such information.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**